**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

JOSEPH MANTHA, *on behalf of himself and all others similarly situated,*

Plaintiff,

v.

QUOTEWIZARD.COM, LLC,

Defendant.

Civil Action No. 1:19-cv-12235-LTS

***Leave to File Granted on 1/13/2020 [ECF No. 24]***

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION**

Defendant QuoteWizard.com, LLC ("QuoteWizard") submits its Reply to the Opposition filed by Plaintiff Joseph Mantha ("Plaintiff") to QuoteWizard's Motion to Dismiss and Strike Plaintiff's class allegations [ECF Nos. 14-15].

**I. Automatically Pleading a Putative TCPA Class Does Not Buy Plaintiff a Free Pass Over the Rule 12(b)(6) Threshold.**

Plaintiff's pleading, and the uncontroverted facts that lie beneath, make clear that this case is not now—and can never be—appropriate for class resolution. Plaintiff glosses over his deficient pleading and those uncontroverted facts and instead relies on a slippery slope argument in his opposition. Plaintiff insists that, if his class allegations cannot survive the pleading threshold, no TCPA plaintiff could ever reach the certification finish line. *See* Opposition, p. 3. Plaintiff's fears are unfounded; TCPA allegations can and do pass the pleading threshold and even reach the certification finish line, but only where the plaintiff has Fed. R. Civ. P. 11 grounds to plead factual allegations to support his claims and properly pleads the same. Plaintiff simply falls short.

Cases where plaintiffs have passed the pleading threshold and certified a TCPA class reveal by contrast the fatal deficiencies in Plaintiff's pleading. For example, in *Clough v. Revenue Frontier, LLC*, 2019 U.S. Dist. LEXIS 102436 (D.N.H. June 19, 2019), a case filed by Plaintiff's attorneys here, the Court certified an ATDS class based on allegations that the text messages sent to the plaintiff were "sent by the same entity, using the same dialing software, [and] as part of the same advertising campaign" that sent 18,971 text messages. *Id*. at *3-5, 20. The Court expressly noted as important to its decision to certify that the defendants did not claim to have (and discovery did not reveal) consent for either the individual class member *or* any of the putative class members. *See id*. at *5, 20-21 ("Unless a defendant points to evidence of consent, courts do not presume that resolving the issue requires individualized inquiries.").

Another common example is "junk fax" cases where a company uses a mass faxing campaign over the course of a few days to mass advertise their services. *See*, *e.g.*, *Spine & Sports Chiropractic, Inc. v. Zirmed, Inc.*, 2014 U.S. Dist. LEXIS 88562, at *3-4, 44-47, 65 (W.D. Ky. June 30, 2014) (certifying TCPA junk fax class where defendant had hired fax broadcaster to transmit unsolicited fax ads to 1,500 chiropractors in five batches over two days) (noting that class requirements met where, *inter alia*, allegations involved "fax blast" of advertisements, and consent was legally irrelevant because opt-out notice was deficient).

In notable contrast, Plaintiff has not pleaded—nor could he plead consistent with Rule 11—that the text messages he received were part of a mass, cold-contact campaign done without consent to contact like the facts in the cases above. Rather, in complete contrast, his allegations and the content of the text messages show a personalized interaction in direct response to a request for auto insurance quotes. *See* Complaint, ¶ 38. Moreover, what lies beneath the pleadings are the uncontroverted facts that QuoteWizard had evidence of consent to contact Plaintiff based on a

request for auto insurance quotes; that it contacted Plaintiff not as a part of a mass campaign but in a personalized manner in response to the request for quotes; and QuoteWizard does not contact anyone without evidence of consent. Whether viewing the pleadings in isolation or in conjunction with the uncontroverted facts here, this case will never be appropriate for class resolution. And discovery would be of no help—QuoteWizard would merely prove beyond any doubt the uncontroverted facts of the case, leaving Plaintiff unable to rely on speculation and innuendo as he does now.

**II. Plaintiff Has Pleaded a Classic "Fail Safe" Class.**

Plaintiff effectively concedes that his proposed classes are "fail safe" in that each proposed class would include only persons who have a viable TCPA claim and can establish that they never consented to be contacted. *See* Opp., p. 13 ("This class is not "fail safe" because, in addition to satisfying the elements set forth in this definition, Mr. Mantha would still have to prove at trial that the text calls to class members' were (1) delivered via an Automatic Telephone Dialing System, and (2) without class members' prior express written TCPA compliant consent, all claims which Quote Wizard denies in its briefing.") (also claiming Class 2 includes implicit element of lack of consent).

