IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH MANTHA on behalf of themselves and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QUOTEWIZARD.COM, LLC<br><br>Defendant. | Case No. 1:19-cv-12235-LTS |

**PLAINTIFF'S MOTION TO COMMENCE LIMITED DISCOVERY TO PRESERVE AND OBTAIN CRUCIAL CONSENT AND CALL RECORD EVIDENCE**

**RELEVANT FACTS**

Plaintiff Joseph Mantha ("Mr. Mantha") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012). Mr. Mantha alleges that the defendant, Quotewizard.com, LLC ("QuoteWizard" or "Defendant") sent automated text message telemarketing calls to cellular telephone numbers of all class members in violation of the TCPA, in an effort to sell auto insurance on behalf of its insurance company clients.[1]

In response, and in an effort to avoid class liability, QuoteWizard recently filed several motions seeking to dismiss the complaint all together, or at least to strike the class claims. *See*

---

[1] QuoteWizard is a telemarketer hired by insurance companies to telemarket to consumers and to then "live transfer" over to the insurance company client consumers interested in purchasing insurance goods or services. *See* https://quotewizard.com/marketing.

*ECF #15 and #17.* As a result, the commencement of discovery in this case will not occur in the near future.

In addition, counsel for QuoteWizard served a Rule 11 letter on plaintiff's counsel threatening to seek sanctions for the pursuit of this TCPA class action that QuoteWizard conveniently deems frivolous.[2] Specifically, QuoteWizard claims that on August 5, 2019, Mr. Mantha consented to receive the text telemarketing messages at issue by visiting a web site called "snappyautoinsurance.com," where he purportedly consented to receive follow up telemarketing calls and texts from another entity called AutoInsurQuotes.com. *Id.* Although on its face, these documents appear to have nothing to do with QuoteWizard, still counsel for QuoteWizard contends these documents are dispositive as to the issue of consent, and counsel should be sanctioned for suggesting to the contrary. Further, Mr. Mantha contends this consent claim is a fraud and denies ever visiting "snappyautoinsrance.com" or to ever consenting to receive telemarketing calls from QuoteWizard.[3] In response to the Rule 11 threat, counsel for Mr. Mantha asked counsel for QuoteWizard to identify any third party entities associated with the telemarketing campaign at issue in order for evidence to be located and preserved. Counsel for QuoteWizard claimed it had taken steps to preserve evidence, but did not specify exactly what those steps were, and further refused to identify the entities associated with the text campaign(s) at issue, claiming the identity of such entities was "premature" as discovery had yet to commence.[4]

---

[2] A copy of the Rule 11 letter is attached at <u>Exhibit 1</u>.
[3] A copy of the Declaration of Joseph Mantha is attached at <u>Exhibit 2.</u>
[4] A copy of correspondence between counsel is attached at <u>Exhibit 3.</u>

**ARGUMENT**

Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227). The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.  *See* 47 U.S.C. § 227(b)(1)(A). For TCPA purposes and as described herein, a text message is a "call." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951-52 (9th Cir. 2009). The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

The TCPA, however, can only be enforced on a class basis if the call and consent records evidencing the telemarketing campaign at issue are located, preserved and produced to class counsel.[5] The Plaintiff's putative class is based off the fact that the TCPA claims are governed by the four year federal statute of limitations in 28 U.S.C. §1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues"); *See also*

---

[5] Attached at Exhibit 4 is an Order entered by the Court in *Perrong v. Sperian Energy Corp.*, 2:19CV00115-RFB-EJY ECF #125 (D.NV)(January 17, 2020), that discusses the importance of call records in TCPA class actions and the need for call record evidence to be identified and preserved at the outset of a case.

*Giovaniello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013) (four-year statute of limitations applies to private TCPA claims in federal court). However, not all telecommunications companies, including the companies that are used to engage in automated telemarketing, keep records of telephone activities for up to four years, and without an immediate gathering of records, the likelihood of destruction of this evidence increases with each passing day. Attached as Exhibit 5 is a chart of national telecommunications providers and their respective call detail record retention policies compiled by the Department of Justice. *See* https://info.publicintelligence.net/DoJ-CellularRetention.pdf. As detailed in the chart, many of the major telecommunications providers will only retain call record information for 12-18 months, and presumably smaller telecommunications providers keep this information for an even shorter period. *Id.*

