UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MANTHA, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>QUOTEWIZARD.COM, LLC,<br><br>Defendant. | Civil Action No. 1:19-cv-12235-LTS |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PREMATURE AND OTHERWISE IMPROPER CLASS-WIDE DISCOVERY**

Defendant QuoteWizard.com, LLC ("QuoteWizard") hereby respectfully submits its Opposition to Plaintiff Joseph Mantha's ("Plaintiff") "Motion to Commence Limited Discovery to Preserve and Obtain Crucial Consent and Call Record Evidence" [ECF No. 27].

Discovery has not yet opened.  QuoteWizard's dispositive motions to dismiss and strike Plaintiff's individual and class claims in total are pending.  *See* ECF Nos. 14-17.  Despite this, Plaintiff now moves for wide-ranging, premature, and burdensome class discovery[1] under the guise of his alleged concern that key evidence will not be preserved.  But QuoteWizard's counsel has already assured Plaintiff that all litigation holds are in place, which Plaintiff acknowledges; this is a basic litigation obligation, not a proper basis for a premature discovery motion.  And Plaintiff does not actually seek an order requiring preservation, signaling that his motion is not about preservation at all.  Rather, Plaintiff is actually seeking to conduct a fishing expedition before

---

[1] Plaintiff remarkably seeks at this premature stage "the identification of all parties involved …, the production of evidence relating to the records of the text calls to class members, and the production of all documents that may relate to QuoteWizard's affirmative defense of consent." Motion, p. 5.

discovery opens to try to create factual issues/disputes such to survive the pending motions. This is not an appropriate basis for discovery at all, let alone before discovery opens, and does not establish the requisite "good cause." The motion must be denied.

First, discovery has not opened, as QuoteWizard's motions to dismiss/strike are pending and no Fed. R. Civ. P. 26(f) conference has been held. *See* ECF Nos. 14-17; *see also* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."). Where plaintiffs seek expedited discovery before discovery commences, courts generally require a showing of good cause at the absolute minimum. *See*, *e.g.*, *Momenta Pharms., Inc. v. Teva Pharms. Indus.*, 765 F. Supp. 2d 87, 88-89 (D. Mass. 2011).[2] "Expedited discovery is not the norm," and the party seeking it carries the burden to support the *extraordinary* request. *See Crutchfield v. City of New Orleans*, 2017 U.S. Dist. LEXIS 176644, at *5 (E.D. La. Oct. 25, 2017) (denying expedited discovery request where motion to dismiss was pending, no good cause, and requests were "grossly overbroad") (emphasis added).

Not only has discovery not opened, but QuoteWizard's motions to dismiss/strike are pending. This means that no discovery is allowable even without regard to the fact that discovery has not commenced. *See*, *e.g.*, *Hillside Plastics, Inc. v. Dominion & Grimm U.S.A, Inc.*, 2018 WL 3727365, at *2 (D. Mass. Aug. 6, 2018) (*quoting Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013) (a plaintiff is not entitled to discovery prior to the court ruling on a motion to dismiss for failure to state a claim)); *Dicenzo v. Mass. Dep't of Correction*, 2016 WL 15805, at *2

---

[2] Some courts apply a stricter standard akin to a preliminary injunction standard. *See Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D. Mo. 2008) (noting good cause and injunction standards, but finding good cause standard was more appropriate). Plaintiff cannot satisfy even the lesser good cause standard.

(D. Mass. Jan. 13, 2016) (same); *Crutchfield*, 2017 U.S. Dist. LEXIS 176644, at *5 ("Plaintiffs have failed to prove (or even explain) why there is good cause in this case to accelerate the discovery schedule, particularly in light of the pending motion to dismiss."). This is especially where the motions, if granted, would lead to the dismissal of this action in whole.  Even if the motions are granted only in part, the claims and issues that survive (and thus discovery relevant to the same) cannot be determined until after the Court rules on them.  The motion for premature discovery should be denied on this ground alone.

