# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MANTHA, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>QUOTEWIZARD.COM, LLC,<br><br>Defendant. | Civil Action No. 1:19-cv-12235-LTS |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT[1]

Now Comes Defendant QuoteWizard.com, LLC ("QuoteWizard") and hereby responds to the allegations of Plaintiff Joseph Mantha's ("Plaintiff") Complaint as follows by denying each and every allegation not specifically admitted herein and by further responding as follows:

### Preliminary Statement

1. Paragraph 1 of the Complaint does not state a factual allegation to which a response is required. To the extent a response is required, QuoteWizard expressly denies that it violated the Telephone Consumer Protection Act ("TCPA"), and further denies that Plaintiff and any of the alleged class members are entitled to relief under the TCPA.

2. Denied. Further responding, QuoteWizard states that it had valid express prior consent, invitation, or permission to contact Plaintiff and each of the alleged class members.

3. Denied. Further responding, QuoteWizard states that it had valid express prior consent, invitation, or permission to contact Plaintiff and each of the alleged class members.

---

[1] Pursuant to the Order of the Court dated March 16, 2020, Count I of the Complaint has been dismissed with prejudice, thereby also mooting alleged Class 1. *See* ECF No. 30. Accordingly, QuoteWizard responds herein to the remaining count, Count II, and remaining alleged Class 2.

Further, QuoteWizard denies that any of the communications at issue constituted telephone solicitations, telemarketing, or any other conduct covered by the TCPA.

4.     Denied. Further answering, QuoteWizard states that Plaintiff's class allegations fail to state sufficient class allegations under applicable law, and fail to satisfy any of the express and implicit requirements of Federal Rules of Civil Procedure 23(a) and 23(b).

## PARTIES

5.     QuoteWizard lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 5.

6.     QuoteWizard admits only that it is a Delaware corporation with its principal place of business in Seattle, Washington. QuoteWizard specifically denies that it "engage[d] in telemarketing into this District, as it did with the Plaintiff."

## JURISDICTION AND VENUE

7.     The allegations of Paragraph 7 state a legal conclusion to which no response is required. To the extent a response is required, QuoteWizard specifically denies that Plaintiff has Article III standing to bring his claim under the TCPA against QuoteWizard. QuoteWizard also specifically denies that the Court has personal jurisdiction to adjudicate the class allegations against QuoteWizard.

8.     The allegations of Paragraph 8 state a legal conclusion to which no response is required. To the extent a response is required, QuoteWizard specifically denies that venue is appropriate with respect to Plaintiff's class allegations, and further specifically denies that it made a "telemarketing call" to Plaintiff as alleged.

## THE TELEPHONE CONSUMER PROTECTION ACT

9. Paragraph 9 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.

10. Paragraph 10 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.

11. Paragraph 11 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.

12. Paragraph 12 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.

13. Paragraph 13 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has

Article III standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.

14. Paragraph 14 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.

15. Paragraph 15 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.

16. Paragraph 16 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.

17. Paragraph 17 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.

18. Paragraph 18 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.

19. Paragraph 19 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.

20. Paragraph 20 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.

21. Paragraph 21 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.

22. Paragraph 22 of the Complaint does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing to bring a TCPA claim against QuoteWizard, further denies that it violated the

TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.

## FACTUAL ALLEGATIONS

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. The allegations of Paragraph 29 contain a legal conclusion to which no response is required.

30. Denied.

31. QuoteWizard lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 31.

32. QuoteWizard lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 32.

33. QuoteWizard lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 33.

34. The allegations of Paragraph 34 contain a legal conclusion to which no response is required. To the extent a response is required, QuoteWizard specifically denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or relief thereunder.

35. QuoteWizard lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 35.

36. The allegations of Paragraph 36 contain a legal conclusion to which no response is required.

37. The allegations of Paragraph 37 contain legal conclusions to which no response is required. Further responding, QuoteWizard denies that Plaintiff has Article III standing to pursue his claim against QuoteWizard, further denies that QuoteWizard violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to damages or any other remedy under the TCPA.

38. QuoteWizard states that the text communications at issue speak for themselves, and denies any and all allegations inconsistent therewith. Further responding, QuoteWizard is without sufficient knowledge or information to form a belief as to the authenticity of the copies of the messages contained in Paragraph 38, and therefore denies the authenticity of the same. Further, QuoteWizard denies that Plaintiff has presented all communications at issue, as Plaintiff has omitted other such communications that prove Plaintiff provided valid prior express consent, invitation or permission to be contacted by QuoteWizard.

39. Denied.

40. QuoteWizard denies the allegations contained in Paragraph 40 and footnote 1 thereto.

41. The allegations of Paragraph 41 contain a legal conclusion to which no response is required. To the extent a response is required, QuoteWizard specifically denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to damages or relief thereunder.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. QuoteWizard lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 46.

