UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MANTHA, *on behalf of himself and all others similarly situated*,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>QUOTEWIZARD.COM, LLC,<br><br>　　　　　　Defendant. | Civil Action No. 1:19-cv-12235-LTS |

### I.   PLAINTIFF'S STATEMENT PURSUANT TO L.R. 16.1(d) and 26(F)

Pursuant to the provisions of 16.1 of the Local Rules of the United States District Court for the District of Massachusetts, and the March 17, 2020, Notice of Scheduling Conference, counsel for the Plaintiff, Joseph Mantha ("Plaintiff"), and counsel for the Defendant, QuoteWizard.com, LLC ("QuoteWizard"), have conferred concerning a proposed pretrial schedule for the case, and were unable to agree as to a joint schedule. The Plaintiff submits the following statement and proposed scheduling order.

**A.   Nature and Basis of Claims**

Plaintiff has brought this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c), a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012). Plaintiff alleges that QuoteWizard violated the TCPA by telemarketing via unsolicited text message to the personal phones of class members that were listed at the time on the National Do Not Call Registry. The Plaintiff seeks to represent a class of similarly situated individuals who were sent similar telemarketing

texts from or on behalf of QuoteWizard. The Plaintiff's putative class period is for any texts sent within four years prior to the filing of the Complaint through the date of class certification in violation of the TCPA's Do Not Call prohibitions.

QuoteWizard contends that its text solicitations to Plaintiff were not in violation of the TCPA because the Plaintiff provided it with his prior express written consent to receive telemarketing solicitations via text. Plaintiff denies that he so consented.

B.      **Plaintiff's Discovery Plan**

The Plaintiff notes that the Defendant, as set forth in a separate submission, wants to bifurcate what it claims are "individual" from "class" issues.[1] The Plaintiff does not believe bifurcation will create efficiencies. Virtually every issue that relates to the Plaintiff's individual case also overlaps with class issues. For example, a key issue in this case will be whether QuoteWizard is vicariously liable for the text solicitations at issue, which were transmitted via a third party called Drips, LLC, which offers businesses such as QuoteWizard telemarketing services using artificial intelligence. *See* https://www.drips.com/#how-it-works.[2] Whether

---

[1] Bifurcation claims are commonly made and rejected at the outset of TCPA class action litigations. *See Charvat v. Plymouth Rock Energy, LLC*, No. 15-CV-4106, 2016 U.S. Dist. LEXIS 6778, at *6 (E.D.N.Y. Jan. 12, 2016) (denying motion to bifurcate merits and class discovery in TCPA action…"In fact, bifurcation would have the opposite effect."); *MAO-MSO Recovery II, LLC v. USAA Cas. Ins. Co.*, No. 17-21289-Civ, 2017 U.S. Dist. LEXIS 205650, at *16 (S.D. Fla. Dec. 14, 2017) (declining to bifurcate discovery where the issues between individual and class certification may be inextricably tied together, and where bifurcation may therefore require more — not less — judicial intervention to resolve the parties' disagreements"); *Lakeland Reg'l Med. Ctr. v. Astellas US, LLC*, No. 8:10-cv-2008-T-33TGW, 2011 WL 486123, at *2 (M.D. Fla. 2011) ("The Court is not persuaded that bifurcated discovery will conserve the resources of the parties or the Court. This is because the line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine."). As the Advisory Committee on the Federal Rules has warned, bifurcation generally is "artificial and ultimately wasteful." Fed, R. Civ. P. 23(c)(1)(a) Notes of Advisory Committee on Rules—

[2] The Court may recall that at the Motion to Dismiss stage, QuoteWizard noted the texts at issue included the name of a personal sales representative and claimed such was indicative that an

QuoteWizard is vicariously liable for the actions of Drips is a question of fact and law common to the individual and class cases. The bifurcation of discovery on this issue would only cause delay, confusion and more litigation. Similarly, QuoteWizard contends the Plaintiff consented to receive the texts at issue. Plaintiff denies this claim. It is suspected, however, that QuoteWizard's claim of consent as it relates to the Plaintiff is identical to its anticipated claim of consent as to other class members. Consent is a common question that can be resolved via common proof. Any dispositive motion as to consent relating to the individual claim of the Plaintiff would likely also resolve similar claims of consent relating to other class members.

