## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MANTHA, *on behalf of himself and all others similarly situated*,<br><br>　　　　　　Mantha,<br><br>　v.<br><br>QUOTEWIZARD.COM, LLC,<br><br>　　　　　　Defendant. | Civil Action No. 1:19-cv-12235-LTS |

### DEFENDANT'S STATEMENT PURSUANT TO L.R. 16.1(d)

Pursuant to the provisions of 16.1 of the Local Rules of the United States District Court for the District of Massachusetts, and the March 17, 2020, Notice of Scheduling Conference, counsel for the Plaintiff, Joseph Mantha ("Mantha"), and counsel for the Defendant, QuoteWizard.com, LLC ("QuoteWizard"), have conferred concerning a proposed pretrial schedule for the case, but were unable to agree to a joint schedule. QuoteWizard hereby respectfully submits its Rule 16.1 statement and proposed scheduling order.

### I.   AGENDA FOR APRIL 7, 2020 CONFERENCE[1]

QuoteWizard respectfully submits and suggests these additional specific matters to be discussed at the Initial Scheduling Conference:

(1)   **The use of bifurcated discovery in this case as to Mantha's individual, surviving claim and the remaining class allegations.**  QuoteWizard respectfully submits that both fact and expert discovery should be taken first only as to the merits of Mantha's surviving individual claim (Count II) because it promotes judicial efficiency. QuoteWizard does not

---

[1] The Parties have already received permission to attend the Scheduling Conference telephonically. *See* ECF No. 31.

recommend this procedure in every putative class case, nor does it believe that such a procedure is appropriate in all such cases, but the procedure is absolutely appropriate here in light of the following factors.

QuoteWizard has proof that Mantha or someone acting on his behalf gave his consent to be contacted about a request for auto insurance quotes, and that QuoteWizard or its agents contacted him for this purpose and with his consent. Thus, QuoteWizard has asserted an affirmative defense of prior express consent, invitation, or permission that is, if proven, a total bar to Mantha's only remaining individual Telephone Consumer Protection Act ("TCPA") claim. QuoteWizard understands that Mantha will argue that neither he nor anyone acting on his behalf, including possibly his attorneys, gave the consent. Resolution of this issue will be dispositive of this litigation, is particularized to Mantha's specific allegations, and will obviate the need for any additional discovery. This individual discovery will be targeted and can be expedited. The existence of a total defense to Mantha's claim, which involves evidence and proof unique to Mantha and which does not overlap with the putative class, justifies bifurcation.[2]

Mantha also seeks class discovery on, among other things, the identity of and consent to contact QuoteWizard's customers. Mantha is, in fact, seeking person-by-person discovery to determine if each individual has a viable TCPA claim. Mantha has not explained how this discovery would support a motion for class certification—because it would not. Rather, requesting this manner of discovery demonstrates that no putative class can be certified here. The circumstances of each individual putative class member's consent or non-consent to

---

[2] Courts in this Circuit undoubtedly have the authority to bifurcate individual merits and class discovery and, in fact, commonly do so where it "serve[s] the interests of justice given the allegations and circumstances of particular cases." *Katz v. Liberty Power Corp., LLC*, 2019 WL 957129, at *1-2 (D. Mass. Feb. 27, 2019). For example, in *Katz*, the Court bifurcated individual merits discovery and class discovery in a TCPA case where, as here, the defendant had potential total defenses to plaintiffs' individual claims that would moot the putative classes. *See id*.

solicitation is, by its nature, an individualized inquiry. Thus, neither Mantha's class definition itself[3] nor his requested class discovery is appropriate, and QuoteWizard submits that its facial attack on the remaining class allegations should be decided before Mantha is allowed to take any class discovery.

Mantha cannot articulate any relevant, good faith basis on which class discovery is appropriate at this stage of the case. As such, QuoteWizard suggests initial fact and expert discovery only as to the merits of Mantha's remaining individual claim, and fact and expert discovery as to the class allegations only in the event Mantha's individual claim survives a dispositive motion, and if the class allegations survive QuoteWizard's facial attack thereon.

(2) **The potential impact of the current COVID-19 pandemic.** Understanding the Court's general rule that all discovery and motion practice should conclude within a year of the Scheduling Conference, QuoteWizard respectfully submits that the pandemic may have an impact on the Parties' ability to adhere to the general rule—including but not limited to logistical difficulties in scheduling and taking depositions (including where airplane travel may be necessary). QuoteWizard is located in Seattle, Washington where travel has been restricted. QuoteWizard has considered this potential impact in proposing deadlines herein, and will endeavor to find solutions and ways to mitigate the impact in litigating this case, but respectfully submit that some tasks, including witness preparation and out-of-state depositions, may take longer than normal due to the pandemic.

