# Exhibit B



**Kevin P. Polansky**
(Admitted in CT, MA, NH & ME)
T 617.217.4720
kevin.polansky@nelsonmullins.com

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

One Post Office Square, 30th Floor
Boston, MA 02109
T 617.217.4700  F 617.217.4710
nelsonmullins.com

April 21, 2020

**VIA FEDERAL EXPRESS AND E-MAIL**

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
508-221-1510
anthony@paronichlaw.com

Matthew P. McCue
Law Office of Matthew P. McCue
One South Avenue, Third Floor
Natick, MA 01760
508-655-1415
mmccue@massattorneys.net

Alex M. Washkowitz
CW Law Group, P.C.
188 Oaks Road
Framingham, MA 01702
508-309-4880
Fax: 508-597-7722
alex@cwlawgrouppc.com

Edward A. Broderick
The Law Office of Edward A. Broderick
208 Ridge Street
Winchester, MA 01890
617-738-7080
Fax: 617-357-5030
ted@broderick-law.com

RE:   *Joseph Mantha v. QuoteWizard.com, LLC*
      Civil Action No. 1:19-cv-12235-LTS
      Our File No. 019123.01563 (D. Mass.)

Dear Attorneys Paronich, McCue, Washkowitz, and Broderick,

As you know, this office represents Defendant QuoteWizard.com, LLC ("QuoteWizard") in the above-refenced lawsuit. This is a request for a discovery conference pursuant to Local Rule 37.1 regarding Plaintiff Joseph Mantha's ("Mantha") Fed. R. Civ. P. 45 Subpoena to produce Documents, Information, or Objects to BlueFlame Web Marketing, LLC ("BlueFlame"), dated April 15, 2020.

The requests in Mantha's Rule 45 subpoena must be significantly narrowed for the reasons set forth herein.[1] Please let us know when you are available to meet and confer

---

[1] QuoteWizard preserves, and does not waive, any rights, defenses, and/or objections that are not expressly asserted herein.

April 21, 2020
Page 2

in a good faith attempt to narrow or resolve these issues. To the extent we are unable to do so prior to the time of the compliance date noted in the subpoena, QuoteWizard plans to seek Court intervention if necessary.

## General Objections

The following general objections apply to all requests and are incorporated by reference into each specific objection below.

**General Objection 1:** QuoteWizard objects to Mantha's subpoena on the procedural ground that Mantha failed to comply with Fed. R. Civ. P. 45(a)(4) by serving the subpoena on QuoteWizard before serving it on the responding entity. *See* Fed. R. Civ. P. 45(a)(4) ("If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."). This will prejudice QuoteWizard insofar as BlueFlame responds before QuoteWizard's objections are discussed and suitably dealt with by and between QuoteWizard and Mantha. Accordingly, QuoteWizard requests that Mantha withdraw the subpoena until such that time QuoteWizard's objections thereto are resolved.

**General Objection 2:** QuoteWizard generally objects to Mantha's requests insofar as they pertain to Mantha's putative class, rather than individual claims contained in the Complaint. QuoteWizard has sought bifurcated discovery as to individual merits and class allegations, and the request is pending with the Court. Therefore, to the extent any of Mantha's requests do not strictly relate to his individual allegations and claim, QuoteWizard objects to such requests as (at a minimum) premature.

**General Objection 3:** QuoteWizard generally objects to Mantha's requests to BlueFlame concerning its relationship with QuoteWizard because QuoteWizard has no relationship with BlueFlame. As such, the requests directed at BlueFlame concerning contracts or relationships to which BlueFlame is not a party improperly call for speculation.

**General Objection 4:** QuoteWizard objects to any and all requests that concern consumers outside of the Commonwealth of Massachusetts, as such requests are also beyond the geographical scope of the allegations in this case.

**General Objection 5:** QuoteWizard objects to any and all requests concerning the policies, procedures, or practices of BlueFlame, QuoteWizard, or any other entity generally with regard to obtaining and/or transferring consumer consent. In addition to being not relevant and/or premature (*see* General Objection No. 1), such requests are generally not relevant to Mantha's individual allegations because Mantha either validly consented to be contacted or not. This is solely a factual/legal question involving the

April 21, 2020
Page 3

alleged consent provided by Mantha, and does not relate to or concern more general policies or practices.

