# Exhibit D



**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

Kevin P. Polansky
(Admitted in CT, MA, NH & ME)
T 617.217.4720
kevin.polansky@nelsonmullins.com

One Post Office Square, 30th Floor
Boston, MA 02109
T 617.217.4700  F 617.217.4710
nelsonmullins.com

April 29, 2020

***VIA FEDERAL EXPRESS AND E-MAIL***

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
508-221-1510
anthony@paronichlaw.com

Matthew P. McCue
Law Office of Matthew P. McCue
One South Avenue, Third Floor
Natick, MA 01760
508-655-1415
mmccue@massattorneys.net

Alex M. Washkowitz
CW Law Group, P.C.
188 Oaks Road
Framingham, MA 01702
508-309-4880
Fax: 508-597-7722
alex@cwlawgrouppc.com

Edward A. Broderick
The Law Office of Edward A. Broderick
208 Ridge Street
Winchester, MA 01890
617-738-7080
Fax: 617-357-5030
ted@broderick-law.com

RE:   *Joseph Mantha v. QuoteWizard.com, LLC*
      Civil Action No. 1:19-cv-12235-LTS
      Our File No. 019123.01563 (D. Mass.)

Dear Attorneys Paronich, McCue, Washkowitz, and Broderick,

By letters dated April 21, 2020, this office on behalf of Defendant QuoteWizard.com, LLC ("QuoteWizard") served written objections to Plaintiff Joseph Mantha's ("Mantha") Fed. R. Civ. P. 45 Subpoenas to produce Documents, Information, or Objects to Plural Marketing Solutions, Inc. ("Plural"), RevPoint Media, LLC ("RevPoint"),and BlueFlame Web Marketing, LLC ("BlueFlame") dated April 15, 2020, along with a request for a discovery conference under LR 37.1. On April 24, 2020, we received your responses thereto via e-mail.  Please consider this our formal reply to your responses. As your e-mail addressed our specific objections to the requests in the three subpoenas together, so will our reply. We incorporate and restate all of our general and specific objections in our April 21, 2020 letters herein unless otherwise expressly noted.

April 29, 2020
Page 2

As an initial matter, we objected to your subpoenas on the ground that you had not given QuoteWizard prior notice as required by Rule 45(a).  *See* Fed. R. Civ. P. 45(a)(4) ("If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." (emphasis added)).  We asked you to withdraw the subpoenas until such time that our objections thereto could be resolved; in response, you have indicated that you will not withdraw the subpoenas but "will pass on any agreed to scope limitations to the recipients."  This is insufficient. The subpoenas are subject to be quashed solely because of your failure to give prior notice. *See, e.g.*, *Williams v. Weems Community Mental Health Center*, 2006 U.S. Dist. LEXIS 21845, 2006 WL 905955, at *2 (S.D. Miss. April 6, 2006).  Moreover, the purpose of the notice requirement is to allow for a party's objections to a subpoena.  *See* Fed. R. Civ. P. 45, committee notes on 2013 amendment ("The amendments [to the notice requirement] are intended to achieve the original purpose of enabling the other parties to object or to serve a subpoena for additional materials.").

QuoteWizard's objections, some of which invoke privileges that protect the requested information from discovery in the first instance, would be rendered meaningless if not resolved before the time that the subpoenaed parties respond or by the time of compliance indicated in the subpoenas. As such, QuoteWizard reiterates its request that the subpoenas be withdrawn until such time that QuoteWizard's objections are resolved through agreement of the parties or Court intervention if necessary. This would remediate your non-compliance with Rule 45 and is the only appropriate result to prevent the production of privileged information.

Moreover, QuoteWizard's position is that Mantha cannot merely "pass on" any revisions in the scope of the requests to the subpoenaed parties but that such revisions need to be reflected formally in new/revised subpoenas and the attached schedules thereto, and also served on QuoteWizard prior to avoid the production of documents subject to the parties' agreements with respect to the scope of the subpoena.

In addition, QuoteWizard replies to your responses to its specific objections as follows:

**Requests No. 1 and 2:** You indicated that you would be "willing to send correspondence to the subpoena recipients that states that we [are] only seeking contracts or agreements that mention a process or policy for obtaining consent as part of the relationship."

QuoteWizard stands on its objections to these requests for each subpoena. This requested information is confidential (*i.e.* private contractual agreements) and is also not relevant to any claim or defense, and also appears to relate to the class allegations. Mantha either validly consented on August 5, 2019 or not – this relates to whether he actually entered the information on the website (or someone on his behalf) and whether

April 29, 2020
Page 3

if so the consent was valid. The latter point can be determined from the disclosures on the website and the process by which he accepted the terms thereof.

**Requests No. 5 and 13(e)**: You indicated that you are seeking information concerning whether Mantha consented for the purposes of his claims in this litigation, and that the requests were framed broadly in case the date of consent or the specific website on which it was obtained differs from those previously identified.

Based on your response, and if the requests are limited only to Mantha's consent (versus consent for putative class members), QuoteWizard withdraws its objections to these requests.

**Requests No. 8 and 9**: You indicated that these requests are "related to the correlation, if any, between Quote Wizard and www.snappyautoinsurance.com. That is relevant to a defense where Quote Wizard is relying on that website."

QuoteWizard stands on its objection to Request No. 8 for each subpoena. The request is in no way limited to Mantha and the consent at issue. If narrowed to relate solely to the relationship between QuoteWizard and www.snappyautoinsurance.com with respect to Mantha's remaining individual claim at issue in this litigation, then QuoteWizard would withdraw its objections, but stands on its objections until such time.

As to Request No. 9, and based on your response, QuoteWizard withdraws its objections to Request No. 9 insofar as the request relates only to Mantha's consent at issue rather than putative class members.

**Request No. 10**: You indicated that this request relates to "any disclosures that purport to be compliant with the E-Sign Act on August 5, 2019 would relate directly to the Plaintiff."

QuoteWizard stands on its objections to this request for each subpoena. To the extent not already in possession of this information, Mantha is entitled to seek information concerning the disclosures given to him on the subject website on the subject date, but requests concerning the disclosures' compliance with certain alleged statutory requirements is not subject to discovery. In addition, there are no disclosure requirements under the E-Sign Act applicable to Mantha's claims.

**Request No. 14**: Your response indicated that you would be "willing to send correspondence to the subpoena recipients that states that we [are] only seeking correspondence insofar as it relates to consent for the Plaintiff."

QuoteWizard stands on its objections to this request for each subpoena insofar as the request purports to relate to communications made or had between QuoteWizard and other entities during or in anticipation of this litigation that are protected by the work product doctrine. If Mantha revises the request to exclude those communications and

April 29, 2020
Page 4

documents, then QuoteWizard will withdraw its objections, but stands on its objections at this time.

    I look forward to hearing from you.

                              Very truly yours,

                              */s/ Kevin P. Polansky*

                              Kevin P. Polansky