# CW Law Group, P.C.

Attorneys and Counselors at Law

Jeremy A. Cohen, Esq.                                                                                      Alex M. Washkowitz, Esq.

---

VIA U.S. FIRST CLASS MAIL AND CERTIFIED MAIL

September 4, 2019

QuoteWizard.com, LLC

157 Yesler Way

Suite 400

Seattle, WA 98104-3431

RE:   Notice of Violation of Telephone Consumer Protection Act, 47 U.S.C. § 227, and claim for damages and restitution.

To Whom It May Concern,

    Please be advised that CW Law Group, PC represents Mr. Joseph Mantha with regard to the claims referenced above. I am writing to you under the provisions of Telephone Consumer Protection Act, 47 U.S.C. § 227 and demanding relief. **This is a 10 day demand letter and pre-litigation notice**.

    In approximately August 2019 Mr. Mantha received multiple unlawful, unsolicited telemarketing automated telephone dialing system (ATDS)/ROBO calls (text messages) to his DNC'd cellular telephone (508-353-9690). The messages were a telemarketing solicitation for auto insurance quotes and included "QuoteWizard" in the body of at least one of the texts (copy attached for reference). A simple internet search reveals that there are existing BBB complaints on file regarding QuoteWizard.com's telemarketing practices. Importantly, Mr. Mantha's cellular number has been listed with the National DNC for many years, indicating his desire to remain free from exactly this tpe of unsolicited telemarketing. In 1991, Congress enacted the TCPA, which makes it unlawful (in pertinent part) to make essentially any unsolicited telemarketing call to a cellular phone, and specifically those calls using an artificial or prerecorded voice and/or to a

telephone number registered with the National Do Not Call list.  Text messages constitute "calls" for purposes of the TCPA. The calls (texts) at issue undeniably came from your company or company acting on its behalf.  Mr. Mantha did not give prior express consent to receive the telemarketing calls on his cellular telephone and you do not possess any valid consent or opt-in. By its conduct, (or the conduct of your agent) your company has violated the Telephone Consumer Protection Act and State telemarketing and Consumer Protection laws.

Both the Federal Communications Commission (FCC) and Federal Courts have found that a company can be liable for violations of the TCPA even if the illegal calls/texts were made by a third party.  In this case, Fidelity is vicariously liable for the actions of their "Agents" in California. The FCC has stated that a company is vicariously liable for a third party's violations of the TCPA when they are in a contractual relationship, when the company provides apparent authority that the third party in making the calls/texts on its behalf, or when the company ratifies the third party's calls.  FCC Declaratory Ruling, May 9, 2013.  Regardless of whether the calls/texts made to my Client were placed by you or any number of different third parties, you remain liable so long as the calls violated the TCPA and were made by you and/or on your behalf.

Pursuant to the TCPA, I write to demand the following:

1.      You must immediately cease causing ATDS and/or pre-recorded message telephone call solicitations in violation of the law, and agree in writing to cease such activity going forward.  You must place Mr. Mantha's cell number on your internal DNC and immediately cease contact.

2.      You must disclose the names and addresses of all individuals and entities whom you, your agents, independent contractors, or subsidiaries, have made unsolicited ATDS and/or pre-recorded message solicitation telephone calls to within the past four (4) years.

3.      You must pay to each individual or entity identified in paragraph 2 the sum of $500 per TCPA violation as the minimum statutory damages afforded by Federal Law.

4.      You must disclose the name of the third party, if any, used to make the calls at issue.

Furthermore, as your company, its agents and subsidiaries, are now on notice of their alleged violation of the Federal and State laws, it is required that all business records and other information necessary to identify the names and telephone numbers of all individuals or entities to whom your company, its subsidiaries, agents or independent contractors, has made unsolicited telemarketing calls to within the past four (4) years must be preserved and not altered, erased, deleted, destroyed or otherwise disposed of.

**Your failure to respond within ten (10) days may result in the filing of a civil action in the District of Massachusetts, individually (and likely on behalf of a class of similarly situated consumers)** for the violations of the TCPA and of State law(s) as appropriate.

If you have any questions or wish to discuss this matter further before litigation is filed, please contact me at your earliest convenience.  Please be advised, that once litigation is filed, this matter will be substantially more expensive to settle.

Respectfully,

Alex M. Washkowitz, Esq

alex@cwlawgrouppc.com

508-309-4880



**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

Kevin P. Polansky
(Admitted in CT, MA, NH & ME)
T 617.217.4720
kevin.polansky@nelsonmullins.com

One Post Office Square, 30th Floor
Boston, MA 02109
T 617.217.4700  F 617.217.4710
nelsonmullins.com

January 10, 2020

**VIA FEDERAL EXPRESS AND E-MAIL**

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
508-221-1510
anthony@paronichlaw.com

Matthew P. McCue
Law Office of Matthew P. McCue
One South Avenue, Third Floor
Natick, MA 01760
508-655-1415
mmccue@massattorneys.net

Alex M. Washkowitz
CW Law Group, P.C.
188 Oaks Road
Framingham, MA 01702
508-309-4880
Fax: 508-597-7722
alex@cwlawgrouppc.com

Edward A. Broderick
The Law Office of Edward A. Broderick
208 Ridge Street
Winchester, MA 01890
617-738-7080
Fax: 617-357-5030
ted@broderick-law.com

RE:   *Joseph Mantha v. QuoteWizard.com, LLC*
      Civil Action No. 1:19-cv-12235-LTS
      Our File No. 019123.01563 (D. Mass.)

Dear Attorneys Paronich, McCue, Washkowitz, and Broderick,

As you know, this office represents QuoteWizard.com, LLC ("QuoteWizard") in the above-captioned putative class action lawsuit filed by you on behalf of Plaintiff Joseph Mantha ("Plaintiff" or "your client").

I write regarding your client's allegation that he did not consent to receive the text messages at issue from QuoteWizard. Enclosed herewith is proof of consent by your client. QuoteWizard received this proof of consent from a marketing partner before contacting your client. As you know, consent is a total defense to your client's TCPA claims. *See, e.g., Breda v. Cellco Partnership*, 934 F.3d 1, 4 n.4 (1st Cir. 2019) (prior consent is complete affirmative defense to ATDS claim); *Gulden v. Dickey's Barbeque*

CALIFORNIA | COLORADO | DISTRICT OF COLUMBIA | FLORIDA | GEORGIA | MARYLAND | MASSACHUSETTS | NEW YORK
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE | WEST VIRGINIA

MANTHA000009

January 10, 2020
Page 2

*Rests., Inc.*, 2018 U.S. Dist. LEXIS 218757, at *5-7 (D. Ariz. July 9, 2018) (prior express invitation or permission is complete affirmative defense to do-not-call claim).

It is QuoteWizard's position that, in light of the clear consent made by your client, which is contrary to allegations made in the Complaint, the Complaint must be withdrawn in accordance with Fed. R. Civ. P. 11. If not withdrawn, we plan to bring proof of your client's consent to the Court's attention.

In addition, although you have already been so informed, I write to further clarify that QuoteWizard's business model is premised on contacting consumers *only where the consumer has consented to be contacted* within the meaning of TCPA's consent/permission rules. In no event does QuoteWizard contact anyone where it does not have consent to contact. Your client's lawsuit cannot be sustained on either an individual or class basis.

Thank you in advance for your cooperation.

Very truly yours,

Kevin P. Polansky

Enclosure