**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| JOSEPH MANTHA, *on behalf of himself and all others similarly situated*,<br><br>          Plaintiff,<br><br>     v.<br><br>QUOTEWIZARD.COM, LLC,<br><br>          Defendant. | Civil Action No. 1:19-cv-12235-LTS |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO**
**ENFORCE AN ORDER OF THE COURT AND FOR SANCTIONS**

Defendant QuoteWizard.com, LLC ("QuoteWizard") hereby respectfully submits this memorandum of law in support of its motion for enforcement of the Court's Order dated July 30, 2020 [ECF No. 75] against Plaintiff Joseph Mantha ("Plaintiff"), specifically the portion of the Order requiring Plaintiff to produce to QuoteWizard the imaging of his personal electronic devices that was made by his purported testifying expert. *See* ECF No. 75, p. 7. After issuance of the Order, Plaintiff's counsel has informed QuoteWizard's counsel that Plaintiff will and does refuse to produce this imaging to QuoteWizard. As such, QuoteWizard moves the Court to enforce the Order against Plaintiff, and for civil contempt sanctions and/or sanctions under Fed. R. Civ. P. 37 that (1) preclude Plaintiff from relying on his purported forensics expert in this case, and (2) requiring Plaintiff to pay QuoteWizard's attorneys' fees for the preparation/filing of this Motion.

## BRIEF BACKGROUND

In his interrogatory responses, Plaintiff stated that he had retained a purported expert, Phil

DePue, who:

> will testify that he has scanned and searched Plaintiff's personal laptop and IPhone
> and will confirm that [Plaintiff's] personal computer and IPhone were not assigned
> the IP address that appears on the opt-in at any time.  He will also confirm that his
> search of these devices did not evidence any match for any mention whatsoever of
> QuoteWizard, or the entities identified by QuoteWizard as the entities associated
> with the texts to Plaintiff.  Mr. DePue will further attest that Plaintiff's personal
> devices are devoid of any evidence whatsoever that would evidence his prior
> express written consent to receive telemarketing texts from QuoteWizard.

*See* ECF No. 53, Ex. B, Plaintiff's Answers to Interrogatories, No. 22.

During the course of discovery, a dispute arose over whether Plaintiff was required to

produce to QuoteWizard the same evidence viewed by DePue; and whether Plaintiff was required

to (1) identify his IP addresses, (2) produce his browser and search history for the requested time

periods, and (3) produce his personal electronic devices for inspection by QuoteWizard's expert

to the extent that Plaintiff's expert did not "image" the devices and share that imaging with

QuoteWizard's expert.  *See* ECF No. 53, pp. 6-11 (General Dispute No. 3).

By Order dated July 30, 2020 (hereinafter, the "Order"), the Court ruled in favor of

QuoteWizard on this dispute as follows:

> The parties' "General Dispute No. 3" concerns "[w]hether Plaintiff is required to
> (1) produce documents evidencing his browser and search history, and/or (2)
> produce his electronic devices that he owned or used at the relevant time periods
> for inspection by QuoteWizard." Doc. No. 53 at 6. The Court ALLOWS the first
> request to the extent that Plaintiff shall produce responsive entries from both his
> browser history (all browsers) and his search history (same) to the extent these
> histories exist in the ordinary course. Plaintiff is not required to retrieve them from
> deleted space, backups, etc. The Court DENIES the second request as there is no
> basis to require the production of electronic devices; **nothing in this ruling**
> **precludes Defendant from seeking discovery from these devices. However,**
> **nothing in this ruling permits Plaintiff to withhold information or documents**
> **extracted from any of his devices in the course of this case unless protected by**
> **privilege. Further, if Plaintiff relies upon an expert evaluation of the devices,**

> **Defendant will be afforded a reasonable opportunity for its expert, if it elects to retain one, to inspect the devices.**

ECF No. 75, p. 7 (emphasis added).

Following the issuance of the Court's Order, the Parties' counsel conferred by telephone on August 5, 2020 to discuss, *inter alia*, the remaining information/documents that Plaintiff had to produce in light of the Order.   During the call, QuoteWizard's counsel first asked whether Plaintiff's expert, DePue, had "imaged" Plaintiff's electronic devices when inspecting them, such that the imaging could be shared with QuoteWizard's expert in lieu of QuoteWizard's expert re-examining the devices firsthand.   Plaintiff's counsel confirmed that DePue had "imaged" the devices.

