# EXHIBIT 1

**From:** Matthew McCue <mmccue@massattorneys.net>
**Sent:** Wednesday, August 5, 2020 12:28 PM
**To:** Christine Kingston <christine.kingston@nelsonmullins.com>
**Cc:** ted@broderick-law.com; Kevin Polansky <kevin.polansky@nelsonmullins.com>; Anthony Paronich <anthony@paronichlaw.com>; 'Alex Washkowitz' <alex@cwlawgrouppc.com>
**Subject:** RE: Agenda - M&C @ 10 am (Mantha)

Christine and Kevin:  Our response to yours follows in red ink.

**From:** Christine Kingston [mailto:christine.kingston@nelsonmullins.com]
**Sent:** Wednesday, August 05, 2020 12:08 PM
**To:** Matthew McCue <mmccue@massattorneys.net>
**Cc:** ted@broderick-law.com; Kevin Polansky <kevin.polansky@nelsonmullins.com>
**Subject:** RE: Agenda - M&C @ 10 am (Mantha)

Matthew and Ted,

Below is a summary of our M&C this morning, and understanding of the agreements reached and the areas that were not resolved. Note that this is not intended to be a comprehensive summary addressing each issue discussed.

- You have asked what "dialer" Drips used to send the text messages at issue. In addition to confirming that Drips didn't use Ytel, we indicated that we will seek information from Drips concerning the technology used to send the texts to address your concern about preservation, and confirmed that Drips has been on notice of its duty to preserve.

We seek the identity of the entity that Ytel used to send out the texts. If it was not Ytel- who?  This is an Initial Disclosure issue.

- You agree to withdraw your pending motion to compel documents identified in our privilege log to follow applicable court protocols on discovery disputes. In turn, we will discuss with our client our position on producing some of the documents identified therein and get back to you next week. In the event we cannot reach agreement, we discussed following the Magistrate Judge's procedures for discovery disputes.

We will withdraw the motion because you agreed to get us your section of the joint status by early next week. We do not agree with your "follow protocol" language. Otherwise agreed.

- You indicated that you plan to serve additional written discovery on QuoteWizard and re-depose QuoteWizard on other issues regarding Plaintiff's individual claims besides consent. We will address any supplemental written discovery and re-notice of deposition in the ordinary course once we receive them.

1

Agreed.

- You represented that you will not be producing a privilege log because you are not withholding any documents that are responsive to any of our requests. You indicated that you have produced all documents required.

You took position that communications with clients need to be logged- to which we disagreed.  Otherwise agreed.  Please note whether you will agree, as we have, to produce correspondence with third parties in regards to discovery efforts.

- You indicated that your expert imaged your client's electronic devices and imaging exists. However, you indicated that you will not be producing the imaging to us for our expert to review, nor will you allow our expert to inspect your client's devices at a reasonable time/place within the remaining discovery period. As such, this will be subject to Court resolution, since this was ordered by the Court in ECF No. 75.

You are misreading the order. We will not be relying on expert testimony as to the internet history logs. You are not entitled to the devices unless we are offering expert testimony in reliance on the devices.  We will not be so doing.

- We both agreed that, for efficiency and completeness, we will issue supplemental interrogatories regarding the role and knowledge of each of Plaintiff's attorneys in this case concerning the consent and text messages (if any), which will be answered by each.

This was your suggestion that I agreed to.

- We discussed that we will re-depose your client once we receive all of your outstanding discovery. Date is TBD.

Agreed

- We went over each category of information/documents that the Court required you to produce (ECF No. 75) or which otherwise needs to be supplemented now that the Court has ordered discovery on your individual claims past consent. We asked that you provide that discovery by August 17th, and you agreed – with the exception of the imaging from your client's device, which you are refusing to produce (see above). For ease of reference, below are the categories of info/doc we discussed that need to be produced by you.

Agreed.

- You stated that you would produce your client's IP addresses as ordered by the Court, but under a protective order only. We indicated that we might have to subpoena information from relevant third-parties, such as Adam Brown and Fenix Media, using the IP addresses for reference (since consumer leads are often tagged/stored with IP addresses). At this juncture, you are refusing to produce if they are disclosed to third parties on the basis that you believe third parties will create fake documents once they learn your client's IP Addresses. We asked you to produce now, and to the extent we need to disclose those IP Addresses in discovery down the line, we can discuss then.

We will produce the IP addresses in accord with the Court's order subject to an Attorneys Eyes Only designation. These addresses under no circumstances should be shared with anyone other than counsel without further court order.

- Since you subpoenaed Adam Brown and indicated you would file a motion to compel if he did not comply, we asked that you – at a minimum – join in our motion to compel his compliance with your subpoena. You indicated that you would not definitely agree to this. Therefore, we will be issuing our own subpoena to Adam Brown to move forward.

2

<span style="color:red">I told you that you should conduct your own discovery and not rely on our efforts. Consent is your burden. We will consider joining your ultimate Motion to Compel when the time comes.</span>

- We informed you that we plan to move to stay your ATDS count in light of the decision expected in *Duguid* in early 2021. You indicated that you will oppose the same.

<span style="color:red">Agreed.</span>

- We asked you to clarify your position that the consent at issue is fraudulent. You indicated that you have not yet determined who you believe created the purportedly fraudulent consent. Although we deny that the consent is fraudulent (our position is that your client or someone on his behalf provided the consent), we are entitled to know who you believe allegedly fraudulently created it, both for the purposes of Plaintiff's individual claims and any alleged class.

<span style="color:red">We will so disclose consistent with the Order.</span>

- Below are the categories of information/documents that require production/supplementation by you:

    - Complete call records for your client as requested in our discovery (only partial, with gaps, have been produced to date)
    - Information about whether Plaintiff's attorneys had involvement in and/or knowledge of the consent/text messages
        - As noted above, we will serve short supplemental interrogatories
        - There are also original discovery requests that require answers
    - Your client's IP addresses for each of his electronic devices (two personal laptops; cell phone; work computer)
    - Browser and search history for all of Plaintiff's devices as requested in discovery
        - Including but not limited to June 25-27, 2019 (previously said none to produce)
        - To the extent data has not been preserved, specific dates not preserved need to be identified in discovery responses (your client indicated in his deposition that June 2019 was not preserved)
    - Imaging of devices by your expert or allowance of inspection/imaging by our expert (see above)
    - Plaintiff's home ISP at relevant time periods
    - Melisa Mantha's knowledge of events (answer fully; claimed privilege waived/not applicable)
    - Information concerning '05 Trailblazer
    - Knowledge concerning fraudulent consent (P's and anyone else's that will be relied upon) and documents concerning same
    - E-mails, text messages, and any other correspondence between Plaintiff and Steven Novia concerning this lawsuit, subject matter of this lawsuit, the disputed consent, the text messages at issue
        - This was requested pursuant to, *inter alia*, RPD No. 28. It was never produced. We learned of existence of these communications during Plaintiff's deposition.
    - Responses/supplementation to all written discovery requests where objection was made that has now been overruled by ECF No. 75 (*i.e.*, where you objected on the basis that they went beyond consent; or that attorney knowledge/role/involvement was not discoverable)
        - Majority of your responses to all sets of discovery requests (RPDs, Interrogatories, and RFAs) need to be supplemented/answered

<span style="color:red">Will respond consistent with above and Order of the Court</span>

Thanks,
Christine

3