# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JON FREY,<br><br>               Plaintiff,<br><br>      v.<br><br>FRONTIER UTILITIES NORTHEAST LLC and ENERGY ACQUISITIONS GROUP LLC,<br><br>               Defendants. | Civil Action No. 19-2372-KSM |

## PLAINTIFF'S MOTION FOR A STAY

To prevail on his claims in this putative class action lawsuit, Plaintiff Jon Frey must prove that he was called with an automatic telephone dialing system ("ATDS"), as defined under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). This, of course, hinges on what the proper interpretation of "ATDS" is.

The TCPA defines an ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). However, courts across the country are currently divided as to whether random or sequential number generation is required for equipment to qualify as an ATDS, or whether equipment qualifies as an ATDS if it has the capacity to store numbers to be called and to dial those numbers automatically. *See, e.g., Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018); *Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 121 (3d Cir. 2018); *Gadelhak v. AT&T Servs.*, 950 F.3d 458, 469 (7th Cir. 2020); *Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1309-10 (11th Cir. 2020); *Allan v. Pennsylvania*

*Higher Edn. Assistance Agency*, 6th Cir. No. 19-2043, 2020 U.S. App. LEXIS 23935, at \*2-3 (July 29, 2020).

The court in *Boger v. Citrix Sys.,* Civil Action No. 8:19-cv-01234-PX, 2020 U.S. Dist. LEXIS 36517, at \*6-8 (D. Md. Mar. 3, 2020) summarized three different current approaches to defining an ATDS under the TCPA:

> The United States Court of Appeals for the Fourth Circuit has not yet defined what constitutes an ATDS, and other circuits do not speak with one voice. Some have taken a more restrictive approach, holding that unless the plaintiff demonstrates that defendant employs a random or sequential number generator, then the defendant has not used an ATDS, and liability under the TCPA does not attach. *See, e.g., Gadelhak v. AT&T Servs., Inc.*, No. 19-1738, 2020 U.S. App. LEXIS 5026, 2020 WL 808270, at \*1 (7th Cir. 2020) (holding AT&T's system exclusively dialed numbers stored in a customer database, did not store or produce numbers using a random or sequential number generator, and therefore was not an ATDS under the statute); *Glasser v. Hilton Grand Vacations Co.*, 948 F.3d 1301, 1306-07, 2020 U.S. App. LEXIS 2481 (11th Cir. 2020) (interpreting the clause "using a random sequential number generator" to modify both "store" and "produce" in the statutory definition of ATDS).
>
> Other circuits focus on whether the equipment [\*7] "could" randomly or sequentially dial such numbers. *See, e.g., Gary v. TrueBlue, Inc.*, 786 F. App'x 555, 557-58 (6th Cir. 2019) (affirming a grant of summary judgment in favor of defendant finding "no evidence that TrueBlue's system *could* randomly or sequentially text phone numbers") (emphasis added); *Dominguez ex rel. Himself v. Yahoo, Inc.*, 894 F.3d 116, 121 (3d Cir. 2018) (affirming a grant of summary judgment in favor of Defendant because the record showed that plaintiff could not establish that an "Email SMS Service had the present capacity to function as an autodialer by generating random or sequential telephone numbers and dialing those numbers..." and instead "sent messages only to numbers that had been individually and manually inputted into its system by a user."). Accordingly, where a calling system could function as an ATDS, the claim survives challenge.
>
> Still other circuits have held that an "ATDS is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator,' but also includes devices with the capacity to dial stored numbers automatically." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1051 (9th Cir. 2018). *See also Breda v. Cellco Partnership*, 934 F.3d 1, 13 n.3 (1st Cir. 2019) (noting that the definition of ATDS is subject to ongoing debate and, while not a contested issue on appeal, "it suffices for present purposes to think of an automatic dialing system as a piece of equipment [\*8] exhibiting 'the capacity to

dial numbers *without human intervention*'" (quoting *Maes v. Charter Commc'n*, 345 F. Supp. 3d 1064, 1067 (W.D. Wis. 2018)) (emphasis added).

Now, in granting a writ of certiorari in *Facebook, Inc. v. Duguid*, No. 19-511 ("*Facebook*"), the Supreme Court will consider the key question: whether the definition of ATDS in the TCPA encompasses any device that can "store" and "automatically dial" telephone numbers, even if the device does not "us[e] a random or sequential number generator." As such, clarity from the highest court in the land is now imminent, with the petitioner's opening brief due before Labor Day. Just as this Court stayed this matter for several months pending resolution of *Barr v. American Association of Political Consultants* ("*AAPC*"). *See* ---- S.Ct. ----, 2020 WL 3633780 (2020), this matter should be stayed for several months pending resolution of *Facebook*.

      The ruling will directly affect this case and could potentially be dispositive. If it is not, it will provide substantial guidance and clarity to this Court and the parties. The ruling will also considerably streamline expert discovery, determine the facts needed to establish that the dialing system was an ATDS, potentially eliminate the need for other proceedings such as briefing and discovery disputes, and encourage settlement discussions. As a result, a stay would not work to the injustice or hardship on any party and would instead conserve the resources of the Court and the parties.

      The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Thus, a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

Even in the few weeks since the Supreme Court granted certiorari in *Facebook* on July 9, many courts have already stayed actions pending a ruling in that case for this very reason. *See, e.g., Runyon v. Everquote, Inc.*, 1:20-cv-012060-RM-STV (D. Colo. July 23, 2020) (staying case pending Supreme Court's decision in Facebook); *Beal v. Outfield Brew House, LLC*, No. 20-1961 (8th Cir. July 14, 2020) (same); *Hoffman v. Jelly Belly Candy Co.,* No. 2:19-CV-01935-JAMDB (E.D. Cal. July 17, 2020) (same); *Young v. Bank of Am. N.A.,* No. 4:19-CV-03867-JST (N.D. Cal., July 15, 2020) (same); *May v. Whatsapp, Inc.,* No. 4:20-CV-659 (N.D. Cal. July 15, 2020) (same); *Rossano v. Fashion Mktg. and Merch. Grp., Inc.,* No. 2:19-CV-10523 (C.D. Cal. July 14, 2020) (same); *Sensibaugh v. EF Educ. First, Inc.,* No. 2:20-CV-01068-MWF-PVC (C.D. Cal. July 14, 2020) (same).

There is no reason why this Court should not also similarly stay this action. The highest court in the land is close to settling an important and dispositive issue of law on which this case turns.

Dated: August 7, 2020

                PLAINTIFF,
                By his attorneys

                */s/ Anthony I. Paronich*
                Anthony I. Paronich
                Paronich Law, P.C.
                350 Lincoln Street, Suite 2400
                Hingham, MA 02043
                (508) 221-1510
                anthony@paronichlaw.com

                Brian K. Murphy (6225697)
                Jonathan P. Misny
                Murray Murphy Moul + Basil LLP
                1114 Dublin Road
                Columbus, OH 43215
                (614) 488-0400
                (614) 488-0401 facsimile

murphy@mmmb.com
misny@mmmb.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on August 7, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system.

                      */s/ Anthony I. Paronich*
                      Anthony I. Paronich