UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MANTHA, *on behalf of himself and all others similarly situated*,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>QUOTEWIZARD.COM, LLC,<br><br>　　　　　　　Defendant. | Civil Action No. 1:19-cv-12235-LTS |

**DEFENDANT'S ANSWER TO COUNT 2 OF PLAINTIFF'S FIRST AMENDED COMPLAINT[1]**

Now Comes Defendant QuoteWizard.com, LLC ("QuoteWizard") and hereby answers Count 2 of Plaintiff Joseph Mantha's ("Plaintiff") First Amended Complaint [ECF No. 80] as follows by denying each and every allegation not specifically admitted herein and by further responding as follows:

**Preliminary Statement**

1.　　Paragraph 1 of the First Amended Complaint ("FAC") does not state a factual allegation to which a response is required.  To the extent a response is required, QuoteWizard expressly denies that it violated the Telephone Consumer Protection Act ("TCPA"), and further denies that Plaintiff and any of the alleged class members are entitled to relief under the TCPA.

---

[1] QuoteWizard has moved to stay Count 1 pending the resolution of *Facebook, Inc. v. Noah Duguid, et al.*, No. 19-511 (U.S. Supreme Court), inclusive of its responsive pleading thereto.  *See* ECF Nos. 86-88. Therefore, QuoteWizard does not answer Count 1 of the First Amended Complaint at this time, but rather answers Count 2 only.  QuoteWizard will move to dismiss Count 1 pursuant to Fed. R. Civ. P. 12(b)(1) and (6) in the event its Motion to Stay is denied and/or the requested stay is lifted (if necessary at that time).

2. Denied. Further responding, QuoteWizard states that it had valid express prior consent, invitation, or permission to contact Plaintiff and each of the alleged class members.

3. Denied. Further responding, QuoteWizard states that it had valid express prior consent, invitation, or permission to contact Plaintiff and each of the alleged class members. Further, QuoteWizard denies that any of the communications at issue constituted telephone solicitations, telemarketing, or any other conduct covered by the TCPA.

4. Denied. Further answering, QuoteWizard states that Plaintiff's class allegations fail to state sufficient class allegations under applicable law, and fail to satisfy any of the express and implicit requirements of Federal Rules of Civil Procedure 23(a) and 23(b).

## PARTIES

5. QuoteWizard lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 5.

6. QuoteWizard admits only that it is a Delaware corporation with its principal place of business in Seattle, Washington. QuoteWizard specifically denies that it "engage[d] in telemarketing into this District, as it did with the Plaintiff."

## JURISDICTION AND VENUE

7. The allegations of Paragraph 7 state a legal conclusion to which no response is required. To the extent a response is required, QuoteWizard specifically denies that Plaintiff has Article III standing or prudential standing to bring his claim under the TCPA against QuoteWizard. QuoteWizard also specifically denies that the Court has personal jurisdiction to adjudicate the class allegations against QuoteWizard.

8. The allegations of Paragraph 8 state a legal conclusion to which no response is required. To the extent a response is required, QuoteWizard specifically denies that venue is

appropriate with respect to Plaintiff's class allegations, and further specifically denies that it made a "telemarketing call" to Plaintiff as alleged.

## THE TELEPHONE CONSUMER PROTECTION ACT

9. Paragraph 9 of the FAC does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing or prudential standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.

10. Paragraph 10 of the FAC does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing or prudential standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.

11. Paragraph 11 of the FAC does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing or prudential standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.

12. Paragraph 12 of the FAC does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing or prudential standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.

13. Paragraph 13 of the FAC does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing or prudential standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.

14. Paragraph 14 of the FAC does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing or prudential standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder. QuoteWizard also denies that it caused text messages to be sent to Plaintiff or the proposed class members using an automatic telephone dialing system ("ATDS"), or an artificial or prerecorded voice.

15. Paragraph 15 of the FAC does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing or prudential standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder. QuoteWizard also denies that it caused text messages to be sent to Plaintiff or the proposed class members using an ATDS, or an artificial or prerecorded voice.

16. Paragraph 16 of the FAC does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing or prudential standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages

or remedies thereunder. QuoteWizard also denies that it caused text messages to be sent to Plaintiff or the proposed class members using an ATDS, or an artificial or prerecorded voice.

