# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MANTHA, *on behalf of himself and all others similarly situated*,<br><br>                Plaintiff,<br><br>v.<br><br><br>QUOTEWIZARD.COM, LLC,<br><br>                Defendant. | Civil Action No. 1:19-cv-12235-LTS<br><br>**LEAVE TO FILE GRANTED**<br>**ON AUGUST 31, 2020** |

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO ENFORCE ECF NO. 75 AND FOR SANCTIONS

Defendant QuoteWizard.com, LLC ("QuoteWizard") respectfully submits it Reply to Plaintiff Joseph Mantha's ("Plaintiff") Opposition to its Motion to Enforce the July 30, 2020 Order of the Court [ECF No. 75].

Plaintiff's Opposition reads as if there is an active discovery dispute between the Parties. There is not one. The Court has already ruled, in conclusively resolving a dispute, that Plaintiff is not permitted "to withhold information or documents extracted from any of his devices in the course of this case unless protected by privilege." ECF No. 75, p. 7. The Order could not be clearer on this point. Yet, Plaintiff *is* withholding information and documents extracted from his devices in this case by his purported expert, and not on privilege grounds.[1] Plaintiff has no answer or explanation for his noncompliance with the Court Order.

---

[1] QuoteWizard has never received a privilege log from Plaintiff's counsel, who have represented that they are not withholding a single document or portion of any documents on privilege grounds.

Instead, Plaintiff attempts to distract from his clear and inexcusable noncompliance by: (1) claiming that the burden of proof for consent is on QuoteWizard (even if true, a completely immaterial point to enforcement of a Court Order and QuoteWizard's right to the discovery at issue); and (2) completely mischaracterizing the sought-after documents (imaging of his devices by his expert) as an attempt to seek "unfettered access to Plaintiff's personal computers and iPhone." Opp. [ECF No. 90], p. 1. The Court ordered, and QuoteWizard seeks, only what has been imaged by Plaintiff's expert, not "access" to his devices—unfettered or otherwise. Plaintiff can keep possession of his devices undisturbed.

Plaintiff also claims that QuoteWizard never requested the imaging of Plaintiff's devices in its discovery requests. This is another irrelevant point because the Court has already ordered production of the imaging. But this is also untrue. QuoteWizard requested "[a]ny and all documents and other tangible items which were provided to, reviewed by, received from, considered by, or created by any expert witness retained or consulted by you or on your behalf with regard to the matters alleged in your Complaint." *See* Exhibit 1 – *Relevant Portions of Plaintiff's Supp. Responses to Requests for Documents*, No. 8. This is in addition to requesting browser and search history from the devices, which has never been produced to date despite also being ordered by the Court. *See id.*, Nos. 17, 31. *See also* ECF No. 75, p. 7 ("Plaintiff shall produce responsive entries from both his browser history (all browsers) and his search history (same) to the extent these histories exist in the ordinary course."). Plaintiff's attempt to *still* dispute that he is required to produce the imaging is at odds with a binding Court Order.

In a last-ditch attempt, Plaintiff claims that the Court's Order only requires him to produce the imaging if he intends to rely on his expert at trial. There is nothing in the Court's Order that can possibly be construed in this manner, as the Court tied Plaintiff's reliance on an expert only to

QuoteWizard's right to inspect the devices anew—a reasonable ruling since QuoteWizard's expert might have a different or more comprehensive approach, and QuoteWizard should not have to rely on Plaintiff's expert's methodologies. In contrast, the Court unequivocally ordered Plaintiff to not withhold, but rather to produce, any information or documents extracted from his devices during this case, regardless of his reliance on an expert. *See* ECF No. 75, p. 7.

QuoteWizard need not explain the importance of the imaging since the Court has already ordered it to be produced. But briefly, Plaintiff apparently believed the imaging was important and probative enough to retain an expert to collect it and then disclose that expert in discovery as a testifying expert. Whether the imaging contains inculpatory evidence or exculpatory evidence, or even both, QuoteWizard is entitled to a copy of it to defend this lawsuit.

Moreover, the imaging is critical to better understand what electronic files Plaintiff has and does not have, a point on which Plaintiff has been consistently and unfairly elusive. In response to QuoteWizard's requests for Plaintiff's browser and search history for relevant time periods, a category of documents that Plaintiff is under Court Order to produce, Plaintiff has now responded that he has no "***responsive documents***." *See* Ex. 1, Response to Nos. 17, 31 (emphasis added). Insofar as Plaintiff is not in possession of the requested electronic documents/data because they were deleted or not preserved, he could and should have answered accordingly. But to the extent Plaintiff is representing that some history exists but is purportedly not relevant to the issue of consent, this is a wholly inadequate response, as the entirety of the requested history must be produced regardless of whether Plaintiff believes it is relevant or not.

Further highlighting Plaintiff's obfuscation and evasiveness concerning information and documents from his electronic devices, and in apparent response to the Court's Order to produce the imaging, Plaintiff has erased any mention of his expert in his responses to interrogatories. *See*

Ex. 2 to Plaintiff's Opp., Supp. Answer to No. 22. Plaintiff now indicates instead that "he has personally reviewed the internet search and browser histories on all of his devices and can personally attest that no responsive documents are in his possession or control." *Id*.

This is the heart of the issue. Plaintiff fails to disclose whether *any* browser or search history exists for the relevant time period, instead informing QuoteWizard that he has searched his devices and has no "responsive documents," a subjective term of art. In his Opposition, Plaintiff contends that he is not withholding any "relevant evidence contained on his devices- to the extent it exists." Opp., p. 8. What Plaintiff deems "relevant evidence" is not the proper inquiry. QuoteWizard is not required to take Plaintiff's word for it; QuoteWizard is entitled to the electronic information and documents first-hand that Plaintiff possesses. This includes the imaging, and the browser and search history. Moreover, Plaintiff's contention that he has no "responsive documents" cannot be squared with the fact that his expert took imaging from his devices and was prepared to testify to the same.

In short, QuoteWizard requires, and the Court has ordered Plaintiff to produce, his browser and search history, and the information and documents extracted from his devices during this case. Plaintiff is not in compliance with this Order. As such, a further Court Order is required to compel compliance.

> Respectfully submitted,
>
> QuoteWizard.com, LLC,
> By its attorneys,
>
> */s/ Christine M. Kingston*
> Kevin P. Polansky (BBO #667229)
> kevin.polansky@nelsonmullins.com
> Christine M. Kingston (BBO #682962)
> christine.kingston@nelsonmullins.com
> Nelson Mullins Riley & Scarborough LLP

One Post Office Square, 30th Floor  
Boston, MA 02109  
(t) (617)-217-4700  
Dated: August 31, 2020                    (f) (617) 217-4710

## CERTIFICATE OF SERVICE

I, Christine M. Kingston, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: August 31, 2020                                        */s/ Christine M. Kingston*