# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MANTHA, *on behalf of himself and all others similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br>QUOTEWIZARD.COM, LLC,<br><br>    Defendant. | Civil Action No. 1:19-cv-12235-LTS |

## DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DENYING DEFENDANT'S MOTION TO ENFORCE ORDER AND FOR SANCTIONS [ECF No. 100]

Now Comes Defendant QuoteWizard.com, LLC ("QuoteWizard"), pursuant to Federal Rule of Civil Procedure 72(a),[1] and hereby respectfully files its Objections to the Order of the Chief Magistrate Judge M. Page Kelley [ECF No. 100] denying QuoteWizard's Motion seeking enforcement of a prior Order [ECF No. 75] and sanctions against Plaintiff Joseph Mantha ("Plaintiff") [ECF Nos. 82-83], as clearly erroneous and contrary to law.

QuoteWizard specifically objects to the portion of the Order emphasized below that states that:

> Judge Sorokin further ordered that defendant may seek discovery from the devices, and plaintiff could not withhold 'information or documents extracted from any of his devices in the course of this case unless protected by privilege.' (# 75 at 7.) Defendant requested browser and search history from the devices, and plaintiff's response is that he does not have anything to provide. (# 90 at 2.) ***Thus, plaintiff is not withholding any information or documents***.

---

[1] Rule 72(a), which applies to nondispositive orders issued by Magistrate Judges, provides that "[a] party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

ECF No. 100 (emphasis added).

In finding that Plaintiff was not withholding any "information or documents extracted from any of his devices in the course of this case unless protected by privilege," the Magistrate Judge improperly credited an unsworn representation by counsel that Plaintiff has no browser or search history from June and August 2019, <u>and</u> construed ECF No. 75 too narrowly to apply only to the specific browser and search history requested by QuoteWizard in its Rule 34 requests (thus ignoring the imaging done of Plaintiff's devices in total).

First, the Magistrate Judge relied solely on an unsworn statement made by Plaintiff's counsel in passing that, "[b]ecause Plaintiff is not withholding any documents, but rather does not have the search or browser history for the dates in question, Defendant's motion should be denied." *See* ECF No. 90, p. 2. But this unsworn statement is both belied by the sworn evidence in the case, <u>and</u> not ultimately dispositive to whether Plaintiff is withholding the information and documents identified by Judge Sorokin.

When Plaintiff was first deposed on July 27, 2020, he testified that, when Plaintiff's since-withdrawn testifying expert Phil DePue took "imaging" of his electronic devices in May 2020, Plaintiff was informed that his browser history "went back maybe a year." *See* Exhibit 1 – *Pertinent Portions of Plaintiff's Deposition Transcript*, pp. 34-35, 41-43. Plaintiff also suggested that the imaging did not include history from June 2019, but was unable to explain the inconsistency in his testimony. *See id*. Plaintiff also testified that he could not otherwise say how far back his browser and search history went, s*ee id*., p. 41, and that he did not recall taking any steps to search for the requested browser and search history himself, *see id*., pp. 43-44 ("Q. Can you explain what you did to search the browser history? A. I can't off the top of my head. That's how little I know of this.").

At his re-deposition on September 10, 2020, Plaintiff testified for the first time that he had subsequently checked his browser/search history himself and did not find anything going back to June-August 2019. But based on these facts, it is very possible, if not likely, that the imaging taken by Mr. DePue did in fact capture June-August 2019 browser/search history, given that Plaintiff testified that he was told it went back a year and the imaging was taken in May 2020. Plaintiff's testimony that he did not see the same history in September 2020 is largely irrelevant because it could simply mean the history was not preserved and was deleted or lost sometime between May and September 2020.

Thus, QuoteWizard respectfully submits that the Magistrate Judge clearly erred in relying on an unsworn representation of counsel that conflicts with Plaintiff's sworn testimony. QuoteWizard also notes that Plaintiff has not responded to discovery requests for his browser/search history by stating that no such documents exist, but has instead responded that he has no "responsive documents." *See* ECF No. 94, p. 3. At a bare minimum, then, it is likely that the imaging done by Mr. DePue does in fact contain documents responsive to QuoteWizard's specific Rule 34 requests.

Second, and whether or not Plaintiff still has browser and search history for "the dates in question,"[2] *see* ECF No. 90, p. 2, Judge Sorokin's Order was broader than that. Judge Sorokin's Order allowed discovery on three broad matters relating to Plaintiff's electronic devices:

---

[2] This is apparently a reference to QuoteWizard's Rule 34 requests for browser and search history from pertinent portions of June and August 2019. QuoteWizard attempted to make its requests as narrow as possible by focusing on browser/search history around the dates when it is believed that the subject lead was generated (either June 26 or August 5, 2019). However, that does not mean that Plaintiff's electronic devices do not contain relevant and responsive information from other dates. Plaintiff's devices could contain references to snappyautoinsurance.com, or requests for auto insurance quotes, or any number of relevant items. Indeed, Plaintiff thought the imaging relevant enough to identify an expert to testify to it.

Moreover, as noted, Plaintiff's sworn testimony indicates that some of this data was captured by Mr. DePue when he imaged his devices because the imaging was taken in May 2020 and Plaintiff was informed that

(1) "Plaintiff shall produce responsive entries from both his browser history (all browsers) and his search history (same) to the extent these histories exist in the ordinary course. Plaintiff is not required to retrieve them from deleted space, backups, etc."

