# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MANTHA, *on behalf of himself and all others similarly situated*,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>QUOTEWIZARD.COM, LLC,<br><br>　　　　　Defendant. | Civil Action No. 1:19-cv-12235-LTS |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant QuoteWizard.com, LLC ("QuoteWizard") hereby responds to Plaintiff Joseph Mantha's ("Plaintiff") Second Request for Production of Documents as follows.

## INTRODUCTION AND GENERAL OBJECTIONS

In responding to Plaintiff's document requests, QuoteWizard has sought documents and information from those persons who are most likely to know of information or documents or other things responsive to Plaintiff's discovery. QuoteWizard conducted a reasonable search of its records kept in the ordinary course of business where such information, documents, or other things responsive to discovery are most likely to be found. To the extent Plaintiff's requests call for more, QuoteWizard objects on the grounds that such request is overly broad, not limited in time and scope, unduly burdensome, and is not proportional to the needs of this case.

QuoteWizard also objects on the grounds that some of the information and documents sought in these requests (a) were prepared in anticipation of litigation; (b) are protected by the attorney-client privilege; (c) are protected by the work product doctrine; and/or (d) are otherwise

privileged or protected from disclosure.  QuoteWizard hereby asserts all such applicable privileges and protections, and excludes such privileged documents from its responses.

To the extent Plaintiff's requests seek confidential business and proprietary information, trade secrets, personal, private, client or sensitive private consumer financial information, other confidential business, financial or otherwise commercially sensitive or commercially competitive information and documents, and/or documents protected from disclosure by law, including, but not limited to, banking laws, privacy laws, court orders, or any confidentiality or nondisclosure agreements, QuoteWizard objects to the production or disclosure of any such information and documents.

QuoteWizard objects to Plaintiff's requests insofar as they pertain to Plaintiff's putative class, rather than individual, claims contained in the Amended Complaint given the Court's July 30, 2020 Order.  *See* ECF No. 75.  QuoteWizard also objects to any and all requests that concern other consumers generally, and particularly consumers outside of the Commonwealth of Massachusetts, as such requests are beyond the geographical scope of the allegations in this case. QuoteWizard also generally objects to Plaintiff's requests that relate to other complaints, litigation, and consumers generally.  These requests are in no way relevant to any claim or defense in this case.

QuoteWizard further objects to Plaintiff's attempts to discern the investigative steps that QuoteWizard and/or its counsel took in response to his service of a legal demand letter and filing of this lawsuit.  This information is squarely protected by the attorney-client and work product privileges.  QuoteWizard further objects to Plaintiff's requests that seek e-mail communications during the course of this case by and between QuoteWizard employees, and by and between

QuoteWizard employees and its counsel in this action. Such communications are also categorically protected by the attorney-client and work product privileges.

QuoteWizard further objects to Plaintiff's definitions, including "telemarketing" and "QuoteWizard Opt In." QuoteWizard does not adopt but specifically disputes these definitions as applied to this case.

This Introduction and General Objections are incorporated by reference to the extent applicable into the specific responses set forth below, and are neither waived nor limited by the specific responses and objections. The General Objections shall be continuing as to each Request, and are not waived, or in any way limited, by the specific objections. QuoteWizard's objections as set forth herein are based upon information presently known. QuoteWizard reserves the right to (a) rely on facts, documents or other evidence that may develop or subsequently come to its attention; (b) to assert objections or supplemental responses should it discover additional information or grounds for objection; and/or (c) to supplement or amend these responses at any time.

## DOCUMENT REQUESTS

1. Produce all documents supporting or contradicting any "good faith" defense you intend to pursue in this litigation.

> **RESPONSE:** QuoteWizard objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case. QuoteWizard further objects on the ground that the Request purports to seek in part documents protected by the attorney-client and work product privileges. In addition, QuoteWizard objects insofar as the Request is not limited to Plaintiff's individual claims during Phase I discovery. *See* ECF No. 75. Subject to and without waiving these objections, QuoteWizard states that documents relating to its defenses have already been produced in discovery or are already in Plaintiff's possession. QuoteWizard will also be producing a copy of its contractual agreement with RevPoint Media, LLC pursuant to the Parties' agreed-upon Confidentiality Order.

2.Produce all documents supporting or contradicting your claim that the texts at issue did not relate to the offer of a good or a service.

**RESPONSE:** QuoteWizard objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case. QuoteWizard further objects on the ground that the Request purports to seek in part documents protected by the attorney-client and work product privileges. Subject to and without waiving these objections, QuoteWizard states that documents relating to its defenses have already been produced in discovery or are already in Plaintiff's possession. In particular, QuoteWizard refers Plaintiff to copies of the text messages at issue.

