UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOSEPH MANTHA, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

QUOTEWIZARD.COM, LLC,

    Defendant.

Civil Action No. 1:19-cv-12235-LTS

**PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST
SET OF INTERROGATORIES AS SUPPLEMENTED**

Pursuant to Fed. R. Civ. P. 33, the Plaintiff, Joseph Mantha, hereby sets for this Answers to Interrogatories, as supplemented, as follows.

**INTERROGATORIES**

1. Identify each person who answered, assisted in answering or preparing these interrogatories, excluding your attorneys.

**ANSWER:** Plaintiff and counsel.

2. Please identify any and all witnesses and all persons having any knowledge of any relevant facts alleged in your Complaint, providing for each:

    a. his or her name, occupation/title, telephone number, and address;
    b. such person's relationship to Plaintiff (family member, friend, employee, agent, contractor, or the like);
    c. a summary of each such person's knowledge; and
    d. the factual substance of the information known to such person.

**ANSWER:** Plaintiff objects to the extent the request is overbroad and unduly burdensome. Further objecting, the Defendant is already in possession of most of this information. Subject to the foregoing, the Plaintiff states that the Defendant and any vendors

used by the Defendant to purchase data and to initiate the texts at issue have knowledge of relevant facts alleged in the Complaint. The Plaintiff also has knowledge of the relevant facts alleged in the Complaint.

3. Identify each and every category of damages Plaintiff is seeking from QuoteWizard, and set forth the specific amount claimed for each category, and how such amount was calculated.

**ANSWER: OBJECTION:** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this interrogatory to the extent it in no way relates to the issue of consent.

**SUPPLEMENTAL ANSWER:** Plaintiff is seeking statutory damages.

4. Please identify the date on which you allege you became the telephone subscriber for the telephone number 508-353-9690, and identify your telephone provider on August 5, 2019.

**ANSWER: OBJECTION:** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this interrogatory to the extent it in no way relates to the issue of consent. Subject to these objections and answering further, Plaintiff states that his telephone provider on the date in question was and remains Verizon Wireless, and that he became the subscriber to that number many years ago, long prior to the texts at issue.

5. Please state whether you caused the telephone number 508-353-9690 to be placed on the National Do Not Call Registry, identify the date on which you did so, and state whether and when your number has been removed and/or cancelled from the Registry.

2

**ANSWER:** Plaintiff states that his cell phone number has been registered with the National Do Not Call Registry since November 7, 2008. Furthermore, Plaintiff states that his number has not been removed or cancelled from the Registry to the best of his knowledge.

6. Please state whether you have used any other telephone number besides 508-353-9690 from January 1, 2019 to present, and if so identify the number(s) used and the purposes for which you used the number(s) (*i.e.*, personal use or business use).

**ANSWER:** The only personal cellular telephone number Plaintiff has used since January 1, 2019, has been 508-353-9690

7. Please identify your employer and your position of employment from January 1, 2019 to present, and state whether you used the telephone number 508-353-9690 for, relating to, or in connection with your employment from January 1, 2019 to present, describing your use of that telephone number for business/employment purposes.

**ANSWER: OBJECTION:** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this interrogatory to the extent it in no way relates to the issue of consent.

**SUPPLEMENTAL ANSWER:** At all relevant times, my employer has been the Doctor Franklin Perkin School. At all relevant times my position has been that of Director of Residential Operations. The telephone number 508-353-9690 is my personal cell phone. I use it overwhelmingly for personal and residential purposes. On occasion, specifically, when I am on call for my work, I receive and/or make calls on my personal cell phone relating to my employment. My cell phone line is not a business number. I do not declare it as a business expense. It is not listed on my business card as a contact number. It is subscribed to me personally by Verizon, not to my employer. I do not have a home business.

3

8.  Please describe any communications you have had with anyone else regarding this case or regarding auto insurance generally, taking care to identify:

>  a. The person or entity with whom you communicated;
>  b. The date(s) of the communications;
>  c. The substance of the communications; and
>  d. The method of communications (*i.e.*, electronic mail, telephone, etc.)

**ANSWER: OBJECTION:** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this interrogatory to the extent it in no way relates to the issue of consent. Plaintiff objects to the extent that such communications are protected by the Attorney-Client privilege. Subject to the foregoing, Plaintiff states he has only communicated with regard to the case with his Attorneys, his wife (Melisa Mantha) and a friend, (Steven Novia).

