UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MANTHA, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>QUOTEWIZARD.COM, LLC,<br><br>Defendant. | Civil Action No. 1:19-cv-12235-LTS |

**STATUS REPORT CONCERNING DISPUTE OVER PLAINTIFF'S RESPONSES TO DEFENDANT'S WRITTEN DISCOVERY REQUESTS AND PLAINTIFF'S COMPLIANCE WITH ECF NO. 109**

Pursuant to the Court's instructions at the Status Conference on April 7, 2020 (*see* ECF No. 39), Defendant QuoteWizard.com, LLC ("QuoteWizard") hereby respectfully submits this Status Report concerning its position on a discovery dispute that has arisen over Plaintiff Joseph Mantha's ("Plaintiff") responses to QuoteWizard's Fourth Set of Interrogatories, Fifth Set of Requests for Production of Documents, and Seventh Set of Requests for Production of Documents, as well as Plaintiff's compliance with ECF No. 109.

The Parties, through counsel, conferred pursuant to LR 37.1(a) by phone on October 26, 2020 and by e-mail on November 6 and 9, 2020. Although the Parties have reached agreement on some issues, they have been unable to narrow or resolve their dispute as to the requests and issues summarized below. The Parties request a ruling or instructions from the Court on the scope of allowable discovery for the remaining disputed requests.

For the Court's reference, the following documents are attached hereto: **Exhibit A** (QuoteWizard's fourth set of interrogatories); **Exhibit B** (Plaintiff's responses thereto); **Exhibit**

**C** (QuoteWizard's fifth set of document requests); **Exhibit D** (Plaintiff's responses thereto); **Exhibit E** (QuoteWizard's seventh set of document requests); **Exhibit F** (Plaintiff's responses thereto); and **Exhibit G** (relevant portions of Dr. Franklin Perkins School's Rule 30(b)(6) deposition).

Though QuoteWizard drafted this filing as a Joint Report to include Plaintiff's positions as well, Plaintiff's counsel stated in the afternoon on December 18th they were "not able" to fill in their contributions on even date despite promising to do so by this deadline. Two days later, Plaintiff filed a 12-page submission with the Court relating to his prior-filed Joint Report and still failed to contribute to this Joint Report. QuoteWizard gave Plaintiff until December 21, 2020 to return his portions to this Joint Report but it has not been received. Thus, QuoteWizard files the Status Report with its sections to preserve its rights and because Plaintiff has not cooperated with the Joint filing to date, without prejudice to Plaintiff contributing his portions at a later date if he so chooses and the Court allows.

## Remaining Disputes

**(1) Plaintiff's Compliance with ECF No. 109:**

> **QuoteWizard's Position:** In ECF No. 109, the Court noted that Plaintiff's expert's extracted data from Plaintiff's electronic device was within Plaintiff's possession, custody, and control for discovery purposes and therefore Plaintiff is required to search that data to respond to QuoteWizard's discovery requests and supplement the same (whether saying no further documents exist or producing the relevant data; failure to supplement at all was not an option). Plaintiff has failed to comply to date (due date was October 23, 2020). He has only supplemented responses to two responses to document requests relating to internet and browser search history for specific dates in June and August 2019, claiming the data does not contain this specific requested history. But QuoteWizard had served numerous additional discovery requests that Plaintiff to date has not supplemented his response to after searching the extracted data. Below are the requests that QuoteWizard is looking for Plaintiff to search the data and supplement a response.
>
> Plaintiff therefore has not complied with ECF No. 109 and QuoteWizard moves to compel his compliance. *See* ECF No. 109 ("[T]he Court supplements Chief Magistrate Judge Kelley's ruling by ordering (1) Mantha to search the extracted data and supplement his

responses either with additional discovery or by noting there are no further responsive documents after a search of the extracted data and (2) that the extracted data falls within information in the possession, custody, or control of the Mantha for discovery purposes. Mantha shall supplement his responses by 10/23/2020.")

<u>Discovery requests not supplemented to date after search of extracted data:</u>[1]

**RPD No. 7:** Any and all notes, journals, ledgers, diaries or other compilations maintained by Plaintiff for any reason documenting communications with or from QuoteWizard.

**RPD No. 23:** Any correspondence between you and anyone else regarding auto insurance from January 1, 2019 to present.

**RPD No. 25:** Any and all documents evidencing that you requested an auto insurance quote from anyone in 2019 or 2020.

**RPD No. 28:** Copies of any correspondence you had with anyone else concerning your communications with QuoteWizard.

**RPD No. 29:** Copies of any auto insurance quotes you received in 2019 or 2020.

**RPD No. 40:** Any and all documents within the possession, custody, or control of Plaintiff's attorneys that relate to or bear on the issue of someone named Joe Mantha requesting an auto insurance quote and providing Joe Mantha's contact information in 2019 that is at issue in this case.

