# EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MANTHA, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>QUOTEWIZARD.COM, LLC,<br><br>    Defendant. | Civil Action No. 1:19-cv-12235-LTS |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SEVENTH REQUEST
FOR PRODUCTION OF DOCUMENTS**

  Plaintiff, Joseph Mantha, hereby propounds, pursuant to Fed. R. Civ. P. 34, to the Defendant's Seventh Request for Production of Documents

**Requests for the Production of Documents**

  49. A copy of the imaging of Plaintiff's electronic devices made by Phil DePue.

  OBJECTION: Plaintiff objects to this request as it is in excess of the number of sets of document requests (2) permitted by Local Rule 26.1(c), without leave or court. Plaintiff further objects to this request as it seeks work product. Plaintiff further objects to this request as it is yet another effort by Defendant to obtain unfettered access to Plaintiff's computer and phone systems. Defendant's prior requests for this information have been denied by the Court. *See* ECF #75; ECF #100; ECF #109. Plaintiff further objects to this request as it is overbroad, oppressive and not proportionate to the needs of this case, and would unduly invade Plaintiff's privacy seeking wholly irrelevant information.

  50. Any and all documents shared by Plaintiff or Plaintiff's attorneys with Phil DePue

OBJECTION: Plaintiff objects to this request as it is in excess of the number of sets of document requests (2) permitted by Local Rule 26.1(c), without leave or court. Plaintiff further objects to this request as it seeks work product. Plaintiff further objects to this request as it is yet another effort by Defendant to obtain unfettered access to Plaintiff's computer and phone systems. Defendant's prior requests for this information have been denied by the Court. *See* ECF #75; ECF #100; ECF #109. Plaintiff further objects to this request as it is overbroad, oppressive and not proportionate to the needs of this case, and would unduly invade Plaintiff's privacy seeking wholly irrelevant information.

51. Any and all documents shared by Phil DePue with Plaintiff or his attorneys, including but not limited to any draft, preliminary, or finalized expert reports and/or opinions.

**ANSWER:** OBJECTION: Plaintiff objects to this request as it is far in excess of the number (2) of sets of document requests permitted by permitted by Local Rule 26.1(c), without leave or court. Plaintiff further objects to this request as it seeks work product. Plaintiff further objects to this request as it is yet another effort by Defendant to obtain unfettered access to Plaintiff's computer and phone systems. Defendant's prior requests for this information have been denied by the Court. *See* ECF #75; ECF #100; ECF #109.

52. Browser and search history for Plaintiff's electronic devices, including work, personal, and shared phones, computers, tablets, and iPads, in 2019 that reference auto insurance quotes or auto insurance websites.

**ANSWER:** OBJECTION: Plaintiff objects to this request as it is far in excess of the number (2) of sets of document requests permitted by permitted by Local Rule 26.1(c), without leave or court. Plaintiff further objects to this request as it is overbroad and not calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request noting that the Plaintiff was questioned at length at his deposition as to his internet use specific to auto

insurance, and has answered similarly themed interrogatories under oath. Plaintiff further objects to this request as it is overbroad, oppressive and not proportionate to the needs of this case. Subject to these objections and answering further, the sought-after invasion of Mr. Mantha's privacy is particularly egregious as discovery in this action, including depositions of the lead brokers and the actual subscribers to the IP addresses listed on Mr. Mantha's lead information, have proven that the lead did not come from Mr. Mantha, or from any computer with any IP address subscribed to Mr. Mantha, or to anyone associated with Mr. Mantha. As there is zero evidence that Mr. Mantha's computer or phone systems were used in any way to consent to the text telemarketing messages at issue, QuoteWizard's continued campaign to obtain access to these systems is pure harassment. Answering further, and consistent with his prior sworn testimony that he did not consent to receive telemarketing texts from QuoteWizard, and that he did not request auto insurance quotes from anyone in 2019, Plaintiff states that the requested documents do not exist.

PLAINTIFF,
By his attorneys

/s/Matthew P. McCue
Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, Massachusetts 01760
(508) 655-1415
(508) 319-3077 *facsimile*
mmccue@massattorneys.net

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

3

Edward A. Broderick
Broderick Law, P.C.
99 High St., Suite 304
Boston, MA 02110
(617) 738-7080
ted@broderick-law.com

Alex M. Washkowitz
Jeremy Cohen
CW Law Group, P.C.
188 Oaks Road
Framingham, MA 01701
alex@cwlawgrouppc.com

## CERTIFICATE OF SERVICE

    I, hereby certify that on October 21, 2020, I served the foregoing via e-mail to counsel of record.

                                                  /s/ Matthew P. McCue
                                                  Matthew P. McCue