UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOSEPH MANTHA, on behalf of himself
and all others similarly situated,

          Plaintiff,

v.

QUOTEWIZARD.COM, LLC,

          Defendant.

Civil Action No. 1:19-cv-12235-LTS

**PLAINTIFF'S RESPONSE, SUPPLEMENTAL RESPONSE, AMENDED SUPPLEMENTAL RESPONSE, AND SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT'S  REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 34, the Plaintiff, Joseph Mantha, hereby responds to the First Request for Production of Documents of the defendant QuoteWizard, LLC, as follows.

1.      Any and all documents referring to, evidencing, memorializing, or related to the factual allegations and events identified in your Complaint.

**ANSWER: <u>OBJECTION:</u>** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this request to the extent it seeks the production of documents unrelated to the issue of consent. Subject to these objections and answering further, Plaintiff states that all non-privileged responsive documents within Plaintiff's possession or control relating to the issue of consent will be produced.

**SUPPLEMENTAL ANSWER:** All non-privileged responsive documents within Plaintiff's possession or control related to the factual allegations and events identified in the Complaint have been produced in response to earlier requests.

2.      Any and all documents reviewed or relied upon in preparing the Complaint or which are identified therein.

**ANSWER: OBJECTION:** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this request to the extent it seeks the production of documents unrelated to the issue of consent. Subject to these objections and answering further, Plaintiff states that all non-privileged responsive documents within Plaintiff's possession or control relating to the issue of consent will be produced.

**SUPPLEMENTAL ANSWER:** All non-privileged responsive documents within Plaintiff's possession or control related to the factual allegations and events identified in the Complaint have been produced in response to earlier requests.

3.      Any and all correspondence, disclosures, memoranda, and other documents evidencing, memorializing, or relating to communications between Plaintiff and QuoteWizard concerning the events described in your Complaint.

**ANSWER: OBJECTION:** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this request to the extent it seeks the production of documents other than documents relating to consent. Subject to this reservation, Plaintiff states no documents relating to his consent to receive telemarketing texts from QuoteWizard are in his possession or control. Answering further, all correspondence between the Plaintiff and QuoteWizard was previously produced with Plaintiff's Automatic Disclosures.

**SUPPLEMENTAL ANSWER:** All non-privileged responsive documents within Plaintiff's possession or control related to the factual allegations and events identified in the Complaint have been produced in response to earlier requests.

2

4.      Any and all correspondence, disclosures, memoranda, and other documents evidencing, memorializing, or relating to communications relating to the events set forth in your Complaint between you and any third-party, excluding your attorneys.

**ANSWER: <u>OBJECTION:</u>** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this request to the extent it seeks the production of documents other than documents relating to consent. Subject to this reservation, Plaintiff states no documents relating to his consent to receive telemarketing texts from QuoteWizard are in his possession or control.

**SUPPLEMENTAL ANSWER:** All non-privileged responsive documents within Plaintiff's possession or control related to the factual allegations and events identified in the Complaint have been produced.

5.      Any and all documents evidencing or otherwise supporting any and all claims for damages suffered by Plaintiff.

**ANSWER: <u>OBJECTION:</u>** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this request to the extent it seeks the production of documents other than documents relating to consent.

**SUPPLEMENTAL ANSWER:** No responsive documents are in plaintiff's possession or control as the damages he seeks for Defendant's violation of the TCPA are set by statute.

6.      Any and all documents or materials that Plaintiff intends to use or introduce into evidence as an exhibit at the trial of this case.

**ANSWER: <u>OBJECTION:</u>** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling

Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this request to the extent it seeks the production of documents other than documents relating to consent. Subject to this reservation, Plaintiff states no documents relating to his consent to receive telemarketing texts from QuoteWizard. Subject to these objections, the plaintiff has yet to decide which documents he will use or introduce into evidence at the trial of this case on the issue of consent, and will supplement this request in accord with the Court's Trial Order.

**SUPPLEMENTAL ANSWER:** Plaintiff has yet to decide which documents he will use or introduce into evidence at the trial of this case and will supplement this request in accord with the Court's Trial Order.