A similar proposed class was rejected in *Fennell v. Navient Solutions, LLC*, 2019 WL 3854815 (M.D. Fla. June 14, 2019), where the plaintiff's proposed class included all persons whose cell phones were called by defendant using an ATDS without consent (under a theory of revoked consent). *Id*. at *4. The Court found this an impermissible fail-safe class: "[t]his [class] definition incorporates all the elements of a TCPA claim. By defining the class to include anyone whose cell phone was called by an ATDS without consent, Fennell's proposed class definition

would necessarily mean that only those with a successful claim against Navient will be a member of Fennell's proposed class." *Id.* (citation omitted) (denying class certification).

The Court also refused to allow the plaintiff to cure his impermissible fail-safe class, finding it futile because the proposed class—as here—was not sufficiently ascertainable. *Id.* Consent would "require an individualized inquiry"; the plaintiff "b[ore] the burden of sorting the chaff from the wheat to show revoked consent, and no coherent plan for sorting out the potential ambiguity has been presented." *Id.* at *5. Similarly, in *Tillman v. Hertz Co.*, 2019 WL 3231377 (N.D. Ill. July 18, 2019), the Court struck the class allegations where plaintiff's class definition would require "mini-trials for each class member" to determine who made a request to defendant to stop calling. *See id.* at *2.

Plaintiff cannot genuinely argue to this Court that, where QuoteWizard has proof of consent for Plaintiff and any putative class member, this case would still be appropriate for class resolution, whether now or later. Indeed, Plaintiff does not advance that position in his Opposition. Rather, Plaintiff attempts to divert the Court's attention by disputing the legal validity of QuoteWizard's proof of consent. *See* Opp., p. 18 (claiming that "[w]ithout evidence, it is clear then that QuoteWizard's consent defense is based on sheer speculation."). Plaintiff's counsel knows that QuoteWizard has maintained that it has valid TCPA consent for Plaintiff and any putative class members even before the filing of the lawsuit. Plaintiff's counsel was also provided a copy of the consent form showing Plaintiff's consent. Plaintiff cannot argue to this Court that QuoteWizard's claims of consent for Plaintiff and the putative class are speculative (as opposed to disputed).[1]

---

[1] QuoteWizard is prepared if necessary to file written proof of Plaintiff's consent and provide an affidavit attesting that it has proof of consent for Plaintiff and any putative class members because its business model is premised on consent to contact.

Rather, Plaintiff's position is that the proof of his consent is allegedly fraudulent. But that Plaintiff disputes the factual and legal validity of QuoteWizard's proof of consent actually confirms QuoteWizard's position that this action is not and will never be appropriate for class resolution. The fact that QuoteWizard has proof of consent and Plaintiff plans to oppose the same on the grounds of claimed fraud shows (1) the resolution of factual/legal issues necessary to determine consent in each case to make decisions about class membership (lack of ascertainability); (2) that common issues will not predominate; and (3) the uniqueness of Plaintiff's fraud defense to proof of consent. On the last point, courts have stricken TCPA class allegations for this exact reason—the plaintiff's claims involve unique defenses or facts not transferable to the proposed class at large. *See, e.g.*, *Tillman*, 2019 WL 3231377, at *2 (striking class allegations where plaintiff had unique defense that he revoked consent; "[t]hese contested facts raise unique defenses particular to plaintiff's case, thus making him an atypical and inadequate class representative.").

In short, Plaintiff has argued that the motion to strike is "grossly premature," but ignores the fact that discovery would only make his class allegations *weaker* in light of the uncontroverted fact that QuoteWizard has proof of consent for him and each putative class member. It is not too premature for the Court to grant QuoteWizard's motion to strike; the proposed classes can never be redefined in such a way as to make this an appropriate class action.

[*Signatures on Next Page*]

Respectfully submitted,

QuoteWizard.com, LLC,
By its attorneys,

*/s/ Christine M. Kingston*

Kevin P. Polansky (BBO #667229)
kevin.polansky@nelsonmullins.com
Christine M. Kingston (BBO #682962)
christine.kingston@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, MA 02109
(t) (617)-217-4700
(f) (617) 217-4710

Dated: January 17, 2020

CERTIFICATE OF SERVICE

I, Christine M. Kingston, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: January 17, 2020

*/s/ Christine M. Kingston*