This risk to the putative class members' interests is not merely hypothetical. Multiple decisions have turned on the destruction of telephone records. For example, in *Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007), the court denied class certification in a TCPA fax case because "critical information regarding the identity of those who received the facsimile transmissions" was not available. Likewise, in *Pasco v. Protus IP Solutions, Inc.,* 826 F. Supp. 2d 825, 831 (D. Md. 2011), the court was compelled to grant the defendant's motion for summary judgment where the plaintiff was unable to obtain the "transmission data on which to support their claims that [the defendant] sent them the unsolicited faxes at issue. Plaintiffs, accordingly, in TCPA class actions must affirmatively take action to ensure that key evidence is preserved as without this information, they cannot prove how many illegal telemarketing calls were made and to whom. Courts across the country have, therefore, recognized the early need in TCPA class actions to all plaintiff to pursue and obtain class

discovery relating to consent and call records. *See e.g. Fitzhenry v. Career Education Corporation, et al.*, United States District Court for the Northern District of Illinois, Civil Action No. 14-cv-10172, Dkt. No. 101 ("The stay on discovery is modified for the limited purpose of requiring Defendant to obtain and retain records of all outbound calls that were made for purposes of generation of leads for education services."); *See e.g. Dickson v. Direct Energy, Inc., et. al.,* United States District Court for the Northern District of Ohio, Civil Action No. 5:18-cv-00182-GJL (Order Entered May 21, 2018 requiring the Defendant to obtain calling records from their vendor). *See e.g. Cooley v. Freedom Forever LLC et. al*., Civil Action No. 2:19-cv-562, ECF No. 37 (D. Nv., July 19, 2019); *Cooley v. First Data Merchant Services, LLC et. al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Communications, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, United States District Court for the Northern District of Georgia, Civil Action No. 14-cv-01846, Dkt. No. 23 (August 19, 2014).

Accordingly, Mr. Mantha requests an Order from this Court authorizing the immediate commencement of limited discovery that focuses solely on the identification of all parties involved in the text campaigns at issue, the production of evidence relating to the records of the text calls to class members, and the production of all documents that may relate to QuoteWizard's affirmative defense of consent. Such discovery would include both direct discovery requests to the defendant, and third party subpoena discovery to entities in possession of relevant evidence. Without such an order, this pertinent information may be destroyed in the regular course of business, particularly where given QuoteWizard's filing of multiple motions to dismiss, the date for the commencement of discovery in this case is uncertain, and although

QuoteWizard claims it had Mr. Mantha's consent, and threatens counsel with Rule 11 sanctions, it refuses to identify any third parties associated with the telemarketing campaigns at issue.

### **PRAYER FOR RELIEF**

WHEREFORE, Mr. Mantha requests that the Court order that he be permitted to serve discovery on QuoteWizard and subpoenas upon any third parties in possession of evidence relating to the telemarketing calls at issue, and any claim of consent. A proposed Order is attached as Exhibit 6.

> PLAINTIFF,
> By his attorneys
>
> */s/ Matthew P. McCue*
> Matthew P. McCue
> The Law Office of Matthew P. McCue
> 1 South Avenue, Suite 3
> Natick, Massachusetts 01760
> (508) 655-1415
> (508) 319-3077 *facsimile*
> mmccue@massattorneys.net
>
> Anthony I. Paronich
> Paronich Law, P.C.
> 350 Lincoln Street, Suite 2400
> Hingham, MA 02043
> (508) 221-1510
> anthony@paronichlaw.com
>
> Edward A. Broderick
> Broderick Law, P.C.
> 99 High St., Suite 304
> Boston, MA  02110
> (617) 738-7080
> ted@broderick-law.com
>
> Alex M. Washkowitz
> Jeremy Cohen
> CW Law Group, P.C.

188 Oaks Road<br>
Framingham, MA 01701<br>
alex@cwlawgrouppc.com

## CERTIFICATION

Plaintiff's counsel have conferred with counsel for QuoteWizard as to this motion on January 16, 2020, in an effort to resolve the matter without judicial intervention without success.

/s/ Matthew P. McCue<br>
Matthew P. McCue

## CERTIFICATE OF SERVICE

I, hereby certify that on January 21, 2020, I served the foregoing through the Court's CM/ECF system, which sent notice to all counsel of record.

/s/ Matthew P. McCue<br>
Matthew P. McCue