Even if the dispositive motions were not currently pending, Plaintiff has utterly failed to show good cause for expedited discovery.  Plaintiff complains that, without obtaining the evidence in premature discovery, the evidence may be lost or destroyed.  The bases for his alleged fear of evidence destruction are that QuoteWizard has filed multiple motions to dismiss, "the date for the commencement of discovery in this case is uncertain," and QuoteWizard to date has not responded to Plaintiff's informal attempts at premature discovery.  *See* Motion, pp. 5-6.  In other words, Plaintiff's accusation that QuoteWizard may destroy evidence absent a Court Order allowing Plaintiff to obtain that evidence before discovery opens is ***entirely unfounded***.

Moreover, Plaintiff's argument is nonsensical given that parties have a fundamental discovery obligation to preserve relevant evidence.  *See*, *e.g.*, *Perez-Velasco v. Suzuki Motor Co. Ltd.*, 266 F.Supp.2d 266, 268 (D.P.R. 2003) ("A litigant has a duty to preserve relevant evidence."); *Ortiz v. City of Worcester*, 2017 U.S. Dist. LEXIS 80351, at *7 (D. Mass. May 25, 2017) (same). Plaintiff need not seek, and has no basis to seek, an order confirming that QuoteWizard is complying with fundamental obligations to preserve evidence; this is assumed until proven

otherwise, which is the purpose of spoliation sanctions. *See Ortiz*, 2017 U.S. Dist. LEXIS 80351, at *7-8.[3]

Consistent with its duties, QuoteWizard has already informed Plaintiff that all appropriate litigation holds are in place, a fact conveniently absent from Plaintiff's motion and exhibits despite that it was a part of the same e-mail chain that Plaintiff attached as a truncated version (Exhibit 3) to his motion. *See* Exhibit A – *January 14, 2020 E-mail* (e-mail from QuoteWizard's counsel to Plaintiff's counsel) ("You can … rest assured that all litigation holds are in place.").[4]  To be clear, QuoteWizard has no duty to confirm to Plaintiff that it is in fact complying with discovery obligations (an assurance Plaintiff has not in turn provided to QuoteWizard), but has done so as a courtesy. QuoteWizard has simply declined to identify to Plaintiff, as is appropriate before discovery has opened, the identity of any third-parties with which it has contractual relationships and who may have some indirect factual bearing on the individual and class allegations. *If* Plaintiff's Complaint survives the pending motions to dismiss and *when* discovery opens, Plaintiff can serve appropriate discovery requests to seek information at that time.

In the extremely rare case where motions for early/expedited discovery are allowed based on fears of destruction of evidence, the fears are well-founded and supported by unique reasons apart from the defendant's duty to preserve.  For example, in *Monsanto Co. v. Woods*, 250 F.R.D. 411, 413-14 (E.D. Mo. 2008), a case involving the alleged wrongful use of certain crop seed, the

---

[3] Plaintiff attaches an order from a D. Nevada case to his motion, purportedly to show "the importance of call records in TCPA class actions and the need for call record evidence to be identified and preserved." But that order merely confirms the duty to preserve evidence and the right to impose spoliation sanctions where this duty has been breached.  It in no way suggests that a party may seek early discovery, in a TCPA case or otherwise, because it has unfounded fears that the opposing party may not comply with its duty to preserve.

[4] In light of this assurance, it is QuoteWizard's position that Plaintiff's motion is both unnecessary and violates Fed. R. Civ. P. 37(a)(1)'s and LR 37.1(a)'s requirements that a meaningful effort be made to resolve the matter without court action.

court allowed an unopposed motion for expedited discovery where the defendant had defaulted and the plaintiff sought to take seed and crop samples in discovery.  The Court noted that expedited discovery was appropriate to collect and preserve the physical evidence in light of, *inter alia*, "farming operations, or unintentional factors such as weather and seed deterioration."  *Id*. at 413.  *See also Pod-Ners, L.L.C. v. Northern Feed & Bean of Lucerne Ltd. Liability Co*., 204 F.R.D. 675, 676 (D. Colo. 2002) (granting motion for expedited discovery where "the beans at issue are commodities and subject to sale, resale, and consumption or use with the passage of time") ("Further passage of time under the unique facts of this case makes discovery concerning the beans and plants unusually difficult or impossible."); *The Antioch Co. v. Scrapbook Borders, Inc.*, 210 F.R.D. 645, 650-51 (D. Minn. 2002) (expedited discovery granted where sought-after information stored on computers was going to be continuously overwritten in the normal course of business).