47. Denied.

48. Denied.

### Class Action Allegations

49. Denied. Further answering, QuoteWizard specifically denies that Plaintiff's class allegations satisfy any of the elements of Fed. R. Civ. P. 23(a) and (b).

50. Denied. Further answering, alleged Class 1 has been mooted by the dismissal with prejudice of Plaintiff's Count I pursuant to the Court's March 16, 2020 Order. QuoteWizard further denies that Plaintiff's class allegations satisfy any of the elements of Fed. R. Civ. P. 23(a) and (b).

51. Denied. QuoteWizard further denies that Plaintiff's class allegations satisfy any of the elements of Fed. R. Civ. P. 23(a) and (b), and denies that this case is appropriate for alleged class resolution.

52. Denied.

53. Denied.

54. Denied. Further answering, alleged Class 1 has been mooted by the dismissal with prejudice of Plaintiff's Count I pursuant to the Court's March 16, 2020 Order. QuoteWizard further denies that Plaintiff's remaining allegations satisfy Fed. R. Civ. P. 23(a) or (b)'s requirements, including but not limited to typicality.

55. QuoteWizard denies that there are questions of law and fact common to Plaintiff and any alleged class.

    a. Denied.

    b. Denied.

    c. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

**Count I – TCPA's Automated Calling Provisions (on behalf of Plaintiff and alleged Class 1)**

62. QuoteWizard repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 61, as if fully set forth herein.

63. Count I has been dismissed with prejudice pursuant to the Court's Order dated March 16, 2020, thus also mooting alleged Class 1. As such, QuoteWizard does not respond to this allegation.

64. Count I has been dismissed with prejudice pursuant to the Court's Order dated March 16, 2020, thus also mooting alleged Class 1. As such, QuoteWizard does not respond to this allegation.

65. Count I has been dismissed with prejudice pursuant to the Court's Order dated March 16, 2020, thus also mooting alleged Class 1. As such, QuoteWizard does not respond to this allegation.

66. Count I has been dismissed with prejudice pursuant to the Court's Order dated March 16, 2020, thus also mooting alleged Class 1. As such, QuoteWizard does not respond to this allegation.

### Count II – TCPA's DNC Provision (on behalf of Plaintiff and alleged Class 2)

67. QuoteWizard repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 66, as if fully set forth herein.

68. Denied.

69. Denied.

70. Denied. Further responding, QuoteWizard denies that Plaintiff or any of the alleged class members are entitled to any relief under the TCPA or otherwise.

71. Denied. Further responding, QuoteWizard denies that Plaintiff or any of the alleged class members are entitled to any relief under the TCPA or otherwise. Further answering, QuoteWizard denies that Plaintiff or any of the alleged class members are entitled to the relief requested in the Wherefore Clause and Paragraphs A-E set forth thereunder that follows Paragraph 71 of the Complaint.

### RELIEF SOUGHT

QuoteWizard denies that Plaintiff or any of the alleged class members are entitled to the relief requested in the Wherefore Clause and Paragraphs A-E set forth thereunder that follows Paragraph 71 of the Complaint. QuoteWizard also further denies that Plaintiff and any of the alleged class members are entitled to single damages, multiple damages, or injunctive relief under the TCPA.

## JURY TRIAL REQUEST

QuoteWizard denies that Plaintiff and any of the alleged class members are entitled to a jury trial as requested in the clause following Paragraph 71 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail to state a claim upon which relief may be granted on behalf of himself and any of the alleged class members.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has not sustained any damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

QuoteWizard denies any allegations not specifically admitted herein, and specifically denies that it violated any applicable law.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrines of res judicata, claim and issue preclusion, judicial estoppel, estoppel, and waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from relief because, to the extent he has suffered any harm or damages, such harm or damages was the result of his own conduct.

## *EIGHTH AFFIRMATIVE DEFENSE*

Plaintiff's complaint is barred by the doctrine of unclean hands.

## *NINTH AFFIRMATIVE DEFENSE*

Plaintiff is not entitled to any actual or statutory damages under the Telephone Consumer Protection Act.

## *TENTH AFFIRMATIVE DEFENSE*

Plaintiff's claim for multiple damages under the Telephone Consumer Protection Act is barred because QuoteWizard did not violate the TCPA and did not commit any knowing or willful conduct.

## *ELEVENTH AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred because he gave his had valid prior express consent, invitation or permission for QuoteWizard to contact him.

## *TWELFTH AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred because someone acting on his behalf provided valid prior express consent, invitation, or permission to be contacted by QuoteWizard.

## *THIRTEENTH AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred because QuoteWizard reasonably relied on the good faith belief that Plaintiff had given valid prior express consent, invitation, or permission for QuoteWizard to contact him.