Rather than bifurcate discovery, as proposed by QuoteWizard, the Plaintiff suggests, in a manner consistent with this Court's direction to identify issues early in the litigation which are essential to expedite the resolution of the case, that the Court adopt a phasing of litigation. The first phase would focus on two issues- both of which can be addressed efficiently and expeditiously: 1. Consent and 2. Call Records and ATDS use. QuoteWizard claims that Plaintiff consented to receive the texts at issue and has produced documents it claims evidences such consent. Plaintiff attests this claim is false and, in any event, the purported consent proffered does not satisfy the rigors of the TCPA. Plaintiff suggests that whether the purported

---

ATDS was not used to make the call. Specifically, QuoteWizard complained that the Plaintiff had failed to note that "the text messages were part of an interactive conversation between Plaintiff and QuoteWizard" and argued such was *not* indicative of ATDS use. *See* ECF #17 at page 7. Only after its Motion to Dismiss was denied, in part, did QuoteWizard finally identify Drips, LLC as the third party used to send the texts at issue. Drips, LLC provides telemarketing services to businesses such as QuoteWizard. On this link, Drips explains how it personalizes text message calls using trademarked artificial intelligence entitled "Conversational Texting." *See* https://www.drips.com/#how-it-works https://www.drips.com/blog/ (explaining that Conversational Texting is "an interaction between brands and customers that occurs through SMS text style messaging and *AI-driven chatbots."* (emphasis added). Once plaintiff has the opportunity to conduct discovery from Drips, LLC as to the exact equipment used to send the texts at issue, he intends to amend the Complaint to re-plead ATDS use. The use of a "chat-bot" alone, however is highly indicative that the calls at issue in this case were delivered via ATDS.

consent proffered by QuoteWizard is a valid defense to a TCPA claim can be resolved quickly and efficiently via summary judgment with little discovery or cost required.

The second key issue that can be expeditiously addressed early and efficiently relates to the Call/Dialer and ATDS Records evidencing the text telemarketing messages sent to purported class members, and the machine/method that made those calls. Obtaining and assessing this crucial evidence early would come at no burden to QuoteWizard as this discovery would involve a subpoena to Drips, LLC, the entity that sent the text calls at issue. Drips, LLC has confirmed it is in possession of such evidence. Presumably, it is stored electronically and can be produced expeditiously without significant cost or burden. The mere confirmation that this evidence exists, however, is meaningless if, for example, Drips claims to misunderstand the scope of the preservation duty, experiences a future server crash, loss of data or even if it goes out of business. Without call records, there can be no class. QuoteWizard is aware of this fact and seeks to delay the production of these records.

The production of text/dialer records- subject to an appropriate protective order- will allow Plaintiff's counsel to confirm that this crucial evidence is both produced and assessed to ascertain the size and scope of the class going forward. Without knowing the size and scope of the class, Plaintiff's counsel cannot assess the value of the case in conjunction with this Court's directive to exhaust early settlement opportunities.

Plaintiff proposed this concept to QuoteWizard who rejected it outright as it does not want the Plaintiff to obtain the call records that will prove the scope of the TCPA violations at issue, and which will prove that- contrary to QuoteWizard's attestations at the Motion to Dismiss stage, the texts at issue were indeed made by "chat-bots" delivered via ATDS.

If the Court were to adopt a phased approach to litigation, a simple and efficient time table for discovery would be as follows:

**Plaintiff's Plan for Phased Discovery:**

| Event | Deadline |
|---|---|
| **Initial Disclosures** | April 15, 2020 |
| **Commencement of Discovery as to Consent and Call Records and ATDS Records** | April 15, 2020 |
| **Close of Discovery as to Consent and Call/Dialer Records** | June 30, 2020 |
| **Amendment to Pleadings** | July 1, 2020 |
| **Deadline to File Dispositive Motion As To Consent** | July 31, 2020 |
| **Status Conference as to deadlines going forward** | Within 30 days after ruling on dispositive motion as to consent. Plaintiff attests, however, to being able to move for class certification by one year post filing date. |

Finally, in the event the Court were to reject phased discovery, the Plaintiff generally agrees with the dates proposed by QuoteWizard as to discovery going forward, but does not agree to bifurcation. Plaintiff notes that under QuoteWizard's plan, the resolution of dispositive motions as to the Plaintiff's individual claim would take well over a year of litigation, and would involve discovery, depositions, expert depositions, expert reports and perhaps multiple dispositive motions. Only then could the case proceed to full discovery, to only then be followed by yet another round of discovery, depositions, expert depositions, expert reports and finally class certification. And, under QuoteWizard's plan, during this entire year post filing, the Plaintiff would be deprived of access to the Call Records which are the only evidence that

can confirm the scope of the violations at issue. This proposal is both inefficient and highly prejudicial to the Plaintiff.