---

[3] Class 2 includes persons who "Defendant … made … two or more telemarketing calls … promoting Defendant's products or services … to a residential phone number that was listed on the Do Not Call Registry for at least 30 days before the first call … within any twelve-month period." *See* Complaint, ¶ 50. This tracks the elements of the claim set forth in the applicable statute and regulation. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). As such, it is a classic, impermissible fail-safe class. *See Bais Yaakov of Spring Valley v. ACT, Inc.*, 328 F.R.D. 6, 13 (D. Mass. 2018) ("A 'fail-safe class' is defined so that whether a person qualifies as a member depends on whether the person has a valid claim on the merits." (quotation marks and citation omitted)).

(3) **The pendency of *Barr v. American Association of Political Consultants Inc.*, et al. (U.S. Supreme Court) (No. 19-631)**. In *Barr*, the U.S. Supreme Court will consider whether certain portions of the TCPA violate the First Amendment and, if so, whether it requires the striking of the entire Act. Although QuoteWizard has not moved to stay this case pending a determination in *Barr* (although it reserves the right to do so), QuoteWizard respectfully submits that *Barr* will be relevant and potentially determinative of Mantha's claims, and therefore its pendency should be considered in structuring and scheduling this case. *Barr* was scheduled for oral argument on April 22, 2020, but the status of that argument is unclear given the pandemic and the Court's postponement of March 2020 arguments due to the same.

**QuoteWizard also briefly addresses issues raised by Mantha's Rule 16.1 Statement (ECF No. 34):**

(4) **"Phased" Discovery**. Mantha opposes bifurcated discovery on grounds that are unclear but rather seeks what he deems "phased" joint individual/class discovery on "Consent" and "Call Records and ATDS use." There is no rational or good faith basis for this discovery proposal. The ATDS claim (Count I) has been dismissed, and thus any and all ATDS discovery is barred. Mantha claims the need for class discovery at the same time as individual merits discovery because there are allegedly common issues as to (1) QuoteWizard's vicarious liability for Drips, LLC's text messages, and (2) consent to contact. Vicarious liability discovery can be conducted without obtaining "all call records."

Moreover, consent will not be a common issue of fact and proof for Mantha's claim versus the putative class. QuoteWizard alleges that it has consent to contact each member of the putative class and Mantha. Mantha apparently argues that he never gave his consent and any consent relied upon is invalid and/or fraudulent. In turn, QuoteWizard will argue that either Mantha or someone acting on his behalf gave his consent and, if not, that it reasonably relied in

good faith on his apparent consent. These factual determinations will not arise with respect to the putative class because consent is typically determined by whether a consumer either gave consent or did not give consent. The individual merits discovery will focus on information/documents in Mantha's and his attorney's possession concerning Mantha's consent to contact, will be targeted, and can be expedited.

(5) **Class Records.** Mantha seeks production of "class records," broadly meaning the identity of and means to contact each putative class member. More specifically, based on communications with Mantha's counsel, QuoteWizard understands the requested "class records" to mean the identity of each putative class member, the phone number at which each putative class member was contacted at, whether the number was called more than once in a 12-month period, whether the number is a residential or business line, and the call records for each putative class member to determine whether the communications were actually sent to and received by the putative class member.

However, Mantha has no basis to seek discovery of these "class records" at this time. Mantha claims the need for immediate third-party discovery of Drips, LLC to preserve class records that he claims may be lost or destroyed. However, the Parties have already mutually agreed to preserve all of these records, which includes records held by Drips, LLC. *See* ECF No. 33. Moreover, Mantha has no good faith basis to fear the destruction of these documents, but rather can seek these records in discovery if and when his individual claim survives a dispositive motion and his class allegations survive a facial attack.

Putting aside Mantha's proffered reason, there is *no* discernible basis for Mantha to seek these "class records" in the pre-class-certification stage, especially where his individual claim presents unique issues of fact and proof. As recently stated by the Ninth Circuit:

> Rule 26(b)(1) limits the scope of discovery to 'nonprivileged matter that is relevant to any party's claim or defense.' And the Supreme Court has determined that seeking discovery of the name of a class member (here an unknown person, who could sue Williams-Sonoma) is not relevant within the meaning of that rule. … 'Respondents' attempt to obtain the class members' names and addresses cannot be forced into the concept of 'relevancy' described above. The difficulty is that respondents do not seek this information for any bearing that it might have on issues in the case.'