**General Objection 6:** QuoteWizard objects to any and all requests that concern other consumers besides Mantha, as such requests are not relevant and/or are premature (*see* General Objection 1) but also relate to confidential information of other consumers, which is protected from discovery.

**General Objection 7**: QuoteWizard objects to any and all requests that concern the general relationships between the referenced entities. The nature of the contractual relationships between the entities (notwithstanding a lack of such relationship between BlueFlame and QuoteWizard) is not relevant to the validity of Mantha's consent, nor to any other claim or issue herein, and is also confidential. This includes not only the existence and contents of any written contract, but any request that relates to the business relationships/contracts generally. The only potentially relevant inquiry is whether QuoteWizard is considered a "marketing partner" for the purposes of Mantha's consent to contact given on or about August 5, 2019 on www.snappyautoinsurance.com; Mantha's requests are not limited to this topic and are therefore improper.

**General Objection No. 8**: QuoteWizard objects to the subpoena generally on the ground that Mantha has served identical subpoenas on two additional entities, RevPoint Media, LLC and Plural Marketing Solutions, Inc., without making any attempt to discern the differences between the entities, including their alleged or actual respective roles in the August 5, 2019 consent at issue or the knowledge, information, and documents within their respective possession, custody, or control.

## Subpoena Requests

QuoteWizard objects to the following specific requests.

> **Request No. 1**: Produce documents sufficient to identify and describe your relationship with the Defendant, RevPoint Media, SnappyAutoinsurance.com or AutoInsurQuotes.com

**Objection:**  QuoteWizard first objects to this request as not relevant to any claim or defense herein on the ground that QuoteWizard has no relationship with BlueFlame. As such, this request directed at BlueFlame is not relevant and also requires BlueFlame to improperly speculate to the details of relationships/contracts to which it is not a party.

QuoteWizard further objects to this request as not relevant to any claim or defense herein, overly broad, unduly burdensome, not proportional to the needs of the case, and because it seeks confidential information. The nature of any relationship between the entities identified is not relevant to whether or not Mantha consented to receive communications (within the meaning of the Telephone Consumer Protection Act ("TCPA")) on the website

April 21, 2020
Page 4

www.snappyautoinsurance.com on or around August 5, 2019, including from its marketing partners. The request represents an improper fishing expedition into the confidential nature of contractual relationships between the referenced entities that is not relevant to the validity of Mantha's consent and which is protected from discovery.

>**Request No. 2:** Produce any contract you may have with the Defendant, RevPoint, SnappyAutoinsurance.com or AutoInsurQuotes.com, or any entity that owns or controls these entities.

**Objection:** QuoteWizard restates and incorporates its Objection to Request No. 1 here.

>**Request No. 5:** If you contend the Plaintiff consented to receive telemarketing texts or calls from the Defendant, or any other person or entity, produce all documents that evidence such claim.

**Objection:** QuoteWizard objects to these requests on the ground that they are impermissibly overbroad and not proportional to the needs of the case. Mantha's individual allegations relate to whether he validly consented to be contacted by visiting the website www.snappyautoinsurance.com on or about August 5, 2019 and agreed, within the meaning of the TCPA, to be contacted directly or by its marketing partners. Mantha's requests are not at all limited in time or scope to Mantha's alleged consent at issue, and are therefore (at a minimum) impermissibly overbroad.

>**Request No. 8:** Produce all documents that evidence any connection whatsoever to www.snappyautoinsurance.com and Defendant.

**Objection:** QuoteWizard objects to this request as overbroad and not relevant to the claims and issues herein. The lawsuit relates to Mantha's alleged consent given on or about August 5, 2019. The request improperly seeks to discern the "connection" between QuoteWizard and the website generally, is not limited in time or scope or to Mantha at all, and is therefore overly broad and not relevant.

>**Request No. 9:** Produce all documents that evidence the disclosure to consumers of the name of the Defendant anywhere on the web sites of SnappyAutoinsurance.com or AutoInsurQuotes.com, on August 5, 2019, or at any time.