QuoteWizard's counsel then sought confirmation that Plaintiff would be producing a copy of the imaging in light of the Court's Order.   Plaintiff's counsel stated that Plaintiff refuses to make the imaging available to QuoteWizard on the basis that Plaintiff was now withdrawing reliance on its purported expert, DePue.   QuoteWizard then sought confirmation that, in the alternative, Plaintiff would make his electronic devices available for inspection by QuoteWizard's expert at a reasonable time and place.   Plaintiff's counsel stated that Plaintiff likewise refuses to make his devices available for inspection.   QuoteWizard subsequently confirmed this was Plaintiff's position in an August 5, 2020 e-mail exchange.   *See* Exhibit 1 – *August 5, 2020 E-mail Exchange* (Plaintiff asserts that he "will not be relying on expert testimony as to the internet history logs. You are not entitled to the devices unless we are offering expert testimony in reliance on the devices.  We will not be so doing.").

QuoteWizard submits that the Order clearly requires Plaintiff to produce the imaging of his electronic devices; Plaintiff believes the Order does not so require.   Having reached this impasse with Plaintiff, QuoteWizard now brings this motion to enforce and for sanctions.

**ARGUMENTS & AUTHORITIES**

The Court's Order issued on July 30, 2020 conclusively decided a discovery dispute by and between QuoteWizard and Plaintiff essentially in QuoteWizard's favor.  The Court, in clear and unambiguous language, ruled that: (1) QuoteWizard may seek discovery from Plaintiff's electronic devices; (2) Plaintiff is not permitted to "withhold information or documents extracted from any of his devices in the course of this case [*i.e.*, the imaging of his devices] unless protected by privilege"; and (3) if "Plaintiff relies upon an expert evaluation of the devices, [QuoteWizard] will be afforded a reasonable opportunity for its expert, if it elects to retain one, to inspect the devices."  ECF No. 75, p. 7.

Given that Plaintiff has confirmed that his expert, DePue, "imaged" his devices (*i.e.*, created shareable, electronic files derived from the devices), Plaintiff is in direct violation of the Court's Order ruling that Plaintiff is <u>not</u> <u>permitted</u> to withhold information or documents extracted from his devices.  Plaintiff is, in fact, withholding the same despite the clear directive of the Court, and he is not doing so on the only potentially legitimate ground outlined by the Court (privilege).  Rather, Plaintiff claims that, because he has now decided (after the issuance of the Order) that he will not "rely" on DePue, he need not produce the imaging.  This is not a viable or defensible position, nor does anything in the Court's Order support such a reading.  Plaintiff is required to produce the imaging forthwith, as ordered by the Court.  Moreover, Plaintiff's new position that he will not "rely" on DePue appears to be an improper, direct attempt to circumvent the Court's Order requiring him to produce the imaging, albeit a meritless attempt.[1]

---

[1] Plaintiff's counsel indicated that, instead of relying on DePue, Plaintiff will directly testify to the content on his electronic devices.  Either way, Plaintiff will be purporting to rely on information/documents that he has not shared with QuoteWizard to date—namely, information contained on his personal devices, likely including but not limited to his expert's imaging.  He is required to produce the same to QuoteWizard.

Insofar as Plaintiff intends not to rely on DePue, a position that Plaintiff curiously first announced immediately after the Court ordered him to produce DePue's imaging, then that arguably only moots QuoteWizard's right to inspect Plaintiff's devices anew, not its right to view the imaging produced by DePue and shared with Plaintiff.  Under *any* reading of the Court's Order, whether DePue will purport to testify or not, Plaintiff is required to produce a copy of the imaging of his personal devices to QuoteWizard.  Thus, QuoteWizard requests an Order from the Court that requires Plaintiff's immediate compliance with its prior Order [ECF No. 75] by producing to QuoteWizard a copy of its expert's imaging of Plaintiff's devices.

In addition, QuoteWizard requests sanctions under either Rule 37(b)(2)(A) and/or civil contempt sanctions.  "Rule 37 permits courts to levy sanctions against parties that fail to comply with discovery orders."  *Ins. Recovery Grp., Inc. v. Connolly*, 977 F. Supp. 2d 16, 23 (D. Mass. 2013) (citing Fed. R. Civ. P. 37(b)(2)(A)).  "[T]he offending party need not have acted in bad faith in order to suffer the consequences of a Rule 37 sanction." *Id*.  The decision of whether discovery sanctions are warranted and the choice of what sanctions should be imposed are matters within the sound discretion of the Court.  *Sheppard v. River Valley Fitness One, L.P*., 428 F.3d 1, 6 (1st Cir. 2005).