17. Paragraph 17 of the FAC does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing or prudential standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder. QuoteWizard also denies that it made "robocalls" or telemarketing calls to Plaintiff or the proposed class members.

18. Paragraph 18 of the FAC does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing or prudential standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder. Plaintiff further denies that it made "unwanted calls" to Plaintiff or the proposed class members.

19. Paragraph 19 of the FAC does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing or prudential standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder. QuoteWizard also denies that it made "robocalls" to Plaintiff or the proposed class members.

20. Paragraph 20 of the FAC does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing or prudential standing to bring a TCPA claim against QuoteWizard, further denies that it

violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder. QuoteWizard also denies that it made "robocalls" to Plaintiff or the proposed class members.

21. Paragraph 21 of the FAC does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing or prudential standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder. QuoteWizard also denies that it made "unwanted calls" to Plaintiff or the proposed class members.

22. Paragraph 22 of the FAC does not contain factual allegations to which a response is required. To the extent a response is required, QuoteWizard denies that Plaintiff has Article III standing or prudential standing to bring a TCPA claim against QuoteWizard, further denies that it violated the TCPA, and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder. QuoteWizard also denies that it made "unwanted" calls, "robocalls," or "telemarketing calls" to Plaintiff or the proposed class members.

## FACTUAL ALLEGATIONS

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. QuoteWizard states that the referenced website speaks for itself, and denies any and all allegations inconsistent therewith. Further answering, QuoteWizard denies that an alleged ATDS was used to contact Plaintiff or the proposed class members.

29. Denied. Further answering, QuoteWizard denies that an alleged ATDS was used to contact Plaintiff or the proposed class members. Further, QuoteWizard states that the referenced website speaks for itself, and denies any and all allegations inconsistent therewith.

30. QuoteWizard states that the referenced website speaks for itself, and denies any and all allegations inconsistent therewith. Further answering, QuoteWizard denies that an alleged ATDS was used to contact Plaintiff or the proposed class members.

31. QuoteWizard states that the referenced website speaks for itself, and denies any and all allegations inconsistent therewith. Further answering, QuoteWizard denies that an alleged ATDS was used to contact Plaintiff or the proposed class members.

32. QuoteWizard states that the referenced website speaks for itself, and denies any and all allegations inconsistent therewith. Further answering, QuoteWizard denies that an alleged ATDS was used to contact Plaintiff or the proposed class members.

33. QuoteWizard states that the referenced website speaks for itself, and denies any and all allegations inconsistent therewith. Further answering, QuoteWizard denies that an alleged ATDS was used to contact Plaintiff or the proposed class members.

34. Denied. QuoteWizard specifically denies that an alleged ATDS was used to contact Plaintiff or the proposed class members.

35. Denied.

36. QuoteWizard lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 36 of the FAC concerning the characteristics of "the

Ytel Dialer." QuoteWizard specifically denies that an alleged ATDS was used to contact Plaintiff or the proposed class members.

37. QuoteWizard lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 37 of the FAC concerning the characteristics of "the Ytel Dialer." QuoteWizard specifically denies that an alleged ATDS was used to contact Plaintiff or the proposed class members.

38. Denied.

39. QuoteWizard specifically denies that an alleged ATDS was used to contact Plaintiff or the proposed class members.

40. Denied.

41. Denied.

42. The allegations of Paragraph 42 contain a legal conclusion to which no response is required.

43. QuoteWizard specifically denies that an alleged ATDS was used to contact Plaintiff or the proposed class members. Further answering, QuoteWizard states that the text messages at issue speak for themselves, and denies any and all allegations inconsistent therewith.

44. QuoteWizard denies that an alleged ATDS was used to contact Plaintiff as alleged. Further answering, QuoteWizard states that the text messages at issue speak for themselves, and denies any and all allegations inconsistent therewith.

45. QuoteWizard denies that an alleged ATDS was used to contact Plaintiff as alleged. Further answering, QuoteWizard states that the text messages at issue speak for themselves, and denies any and all allegations inconsistent therewith.

46.     QuoteWizard denies that Plaintiff has properly registered his cell phone number as a residential line on the National Do Not Call Registry, as Plaintiff uses his cell phone substantially for business use/in the scope of his employment.