(2) "[N]othing in this ruling precludes Defendant from seeking discovery from [Plaintiff's electronic] devices."

(3) "[N]othing in this ruling permits Plaintiff to withhold information or documents extracted from any of his devices in the course of this case unless protected by privilege."

ECF No. 75, p. 7.

Thus, the Court ordered Plaintiff to produce any responsive browser/search history that he had in his possession in response to specific Rule 34 requests from QuoteWizard **and** to not withhold any information or documents extracted from any of his devices in the course of this case. *See id.* These are two separate items. Regardless of Plaintiff's counsel's claim that Plaintiff is not currently in possession of browser/search history for portions of June and August 2019, a position that QuoteWizard disputes, Plaintiff is still required to produce the imaging taken by Mr. DePue because it constitutes "information or documents extracted from any of his devices in the course of this case."

Plaintiff's counsel admitted to QuoteWizard's counsel that Mr. DePue extracted data from Plaintiff's electronic devices during the course of this case.[3] Plaintiff's counsel described Mr. DePue's apparent role as follows: "Plaintiff's counsel retained a forensics expert to search Mr.

---

the data on the devices went back a year. But the subject matter of QuoteWizard's Motion for Sanctions was broader than that—it was the imaging taken by Mr. DePue in total, whether or not that includes subject matter from June and August 2019. QuoteWizard is both entitled to browser/search history specifically requested in its Rule 34 requests to the extent it exists, and the imaging taken by Mr. DePue.

[3] Plaintiff also admitted in his sworn testimony that Mr. DePue imaged his electronic devices; this occurred by Plaintiff "hook[ing] up" his devices so Mr. DePue could image them remotely. *See* Ex. 1, pp. 109-11; *see also id*, p. 35 ("So I was able to connect my phone to the computer and they were able to read my phone through the computer. So remotely. And then my hard drives. They sent me a hard drive and were able to copy remotely, again, and then I sent the hard drive back to them.").

Mantha's cell phone and personal computer for any evidence that Mr. Mantha consented to receive spam texts from QuoteWizard as alleged." ECF No. 53, p. 10.  Plaintiff is withholding the same and not on the basis of privilege.[4]  It is irrelevant that Plaintiff's counsel claims that Plaintiff has no browser/search history from the unidentified "dates in question" because the Order did not permit Plaintiff to withhold *anything* extracted from devices during this case.  The imaging done by Mr. DePue clearly fits into this description.

If the imaging done by Mr. DePue was not a specific item ordered to be produced by the Court in ECF No. 75, but rather fell outside of such Order, then QuoteWizard is still entitled to seek production of the imaging in the ordinary course of discovery, and requests an Order of clarification on that point from the Court.  QuoteWizard has served a Fed. R. Civ. P. 45 subpoena on Mr. DePue to obtain the imaging directly from him.

At a bare minimum, QuoteWizard requests that the imaging be reviewed *in camera* to aid in the resolution of QuoteWizard's Motion and Objections and to determine what exists on the imaging.  QuoteWizard also notes that it remains open to working with Plaintiff to determine if part of the imaging is *per se* irrelevant to the case and excising that from the portions produced; however, to date, Plaintiff has not shared any details of what the imaging contains.

---

[4] There is no arguable ground for privilege, an argument Plaintiff has not made to date anyway. The imaging was taken by and shared with Mr. DePue as a testifying expert and therefore is discoverable. *See* Fed. R. Civ. P. 26(a)(2)(B). "[I]t is essential that the materials of expert witnesses be discoverable by opposing parties." *In re Republic of Ecuador*, 153 F. Supp. 3d 484, 491 (D. Mass. 2015).  Moreover, Plaintiff's withdrawal of reliance on Mr. DePue as a testifying expert after he took the imaging does not render the imaging privileged in retrospect. *See, e.g., Dr Sys. v. Fujifilm Med. Sys. USA, Inc.*, 2007 U.S. Dist. LEXIS 106276, at *17 (S.D. Cal. Feb. 22, 2007) (finding that documents shared with testifying expert were discoverable even though party subsequently attempted to withdraw that person as testifying expert, make them a consulting expert, and assert privilege) ("[O]nce DR designated her as an expert under Rule 26(a)(2)(B), those documents became discoverable material, and any privilege previously associated with those materials was waived.").

WHEREFORE, QuoteWizard respectfully requests that this Court set aside the Order [ECF No. 100] and require Plaintiff to produce a copy of the imaging made by Mr. DePue, or clarify that QuoteWizard is otherwise entitled to obtain the same in the ordinary course of discovery, or at a minimum require Plaintiff to produce the imaging to the Court for an *in camera* review to aid in the resolution of QuoteWizard's Motion and Objections.

Respectfully submitted,

QuoteWizard.com, LLC,
By its attorneys,


*/s/ Christine M. Kingston*
Kevin P. Polansky (BBO #667229)
kevin.polansky@nelsonmullins.com
Christine M. Kingston (BBO #682962)
christine.kingston@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, MA 02109
(t) (617)-217-4700
(f) (617) 217-4710

Dated: September 24, 2020

## CERTIFICATE OF SERVICE

I, Christine M. Kingston, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: September 24, 2020                              */s/ Christine M. Kingston*