3.Produce all documents supporting or contradicting your consent defense.

**RESPONSE:** QuoteWizard objects to this request as overly broad, unduly burdensome, vague, and not proportional to the needs of the case. QuoteWizard further objects on the ground that the Request purports to seek in part documents protected by the attorney-client and work product privileges. In addition, QuoteWizard objects insofar as the Request is not limited to Plaintiff's individual claims during Phase I discovery. *See* ECF No. 75. Subject to and without waiving these objections, QuoteWizard states that documents relating to Plaintiff's consent have already been produced in discovery or are already in Plaintiff's possession. QuoteWizard will also be producing a copy of its contractual agreement with RevPoint Media, LLC pursuant to the Parties' agreed-upon Confidentiality Order. As discovery has not closed, QuoteWizard is still also seeking additional information and documents relevant to Plaintiff's consent from Plaintiff and non-parties.

4.Produce all documents supporting or contradicting your claim that Plaintiff's phone number at issue in this litigation was used for business purposes.

**RESPONSE:** QuoteWizard objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case. QuoteWizard further objects on the ground that the Request purports to seek in part documents protected by the work product privilege. QuoteWizard further objects because this information is already in Plaintiff's possession. Subject to and without waiving these objections, QuoteWizard refers Plaintiff to copies of his telephone records and his deposition transcript, which bear on this issue. QuoteWizard is also seeking a full set of Plaintiff's phone records, not yet produced to date, and will seek further information concerning Plaintiff's business use of his cell phone at his re-deposition.

5.Produce all contracts between You and the insurance companies that you would have obtained a "quote on auto insurance" from as referenced in the texts between QuoteWizard and Plaintiff.

**RESPONSE:** QuoteWizard objects to this Request as confusing and unintelligible as written. QuoteWizard further objects insofar as Plaintiff is seeking contracts between QuoteWizard and unidentified "insurance companies" because this request is not relevant to any claim or defense herein, not proportional to the needs of the case, and on the ground that it seeks confidential and proprietary information. Pursuant to these objections, no documents are being produced.

6. Produce all documents referring to or relating to the Plaintiff.

**RESPONSE:** QuoteWizard objects to this request as overly broad, unduly burdensome, vague, and not proportional to the needs of the case. QuoteWizard further objects on the ground that the Request purports to seek in part documents protected by the attorney-client and work product privileges. Subject to and without waiving these objections, QuoteWizard states that it has already produced all relevant, non-privileged and responsive documents in response to Plaintiff's document requests and has identified or will identify privileged documents in its Privilege Log.

7. Produce all contracts or documents representing your agreement with Drips in effect as of the dates of the transmission of the texts at issue to the Plaintiff.

**RESPONSE:** QuoteWizard objects to this Request on the grounds that it is not relevant to any claim or defense herein, seeks confidential and/or proprietary information, and is unduly burdensome and not proportional to the needs of the case. QuoteWizard's contract with Drips is not relevant to any issue in this case and does not bear on Plaintiff's allegations of use of an ATDS. Pursuant to these objections, a copy of the contract will not be produced.

8. Produce all contracts or documents representing your agreement with RevPoint.

**RESPONSE:** QuoteWizard will produce a copy of its contractual agreement with RevPoint Media, LLC pursuant to the Parties' agreed-upon Confidentiality Order.

9. Produce all documents and communications between You and Drips relating to the Plaintiff.

**RESPONSE:** QuoteWizard objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case. QuoteWizard further objects on the basis that the Request seeks documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, QuoteWizard states that it has no responsive documents to this request.

10. Produce all documents and communications between You and RevPoint relating to the Plaintiff.

**RESPONSE:** QuoteWizard objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case. QuoteWizard further objects on the basis that the Request seeks documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, QuoteWizard states that the only responsive documents that it has are privileged, and will be logged in its Privilege Log.

11. Produce all documents and communications between You and any third party relating to the Plaintiff.

**RESPONSE:** QuoteWizard objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case. QuoteWizard further objects on the basis that the Request seeks documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, QuoteWizard states that it has no documents responsive to this Request.

12. Produce all documents that evidence or explain the operation of the text technology used by Drips relating to the texts sent to the Plaintiff.

**RESPONSE:** QuoteWizard has no responsive documents to this Request.

13. Produce all marketing materials relating to the text technology offered by Drips utilized to send texts to the Plaintiff.