**SUPPLEMENTAL ANSWER:** Plaintiff objects to the extent that such communications are protected by the Attorney-Client privilege. I shared with my friend, Steven Novia, my general frustration with illegal telemarketing calls and the specific QuoteWizard texts at issue. Steve and I discussed that these calls and texts were annoying and illegal. Steve suggested to me that I set up an appointment with QuoteWizard to confirm its legal identity as the entity responsible for sending the illegal texts at issue. After I had received the texts and before I texted back to QuoteWizard, Steve also suggested to me that I contact his friend who was an attorney with knowledge as to telemarketing law and my rights related to the law. I generally spoke with my wife about my frustration with illegal telemarketing calls and my desire to enforce my rights under the law.

4

9. Please state whether you or someone on your behalf visited the website www.snappyautoinsurance.com on August 5, 2019 or any other date, taking care to identify the date(s) on which it was visited.

**ANSWER:** Plaintiff states he visited this website for the first time after he received the texts from QuoteWizard and the Defendant falsely claimed he had opted in to receive telemarketing calls on that web site. Plaintiff visited the website solely to refresh his memory as to whether he had ever seen that website before. This occurred approximately on September 23, 2019. Plaintiff denies having visited this website or having knowledge of anyone else visiting the website on his behalf prior to September 23, 2019.

10. Please state whether you or someone on your behalf visited the website www.autoinsurquotes.com on August 5, 2019 or any other date, taking care to identify the date(s) on which it was visited.

**ANSWER:** Plaintiff denies having ever visited this website other than investigating the site after receiving the texts in question and learning that QuoteWizard claimed I had previously visited the site and consented to receive telemarketing solicitations on behalf of QuoteWizard. Plaintiff further denies having any knowledge of anyone visiting this website on his behalf.

11. Please state whether you or someone on your behalf requested auto insurance quotes at any time in 2019 or 2020, and if so, identify the person or entity who requested a quote, the website from which a quote was requested, and the date(s) on which they were requested.

**ANSWER:** Plaintiff states that at no time in 2019, prior to receiving the telemarketing texts at issue, did he or someone on his behalf request auto insurance quotes from anyone. Plaintiff states that after receiving multiple illegal text solicitations from QuoteWizard, he finally played along in an effort to identify the entity who was sending me illegal text messages to my DNC listed cell phone.

12. Please state whether you changed auto insurance carriers in 2019 or 2020.

**ANSWER:** I did not.

13. Please identify your auto insurance carrier and the dates in which you have been insured by that carrier.

**ANSWER:** Plaintiff states that his auto insurance agent is AAA, with MAPFRE as the insurer. Further answering, Plaintiff states this has not changed since 2014.

14. Please identify all electronic devices (including but not limited to cell phones, computers, iPads and the like) that you had, owned, or were using or used on August 5, 2019 or around that time frame, and identify the IP address associated with each device.

**ANSWER:** Plaintiff identifies that the devices he uses for personal use to search the internet are a Dell Intel core i3 laptop and an Iphone. Plaintiff also has access to a laptop computer that uses for schoolwork that he does not use for personal internet searches. Plaintiff states he has no connection whatsoever to the IP address that was allegedly used to opt-in to the telemarketing calls at issue. Plaintiff objects to producing his personal IP address as such a request is overbroad, unduly burdensome and irrelevant to any issue in this case. Further, given that the purported opt in being used against him in this litigation is a fabrication, plaintiff is wary of sharing this information with the defendant and its various agents and lead generators.

**SUPPLEMENTAL ANSWER**

Pursuant to Fed. R. Civ. P. 33(d), Plaintiff refers Defendant to the screenshots produced in his supplemental production. For reference, they are:

IMG_3212.jpg: Work computer, IP Address: 40.131.26.178

IMG_3236.jpg: Personal Laptop, IP Address: 71.87.211.102

IMG_3234.jpg: Melisa Mantha Laptop, IP Address: 71.87.211.102

IMG_3235.png: Personal iPhone, IP Address: 71.87.211.102

15. Please identify your residential address as of August 5, 2019, and identify any and all persons who resided with you at that time.

**ANSWER:** Plaintiff's residential address as of August 5, 2019 was (and remains) 38 Vista Circle, Rutland, MA 01543. Plaintiff resides with his wife and two minor children.

16. Please state whether you traveled outside of your residence on August 5, 2019 and identify the places that you visited on that date.