**RPD No. 41:** Any and all documents referenced or relied upon in your answers to QuoteWizard's Third Set of Interrogatories.

**RPD No. 42:** Any and all communications between Plaintiff and Steven Novia that relate to this Lawsuit, the Telephone Consumer Protection Act, and/or the text messages at issue.

**RPD No. 52:** Browser and search history for Plaintiff's electronic devices, including work, personal, and shared phones, computers, tablets, and iPads, in 2019 that reference auto insurance quotes or auto insurance websites.

**Plaintiff's Position:**

(2) **Interrogatory No. 36:** Identify and provide a list of names of employees, independent contractors, and/or agents of Dr. Franklin Perkins School who had access to your cell phone number or called your cell phone number in 2019, or whom you called from your cell phone number in 2019, including in your answer their names, positions of employment

---

[1] QuoteWizard has identified the requests that most clearly need to be supplemented under ECF No. 109, but there are likely others. This is Plaintiff's obligation, well overdue.

3

relative to Dr. Franklin Perkins School, and any number from which they may have called or did call your cell phone number in 2019, or the number(s) you called in 2019, including their business and personal numbers.

**QuoteWizard's Position:** Plaintiff has not provided a response to this request to date. Therefore, QuoteWizard moves to compel a response.

QuoteWizard seeks information and documents concerning Mantha's use of his cell phone in connection with his employment as a defense to Mantha's Count 2, which claims that his cell phone was on the National Do Not Call registry and QuoteWizard illegally made two or more telephone solicitations to it. A cell phone number does not qualify as "residential" such to make out a "do no call" TCPA claim if the plaintiff uses the cell phone primarily or substantially for business/employment. *See*, *e.g.*, *Mattson v. Quicken Loans, Inc*., 2019 WL 7630856, at *6 (D. Or. Nov. 7, 2019).

Mantha is the Director of Residential Services at the Dr. Franklin Perkins School ("Perkins"). Perkins has (among other programs) an elementary, middle, and high schools for students who have "behavioral needs or social and emotional well-being needs." Approximately 50-60 of the students live on campus year-round. *See* Perkins Rule 30(b)(6) Tran. (Ex. G), pp. 7-9, 17, 46. The Residential Division of Perkins relates to oversight of the six group homes where the students live on campus, and there are approximately 100 to 110 employees in the Residential Division. *Id*., pp. 42-45. Mantha, as Director of Residential Services, is "responsible" for all of these employees and they are "within his scope." *Id*., pp. 43-44. Because Mantha uses his cell phone in connection with his employment, he is one of about 15 to 20 of the 351 employees who receives a reimbursement from Perkins for his cell phone use. *See id.*, pp. 80-81.

Based on the "on call" lists that Perkins maintained in case of emergencies at the group homes (on which Mantha and his cell phone number are designated), QuoteWizard to date has isolated at least **1,400 calls** that Mantha made or received in 2019 with his cell phone in connection with his employment. To date, however, QuoteWizard has been provided only with the cell phone numbers for "administrators" at Perkins school. But QuoteWizard is seeking *any* employee at Perkins who called Mantha's cell phone beyond just "administrators." Mantha has refused to respond to this request and is in breach of his discovery obligations. As noted, there are over 100 employees within Mantha's scope and it is almost certain that some or many of these employees called Mantha on his cell phone in 2019. QuoteWizard cannot obtain the employees' numbers such to cross-reference against Mantha's cell phone records by any other means besides from Mantha directly. QuoteWizard is simply asking Mantha to produce the names and phone numbers for any employee, agent, or contractor of Perkins who called in his cell phone in 2019, not just administrators.

**Plaintiff's Position:**

**(3) Interrogatory No. 37:** Identify the telephone numbers used for the "on call" system at Dr. Franklin Perkins School in 2019.

**QuoteWizard's Position:** Because Mantha and his employer both testified that Mantha is "on call" at Perkins on nights and weekends throughout the year, with his cell phone number being his designated number to call (and he has no home phone), QuoteWizard seeks to learn the number(s) that his employer uses as the "on call" number(s). If there was an emergency, Mantha would likely have called the on call number(s) or it would have called him. This is relevant to Mantha's business/employment use of his cell phone, which is a defense to his Count 2 claim that assumes his cell phone was a residential line. Plaintiff has not answered this interrogatory to date, and therefore QuoteWizard moves to compel a response. (Plaintiff has only produced on call schedules for certain parts of 2019, but this does not address whether Perkins maintains on call numbers not identified in the schedules.)