7.      Any and all notes, journals, ledgers, diaries or other compilations maintained by Plaintiff for any reason documenting communications with or from QuoteWizard.

**ANSWER: <u>OBJECTION:</u>** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this request to the extent it seeks the production of documents other than documents relating to consent. Subject to this reservation, Plaintiff states no documents relating to his consent to receive telemarketing texts from QuoteWizard are in his possession or control.

**SUPPLEMENTAL ANSWER:** All non-privileged responsive documents within Plaintiff's possession or control related to the factual allegations and events identified in the Complaint have been produced in response to earlier requests.

8.      Any and all documents and other tangible items which were provided to, reviewed by, received from, considered by, or created by any expert witness retained or consulted by you or on your behalf with regard to the matters alleged in your Complaint.

**ANSWER: <u>OBJECTION:</u>** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this request to the extent it seeks the production of documents other than documents relating to consent. Subject to this reservation, Plaintiff objects to this request to the extent it seeks attorney work product. This response will be supplemented as appropriate.

**SUPPLEMENTAL ANSWER: <u>OBJECTION:</u>** Plaintiff objects to this request to the extent it seeks attorney work product. This response will be supplemented as appropriate to the extent Plaintiff intends to rely on expert testimony at trial.

9.    Any and all documents and other tangible items which discuss, estimate, summarize, calculate and/or itemize each and every type of actual, compensatory or punitive damages you allegedly have suffered as a result of the allegations of your Complaint.

**ANSWER: <u>OBJECTION:</u>** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this request to the extent it seeks the production of documents other than documents relating to consent.

**SUPPLEMENTAL ANSWER:** No responsive documents are in plaintiff's possession or control as the damages he seeks for Defendant's violation of the TCPA are set by statute.

10.    Monthly statements for each and every debit and credit card in your name or for which you had permission to use from June 29, 2019 to August 12, 2019.

**ANSWER: <u>OBJECTION:</u>** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this request to the extent it seeks the

5

production of documents other than documents relating to consent. Answering further, Plaintiff

is not in possession of any credit card statements having anything to do with QuoteWizard.

**SUPPLEMENTAL ANSWER: <u>OBJECTION:</u>** Plaintiff objects to this request as it not

reasonably calculated to lead to the discovery of admissible evidence, is overbroad, burdensome

and not proportionate to the needs of this case.

11.    The telephone records for 508-353-9690 from January 1, 2019 to present.

**ANSWER: <u>OBJECTION:</u>** At QuoteWizard's request, the initial discovery phase in this

case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling

Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this request to the extent it seeks the

production of documents other than documents relating to consent. Subject to these objections

and answering further, the Plaintiff will produce his phone records for August and September of

2019.

**SUPPLEMENTAL ANSWER: <u>OBJECTION:</u>** Plaintiff objects to this request as it not

reasonably calculated to lead to the discovery of admissible evidence, is overbroad, burdensome

and not proportionate to the needs of the case. Plaintiff has already produced multiple months of

phone bills, and will supplement with all bills in his possession or control from January 2019,

through September of 2019.

12.    Any and all documents evidencing or concerning your allegation that you used the

telephone number 508-353-9690 for residential or personal use only.

**ANSWER: <u>OBJECTION:</u>** At QuoteWizard's request, the initial discovery phase in this

case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling

Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this request to the extent it seeks the

production of documents other than documents relating to consent.

**SUPPLEMENTAL ANSWER: <u>OBJECTION:</u>**  Plaintiff objects to the extent the request it is vague, confusing and mischaracterizes the evidence. Answering further, responsive documents will be produced, or have been produced in response to other requests.

13.    Any and all documents evidencing that you used the telephone number 508-353-9690 for business or employment purposes.

**ANSWER: <u>OBJECTION:</u>** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this request to the extent it seeks the production of documents other than documents relating to consent. Subject to this objection,

**SUPPLEMENTAL ANSWER: <u>OBJECTION:</u>**  Plaintiff objects to the extent the request it is vague, confusing and mischaracterizes the evidence. Answering further, responsive documents will be produced, or have been produced in response to other requests.