Unlike these cases, Plaintiff has not argued and could not show any "unique facts" or that "the passage of time alone could make it impossible to collect relevant evidence" such to support his request, or the presence of any other special ground.  *See Monsanto*, 250 F.R.D. at 413.  Rather, this case is exactly the same as the majority of civil litigation cases on this Court's docket— QuoteWizard may have, and Plaintiff may seek, documents and electronic information stored on its servers that may be relevant to his claims or QuoteWizard's defenses.  If and when discovery commences, Plaintiff can make proper and timely discovery requests.  In the meantime, Plaintiff's counsel has been personally assured that all appropriate litigation holds are in place and that all relevant evidence is being preserved; Plaintiff has no basis to seek expedited merits discovery.

Indeed, the relief Plaintiff is actually requesting is not related to preservation of evidence at all.  *See* Motion, p. 6 (Wherefore Clause) ("[Plaintiff] requests that … he be permitted to serve discovery on QuoteWizard and subpoenas upon any third parties in possession of evidence relating

to the telemarketing calls at issue, and any claim of consent"); *see also* Ex. 6 to motion (proposed order) (seeking "immediate commencement of limited discovery focusing … on the issues relating to consent and the text campaigns at issue in this case."). If Plaintiff was actually concerned about preservation, he would never have filed the motion—as he has already been assured about litigation holds. Even if he filed the motion on this basis, he would request solely an order requiring QuoteWizard to preserve all relevant evidence (which, as noted, would be unnecessary). But Plaintiff does not ask for preservation of evidence; he asks for active, early, wide-spread class discovery. This is indicative of his true aim.

Moreover, Plaintiff's requested, expedited discovery is the very definition of an overly broad and unduly burdensome fishing expedition. He seeks from QuoteWizard and third parties:

(1) "[T]he identification of all parties involved in the text campaigns at issue";

(2) "[T]he production of evidence relating to the records of the text calls to class members"; and

(3) "[T]he production of all documents that may relate to QuoteWizard's affirmative defense of consent."

*See* Motion, p. 5.[5] Not only are Plaintiff's wide-ranging class-discovery requests not appropriate *before* discovery opens and during the pendency of two motions to dismiss/strke, but they will not be appropriate even if his claims survive. The proposed requests are both extraordinarily voluminous and not relevant to either the claims/defenses at issue or any of the Fed. R. Civ. P. 23(a) and (b) elements. For example, Plaintiff's early request for "[t]he identification of all parties involved in the text campaigns at issue" is not and will never be relevant to any claim, defense, or

---

[5] Plaintiff has failed to attach putative discovery requests to his motion; this further requires denial of the motion.

class element[6]—this is information that Plaintiff cannot rightly obtain (nor does he have a need to), whether now or later.[7]

In light of the foregoing, QuoteWizard requests that the Court deny Plaintiff's unfounded, unsupported motion for early class-wide merits discovery during the pendency of dispositive motions to dismiss and strike his claims and the class allegations. QuoteWizard also requests that the affidavit attached to the motion be considered stricken and/or not considered for the purposes of the pending motions to dismiss and strike the Complaint.

                    Respectfully submitted,

                    QuoteWizard.com, LLC,
                    By its attorneys,

*/s/ Christine M. Kingston*
Kevin P. Polansky (BBO #667229)
kevin.polansky@nelsonmullins.com
Christine M. Kingston (BBO #682962)
christine.kingston@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, MA 02109
(t) (617)-217-4700
Dated: February 4, 2020                 (f) (617) 217-4710

---

[6] Although Plaintiff may argue that the identity of "all parties involved" relates to numerosity, he is mistaken. The <u>number</u> of parties involved <u>may</u> someday be relevant to numerosity if his class allegations survive; but their <u>identity</u> is not and will never be. That Plaintiff seeks their identity reveals his true purpose in making these requests.

[7] Further indicative of Plaintiff's bad faith intent in filing the motion is the fact that he purportedly seeks "documents that may relate to QuoteWizard's affirmative defense of consent." But QuoteWizard already produced this evidence to Plaintiff prior to discovery as a courtesy; in fact, it is attached to Plaintiff's motion. *See* ECF No. 27-1.

## CERTIFICATE OF SERVICE

I, Christine M. Kingston, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: February 4, 2020                                         */s/ Christine M. Kingston*