## *FOURTEENTH AFFIRMATIVE DEFENSE*

This Court lacks subject matter jurisdiction over this action because Plaintiff lacks Article III standing to bring his claims.

*FIFTEENTH AFFIRMATIVE DEFENSE*

Plaintiff's class allegations are barred because each alleged class member gave their valid prior express consent, invitation or permission for QuoteWizard to contact them.

*SIXTEENTH AFFIRMATIVE DEFENSE*

Plaintiff's class allegations for multiple damages under the Telephone Consumer Protection Act is barred because QuoteWizard did not violate the TCPA and did not commit any knowing or willful conduct.

*SEVENTEENTH AFFIRMATIVE DEFENSE*

Plaintiff's class allegations fail to satisfy any of the express and implicit requirements of Federal Rules of Civil Procedure 23(a) and 23(b).

*EIGHTEENTH AFFIRMATIVE DEFENSE*

Plaintiff's class allegations fail to state sufficient class allegations under applicable law.

*NINETEENTH AFFIRMATIVE DEFENSE*

Plaintiff's class allegations are barred because they constitute impermissible fail-safe allegations.

*TWENTIETH AFFIRMATIVE DEFENSE*

Plaintiff's class allegations are barred because they are insufficiently ascertainable.

*TWENTY-FIRST AFFIRMATIVE DEFENSE*

Plaintiff's class allegations are barred because QuoteWizard reasonably relied on the good faith belief that each alleged class member had given valid prior express consent, invitation, or permission for QuoteWizard to contact them.

*TWENTY-SECOND AFFIRMATIVE DEFENSE*

Plaintiff's claims under the Telephone Consumer Protection Act on behalf of himself and the alleged class members are barred because portions of the Act violate the First Amendment of the United States Constitution, and those portions are not severable, such that the entire Act is unconstitutional on the whole. *See Barr v. American Association of Political Consultants Inc., et al.* (U.S. Supreme Court) (No. 19-631).

*TWENTY-THIRD AFFIRMATIVE DEFENSE*

Plaintiff's claims are frivolous and lack a good faith basis in fact and/or law.

*TWENTY-FOURTH AFFIRMATIVE DEFENSE*

This Court lacks personal jurisdiction over the class allegations where none of the allegations relate to alleged conduct or harm occurring in the Commonwealth of Massachusetts. *See* Fed. R. Civ. P. 12(b)(2).

*TWENTY-FIFTH AFFIRMATIVE DEFENSE*

Plaintiff's class allegations are barred because none of the alleged class members suffered any damages caused by QuoteWizard.

*TWENTY-SIXTH AFFIRMATIVE DEFENSE*

To the extent Plaintiff claims his prior express consent, invitation, or permission was obtained fraudulently, such alleged fraud was not caused by or attributable to QuoteWizard.

*TWENTY-SEVENTH AFFIRMATIVE DEFENSE*

To the extent any alleged class member claims that their prior express consent, invitation, or permission was obtained fraudulently, such alleged fraud was not caused by or attributable to QuoteWizard.

*TWENTY-EIGHT AFFIRMATIVE DEFENSE*

Plaintiff's claims on behalf of himself and the alleged class members are barred because QuoteWizard provided only informational conent that does not constitute telephone solicitations or other communications covered by the Telephone Consumer Protection Act.

*TWENTY-NINTH AFFIRMATIVE DEFENSE*

Plaintiff's claims for injunctive relief on behalf of himself and the alleged class members is barred.

*THIRTIETH AFFIRMATIVE DEFENSE*

Plaintiff's and any alleged class member's damages, if any, are capped by what is allowable by statute under the Telephone Consumer Protection Act only.

*THIRTY-FIRST AFFIRMATIVE DEFENSE*

Venue is not proper in this Court for Plaintiff's class allegations.

*THIRTY-SECOND AFFIRMATIVE DEFENSE*

QuoteWizard reserves the right to assert additional affirmative defenses as to Plaintiff's claims and the class allegations, as litigation has just begun and no discovery has yet taken place.

**PRAYER FOR RELIEF**

WHEREFORE, QuoteWizard respectfully requests that Plaintiff's Complaint, inclusive of both his individual and class allegations, be dismissed with prejudice and that the Court grant QuoteWizard such other and further relief as it deems just and appropriate under the circumstances.

[SIGNATURES ON FOLLOWING PAGE]

Respectfully submitted,

QuoteWizard.com, LLC,
By its attorneys,


*/s/ Kevin P. Polansky*
Kevin P. Polansky (BBO #667229)
kevin.polansky@nelsonmullins.com
Christine M. Kingston (BBO #682962)
christine.kingston@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, MA 02109
(t) (617)-217-4700
(f) (617) 217-4710

Dated: March 23, 2020

## CERTIFICATE OF SERVICE

I, Kevin P. Polansky, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: March 23, 2020                                            */s/ Kevin P. Polansky*