Plaintiff attests that a three month period of phased discovery that focuses solely on consent and call records, followed by an additional brief period of class discovery, all of which could be completed within one year, is the appropriate approach to this litigation.

For the Court's benefit, the Defendant's proposed litigation schedule, and Plaintiff's response thereto is organized into table format as follows:

| EVENT | DEFENDANTS' PROPOSAL | PLAINTIFF'S RESPONSE |
|---|---|---|
| Initial Disclosures | April 15, 2020 | Agreed as to date but subject to no bifurcation limitation |
| Deadline to Amend Pleadings | May 20, 2020 | July 1, 2020 assuming no bifurcation and assuming plaintiff is afforded the opportunity to conduct discovery as to ATDS use. |
| Bifurcated Fact Discovery Deadline | Bifurcated RPD, Interrogatories and Admissions Served by June 1, 2020 | Agreed as to date but subject to no bifurcation limitation |
| End Date For Bifurcated Discovery | November 2, 2020 | Agreed as to date but subject to no bifurcation limitation |
| End Date for Depositions, Other than Expert Depositions, as to Bifurcated Issues | November 2, 2020 | Agreed as to date but subject to no bifurcation limitation |

| | | |
|---|---|---|
| Plaintiff's Designation of Trial Experts and 26(a)(2) Disclosures As to Bifurcated Issues | November 16, 2020 | Agreed as to date but subject to no bifurcation limitation |
| Defendant's Designation of Trial Experts and 26(a)(2) Disclosures As to Bifurcated Issues | December 16, 2020 | Agreed as to date but subject to no bifurcation limitation |
| Depositions of Plaintiff's Experts on Bifurcated Issues | January 18, 2021 | Agreed as to date but subject to no bifurcation limitation |
| Depositions of Plaintiff's Experts on Bifurcated Issues | February 16, 2021 | Agreed as to date but subject to no bifurcation limitation |
| End Date for All Bifurcated Discovery Including Experts | February 28, 2021 | Agreed as to date but subject to no bifurcation limitation |
| Dispositive Motions on Bifurcated Issues | March 31, 2021 | Agreed as to date but subject to no bifurcation limitation |
| Class Discovery to Commence Including Expert Depositions and Report as to the Class | To commence 14 days denial of dispositive motion on bifurcated issues | No Need if Bifurcation is Denied |
| Class Certification Deadline | 120 days post denial of dispositive motion on bifurcated issues | Deadline to file class certification shall be 60 days after the resolution of dispositive motions. Class certification may be filed prior to that time |

**C.     Possibilities of Settling or Resolving The Case**

Plaintiff is open to mediating a resolution of this matter on a class-wide basis after the production of class discovery that will evidence the scope and size of the class. The plaintiff has made a demand in writing to the Defendant to that effect, to which the Defendant has yet to respond. Plaintiff and counsel have conferred on the subject of settlement.

**D.     Electronically Stored Information**

Plaintiff expects much discovery will be in electronic form and intends to stipulate or agree to the form or forms in which electronic discovery should be produced or otherwise made available. To the extent any issues regarding the format for electronic discovery arise, the Plaintiff will confer in good faith before bringing them to the attention of the Court.

**E.     Privilege and Preservation**

The Plaintiff does not anticipate any unusual or unique privilege issues. The Plaintiff will agree to enter into a Confidentiality Order to govern the production of confidential information and disclosures, and requests that QuoteWizard do the same.

**F.     Additional Orders**

The Plaintiff agrees to service of discovery requests and responses via electronic mail, subject to the timing provisions of Fed. R. Civ. P. 6(d), and would request that QuoteWizard do the same.

**G.     Consent to Magistrate**

The Plaintiff does not consent to proceeding before a magistrate judge.

PLAINTIFF,

By his attorneys

/s/ Matthew P. McCue

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, MA 01760
Telephone: (508) 655-1415
mmccue@massattorneys.net

Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Alex M. Washkowitz
Jeremy Cohen
CW LAW GROUP, P.C.
188 Oaks Road Framingham, MA 01701
alex@cwlawgrouppc.com

Edward A. Broderick
BRODERICK LAW, P.C.
99 High St., Suite 304
Boston, MA 02110
Telephone: (617) 738-7080
ted@broderick-law.com

Dated:  March 31, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2020, I electronically transmitted the foregoing to all counsel of record via the electronic filing system.

By:  /s/ Matthew P. McCue
Matthew McCue