*In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020) (*quoting in part Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350–53, 98 S. Ct. 2380, 2389–90, 57 L. Ed. 2d 253 (1978)).

Thus, in *In re Williams-Sonoma, Inc.*, the Ninth Circuit took the extraordinary step of granting a petition for writ of mandamus and ordered the District Court to vacate a pre-class-certification discovery order that directed the defendant to "produce a list of California customers who had purchased certain bedding products." *Id*. at 540. Here, Mantha is signaling his intent to subpoena records concerning other consumers that Drips, LLC contacted, which is exactly the type of information that the Ninth Circuit held is irrelevant at the pre-certification stage. Mantha does not need these records to prove the merits of his individual claim, or demonstrate entitlement to class certification. The only possible reason Mantha seeks these records is to contact putative class members, which is neither necessary nor appropriate prior to class certification.

However, in the event any of these class records become discoverable in this case, QuoteWizard requests that all personal identifying information, including but not limited to names, addresses, account numbers, and telephone numbers, and any other information that would identify a member of the putative class, be redacted prior to production. Mantha has no possible, good faith need for information concerning members of the putative class that would identify them, and the number of members of the putative class could be discerned without reference to the identity of each member. In the event the Court certifies a class, redactions could

6

be removed at that time. This is consistent with Mantha's stated privacy concerns underlying the TCPA as outlined his Complaint, in which he notes that the TCPA was designed to protect the privacy of the consumer. It would be inconsistent with these purposes for QuoteWizard or any third-party to this action to produce information identifying putative class members and therefore violating their privacy in that manner.

## II. PROPOSED JOINT DISCOVERY PLAN AND SCHEDULE FOR FILING OF MOTIONS.

1. **Initial Disclosures**. Initial Disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed by April 15, 2020.

2. **Amendments to Pleadings**. Except for good cause shown, no motions seeking leave to amend to add new parties or to amend the pleadings to assert new claims or defenses may be filed after May 20, 2020.

3. **Fact Discovery – Phasing, Interim Deadlines, and Modification of Presumptive Limits**.

Fact discovery shall be bifurcated such that initial discovery shall be limited to Mantha's individual, surviving claim only, and class discovery shall commence only if and upon such time that Mantha's individual, surviving claim survives a dispositive motion. QuoteWizard proposes the following schedule for such limited discovery as to Mantha's individual claim only:[4]

   a. All requests for production of documents, requests for admission, and interrogatories shall be served by June 1, 2020.

   b. All depositions, other than expert discovery, shall be completed by November 2, 2020.

---

[4] Insofar as Mantha believes the individual merits discovery will take too long as proposed by QuoteWizard, QuoteWizard is more than willing to agree to a more expedited schedule thereon. QuoteWizard attempted to provide more time in light of the ongoing pandemic.

    c. QuoteWizard does not contemplate that it will be necessary to modify the presumptive limits on various forms of discovery set forth in the Federal Rules of Civil Procedure and Local Rule 26.1(c) of this Court as follows:

        i. Number of depositions - 10;
        ii. Number of interrogatories (per party) - 25
        iii. Number of admissions (per party) - 25; and
        iv. Number of sets of document requests (per party) - 2.

    d. QuoteWizard does contemplate the need for phased discovery in this case in that expert discovery, if any, will conclude after the conclusion of fact discovery per the schedules set forth herein. As indicated, QuoteWizard also seeks bifurcated individual/class discovery as set forth herein.

4. **Discovery – Final Deadline**. All discovery, including expert discovery, as to Mantha's individual claim and allegations (thus excluding class discovery) must be completed by February 28, 2021.

5. **Status Conference**. QuoteWizard requests that the Court schedule a status conference for a date to be determined by the Court, but in any event no later than December 1, 2020, to review the progress of the case.

6. **Expert Discovery**.

Expert discovery shall be bifurcated such that initial discovery shall be limited to Mantha's individual, surviving claim only, and class discovery shall commence only if and upon such time that Mantha's individual, surviving claim survives a dispositive motion. QuoteWizard proposes the following schedule for such limited discovery as to Mantha's individual claim only:

    a. Mantha's trial experts must be designated, and the information set forth in Fed. R. Civ. P. 26(a)(2) must be disclosed, no later than November 16, 2020.

      b.      Depositions of Mantha's trial experts must be completed no later than January 18, 2021.

      c.      QuoteWizard's trial experts must be designated, and the information set forth in Fed. R. Civ. P. 26(a)(2) must be disclosed, no later than December 16, 2020.

      d.      Depositions of QuoteWizard's trial experts must be completed no later than February 16, 2021.