**Objection:** QuoteWizard objects to this request as overbroad and not relevant to the claims and issues herein. The lawsuit relates to Mantha's alleged consent given on or about August 5, 2019. The request improperly seeks to discern information on the website that is not limited to the date of Mantha's consent or to Mantha at all. Rather, it improperly seeks this information as to all "consumers" "at any time."

April 21, 2020
Page 5

>**Request No. 10:** Produce all documents that evidence the disclosures to consumers mandated by the TCPA and the E-Sign Act, 15 U.S.C. §§ 7001, et seq. See 27 FCC Rcd. 1830, 1844 ¶33-34; 47 C.F.R. § 64.1200(f)(8); on the web sites of SnappyAutoinsurance.com or AutoInsurQuotes.com, on August 5, 2019, or at any time.

**Objection:** QuoteWizard objects to this request as overly broad, not relevant to the claims or defenses herein, and not proportional to the needs of the case. While Mantha may seek the disclosures given to and accepted by him on the date in question, August 5, 2019, on the website in question, he is not entitled to seek disclosures given to any and all consumers at any time that do not even relate to Mantha or QuoteWizard. This is an improper fishing expedition into third-party entities. The request also improperly calls for legal inconclusions, insofar as it requires the responding party to produce information concerning compliance with laws or regulations. In this regard, it also potentially calls for documents protected by the attorney-client privilege and work product doctrine, and is further objectionable on that ground.

>**Request No. 13:** To the extent that anyone claims that they obtained permission from Plaintiff to receive telemarketing texts or phone calls via any website including but not limited to www.snappyautoinsurance.com:
>
>A. Produce documents that identify those website(s) and the specific page(s) on those website(s) that you claim constitute consent or permission.
>B. For any website identified in response to the prior request, produce all access, server and error logs and security and fraud alerts during the period you claim visits to that website constituted consent or permission to contact Plaintiff.
>C. Produce all documents that identify the referring URL from which the Plaintiff purportedly came to your website.
>D. Produce documents that identify the website host(s) for any website responsive to any of the foregoing and the dates each host was active for each respective website.
>E. Produce all documents that evidence the mention the name of the Defendant on any of these web sites, including but not limited to www.snappyautoinsurance.com.

**Objection:** QuoteWizard objects to subsection (E) of this request as overly broad, not relevant, and not proportional to the needs of this case. The Complaint relates to Mantha's consent to be contacted, given on or about August 5, 2019 on the website www.snappyautoinsurance.com, whereas the request improperly seeks information concerning other unidentified websites, is not limited to Mantha, and is otherwise not limited in time or scope.

>**Request No. 14:** Produce all communications with any third party concerning the litigation captioned on the subpoena.

April 21, 2020
Page 6

**Objection:** QuoteWizard objects to this request as overly broad, not relevant, and not proportional to the needs of the case. The request also improperly seeks privileged communications and confidential information. Insofar as Mantha believes that BlueFlame developed and/or operates the websites www.snappyautoinsurance.com and/or www.autoinsurquotes.com, and has information concerning Mantha's consent given on August 5, 2019, then Mantha is entitled to seek that specific information from BlueFlame. But Mantha is not entitled to discover BlueFlame's communications, thoughts, and impressions concerning this litigation, especially where, if BlueFlame is alleged to have been the originator of Mantha's consent, it could potentially become a defendant or third-party defendant to this lawsuit.

      I look forward to hearing from you.

      Very truly yours,

      */s/ Kevin P. Polansky*

      Kevin P. Polansky

cc: BlueFlame Web Marketing, LLC



**Kevin P. Polansky**
(Admitted in CT, MA, NH & ME)
T 617.217.4720
kevin.polansky@nelsonmullins.com

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

One Post Office Square, 30th Floor
Boston, MA 02109
T 617.217.4700  F 617.217.4710
nelsonmullins.com

April 21, 2020

*VIA FEDERAL EXPRESS AND E-MAIL*

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
508-221-1510
anthony@paronichlaw.com

Matthew P. McCue
Law Office of Matthew P. McCue
One South Avenue, Third Floor
Natick, MA 01760
508-655-1415
mmccue@massattorneys.net

Alex M. Washkowitz
CW Law Group, P.C.
188 Oaks Road
Framingham, MA 01702
508-309-4880
Fax: 508-597-7722
alex@cwlawgrouppc.com

Edward A. Broderick
The Law Office of Edward A. Broderick
208 Ridge Street
Winchester, MA 01890
617-738-7080
Fax: 617-357-5030
ted@broderick-law.com

RE:   *Joseph Mantha v. QuoteWizard.com, LLC*
      Civil Action No. 1:19-cv-12235-LTS
      Our File No. 019123.01563 (D. Mass.)