Among the sanctions the Court may issue are "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii).  QuoteWizard requests that the Court preclude Plaintiff from relying on DePue at any juncture in this case.  This is an appropriate sanction given that QuoteWizard was required to seek a Court Order to compel the data shared with DePue in the first instance (*see* ECF No. 75), and is now forced to make this second filing to obtain Plaintiff's

compliance with the Order requiring that production.  In addition, Plaintiff's counsel indicated to QuoteWizard's counsel that they do not intend to rely on DePue in any event.  *See* Ex. 1.

In addition, QuoteWizard seeks its attorneys' fees for preparing and filing this Motion. Under Rule 37, "in addition to" other sanctions, the Court "*must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(c) (emphasis added).  "A plain reading of Rule 37 makes the award of reasonable expenses upon any violation of a discovery order, as a general matter, mandatory, not permissive." *Connolly*, 977 F. Supp. 2d at 23.  Thus, because Plaintiff has failed to comply with a discovery Order of the Court, without any legitimate justification, QuoteWizard is entitled to its fees under Rule 37.  QuoteWizard can file proof of its fees following such an Order.  "Numerous courts have held that an award of attorneys' fees is appropriate in a case … where a motion was brought either in contempt or pursuant to Fed. R. Civ. P. 37 in order to seek relief for a party's failure to obey discovery orders . . . ." *Century ML-Cable Corp. v. Carrillo*, 43 F. Supp. 2d 176, 185 (D.P.R. 1998).

In addition to sanctions under Rule 37, the Court may also order the above requested sanctions as civil contempt sanctions because all of the requisite factors are met here.  *See* Fed. R. Civ. P. 37(b)(2)(A)(vii) (Court may "treat[] as contempt of court the failure to obey any [discovery] order").  *See also Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 207, 119 S. Ct. 1915, 144 L. Ed. 2d 184 (1999) (contempt is lack of compliance by a party with an order of the Court); *Hawkins v. Dep't of Health & Human Servs. for New Hampshire, Com'r*, 665 F.3d 25, 31 (1st Cir. 2012) (Court may hold a party in civil contempt if the movant has shown that: (1) the party to be held in contempt had notice of the violated order; (2) the order is clear and unambiguous; (3) the

party to be held in contempt had the ability to comply with the order; and (4) the party to be held

in contempt actually violated the order); *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191,

69 S.Ct. 497, 93 L.Ed. 599 (1949) (civil contempt is a sanction meant to enforce compliance with

an order of the Court); *In re Power Recovery Sys., Inc.*, 950 F.2d 798, 802 (1st Cir. 1991)

("Sanctions in a civil contempt proceeding are employed to coerce the defendant into compliance

with the court's order or, where appropriate, to compensate the harmed party for losses sustained").

In light of Plaintiff's clear and willful failure to comply with the relevant portion of the

Court's discovery Order, QuoteWizard requests that the Court order immediate compliance (*i.e.*,

that Plaintiff forthwith produce a copy of the imaging of his devices created by his expert or in the

alternative allow QuoteWizard's expert to inspect and image the devices), preclude Plaintiff's

reliance on DePue at any juncture of this case, and award QuoteWizard its fees. The judiciary has

a "strong institutional interest in ensuring that litigants honor court orders." *Tower Ventures, Inc.*

*v. City of Westfield*, 296 F.3d 43, 47 (1st Cir. 2002). The relief sought here is necessary to both

ensure Plaintiff's compliance with the Court's Order, and recompense QuoteWizard for having to

seek Court intervention to secure such compliance.

Respectfully submitted,

QuoteWizard.com, LLC,
By its attorneys,

*/s/ Christine M. Kingston*
Kevin P. Polansky (BBO #667229)
kevin.polansky@nelsonmullins.com
Christine M. Kingston (BBO #682962)
christine.kingston@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, MA 02109
(t) (617)-217-4700
Dated: August 11, 2020                          (f) (617) 217-4710

<u>CERTIFICATE OF SERVICE</u>

I, Christine M. Kingston, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: August 11, 2020                                        */s/ Christine M. Kingston*