47.     QuoteWizard denies that Plaintiff has properly registered his cell phone number as a residential line on the National Do Not Call Registry, as Plaintiff uses his cell phone substantially for business use/in the scope of his employment.

48.     QuoteWizard denies that Plaintiff has properly registered his cell phone number as a residential line on the National Do Not Call Registry, as Plaintiff uses his cell phone substantially for business use/in the scope of his employment.

49.     QuoteWizard denies that Plaintiff has properly registered his cell phone number as a residential line on the National Do Not Call Registry, as Plaintiff uses his cell phone substantially for business use/in the scope of his employment.  Further answering, QuoteWizard had Plaintiff's prior express consent, invitation, and permission to contact him.

50.     QuoteWizard denies that Plaintiff has properly registered his cell phone number as a residential line on the National Do Not Call Registry, as Plaintiff uses his cell phone substantially for business use/in the scope of his employment.  Further answering, QuoteWizard had Plaintiff's prior express consent, invitation, and permission to contact him.

51.     QuoteWizard states that the text messages at issue speak for themselves and denies any and all allegations inconsistent therewith.

52.     Denied.

53.     The allegations of Paragraph 53 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, QuoteWizard denies that it used an ATDS to contact Plaintiff or the proposed class members, denies that it sent telemarketing

messages or robocalls to Plaintiff or the proposed class members, and denies that Plaintiff's cell phone number is properly registered on the National Do Not Call Registry. QuoteWizard further affirmatively states that it had Plaintiff's and the proposed class members' prior express consent, permission, and invitation to contact them.

54. Denied.

55. Denied.

56. Denied.

57. QuoteWizard admits that the text messages at issue were not sent for an emergency purpose, but specifically denies that it needed an emergency to legally contact Plaintiff. QuoteWizard denies that it used an ATDS to contact Plaintiff, denies that it sent telemarketing messages to Plaintiff, and denies that Plaintiff's cell phone number is properly registered on the National Do Not Call Registry. QuoteWizard further affirmatively states that it had Plaintiff's prior express consent, permission, and invitation to contact him.

58. Denied.

59. Denied.

## Class Action Allegations

60. Denied. Further answering, QuoteWizard specifically denies that Plaintiff's class allegations satisfy any of the elements of Fed. R. Civ. P. 23(a) and (b).

61. Denied. Further answering, QuoteWizard denies that Plaintiff's class allegations satisfy any of the elements of Fed. R. Civ. P. 23(a) and (b).

62. Denied. QuoteWizard further denies that Plaintiff's class allegations satisfy any of the elements of Fed. R. Civ. P. 23(a) and (b), and denies that this case is appropriate for alleged class resolution.

63. Denied.

64. Denied.

65. Denied. Further answering, QuoteWizard denies that Plaintiff's allegations satisfy Fed. R. Civ. P. 23(a) or (b)'s requirements, including but not limited to typicality.

66. QuoteWizard denies that there are questions of law and fact common to Plaintiff and any alleged class.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

    e. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

**Count 1 – TCPA's Automated Calling Provisions (on behalf of Plaintiff and alleged Class 1)**

73. QuoteWizard has moved to stay Count 1 pending the resolution of *Facebook, Inc. v. Noah Duguid, et al.*, No. 19-511 (U.S. Supreme Court), inclusive of its responsive pleading thereto. *See* ECF Nos. 86-88. QuoteWizard will move to dismiss Count 1 pursuant to Fed. R. Civ. P. 12(b)(1) and (6) in the event its Motion to Stay is denied and/or the requested stay is lifted.

74. QuoteWizard has moved to stay Count 1 pending the resolution of *Facebook, Inc. v. Noah Duguid, et al.*, No. 19-511 (U.S. Supreme Court), inclusive of its responsive pleading thereto. *See* ECF Nos. 86-88. QuoteWizard will move to dismiss Count 1 pursuant to Fed. R. Civ. P. 12(b)(1) and (6) in the event its Motion to Stay is denied and/or the requested stay is lifted.

75. QuoteWizard has moved to stay Count 1 pending the resolution of *Facebook, Inc. v. Noah Duguid, et al.*, No. 19-511 (U.S. Supreme Court), inclusive of its responsive pleading thereto. *See* ECF Nos. 86-88. QuoteWizard will move to dismiss Count 1 pursuant to Fed. R. Civ. P. 12(b)(1) and (6) in the event its Motion to Stay is denied and/or the requested stay is lifted.