**RESPONSE:** QuoteWizard has no responsive documents to this Request.

14. Produce all documents relating to the equipment that was used to transmit texts to Plaintiff.

**RESPONSE:** QuoteWizard has no responsive documents to this Request.

15. Produce all documents that support or contradict the factual basis for your claim that the equipment used to transmit texts to Plaintiff is not an automatic telephone dialing system subject to the TCPA.

    **RESPONSE:** QuoteWizard has no responsive documents to this Request. QuoteWizard's understanding of Drips's systems are derived from its counsel's investigation during the course of this case and is protected by work product. Drips's systems speak for themselves.

16.    Produce all e-mails between You and RevPoint in any way relating to consumer telemarketing complaints of any nature.

    **RESPONSE:** QuoteWizard objects to this Request on the grounds that it is not relevant in any way to any claim or defense in this case, is overly broad, unduly burdensome, not proportional to the needs of the case, and improperly seeks confidential information concerning other consumers. QuoteWizard further objects on the basis that is beyond the scope of Phase I discovery. *See* ECF No. 75. In addition, QuoteWizard objects because this information is protected by the work product doctrine. Pursuant to these objections, no documents are being produced.

17.    Produce all documents evidencing any complaints received by you from anyone, including any government agency, in regards to text messages sent by You or some entity on Your behalf utilizing Drips technology.

    **RESPONSE:** QuoteWizard objects to this Request on the grounds that it is not relevant in any way to any claim or defense in this case, is overly broad, unduly burdensome, not proportional to the needs of the case, and improperly seeks confidential information concerning other consumers. QuoteWizard further objects on the basis that is beyond the scope of Phase I discovery. *See* ECF No. 75. Pursuant to these objections, no documents are being produced.

18.    Produce all documents evidencing your investigation and response to any such complaints referenced in Request No. 17.

    **RESPONSE:** QuoteWizard objects to this Request on the grounds that it is not relevant in any way to any claim or defense in this case, is overly broad, unduly burdensome, not proportional to the needs of the case, and improperly seeks confidential information concerning other consumers. QuoteWizard further objects on the basis that is beyond the scope of Phase I discovery. *See* ECF No. 75. In addition, QuoteWizard objects because this information is protected by the work product doctrine and attorney-client privilege. Pursuant to these objections, no documents are being produced.

19.    Produce all documents evidencing any complaints received by You from anyone, including any government agency, alleging that telemarketing texts or calls relating to QuoteWizard were in violation of the TCPA.

> **RESPONSE:** QuoteWizard objects to this Request on the grounds that it is not relevant in any way to any claim or defense in this case, is overly broad, unduly burdensome, not proportional to the needs of the case, and improperly seeks confidential information concerning other consumers. QuoteWizard further objects on the basis that is beyond the scope of Phase I discovery. *See* ECF No. 75. Pursuant to these objections, no documents are being produced.

20. Produce all documents evidencing your investigation and response to any such complaints referenced in Request No. 19.

> **RESPONSE:** QuoteWizard objects to this Request on the grounds that it is not relevant in any way to any claim or defense in this case, is overly broad, unduly burdensome, not proportional to the needs of the case, and improperly seeks confidential information concerning other consumers. QuoteWizard further objects on the basis that is beyond the scope of Phase I discovery. *See* ECF No. 75. In addition, QuoteWizard objects because this information is protected by the work product doctrine and attorney-client privilege. Pursuant to these objections, no documents are being produced.

21. Produce all documents evidencing, referring or relating to consumers' claims that they did not consent to receive telemarketing calls or texts from or on behalf of QuoteWizard.

> **RESPONSE:** QuoteWizard objects to this Request on the grounds that it is not relevant in any way to any claim or defense in this case, is overly broad, unduly burdensome, not proportional to the needs of the case, and improperly seeks confidential information concerning other consumers. QuoteWizard further objects on the basis that is beyond the scope of Phase I discovery. *See* ECF No. 75. Pursuant to these objections, no documents are being produced.

22. Produce all documents evidencing QuoteWizard's investigation and/or response into consumers' claims that they did not consent to receive telemarketing calls or texts from or on behalf of QuoteWizard.

> **RESPONSE:** QuoteWizard objects to this Request on the grounds that it is not relevant in any way to any claim or defense in this case, is overly broad, unduly burdensome, not proportional to the needs of the case, and improperly seeks confidential information concerning other consumers. QuoteWizard further objects on the basis that is beyond the scope of Phase I discovery. *See* ECF No. 75. In addition, QuoteWizard objects because this information is protected by the work product doctrine and attorney-client privilege. Pursuant to these objections, no documents are being produced.