**ANSWER:** Plaintiff states that during the workday hours on August 5, 2019, he was at work in Lancaster, MA, and returned home to Rutland, MA in the evening. At no time on August 5, 2019, did Plaintiff leave the Commonwealth of Massachusetts.

17. Please state whether your name, telephone number, or residential address was provided to any third-party pursuant to a request for auto insurance in 2019 or 2020, and identify where it was provided and the date(s) on which it was provided.

**ANSWER: No.**

**SUPPLEMENTAL ANSWER:** I did not provide my name, telephone number or residential address to any third party pursuant to a request for auto insurance in 2019 or 2020.

18. Please state whether you spoke with anyone before, during, or after the time you communicated with QuoteWizard in or around August of 2019 about those communications, and identify the persons with whom you spoke, the dates on which you spoke, and the substance of those communications.

**ANSWER:** Plaintiff objects as the request is vague, overbroad and such communications may be subject to attorney client or spousal privilege. Subject to the foregoing, the Plaintiff states that he communicated his concerns about receiving unsolicited text message telemarketing to a friend, Steven Novia, who advised him to seek legal counsel.

7

19. Please state whether anyone helped, guided, or otherwise informed your responses to QuoteWizard's communications in or around August of 2019, and identify those persons and the substance of your conversations with them.

**ANSWER: OBJECTION:** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this interrogatory to the extent it in no way relates to the issue of consent. Plaintiff objects to the extent that such communications are protected by the Attorney-Client privilege.

**SUPPLEMENTAL ANSWER:** Apart from Steven Novia advising me that I needed to identify who was behind the text messages that I received, no one helped, guided or otherwise informed my communications with QuoteWizard on or around August of 2019. I chose to respond to QuoteWizard to set up an appointment to further identify the legal entity responsible for sending the texts at issue.

20. Please identify the date on which you retained your attorneys.

**ANSWER: OBJECTION:** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this interrogatory to the extent it in no way relates to the issue of consent. Plaintiff objects to the extent that such communications are protected by the Attorney-Client privilege.

**SUPPLEMENTAL ANSWER:** I retained counsel after my receipt of the illegal spam texts at issue from QuoteWizard, first contacting Alex Washkowitz on August 31, 2020. My attorneys played no role whatsoever regarding my response to the spam texts received from QuoteWizard.

8

21. Please describe any and all information you or anyone on your behalf has concerning your allegation that the consent provided on www.snappyautoinsurance.com on August 5, 2019 using your personal information is fraudulent.

**ANSWER:** Plaintiff objects as this information is protected by Attorney-Client privilege and Attorney Work-Product Doctrine. Plaintiff has previously attested under oath that the consent allegation is fraudulent and this declaration has been produced.

**SUPPLEMENTAL ANSWER:** I believe that QuoteWizard's consent claim is fraudulent because I never visited www.snappyautoinsurance.com prior to receiving the spam texts as alleged. Since that time, my counsel have learned that the IP addresses that QuoteWizard claims I used to allegedly consent to receipt of their spam texts were not subscribed or assigned to me or connect to me in any manner. I also recently learned that the Lead ID that appears on the document relied upon by QuoteWizard to evidence my consent, has no connection to me whatsoever. I also recently learned that the purported original source of my contact data, a man named Adam Brown, claims that the web-site www.snappyautoinsurance.com was not used for the past seven years, and that he was not in possession of any documentation relating to me. These are the factual reasons known to me, to date, as to why I believe the consent defense being pursued to date by QuoteWizard is based on a fraudulent document.

22. Please state the full name and address of each expert witness whom you expect to testify at trial, the subject matter on which each such expert may be expected to testify, the substance of all facts to which any such expert is expected to testify, the contents of all opinions to which each expert is expected to testify, and a summary of the grounds for each opinion to which each such expert is expected to testify.

**AMENDED ANSWER:**

The Plaintiff has personally reviewed the internet search and browser histories on all of his devices and can personally attest that no responsive documents are in his possession or control. The Plaintiff will not be relying on any expert for this simple proposition. At this time, Plaintiff will not be relying on Mr. DePue for any expert testimony at summary judgment or trial.

23. Please explain why you sent text messages to QuoteWizard, including "How do I get a quote?[,]" if you had not requested an auto insurance quote as alleged.

**ANSWER:** Plaintiff states that he responded solely for the purpose of gaining further information about who was sending unsolicited telemarketing text messages to his DNC'd cell phone.