**Plaintiff's Position:**

(4) **RPD No. 45:** Any and all documents showing credits or payments requested by you and/or given to you by Dr. Franklin Perkins School in 2019 for your use of your cell phone and/or cell phone data in connection with or related to your employment.

**QuoteWizard's Position:** Perkins's Rule 30(b)(6) deponent testified that Mantha receives a monthly credit for his cell phone usage in connection with his employment. QuoteWizard seeks these documents reflecting these credits (not provide by Perkins) to support its argument that Mantha uses his cell phone primarily or substantially for employment. Plaintiff has not responded to this request. Therefore, QuoteWizard moves to compel Plaintiff to respond.

**Plaintiff's Position:**

(5) **RPD No. 49:** A copy of the imaging of Plaintiff's electronic devices made by Phil DePue.

**QuoteWizard's Position:** Plaintiff has refused to produce the imaging to date. QuoteWizard requires the imaging because it believes that the imaging will contain proof that Mantha provided his personal information and solicited contact that led to QuoteWizard contacting him, even if this was not done on the exact date range in June or August 2019 that records suggest it may have occurred.

QuoteWizard initially requested browser and search history for Mantha's electronic devices for periods in which it was suspected that he provided the consent at issue—in June or August 2019. Mantha has claimed that he has no browser or search history for those very specific time periods. Given that it is possible that Mantha provided the consent outside of the limited time periods previously requested, QuoteWizard has asked Plaintiff's counsel to identify what of his browser and search history *have been* preserved and are on the extracted data from his withdrawn expert. Plaintiff's counsel has curiously refused to make this known. QuoteWizard is seeking the imaging because it cannot simply take

5

Plaintiff's counsel's word for it that the extracted data does not contain browser and search history relevant to this case.[2]

For example, if Mantha actually provided the consent on July 31, 2019 (rather than the time period identified in QuoteWizard's RPD No. 17 based on limited knowledge of the *exact* date when consent was provided – August 1 through 5, 2019), then Mantha could be withholding proof of the same on the basis that QuoteWizard did not request that *exact* date. But because this information is within Mantha's knowledge and possession, QuoteWizard should not be forced to guess on what day Mantha may have provided the consent or take Mantha's word for it that his extracted data is not relevant to this case. It is only if QuoteWizard obtains the imaging of Plaintiff's devices that QuoteWizard can review the same for proof that he consented. Production of the imaging does not harm Mantha whatsoever. The imaging has already been created and merely needs to be served on QuoteWizard's counsel by email through a single click of a button. If Mantha fears that his imaging contains personal information categorically irrelevant to this case, then counsel can confer and agree for that to be redacted or otherwise protected prior to discovery.

**Plaintiff's Position:**

Dated: December 21, 2020

*[signatures on next page]*

---

[2] Throughout discovery in this case, Plaintiff has indicated that no responsive documents exist or otherwise fails to produce responsive documents, which later requires QuoteWizard to follow up and serve a specific document request as to a specific document to obtain it. For example, in QuoteWizard's first set of requests for production of documents, QuoteWizard sought "[a]ny and all documents evidencing that you used [your cell phone number] for business or employment purposes." Plaintiff produced no documents in response, initially or ever. At Plaintiff's deposition, he revealed for the first time that he gets a credit each and every month from his employer for his cell phone usage at work. QuoteWizard thereafter had to serve a specific document request seeking documents about the credit (which have not been received to date), despite that these documents should have been provided in response to the original document request. In short, QuoteWizard cannot take Plaintiff's word for it as to whether he has responsive documents because Plaintiff has withheld documents during the course of this case.

Respectfully submitted,

QuoteWizard.com, LLC,
By its attorneys,


*/s/ Christine M. Kingston*
Kevin P. Polansky, BBO (BBO #667229)
Christine M. Kingston (BBO #682962)
Nelson Mullins Riley & Scarborough LLP
One Financial Center, 35th Floor
Boston, MA 02111
(t) (617)-217-4700
(f) (617) 217-4710
kevin.polansky@nelsonmullins.com
christine.kingston@nelsonmullins.com

CERTIFICATE OF SERVICE

I, Christine M. Kingston, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: December 21, 2020                              */s/ Christine M. Kingston*