14.    Any and all documents evidencing that you were the subscriber for the telephone number 508-353-9690 on August 5, 2019.

**ANSWER:<u> OBJECTION:</u>** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this request to the extent it seeks the production of documents other than documents relating to consent. Subject to this reservation, Plaintiff will produce a copy of his cell phone bill.

**SUPPLEMENTAL ANSWER:** Documents evidencing that the Plaintiff's phone bill is in his name have already been produced.

15.    Any and all documents evidencing, concerning, or relating to your allegation that you placed the telephone number 508-353-9690 on the National Do Not Call Registry.

**ANSWER:**  Plaintiff will produce the National Do Not Call Registry verification.

16.    Any and all documents evidencing that the telephone number 508-353-9690 was on the National Do Not Call Registry on August 5, 2019.

**ANSWER:**  Plaintiff will produce the National Do Not Call Registry verification for the above telephone number.

17.    Browser and search history for August 1st through 5, 2019 for any and all computers, cell phones, or other electronic devices used by you on or around that date.

**ANSWER: OBJECTION:** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this request to the extent it seeks the production of documents other than documents relating to consent to receive telemarketing texts from QuoteWizard. Plaintiff also objects to this request as it is burdensome and overbroad. Subject to these objections and answering further, there are no responsive documents on the browser or search history of Plaintiff's personal devices, including his lap top and cell phone, that evidence any visit to www.snappyautoinsurance.com on the date of the alleged consent, or at any time prior to the filing of this lawsuit.

**SUPPLEMENTAL ANSWER:**  There are no responsive documents on the browser or search history of any of Plaintiff's devices evidencing his internet usage going back to August of 2019. Plaintiff further confirms that he personally checked his browser and search histories on all devices and can so confirm on his personal knowledge.

**SECOND SUPPLEMENTAL ANSWER:**  In accord with the Court's Order of October 9, 2020 (ECF #109), after a search of extracted data, there are no responsive documents on the browser or search history of any of Plaintiff's imaged devices evidencing his internet usage for August 1st through August 5th, 2019.

18.    Any and all documents showing, evidencing, or referencing the IP address for any and all computers, cell phones, or other electronic devices used by you on August 5, 2019.

**ANSWER: <u>OBJECTION:</u>** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this request to the extent it seeks the production of documents other than documents relating to consent to receive telemarketing texts from QuoteWizard. Plaintiff also objects to this request as it is burdensome and overbroad. Plaintiff objects to this request as it is burdensome and overbroad. Subject to these objections and answering further, the plaintiff is not in possession or any responsive documents that confirm any connection whatsoever between Plaintiff and the IP address XYZ, the IP address that was allegedly used to consent to the text calls at issue.

**SUPPLEMENTAL ANSWER:** Responsive documents evidencing the IP addresses assigned to Plaintiff's devices will be produced subject to Judge Sorokin's Confidentiality Order and, under no circumstances are to be disclosed to anyone other than defense litigation counsel..

19.    Any and all documents evidencing your physical location on August 5, 2019.

**ANSWER:** No responsive documents are in plaintiff's possession or control.

20.    A copy of your auto insurance policy and renewal for 2019 and 2020.

**ANSWER: <u>OBJECTION:</u>** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this request to the extent it seeks the production of documents other than documents relating to consent to receive telemarketing texts from QuoteWizard.

**SUPPLEMENTAL ANSWER: <u>OBJECTION:</u>** Plaintiff objects to this request as it not reasonably calculated to lead to the discovery of admissible evidence, is overbroad and burdensome and not proportionate to the needs of this case.

21.    A copy of your business cards from your employment from January 1, 2019 to present.

**ANSWER: <u>OBJECTION:</u>** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this request to the extent it seeks the production of documents other than documents relating to consent to receive telemarketing texts from QuoteWizard. Plaintiff also objects to this request as it is burdensome and overbroad.