7. **Dispositive Motions**.

      a.      Pre-trial dispositive motions, including motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, shall be filed no later than March 31, 2021.

      b.      Opposition to a pre-trial dispositive motion must be filed within 30 days after service of the motion.

      c.      Replies as to a pre-trial dispositive motion must be filed within 14 days of service of an opposition to the same.

      d.      Any sur-replies as to a pre-trial dispositive motion, if allowed to be filed by the Court, must be filed within 7 days after service of the reply.

8. **Class Discovery.**

      a.      In the event Mantha's individual claims and allegations survive a pre-trial dispositive motion, class discovery shall commence within fourteen (14) days of the Court's Order on that dispositive motion.

9. **Motion for Class Certification**.

      a.      To the extent Mantha's class allegations survive in whole or in part and Mantha wishes to certify a class, Mantha's motion to certify the class shall

        be filed within 120 days of the Court's Order on QuoteWizard's pre-trial dispositive motion on Mantha's individual claim.

    b.    Opposition to a motion for class certification must be filed within 45 days after service of the motion.

    c.    Reply to an Opposition to a motion for class certification must be filed within 30 days after service of the opposition.

    d.    Any sur-replies as to a motion for class certification, if allowed to be filed by the Court, must be filed within 14 days after service of the reply.

10.    **Pre-Trial Conference**.  A pre-trial conference shall be held on a date and at a time to be determined by the Court.

11.    **Trial By Magistrate Judge**.  QuoteWizard does not consent to a trial by Magistrate Judge.

12.    **Rule 16.1(c) Settlement Proposals**.  Counsel for Mantha and QuoteWizard have conferred with their clients on the subject of settlement.  Mantha provided counsel for QuoteWizard with a written settlement proposal on March 30, 2020; counsel for QuoteWizard has presented the offer to their client and are awaiting a response thereto.

13.    **Confidentiality.** QuoteWizard agrees to work with Mantha to preserve the confidentiality of documents to be produced or used in this case.

    QuoteWizard requests that any discoverable internal policies and procedures of QuoteWizard be produced as confidential only and shall be filed only under seal or redacted.

    QuoteWizard also requests that, should any of the class records become discoverable in this case, all personal identifying information, including but not

limited to names, addresses, account numbers, and telephone numbers, and any other information that would identify a member of the putative class, be redacted.

II. **STATEMENT OF DEFENDANT**.

Mantha's surviving individual claim under the TCPA alleges that QuoteWizard made two or more telephone solicitations to him when his number was listed on the Do Not Call Registry. QuoteWizard's position is that it did not violate the TCPA.  Rather, Mantha gave QuoteWizard his prior express consent, invitation, or permission to contact Mantha concerning his request for auto insurance quotes, and Mantha further consented by inviting additional communications. Insofar as Mantha claims that consent was obtained fraudulently, QuoteWizard's position is that any alleged fraudulent conduct is not attributable to it, and QuoteWizard reasonably relied in good faith on its belief that Mantha provided valid prior express consent, invitation, or permission.  QuoteWizard's position is also that Mantha has no actual damages, and is not entitled to any multiple damages under the TCPA because there was no knowing or willful conduct. Moreover, QuoteWizard's position is that none of the alleged communications are communications covered by the TCPA, and that the TCPA is subject to be stricken as unconstitutional, in any event.

QuoteWizard also plans to present similar defenses for the class allegations, including its total affirmative defense that any alleged class member it contacted had given their valid prior express consent, invitation, or permission to be contacted. QuoteWizard believes, however, that the class allegations must be stricken as facially invalid, and will renew its facial challenge at the appropriate time.

III. **CERTIFICATIONS**.   QuoteWizard will file its L.R. 16.1(d)(3) certification separately.

[*Signatures on Next Page*]

11

Respectfully submitted,

QuoteWizard.com, LLC,
By its attorneys,

*/s/ Kevin P. Polansky*
Kevin P. Polansky (BBO #667229)
kevin.polansky@nelsonmullins.com
Christine M. Kingston (BBO #682962)
christine.kingston@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, MA 02109
(t) (617)-217-4700
(f) (617) 217-4710

Dated: April 1, 2020

## CERTIFICATE OF SERVICE

I, Kevin P. Polansky, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: April 1, 2020                    */s/ Kevin P. Polansky*