Dear Attorneys Paronich, McCue, Washkowitz, and Broderick,

As you know, this office represents Defendant QuoteWizard.com, LLC ("QuoteWizard") in the above-refenced lawsuit. This is a request for a discovery conference pursuant to Local Rule 37.1 regarding Plaintiff Joseph Mantha's ("Mantha") Fed. R. Civ. P. 45 Subpoena to produce Documents, Information, or Objects to Plural Marketing Solutions, Inc. ("Plural"), dated April 15, 2020.

The requests in Mantha's Rule 45 subpoena must be significantly narrowed for the reasons set forth herein.[1] Please let us know when you are available to meet and confer

---

[1] QuoteWizard preserves, and does not waive, any rights, defenses, and/or objections that are not expressly asserted herein.

April 21, 2020
Page 2

in a good faith attempt to narrow or resolve these issues.  To the extent we are unable to do so prior to the time of the compliance date in the subpoena, QuoteWizard plans to seek Court intervention if necessary.

## General Objections

The following general objections apply to all requests and are incorporated by reference into each specific objection below.

**General Objection 1:**  QuoteWizard objects to Mantha's subpoena generally on the procedural ground that Mantha failed to comply with Fed. R. Civ. P. 45(a)(4) by serving the subpoena on QuoteWizard before serving it on the responding entity. See Fed. R. Civ. P. 45(a)(4) ("If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."). This will prejudice QuoteWizard insofar as Plural responds before QuoteWizard's objections are discussed and suitably dealt with by and between QuoteWizard and Mantha. Accordingly, QuoteWizard requests that Mantha withdraw the subpoena until such that time QuoteWizard's objections thereto are resolved.

**General Objection 2:** QuoteWizard generally objects to Mantha's requests insofar as they pertain to Mantha's putative class, rather than individual claims contained in the Complaint.  QuoteWizard has sought bifurcated discovery as to individual merits and class allegations, and the request is pending with the Court. Therefore, to the extent any of Mantha's requests do not strictly relate to his individual allegations and claim, QuoteWizard objects to such requests as (at a minimum) premature.

**General Objection 3:** QuoteWizard objects to any and all requests that concern alleged conduct or consumers outside of the Commonwealth of Massachusetts, as such requests are beyond the geographical scope of the allegations in this case.

**General Objection 4:** QuoteWizard objects to any and all requests concerning the policies, procedures, or practices of Plural, QuoteWizard, or any other entity generally with regard to obtaining and/or selling consumer consent.  In addition to being not relevant and/or premature (*see* General Objection No. 1), such requests are generally not relevant to Mantha's individual allegations because Mantha either validly consented to be contacted or not. This is solely a factual/legal question involving the alleged consent provided by Mantha, and does not relate to or concern more general policies or practices.

**General Objection 5:** QuoteWizard objects to any and all requests that concern other consumers besides Mantha, as such requests are not relevant and/or are premature (*see* General Objection 1) but also relate to confidential information of other consumers, which is protected from discovery.

April 21, 2020
Page 3

**General Objection 6**: QuoteWizard objects to any and all requests that concern the general relationships between the entities listed. The nature of the contractual relationships between the entities is not relevant to the validity of Mantha's consent, nor to any other claim or issue herein, and is also confidential. This includes not only the existence or contents of any written contract, but any request that relates to the business relationships/contracts generally. The only potentially relevant request concerns whether QuoteWizard is considered a "marketing partner" for the purposes of Mantha's consent to contact provided on www.snappyautoinsurance.com on or about August 5, 2019; Mantha's requests are not limited to this topic and are therefore improper.