76. QuoteWizard has moved to stay Count 1 pending the resolution of *Facebook, Inc. v. Noah Duguid, et al.*, No. 19-511 (U.S. Supreme Court), inclusive of its responsive pleading thereto. *See* ECF Nos. 86-88. QuoteWizard will move to dismiss Count 1 pursuant to Fed. R. Civ. P. 12(b)(1) and (6) in the event its Motion to Stay is denied and/or the requested stay is lifted.

77. QuoteWizard has moved to stay Count 1 pending the resolution of *Facebook, Inc. v. Noah Duguid, et al.*, No. 19-511 (U.S. Supreme Court), inclusive of its responsive pleading thereto. *See* ECF Nos. 86-88. QuoteWizard will move to dismiss Count 1 pursuant to Fed. R. Civ. P. 12(b)(1) and (6) in the event its Motion to Stay is denied and/or the requested stay is lifted.

**Count 2 – TCPA's DNC Provision (on behalf of Plaintiff and alleged Class 2)**

78. QuoteWizard repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 77, as if fully set forth herein.

79. Denied.

80. Denied.

81. Denied. Further responding, QuoteWizard denies that Plaintiff or any of the alleged class members are entitled to any relief under the TCPA or otherwise.

82. Denied. Further responding, QuoteWizard denies that Plaintiff or any of the alleged class members are entitled to any relief under the TCPA or otherwise. Further answering, QuoteWizard denies that Plaintiff or any of the alleged class members are entitled to the relief requested in the Wherefore Clause and Paragraphs A-E set forth thereunder that follows Paragraph 82 of the FAC.

## RELIEF SOUGHT

QuoteWizard denies that Plaintiff or any of the alleged class members are entitled to the relief requested in the Wherefore Clause and Paragraphs A-E set forth thereunder that follows Paragraph 82 of the FAC. QuoteWizard also further denies that Plaintiff and any of the alleged class members are entitled to single damages, multiple damages, or injunctive relief under the TCPA.

## JURY TRIAL REQUEST

QuoteWizard denies that Plaintiff and any of the alleged class members are entitled to a jury trial as requested in the clause following Paragraph 82 of the FAC.

## **AFFIRMATIVE DEFENSES**

### *FIRST AFFIRMATIVE DEFENSE*

Plaintiff's claims fail to state a claim upon which relief may be granted on behalf of himself and any of the alleged class members.

### *SECOND AFFIRMATIVE DEFENSE*

Plaintiff has not sustained any damages.

### *THIRD AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

QuoteWizard denies any allegations not specifically admitted herein, and specifically denies that it violated any applicable law.

### FIFTH AFFIRMATIVE DEFENSE

The FAC is barred, in whole or in part, by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

The FAC is barred, in whole or in part, by the doctrines of res judicata, claim and issue preclusion, judicial estoppel, estoppel, and waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from relief because, to the extent he has suffered any harm or damages, such harm or damages was the result of his own conduct.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's FAC is barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any actual or statutory damages under the Telephone Consumer Protection Act.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for multiple damages under the Telephone Consumer Protection Act is barred because QuoteWizard did not violate the TCPA and did not commit any knowing or willful conduct.

*ELEVENTH AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred because he gave his had valid prior express consent, invitation or permission for QuoteWizard to contact him.

*TWELFTH AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred because he or someone acting on his behalf provided valid prior express consent, invitation, or permission to be contacted by QuoteWizard.

*THIRTEENTH AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred because QuoteWizard reasonably relied on the good faith belief that Plaintiff had given valid prior express consent, invitation, or permission for QuoteWizard to contact him.

*FOURTEENTH AFFIRMATIVE DEFENSE*

This Court lacks subject matter jurisdiction over this action because Plaintiff lacks Article III standing and prudential standing to bring his claims.

*FIFTEENTH AFFIRMATIVE DEFENSE*

Plaintiff's class allegations are barred because each alleged class member gave their valid prior express consent, invitation or permission for QuoteWizard to contact them.

*SIXTEENTH AFFIRMATIVE DEFENSE*

Plaintiff's class allegations for multiple damages under the Telephone Consumer Protection Act is barred because QuoteWizard did not violate the TCPA and did not commit any knowing or willful conduct.