23. Produce all documents relating to any other TCPA litigation relating to You which involved Drips text technology.

   **RESPONSE:** QuoteWizard objects to this Request on the grounds that it is not relevant in any way to any claim or defense in this case, is overly broad, unduly burdensome, not proportional to the needs of the case, and improperly seeks confidential information concerning other consumers. QuoteWizard further objects on the basis that is beyond the scope of Phase I discovery. *See* ECF No. 75. In addition, QuoteWizard objects because this information is protected by the work product doctrine and attorney-client privilege. Pursuant to these objections, no documents are being produced.

24. Produce documents sufficient to identify other TCPA litigation where You were named as a Defendant.

   **RESPONSE:** QuoteWizard objects to this Request on the grounds that it is not relevant in any way to any claim or defense in this case, is overly broad, unduly burdensome, not proportional to the needs of the case, and improperly seeks confidential information concerning other consumers. QuoteWizard further objects on the basis that is beyond the scope of Phase I discovery. *See* ECF No. 75. Pursuant to these objections, no documents are being produced.

25. Produce all consumer requests that future telemarketing calls cease ("Do Not Call") provided to you by anyone in any way relating to text telemarketing conducted on your behalf by Drips.

   **RESPONSE:** QuoteWizard objects to this Request on the grounds that it is not relevant in any way to any claim or defense in this case, is overly broad, unduly burdensome, not proportional to the needs of the case, and improperly seeks confidential information concerning other consumers. QuoteWizard further objects on the basis that is beyond the scope of Phase I discovery. *See* ECF No. 75. Pursuant to these objections, no documents are being produced.

26. Produce all documents referring or relating to Do Not Call requests made by consumers in any way relating to text telemarketing conducted on your behalf by Drips.

   **RESPONSE:** QuoteWizard objects to this Request on the grounds that it is not relevant it any way to any claim or defense in this case, is overly broad, unduly burdensome, not proportional to the needs of the case, and improperly seeks confidential information concerning other consumers. QuoteWizard further objects on the basis that is beyond the scope of Phase I discovery. *See* ECF No. 75. In addition, QuoteWizard objects because

this information is protected by the work product doctrine and attorney-client privilege. Pursuant to these objections, no documents are being produced.

27.   Produce all documents referring to Adam Brown.

**RESPONSE:** QuoteWizard objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case. QuoteWizard further objects to the Request to the extent it purports to go beyond Plaintiff's individual claims in this matter, to which Phase I is limited. *See* ECF No. 75. QuoteWizard further objects to the extent the Request purports to seek documents protected by the attorney-client and work product privileges. Subject to and without waiving these objections, QuoteWizard is not in possession of any documents that are responsive to this request and that are not attorney work product beyond what has already been disclosed to or previously produced to Plaintiff in this case.

28.   Produce all documents referring to Justin Cohen or BlueFlame Marketing.

**RESPONSE:** QuoteWizard objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case. QuoteWizard further objects to the Request to the extent it purports to go beyond Plaintiff's individual claims in this matter, to which Phase I is limited. *See* ECF No. 75. QuoteWizard further objects to the extent the Request purports to seek documents protected by the attorney-client and work product privileges. Subject to and without waiving these objections, QuoteWizard is not in possession of any documents that are responsive to this request and that are not attorney work product beyond what has already been disclosed to or previously produced to Plaintiff in this case.

29.   Produce all documents referring to www.snappyautoinsurance.com.

**RESPONSE:** QuoteWizard objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case. QuoteWizard further objects to the Request to the extent it purports to go beyond Plaintiff's individual claims in this matter, to which Phase I is limited. *See* ECF No. 75. QuoteWizard further objects to the extent the Request purports to seek documents protected by the attorney-client and work product privileges. Subject to and without waiving these objections, QuoteWizard is not in possession of any documents that are responsive to this request and that are not attorney work product beyond what has already been disclosed to or previously produced to Plaintiff in this case.

30.   Produce all documents received from or sent to anyone, other than your counsel, in

regards to Plaintiff.

**RESPONSE:** QuoteWizard objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case. QuoteWizard further objects to the Request to the extent it purports to go beyond Plaintiff's individual claims in this matter, to which Phase I is limited. *See* ECF No. 75. QuoteWizard further objects to the extent the Request purports to seek documents protected by the attorney-client and work product privileges. Subject to and without waiving these objections, QuoteWizard is not in possession of any

documents that are responsive to this request and that are not attorney work product beyond what has already been disclosed to or previously produced to Plaintiff in this case.