24. State the factual basis for your allegations that QuoteWizard's alleged violation(s) of the TCPA were knowing and/or willful.

**ANSWER: OBJECTION:** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this interrogatory to the extent it in no way relates to the issue of consent. Plaintiff further objects as this information is protected by Attorney-Client privilege and Attorney Work-Product Doctrine.

SUPPLEMENTAL ANSWER:

Although discovery is on-going, from deposition testimony and documents produced yesterday, it is clear that QuoteWizard did not possess valid opt in consent, and was not adhering to its own supposed policy of having prior express written consent prior to sending texts via an ATDS to cell numbers on the No not Call list, as Matthew Weeks had to email the lead provider to ask for purported proof of consent *after* QuoteWizard sent me solicitation texts, and admitting that after QuoteWizard's acquisition by Lending Tree "TCPA Compliance has become a major issue."

10

25. Please state whether you or someone on your behalf visited the website www.snappyautoinsurance.com on June 26, 2019 and, if you contend you did not, describe any information you or anyone on your behalf has that consent obtained on that date from Joseph Mantha was fraudulent.

**ANSWER:** Neither I nor anyone acting on my behalf visited the website www.snappyautoinsurance.com on June 26, 2019.

**SUPPLEMENTAL ANSWER:** I believe that QuoteWizard's consent claim is fraudulent because I never visited www.snappyautoinsurance.com prior to receiving the spam texts as alleged. Since that time, my counsel have learned that the IP addresses that QuoteWizard claims I used to consent to their texts were not subscribed to me or connect to me in any manner. I also recently learned that the Lead ID that appears on the document relied upon by QuoteWizard to evidence my consent, has no connection to me whatsoever. I also recently learned that the purported original source of my contact data, a man named Adam Brown, claims that the web-site www.snappyautoinsurance.com was not used for the past seven years, and that he was not in possession of any documentation relating to me. These are the factual reasons known to me, to date, as to why I believe the consent defense being pursued to date by QuoteWizard is based on a fraudulent document.

ATTESTED TO IN THE COMMONWEALTH OF MASSACHUSETTS UNDER THE PAINS AND PENALTIES OF PERJURY OF THE LAWS OF THE UNITED STATES, THIS 17th DAY OF AUGUST, 2020.

*Joseph Mantha*
Joseph Mantha (Aug 17, 2020 20:39 EDT)
Joseph Mantha

As to objections,

PLAINTIFF,
By his attorneys

/s/ *Edward A. Broderick*
Edward A. Broderick
Broderick Law, P.C.
176 Federal Street, Fifth Floor
Boston, MA  02110
(617) 738-7080
ted@broderick-law.com


Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, Massachusetts 01760
(508) 655-1415
(508) 319-3077 *facsimile*
mmccue@massattorneys.net

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com


Alex M. Washkowitz
Jeremy Cohen
CW Law Group, P.C.
188 Oaks Road
Framingham, MA 01701
alex@cwlawgrouppc.com


## CERTIFICATE OF SERVICE

I, hereby certify that on August 17, 2020, I caused the foregoing to be served via e-mail to counsel of record.

/s/ *Edward A. Broderick*
Edward A. Broderick

12

# Mantha Supp Answers to Interrogatories 8-17-20

Final Audit Report                                         2020-08-18

| | |
|---|---|
| Created: | 2020-08-17 |
| By: | Edward Broderick (ted@broderick-law.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAg2GK_qO_h8tGD05NMfOZbE7_znmqfCyg |

## "Mantha Supp Answers to Interrogatories 8-17-20" History

- Document created by Edward Broderick (ted@broderick-law.com)
  2020-08-17 - 9:06:28 PM GMT- IP address: 173.76.111.51

- Document emailed to Joseph Mantha (jmantha7@yahoo.com) for signature
  2020-08-17 - 9:07:34 PM GMT

- Email viewed by Joseph Mantha (jmantha7@yahoo.com)
  2020-08-18 - 0:26:13 AM GMT- IP address: 209.73.183.87

- Document e-signed by Joseph Mantha (jmantha7@yahoo.com)
  Signature Date: 2020-08-18 - 0:39:42 AM GMT - Time Source: server- IP address: 71.87.211.102

- Signed document emailed to Edward Broderick (ted@broderick-law.com) and Joseph Mantha (jmantha7@yahoo.com)
  2020-08-18 - 0:39:42 AM GMT

Adobe Sign