**SUPPLEMENTAL ANSWER:** Responsive documents will be produced.

22.    Any documentation from your employer evidencing your contact information from January 1, 2019 to the present.

**ANSWER: <u>OBJECTION:</u>** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this request to the extent it seeks the production of documents other than documents relating to consent to receive telemarketing texts from QuoteWizard. Plaintiff also objects to this request as it is burdensome and overbroad.

**SUPPLEMENTAL ANSWER: <u>OBJECTION:</u>** Plaintiff objects to this request as it is vague and confusing and calls for the Plaintiff to produce documents that are not in his possession or control.

23.    Any correspondence between you and anyone else regarding auto insurance from January 1, 2019 to present.

**ANSWER: OBJECTION:** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this request to the extent it seeks the production of documents other than documents relating to consent to receive telemarketing texts from QuoteWizard. Plaintiff also objects to this request as it is burdensome and overbroad. Subject to these objections and answering further, Plaintiff states that no such responsive documents exist that would evidence his consent to receive telemarketing texts from QuoteWizard.

**SUPPLEMENTAL ANSWER: OBJECTION:** Plaintiff objects to this request as it not reasonably calculated to lead to the discovery of admissible evidence, is overbroad, burdensome and not proportionate to the needs of the case.

24.     Any and all documents concerning, evidencing, or relating to your assertion that the consent provided by Joseph Mantha on www.snappyautoinsurance.com on August 5, 2019 was fraudulent.

**ANSWER: OBJECTION:** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this request to the extent it seeks the production of documents other than documents relating to consent to receive telemarketing texts from QuoteWizard. Plaintiff objects on the grounds that documents responsive to this request would be protected by Attorney-Client Privilege and/or Attorney Work Product Doctrine. Plaintiff has previously produced his declaration attesting to the fact that the consent alleged in this case is fraudulent.

11

**SUPPLEMENTAL ANSWER:** All documentation evidencing Plaintiff's belief that the defendant's consent defense is based on a fraudulent document are already in Defendant's possession or control.

25.     Any and all documents evidencing that you requested an auto insurance quote from anyone in 2019 or 2020.

**ANSWER: <u>OBJECTION:</u>** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this request to the extent it seeks the production of documents other than documents relating to consent to receive telemarketing texts from QuoteWizard. Plaintiff also objects to this request as it is burdensome and overbroad. Subject to these objections and answering further, Plaintiff states that no such documents exist.

**SUPPLEMENTAL ANSWER:** No responsive documents are in plaintiff's possession or control.

26.     Documents evidencing the IP address for all electronic devices that you own or have permission to use.

**ANSWER:** Plaintiff objects to this request as it is burdensome and overbroad. Plaintiff has searched his personal devices and can confirm that no responsive documents exist relating to the IP Address allegedly used to consent to the telemarketing texts at issue.

**SUPPLEMENTAL ANSWER:**  Responsive documents will be produced subject to confidentiality designation as Attorneys Eyes Only.

27.     Copies of the text messages between you and QuoteWizard.

**ANSWER:** Responsive documents have already been produced.

28.    Copies of any correspondence you had with anyone else concerning your communications with QuoteWizard.

**ANSWER: <u>OBJECTION:</u>** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this request to the extent it seeks the production of documents other than documents relating to consent to receive telemarketing texts from QuoteWizard. Plaintiff objects as the only correspondence responsive to this request is protected by the Attorney-Client Privilege and/or Attorney Work-Product Doctrine. Subject to these objections, the communications between plaintiff, or his counsel, and QuoteWizard have already been produced.

**SUPPLEMENTAL ANSWER:**  All non-privileged documents have previously been produced.

29.    Copies of any auto insurance quotes you received in 2019 or 2020.

**ANSWER: <u>OBJECTION:</u>** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this request to the extent it seeks the production of documents other than documents relating to consent to receive telemarketing texts from QuoteWizard. Plaintiff states that no such responsive documents exist that relate to or support the contention that he consented to receive telemarketing texts from QuoteWizard.