**General Objection No. 7**: QuoteWizard objects to the subpoena generally on the ground that Mantha has served identical subpoenas on two different entities, RevPoint Media, LLC and BlueFlame Marketing, LLC, without making any attempt to discern the differences between the entities, including their alleged or actual respective roles in the August 5, 2019 consent at issue or the knowledge, information, and documents within their respective possession, custody, or control.

## Subpoena Requests

QuoteWizard objects to the following specific requests.

> **Request No. 1**: Produce documents sufficient to identify and describe your relationship with the Defendant, BlueFlame, RevPoint Media, SnappyAutoinsurance.com or AutoInsurQuotes.com

**Objection:** QuoteWizard objects to this request as not relevant to any claim or defense herein, overly broad, unduly burdensome, not proportional to the needs of the case, and because it seeks confidential information. The nature of any relationship between the entities listed is not relevant to whether or not Mantha consented to receive communications (within the meaning of the Telephone Consumer Protection Act ("TCPA")) on the website www.snappyautoinsurance.com on or around August 5, 2019, including from marketing partners. The request represents an improper fishing expedition into the confidential nature of contractual relationships between the listed entities that is simply not relevant to the validity of Mantha's consent and which is protected from discovery.

> **Request No. 2:** Produce any contract you may have with the Defendant, BlueFlame, RevPoint, SnappyAutoinsurance.com or AutoInsurQuotes.com, or any entity that owns or controls these entities.

QuoteWizard restates and incorporates its Objection to Request No. 1 here.

April 21, 2020
Page 4

> **Request No. 5:** If you contend the Plaintiff consented to receive telemarketing texts or calls from the Defendant, or any other person or entity, produce all documents that evidence such claim.

**Objection:** QuoteWizard objects to these requests on the ground that they are impermissibly overbroad and not proportional to the needs of the case. Mantha's individual allegations relate to whether he validly consented to be contacted by visiting the website www.snappyautoinsurance.com on or about August 5, 2019 and agreed, within the meaning of the TCPA, to be contacted by its marketing partners. Mantha's requests are not at all limited in time or scope to Mantha's alleged consent at issue, and are therefore (at a minimum) impermissibly overbroad.

> **Request No. 8:** Produce all documents that evidence any connection whatsoever to www.snappyautoinsurance.com and Defendant.

**Objection:** QuoteWizard objects to this request as overbroad and not relevant to the claims and issues herein. The lawsuit relates to Mantha's alleged consent given on or about August 5, 2019. The request improperly seeks to discern the "connection" between QuoteWizard and the listed website generally, is not limited in time or scope or to Mantha at all, and is therefore overly broad and not relevant.

> **Request No. 9:** Produce all documents that evidence the disclosure to consumers of the name of the Defendant anywhere on the web sites of SnappyAutoinsurance.com or AutoInsurQuotes.com, on August 5, 2019, or at any time.

**Objection:** QuoteWizard objects to this request as overbroad and not relevant to the claims and issues herein. The lawsuit relates to Mantha's alleged consent given on or about August 5, 2019. The request improperly seeks to discern information on the website that is not limited to the date of Mantha's consent or to Mantha at all. Rather, it improperly seeks this information as to all "consumers" "at any time." The request is clearly overbroad, not relevant, and impermissible.

> **Request No. 10:** Produce all documents that evidence the disclosures to consumers mandated by the TCPA and the E-Sign Act, 15 U.S.C. §§ 7001, et seq. See 27 FCC Rcd. 1830, 1844 ¶33-34; 47 C.F.R. § 64.1200(f)(8); on the web sites of SnappyAutoinsurance.com or AutoInsurQuotes.com, on August 5, 2019, or at any time.

**Objection:** QuoteWizard objects to this request as overly broad, not relevant to the claims or defenses herein, and not proportional to the needs of the case. While Mantha may seek the disclosures given to and accepted by him on the date in question, August 5, 2019, on the website in question, he is not entitled to seek disclosures given to any and all consumers at any time that do not even relate to Mantha or QuoteWizard. This is an

April 21, 2020
Page 5

improper fishing expedition into third-party entities. The request also improperly calls for legal inconclusions, insofar as it requires the responding party to produce information concerning compliance with laws or regulations.