*SEVENTEENTH AFFIRMATIVE DEFENSE*

Plaintiff's class allegations fail to satisfy any of the express and implicit requirements of Federal Rules of Civil Procedure 23(a) and 23(b).

### *EIGHTEENTH AFFIRMATIVE DEFENSE*

Plaintiff's class allegations fail to state sufficient class allegations under applicable law.

### *NINETEENTH AFFIRMATIVE DEFENSE*

Plaintiff's class allegations are barred because they constitute impermissible fail-safe allegations.

### *TWENTIETH AFFIRMATIVE DEFENSE*

Plaintiff's class allegations are barred because they are insufficiently ascertainable.

### *TWENTY-FIRST AFFIRMATIVE DEFENSE*

Plaintiff's class allegations are barred because QuoteWizard reasonably relied on the good faith belief that each alleged class member had given valid prior express consent, invitation, or permission for QuoteWizard to contact them.

### *TWENTY-SECOND AFFIRMATIVE DEFENSE*

Plaintiff's ATDS claims under the Telephone Consumer Protection Act on behalf of himself and the alleged class members must be dismissed because his cell phone number and numbers of the putative class were not randomly or sequentially generated. *See Facebook, Inc. v. Noah Duguid, et al.*, No. 19-511 (U.S. Supreme Court) ("*Duguid*").

### *TWENTY-THIRD AFFIRMATIVE DEFENSE*

Plaintiff's claims are frivolous and lack a good faith basis in fact and/or law.

### *TWENTY-FOURTH AFFIRMATIVE DEFENSE*

This Court lacks personal jurisdiction over the class allegations where none of the allegations relate to alleged conduct or harm occurring in the Commonwealth of Massachusetts. *See* Fed. R. Civ. P. 12(b)(2).

*TWENTY-FIFTH AFFIRMATIVE DEFENSE*

Plaintiff's class allegations are barred because none of the alleged class members suffered any damages caused by QuoteWizard.

*TWENTY-SIXTH AFFIRMATIVE DEFENSE*

To the extent Plaintiff claims his prior express consent, invitation, or permission was obtained fraudulently, such alleged fraud was not caused by or attributable to QuoteWizard.

*TWENTY-SEVENTH AFFIRMATIVE DEFENSE*

To the extent any alleged class member claims that their prior express consent, invitation, or permission was obtained fraudulently, such alleged fraud was not caused by or attributable to QuoteWizard.

*TWENTY-EIGHTH AFFIRMATIVE DEFENSE*

Plaintiff's claims on behalf of himself and the alleged class members are barred because QuoteWizard provided only informational content that does not constitute telephone solicitations or other communications covered by the Telephone Consumer Protection Act.

*TWENTY-NINTH AFFIRMATIVE DEFENSE*

Plaintiff's claims for injunctive relief on behalf of himself and the alleged class members is barred.

*THIRTIETH AFFIRMATIVE DEFENSE*

Plaintiff's and any alleged class member's damages, if any, are capped by what is allowable by statute under the Telephone Consumer Protection Act only.

*THIRTY-FIRST AFFIRMATIVE DEFENSE*

Venue is not proper in this Court for Plaintiff's class allegations.

*THIRTY-SECOND AFFIRMATIVE DEFENSE*

QuoteWizard reserves the right to assert additional affirmative defenses as to Plaintiff's claims and the class allegations, including once discovery concludes.

## **PRAYER FOR RELIEF**

WHEREFORE, QuoteWizard respectfully requests that Count 2 of Plaintiff's First Amended Complaint, inclusive of both his individual and class allegations, be dismissed with prejudice, and that the Court grant QuoteWizard such other and further relief as it deems just and appropriate under the circumstances.

Respectfully submitted,

QuoteWizard.com, LLC,
By its attorneys,

*/s/ Kevin P. Polansky*
Kevin P. Polansky (BBO #667229)
kevin.polansky@nelsonmullins.com
Christine M. Kingston (BBO #682962)
christine.kingston@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, MA 02109
(t) (617)-217-4700
Dated: August 18, 2020                    (f) (617) 217-4710

CERTIFICATE OF SERVICE

I, Kevin P. Polansky, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: August 18, 2020                    */s/ Kevin P. Polansky*