31. Produce all drafts of the QuoteWizard Opt In.

**RESPONSE:** QuoteWizard objects to Plaintiff's use and definition of "QuoteWizard Opt In." As explained at QuoteWizard's Fed. R. Civ. P. 30(b)(6) deposition, QuoteWizard, in the course of investigating Plaintiff's legal demand letter and Complaint, compiled pre-existing information concerning Plaintiff's lead. Plaintiff is in possession of all such information concerning his lead. To the extent Plaintiff is attempting to discern the steps taken by QuoteWizard to investigate his legal demand and lawsuit, such request violates the work product and attorney-client privileges. Pursuant to these objections, no documents will be produced.

32. Produce all documents referring to the document known as the QuoteWizard Opt In.

**RESPONSE:** QuoteWizard objects to Plaintiff's use and definition of "QuoteWizard Opt In." As explained at QuoteWizard's Fed. R. Civ. P. 30(b)(6) deposition, QuoteWizard, in the course of investigating Plaintiff's legal demand and Complaint, compiled pre-existing information concerning Plaintiff's lead. Plaintiff is in possession of all such information concerning his lead. To the extent Plaintiff is attempting to discern the steps taken by QuoteWizard to investigate his legal demand and lawsuit, such request violates the work product and attorney-client privileges. Pursuant to these objections, no documents will be produced.

33. Produce all e-mails between Matthew Weeks and Mike Fishman of RevPoint Media.

**RESPONSE:** QuoteWizard objects to this Request on the basis that it improperly seeks documents protected by the work product doctrine. QuoteWizard further objects to the Request to the extent it purports to go beyond Plaintiff's individual claims in this matter, to which Phase I is limited. *See* ECF No. 75. Subject to and without waiving these objections, QuoteWizard has already produced all such requested documents in discovery.

34. Produce all e-mails between Matthew Weeks and anyone else internally at QuoteWizard referring to Plaintiff.

**RESPONSE:** QuoteWizard objects to this Request on the basis that it improperly seeks documents protected by the work product doctrine and attorney-client privilege. QuoteWizard further objects to the Request to the extent it purports to go beyond Plaintiff's individual claims in this matter, to which Phase I is limited. *See* ECF No. 7. Subject to

and without waiving that objection, QuoteWizard has no responsive documents to this Request.

35. Produce all documents relating to other occasions where the IP address purportedly identifying the computer used by a consumer to consent to receive telemarketing texts or calls from or on behalf of QuoteWizard did not match the name of that consumer or was not subscribed to that consumer.

**RESPONSE:** QuoteWizard objects to this Request on the grounds that it is not relevant in any way to any claim or defense in this case, is overly broad, unduly burdensome, not proportional to the needs of the case, and improperly seeks confidential information concerning other consumers. QuoteWizard further objects on the basis that is beyond the scope of Phase I discovery. *See* ECF No. 75. Pursuant to these objections, no documents are being produced.

36. Produce all documents from other litigations in which You have asserted that the plaintiff consented to receive telemarketing calls or texts on your behalf.

**RESPONSE:** QuoteWizard objects to this Request on the grounds that it is not relevant in any way to any claim or defense in this case, is overly broad, unduly burdensome, not proportional to the needs of the case, and improperly seeks confidential information concerning other consumers. QuoteWizard further objects on the basis that is beyond the scope of Phase I discovery. *See* ECF No. 75. Pursuant to these objections, no documents are being produced.

    QuoteWizard.com, LLC,
    By its attorneys,

    */s/ Christine M. Kingston*
    Kevin P. Polansky (BBO #667229)
    kevin.polansky@nelsonmullins.com
    Christine M. Kingston (BBO #682962)
    christine.kingston@nelsonmullins.com
    Nelson Mullins Riley & Scarborough LLP
    One Post Office Square, 30th Floor
    Boston, MA 02109
    (t) (617)-217-4700
Dated: September 8, 2020    (f) (617) 217-4710

**CERTIFICATE OF SERVICE**

I, the undersigned, of the law offices of Nelson Mullins Riley and Scarborough LLP, attorneys for Defendant QuoteWizard.com, LLC, do hereby certify that I have served all parties of record with copies of the below listed documents by electronic mail and U.S. Mail on this 8th day of September 2020:

Documents:

- Defendant QuoteWizard.com, LLC's Responses to Plaintiff's Second Set of Requests for Production of Documents

*/s/ Christine M. Kingston*
Christine M. Kingston