**SUPPLEMENTAL ANSWER:** Plaintiff states that no such responsive documents exist.

30.    Any and all documents that support your allegation that QuoteWizard violated the Telephone Consumer Protection Act knowingly and/or willfully.

**ANSWER: OBJECTION:** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this request to the extent it seeks the production of documents other than documents relating to consent to receive telemarketing texts from QuoteWizard.

**SUPPLEMENTAL ANSWER:** Documents that would evidence whether QuoteWizard's violation of the TCPA was knowing and willful are exclusively in the possession of QuoteWizard and have not yet been produced in discovery.

31.    Browser and search history from June 25 through June 27, 2019 for any and all computers, cell phones, or other electronic devices used by you on or around those dates.

**ANSWER:** No responsive documents are in plaintiff's possession or control.

**SUPPLEMENTAL ANSWER:** There are no responsive documents on the browser or search history of any of Plaintiff's devices evidencing his internet usage going back to June of 2019. Plaintiff further confirms that he personally checked his browser and search histories on all devices and can so confirm on his personal knowledge.

**SECOND SUPPLEMENTAL ANSWER:**  In accord with the Court's Order of October 9, 2020 (ECF #109), after a search of extracted data, there are no responsive documents on the browser or search history of any of Plaintiff's imaged devices evidencing his internet usage for June 25, 2019 through June 27, 2019.

32.    Any and all documents evidencing the vehicle(s) you owned or drove, or anyone else in your household owned or drove, as of June 25, 2019 through August 5, 2019.

**ANSWER: OBJECTION:** Plaintiff objects to this request to the extent it is not calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL ANSWER:** In accord with Judge Sorokin's Order (ECF #75), Plaintiff is not in possession of responsive documents as between June 25, 2019 through August 5, 2019, neither Plaintiff nor any member of his family owned a Chevrolet Trailblazer.

**AMENDED SUPPLEMENTAL ANSWER:** Plaintiff is not in possession of responsive documents as between June 25, 2019 through August 5, 2019, neither Plaintiff nor any member of his household owned or drove a Chevrolet Trailblazer.

33.    Any and all documents showing, evidencing, or referencing the IP address for any and all computers, cell phones, or other electronic devices used by you on June 25, 26, and 27, 2019.

**ANSWER: OBJECTION:** Plaintiff objects to this request to the extent it is not calculated to lead to the discovery of admissible evidence. Answering further, the Defendant has claimed from the outset of this case that it was in possession of evidence purportedly proving that Plaintiff provided his prior express written consent to receive telemarketing calls from the Defendant. The Plaintiff has alleged since the outset of this case that the purported consent evidence upon which QuoteWizard relies- and upon it which it has threatened counsel with Rule 11 sanctions for purportedly advancing a frivolous claim- was a fraud, fabricated by unknown third parties from whom the Defendant purchased data it then used for telemarketing purposes. Notably, the IP addresses on all of the documents so far produced in discovery in support of a consent claim, do not match the IP address assigned to the consumer's home computer. The Defendant now seeks to obtain discovery as to the Plaintiff's ISP provider in an effort to discover his IP Address. Plaintiff objects and notes that, given the fraudulent conduct that gave rise to QuoteWizard's original claim of consent, there is a significant danger that the production of Plaintiff's IP address will be used by vendors of QuoteWizard- who it has threatened with indemnification claims- to fabricate additional "consent documents" that will now magically

contain Plaintiff's IP address, and will be offered to this Court in further support of Defendant's consent claim.

**SUPPLEMENTAL ANSWER:** Responsive documents will be produced subject to a confidentiality designation as Attorneys Eyes Only.

34.    Any and all documents evidencing your physical location on June 26, 2019.

**ANSWER:** No responsive documents are in plaintiff's possession.

35.    Any and all documents concerning, evidencing, or relating to an assertion that consent provided by Joseph Mantha on www.snappyautoinsurance.com on June 26, 2019 was fraudulent.

**ANSWER:** All responsive documents are already in Defendant's possession.

36.    Any and all documents showing, evidencing, relating to, or concerning the name of your home internet service provider (ISP) in June through August, 2019.