> **Request No. 13:** To the extent that anyone claims that they obtained permission from Plaintiff to receive telemarketing texts or phone calls via any website including but not limited to www.snappyautoinsurance.com:
>
> A. Produce documents that identify those website(s) and the specific page(s) on those website(s) that you claim constitute consent or permission.
> B. For any website identified in response to the prior request, produce all access, server and error logs and security and fraud alerts during the period you claim visits to that website constituted consent or permission to contact Plaintiff.
> C. Produce all documents that identify the referring URL from which the Plaintiff purportedly came to your website.
> D. Produce documents that identify the website host(s) for any website responsive to any of the foregoing and the dates each host was active for each respective website.
> E. Produce all documents that evidence the mention the name of the Defendant on any of these web sites, including but not limited to www.snappyautoinsurance.com.

**Objection:** QuoteWizard objects to subsection (E) of this request as overly broad, not relevant, and not proportional to the needs of this case. The allegations in the Complaint relate to Mantha's consent given on or about August 5, 2019 on the website of www.snappyautoinsurance.com directly and as to its marketing partners, whereas the request improperly seeks information concerning other websites and is otherwise not limited in time or scope.

> **Request No. 14:** Produce all communications with any third party concerning the litigation captioned on the subpoena.

**Objection:** QuoteWizard objects to this request as overly broad, not relevant, and not proportional to the needs of the case. The request also would improperly apply to privileged communications and confidential information. Insofar as Mantha believes that Plural has information concerning Mantha's consent, then Mantha is entitled to seek that specific information from Plural.  But Mantha is not entitled to discover Plural's communications, thoughts, and impressions concerning this litigation, especially where, if Plural is alleged to have been the originator or seller of Mantha's consent, it could potentially become a defendant or third-party defendant to this lawsuit.

> I look forward to hearing from you.

April 21, 2020
Page 6

                                      Very truly yours,

                                      */s/ Kevin P. Polansky*

                                      Kevin P. Polansky

cc: Plural Marketing Solutions, Inc.



Kevin P. Polansky
(Admitted in CT, MA, NH & ME)
T 617.217.4720
kevin.polansky@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW

One Post Office Square, 30th Floor
Boston, MA 02109
T 617.217.4700  F 617.217.4710
nelsonmullins.com

April 21, 2020

**VIA FEDERAL EXPRESS AND E-MAIL**

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
508-221-1510
anthony@paronichlaw.com

Matthew P. McCue
Law Office of Matthew P. McCue
One South Avenue, Third Floor
Natick, MA 01760
508-655-1415
mmccue@massattorneys.net

Alex M. Washkowitz
CW Law Group, P.C.
188 Oaks Road
Framingham, MA 01702
508-309-4880
Fax: 508-597-7722
alex@cwlawgrouppc.com

Edward A. Broderick
The Law Office of Edward A. Broderick
208 Ridge Street
Winchester, MA 01890
617-738-7080
Fax: 617-357-5030
ted@broderick-law.com

RE:   *Joseph Mantha v. QuoteWizard.com, LLC*
      Civil Action No. 1:19-cv-12235-LTS
      Our File No. 019123.01563 (D. Mass.)

Dear Attorneys Paronich, McCue, Washkowitz, and Broderick,

As you know, this office represents Defendant QuoteWizard.com, LLC ("QuoteWizard") in the above-refenced lawsuit. This is a request for a discovery conference pursuant to Local Rule 37.1 regarding Plaintiff Joseph Mantha's ("Mantha") Fed. R. Civ. P. 45 Subpoena to produce Documents, Information, or Objects to RevPoint Media, LLC ("RevPoint"), dated April 15, 2020.

The requests in Mantha's Rule 45 subpoena must be significantly narrowed for the reasons set forth herein.[1] Please let us know when you are available to meet and confer

---

[1] QuoteWizard preserves, and does not waive, any rights, defenses, and/or objections that are not expressly asserted herein.

April 21, 2020
Page 2

in a good faith attempt to narrow or resolve these issues. To the extent we are unable to do so prior to the time of the date for compliance in the subpoena, QuoteWizard plans to seek Court intervention if necessary.

## General Objections

The following general objections apply to all requests and are incorporated by reference into each specific objection below.