**ANSWER:    OBJECTION:** Plaintiff objects to this request to the extent it is not calculated to lead to the discovery of admissible evidence. Answering further, the Defendant has claimed from the outset of this case that it was in possession of evidence purportedly proving that Plaintiff provided his prior express written consent to receive telemarketing calls from the Defendant. The Plaintiff has alleged since the outset of this case that the purported consent evidence upon which QuoteWizard relies- and upon it which it has threatened counsel with Rule 11 sanctions for purportedly advancing a frivolous claim- was a fraud, fabricated by unknown third parties from whom the Defendant purchases data it then uses for telemarketing purposes. Notably, the IP addresses on all of the documents so far produced in discovery in support of a consent claim, do not match the IP address assigned to the consumer's home computer. The Defendant now seeks to obtain discovery as to the Plaintiff's ISP provider in an effort to discover his IP Address. Plaintiff objects and notes that, given the fraudulent conduct that gave rise to

16

QuoteWizard's original claim of consent, there is a significant danger that the production of Plaintiff's IP address will be used by vendors of QuoteWizard- who it has threatened with indemnification claims- to fabricate additional documents "consent documents" that will now magically contain Plaintiff's IP address, and will be offered to this Court in further support of Defendant's consent claim.

**SUPPLEMENTAL ANSWER:** Responsive documents are already in Defendant's possession.

38.     Any and all documents showing, evidencing, relating to, or concerning the IP address associated with your home internet service in June through August, 2019.

**ANSWER:** **OBJECTION:** Plaintiff objects to this request to the extent it is not calculated to lead to the discovery of admissible evidence. Answering further, the Defendant has claimed from the outset of this case that it was in possession of evidence purportedly proving that Plaintiff provided his prior express written consent to receive telemarketing calls from the Defendant. The Plaintiff has alleged since the outset of this case that the purported consent evidence upon which QuoteWizard relies- and upon it which it has threatened counsel with Rule 11 sanctions for purportedly advancing a frivolous claim- was a fraud, fabricated by unknown third parties from whom the Defendant purchases data it then uses for telemarketing purposes. Notably, the IP addresses on all of the documents so far produced in discovery in support of a consent claim, do not match the IP address assigned to the consumer's home computer.  The Defendant now seeks to obtain discovery as to the Plaintiff's ISP provider in an effort to discover his IP Address.  Plaintiff objects and notes that, given the fraudulent conduct that gave rise to QuoteWizard's original claim of consent, there is a significant danger that the production of Plaintiff's IP address will be used by vendors of QuoteWizard- who it has threatened with indemnification claims- to fabricate additional documents "consent documents" that will now

magically contain Plaintiff's IP address, and will be offered to this Court in further support of Defendant's consent claim.

      **SUPPLEMENTAL ANSWER:** Responsive documents will be produced subject to the Protective Order agreed to by the parties under an Attorneys Eyes Only designation.

                    PLAINTIFF,
                    By his attorneys

                    */s/Matthew P. McCue*
                    Matthew P. McCue
                    The Law Office of Matthew P. McCue
                    1 South Avenue, Suite 3
                    Natick, Massachusetts 01760
                    (508) 655-1415
                    (508) 319-3077 *facsimile*
                    mmccue@massattorneys.net

                    Anthony I. Paronich
                    Paronich Law, P.C.
                    350 Lincoln Street, Suite 2400
                    Hingham, MA 02043
                    (508) 221-1510
                    anthony@paronichlaw.com

                    Edward A. Broderick
                    Broderick Law, P.C.
                    99 High St., Suite 304
                    Boston, MA  02110
                    (617) 738-7080
                    ted@broderick-law.com

                    Alex M. Washkowitz
                    Jeremy Cohen
                    CW Law Group, P.C.
                    188 Oaks Road
                    Framingham, MA 01701
                    alex@cwlawgrouppc.com

## CERTIFICATE OF SERVICE

      I, hereby certify that on October 23, 2020, I served the foregoing via e-mail to counsel of record.

_/s/ Matthew P. McCue_
Matthew P. McCue