**General Objection 1:** QuoteWizard objects to Mantha's subpoena on the procedural ground that Mantha failed to comply with Fed. R. Civ. P. 45(a)(4) by serving the subpoena on QuoteWizard before serving it on the responding entity. *See* Fed. R. Civ. P. 45(a)(4) ("If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."). This will prejudice QuoteWizard insofar as RevPoint responds before QuoteWizard's objections are discussed and suitably dealt with by and between QuoteWizard and Mantha. Accordingly, QuoteWizard requests that Mantha withdraw the subpoena until such that time QuoteWizard's objections thereto are resolved.

**General Objection 2:** QuoteWizard generally objects to Mantha's requests insofar as they pertain to Mantha's putative class, rather than individual claims contained in the Complaint. QuoteWizard has sought bifurcated discovery as to individual merits and class allegations, and the request is pending with the Court. Therefore, to the extent any of Mantha's requests do not strictly relate to his individual allegations and claim, QuoteWizard objects to such requests as (at a minimum) premature.

**General Objection 3:** QuoteWizard objects to any and all requests that concern alleged conduct or consumers outside of the Commonwealth of Massachusetts, as such requests are beyond the geographical scope of the allegations in this case.

**General Objection 4:** QuoteWizard objects to any and all requests concerning the policies, procedures, or practices of RevPoint, QuoteWizard, or any other entity generally with regard to obtaining and/or selling consumer consent. In addition to being not relevant and/or premature (*see* General Objection No. 1), such requests are generally not relevant to Mantha's individual allegations because Mantha either validly consented to be contacted or not. This is solely a factual/legal question involving the alleged consent provided by Mantha, and does not relate to or concern more general policies or practices.

**General Objection 5:** QuoteWizard objects to any and all requests that concern other consumers besides Mantha, as such requests are not relevant and/or are premature (*see* General Objection 1) but also relate to confidential information of other consumers, which is protected from discovery.

April 21, 2020
Page 3

**General Objection 6**: QuoteWizard objects to any and all requests that concern the general relationships between the entities listed. The nature of the contractual relationships between the entities is not relevant to the validity of Mantha's consent, nor to any other claim or issue herein, and is also confidential. This includes not only the existence or contents of any written contract, but any request that relates to the business relationships/contracts generally.

**General Objection No. 7**: QuoteWizard objects to the subpoena generally on the ground that Mantha has served identical subpoenas on two different entities, Plural Marketing Solutions, Inc. and BlueFlame Marketing, LLC, without making any attempt to discern the differences between the entities, including their alleged or actual respective roles in the August 5, 2019 consent at issue or the knowledge, information, and documents within their respective possession, custody, or control.

## Subpoena Requests

QuoteWizard objects to the following specific requests.

> **Request No. 1**: Produce documents sufficient to identify and describe your relationship with the Defendant, RevPoint Media, SnappyAutoinsurance.com or AutoInsurQuotes.com

**Objection:** QuoteWizard objects to this request as not relevant to any claim or defense herein, overly broad, unduly burdensome, not proportional to the needs of the case, and because it seeks confidential information. The nature of any relationship between the entities listed is not relevant to whether or not Mantha consented to receive communications (within the meaning of the Telephone Consumer Protection Act ("TCPA")) on the website www.snappyautoinsurance.com on or around August 5, 2019, including from marketing partners. The request represents an improper fishing expedition into the confidential nature of contractual relationships between the listed entities that is simply not relevant to the validity of Mantha's consent and which is protected from discovery.

> **Request No. 2:** Produce any contract you may have with the Defendant, BlueFlame, RevPoint, SnappyAutoinsurance.com or AutoInsurQuotes.com, or any entity that owns or controls these entities.

QuoteWizard restates and incorporates its Objection to Request No. 1 herein.

> **Request No. 5:** If you contend the Plaintiff consented to receive telemarketing texts or calls from the Defendant, or any other person or entity, produce all documents that evidence such claim.

April 21, 2020
Page 4

**Objection:** QuoteWizard objects to these requests on the ground that they are impermissibly overbroad and not proportional to the needs of the case. Mantha's individual allegations relate to whether he validly consented to be contacted by visiting the website www.snappyautoinsurance.com on or about August 5, 2019 and agreed, within the meaning of the TCPA, to be contacted by its marketing partners. Mantha's requests are not at all limited in time or scope to Mantha's alleged consent at issue, and are therefore (at a minimum) impermissibly overbroad.

> **Request No. 8:** Produce all documents that evidence any connection whatsoever to www.snappyautoinsurance.com and Defendant.

**Objection:** QuoteWizard objects to this request as overbroad and not relevant to the claims and issues herein. The lawsuit relates to Mantha's alleged consent given on or about August 5, 2019. The request improperly seeks to discern the "connection" between QuoteWizard and the listed website generally, is not limited in time or scope or to Mantha at all, and is therefore overly broad and not relevant.

> **Request No. 9:** Produce all documents that evidence the disclosure to consumers of the name of the Defendant anywhere on the web sites of SnappyAutoinsurance.com or AutoInsurQuotes.com, on August 5, 2019, or at any time.

**Objection:** QuoteWizard objects to this request as overbroad and not relevant to the claims and issues herein. The lawsuit relates to Mantha's alleged consent given on or about August 5, 2019. The request improperly seeks to discern information on the website that is not limited to the date of Mantha's consent or to Mantha at all. Rather, it improperly seeks this information as to all "consumers" "at any time." The request is clearly overbroad, not relevant, and impermissible.

> **Request No. 10:** Produce all documents that evidence the disclosures to consumers mandated by the TCPA and the E-Sign Act, 15 U.S.C. §§ 7001, et seq. See 27 FCC Rcd. 1830, 1844 ¶33-34; 47 C.F.R. § 64.1200(f)(8); on the web sites of SnappyAutoinsurance.com or AutoInsurQuotes.com, on August 5, 2019, or at any time.

**Objection:** QuoteWizard objects to this request as overly broad, not relevant to the claims or defenses herein, and not proportional to the needs of the case. While Mantha may seek the disclosures given to and accepted by him on the date in question, August 5, 2019, on the website in question, he is not entitled to seek disclosures given to any and all consumers at any time that do not even relate to Mantha or QuoteWizard. This is an improper fishing expedition into third-party entities. The request also improperly calls for legal inconclusions, insofar as it requires the responding party to produce information concerning compliance with laws or regulations.

April 21, 2020
Page 5

>**Request No. 13:** To the extent that anyone claims that they obtained permission from Plaintiff to receive telemarketing texts or phone calls via any website including but not limited to www.snappyautoinsurance.com:
>
>A. Produce documents that identify those website(s) and the specific page(s) on those website(s) that you claim constitute consent or permission.
>B. For any website identified in response to the prior request, produce all access, server and error logs and security and fraud alerts during the period you claim visits to that website constituted consent or permission to contact Plaintiff.
>C. Produce all documents that identify the referring URL from which the Plaintiff purportedly came to your website.
>D. Produce documents that identify the website host(s) for any website responsive to any of the foregoing and the dates each host was active for each respective website.
>E. Produce all documents that evidence the mention the name of the Defendant on any of these web sites, including but not limited to www.snappyautoinsurance.com.

**Objection:** QuoteWizard objects to subsection (E) of this request as overly broad, not relevant, and not proportional to the needs of this case. The allegations relate to Mantha's consent given on or about August 5, 2019 on the website of www.snappyautoinsurance.com directly and from its marketing partners, whereas the request improperly seeks information concerning other websites and is otherwise not limited in time or scope.

>**Request No. 14:** Produce all communications with any third party concerning the litigation captioned on the subpoena.

**Objection:** QuoteWizard objects to this request as overly broad, not relevant, and not proportional to the needs of the case. The request also would improperly apply to privileged communications and confidential information. Insofar as Mantha believes that RevPoint has information concerning Mantha's consent given on August 5, 2019, then Mantha is entitled to seek that information specifically from RevPoint. But Mantha is not entitled to discover RevPoint's communications, thoughts, and impressions concerning this litigation, especially where, if RevPoint is alleged to have received or sold Mantha's lead and consent, it could potentially become a defendant or third-party defendant to this lawsuit.

>I look forward to hearing from you.

April 21, 2020
Page 6

                                      Very truly yours,

                                      */s/ Kevin P. Polansky*

                                      Kevin P. Polansky

cc: RevPoint Media, LLC