UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MANTHA, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>QUOTEWIZARD.COM, LLC,<br><br>Defendant. | Civil Action No. 1:19-cv-12235-LTS |

**DEFENDANT'S MOTION TO ENFORCE THE PORTION OF ECF NO. 132 REQUIRING THE PRODUCTION OF DOCUMENTS BY PLAINTIFF TO REQUIRE PLAINTIFF TO PRODUCE UNREDACTED DOCUMENTS**
**(Memorandum Incorporated)**

Now Comes Defendant QuoteWizard.com, LLC ("QuoteWizard") and hereby moves to enforce the portion of ECF No. 132 that required Plaintiff Joseph Mantha ("Mantha") to produce certain documents. Specifically, QuoteWizard requests that the Court order Mantha to produce unredacted documents produced by his counsel on February 3, 2021, Bates Stamped Mantha000557-577. QuoteWizard also respectfully requests that the Court order Mantha to produce all other responsive documents regardless of claimed non-relevancy.

The documents at issue herein were first requested by QuoteWizard in May 2020, were required by the Court to be produced by October 23, 2020 and then again by February 1, 2021, but were only produced for the first time on February 3, 2021, with the majority thereof redacted. The new, previously withheld evidence is extremely relevant and bears on material issues in the case. Mantha should produce the documents forthwith, unredacted and unobscured.

## PROCEDURAL BACKGROUND

This Motion primarily relates to text messages between Mantha and his friend (and a designated witness in this case), Steven Novia. Mantha and Mr. Novia collectively testified at their respective depositions that they had spoken about the Telephone Consumer Protection Act ("TCPA") <u>before</u> Mantha received the text messages from QuoteWizard at issue in this case (as a means to recover money from companies); that Mr. Novia helped Mantha respond to the messages from QuoteWizard; and that Mr. Novia later referred Mantha to his lawyers in this case, whom Mr. Novia had previously engaged relating to the TCPA. Their primary means of communication was by text message.

On April 28, 2020, QuoteWizard served its first set of requests for documents, asking for, among other things, all communications between Mantha and any third party concerning the subject matter of this suit. No text messages between Mantha and Mr. Novia were produced.

Once it was specifically revealed that Mantha and Mr. Novia had texted about this case, QuoteWizard served on August 14, 2020 its fourth set of requests for documents, this time specifically asking for all communications between Mantha and Mr. Novia that related to the TCPA, the text messages from QuoteWizard, or this case generally. No text messages between Mantha and Mr. Novia were produced by Mantha at that time either.

In the meantime, by way of Mantha's answers to QuoteWizard's first set of interrogatories served on May 24, 2020, QuoteWizard learned that Mantha had engaged a forensics analyst to scan, image, and search Mantha's personal laptop and iPhone. On October 9, 2020, the Court ruled that the "imaging" (copies) of the devices constituted documents/information within Mantha's possession, custody, or control for the purposes of responding to discovery. *See* ECF No. 109. As such, the Court ordered Mantha "to search the extracted data and supplement his

responses either with additional discovery or by noting there are no further responsive documents after a search of the extracted data" **by October 23, 2020**. *See id*. Even at this juncture, Mantha *still* did not produce any text messages between Mantha and Mr. Novia.

QuoteWizard continued to seek relevant documents and information from the imaging of Mantha's devices. For example, QuoteWizard knew that Mantha and Mr. Novia had texted about the case because both men testified to this fact at their depositions, yet no text messages had ever been produced. Upon request [ECF No. 128] and after hearing, on January 11, 2021, this Court (Kelley, M.J.) ordered Mantha to produce the following documents: "Regarding # 128, plaintiff shall go through the data that was extracted by his expert from his electronic devices and produce information that is responsive to all discovery requests from QuoteWizard." *See* ECF No. 132. The required production was due by February 1, 2021. *See id*. As noted above, this was actually supposed to have been completed by October 23, 2020 under Judge Sorokin's prior Order. *See* ECF No. 109.

In response to this Order, Mantha's counsel produced late, on February 3, 2021, <u>new</u> documents Bates Stamped Mantha000557-577, which were portions of a text message thread between Mantha and Mr. Novia. *See* **Exhibit 1 –** *Documents Produced in Response to ECF No. 132*. Mantha's counsel explained that the text messages came from the imaging done by the forensics analyst of Mantha's phone. Yet, this imaging was in Mantha's possession as of (at least) May 2020, and Mantha's counsel had failed to produce the text messages earlier (1) in response to a direct request from QuoteWizard (via the fourth set of document requests) or (2) in compliance with ECF No. 109 by October 23, 2020. The text messages were also not disclosed via initial disclosures or otherwise.

Notwithstanding that Mantha had withheld such text messages long after they were ordered to be produced, many of these text messages are redacted for content by Mantha's counsel (*see* Ex. 1, Bates Stamp Mantha000557, 560).

In addition, seventeen (17) of twenty-one (21) pages were redacted such that even the dates and times of the text messages are obscured, in addition to their content (*see id.*, Bates Stamp Mantha000561-577). No privilege log was provided with the documents. Moreover, the Bates Stamps do not line up with the page numbers in the documents, and there appear to be pages missing therefrom. Mantha's counsel marked the documents "Confidential." The Parties had earlier agreed to use Judge Sorokin's standard Protective Order for confidential documents, and it appears that Mantha was invoking this for the documents at issue.

QuoteWizard's counsel promptly asked Mantha's counsel if the redactions were based on purported privilege and asked that a privilege log be provided if that was the case; but given that the text messages were between Mantha and a friend, no apparent privilege would apply. Mantha's counsel responded that the redactions were based on purported non-relevancy of the messages that had been redacted and/or obscured from view. QuoteWizard's counsel requested that the entirety of the documents be produced to it unredacted, but Mantha's counsel has refused. *See* **Exhibit 2 – *E-mail Chain Between Counsel*.** Therefore, QuoteWizard files this Motion asking that Mantha produced an unredacted, full copy of the documents.

The portion of the text message thread that Mantha's counsel did not redact constitutes new evidence that QuoteWizard fairly characterizes as bombshells. These messages were required to be produced last year and certainly no later than October 23, 2020. *See* ECF No. 109. In the messages,[1] Mantha and Mr. Novia discuss Mantha retaining his lawyers in this case in connection

---

[1] The messages are dated March 30, 2020, but this is likely when the forensics analyst extracted them from Mantha's phone, not when they were sent/received in real time (as they appear to be from prior to the filing

with the messages from QuoteWizard.  The messages shed light on Mantha's motivation for filing the suit which, in turn, bears on (among other things) his lack of prudential and Article III standing to prosecute this case individually or as a class representative.[2]  More specifically, the messages make clear that this is a "game" for Mantha to "get paid," not an instance where a consumer was legitimately harmed by an allegedly illegal communication that the TCPA is designed to redress.

For example, Mr. Novia tells Mantha to get in touch with his lawyers to "get paid"; that he can get "life changing money"; and that it is a "game" and that Mantha needs to "let it play out." *See* Ex. 1, Bates Stamp Mantha000559-60.  Mantha indicates that he is not sure about the strength of his case and he might have to be paired with another plaintiff to accomplish that.  *See id.*

This evidence is extremely relevant not only to whether Mantha consented to receive the messages from QuoteWizard in order to set QuoteWizard up for liability, but whether he has constitutional or prudential standing to recover any damages under the TCPA or be a class representative.  Courts have found that persons who treat the TCPA as a money-generating scheme and are not actually seeking to vindicate harm done to them lack standing to pursue their claims. *See*, *e.g.*, *Garcia v. Credit One Bank, N.A.*, 2020 U.S. Dist. LEXIS 136881, at *6-9 (D. Nev. July 31, 2020) (plaintiff who filed TCPA suit as "part of a scheme to generate revenue" lacked constitutional or prudential standing to pursue TCPA claims).

Notwithstanding the impermissible redactions, QuoteWizard did not receive this extremely relevant evidence when it was required to be produced—which was absolutely no later than

---

of the lawsuit in late 2019).  QuoteWizard would need to depose the forensics analyst on this point and related points.

[2] As affirmative defenses, QuoteWizard pleaded, among other defenses relevant herein, lack of Article III standing, lack of prudential standing under the TCPA, unclean hands, estoppel, waiver, and other defenses that are relevant to Mantha answering the text messages at issue herein, requesting further communications, not opting out, and not suffering any injury or harm.

5

October 23, 2020.  *See* ECF No. 109.  As a consequence, QuoteWizard was not able to reference the text messages when deposing Mantha or Mr. Novia.  As noted, the Court had ordered Mantha to produce all responsive information appearing on the imaging by October 23, 2020; Mantha did <u>not</u> produce these text messages in compliance with that Order (despite that the messages had been specifically requested back in August 2020), but now only produces <u>redacted</u> portions of the messages in response to a <u>second</u> Court Order requiring it.  *See* ECF No. 132.

Based on Mantha's and Mr. Novia's deposition testimony, additional text messages between the two that are relevant to the TCPA, the text messages from QuoteWizard, or this case exist but have not been disclosed or produced.  For example, Mr. Novia testified at his deposition that, at the time Mantha received the text messages at issue from QuoteWizard's agent in December 2019, Mr. Novia texted Mantha to confirm that they would be covered by the TCPA.  Mantha testified at his deposition that he and Mr. Novia texted about QuoteWizard's messages, as Mr. Novia helped coach Mantha on how to respond to them.  These additional text messages have not been produced by Mantha (or Mr. Novia) to date; it is possible they appear on the documents Bates Stamped Mantha000557-577 or somewhere else on the imaging of Mantha's iPhone.  Without access to the same, QuoteWizard is unable to discern what Mantha has produced and what he is withholding.

## ARGUMENT & AUTHORITIES

Notwithstanding that Mantha failed to produce the text messages in compliance with earlier requests and ECF No. 109, the primary basis of the instant motion is to obtain forthwith the <u>full</u>, <u>unredacted</u> version of these documents Bates Stamped Mantha 000557-577, which Mantha's counsel purported to redact on relevancy grounds.

It is well-settled that counsel cannot unilaterally redact documents, as Mantha's counsel did here, on the purported basis of lack of relevancy. *See*, *e.g.*, *Bartholomew v. Avalon Capital Group, Inc.*, 278 F.R.D. 441, 451 (D. Minn. 2011) ("Redaction is an inappropriate tool for excluding alleged irrelevant information from documents that are otherwise responsive to a discovery request."); *Engage Healthcare Communs., LLC v. Intellisphere, LLC*, 2017 U.S. Dist. LEXIS 135101, at *10-11 (D.N.J. April 25, 2017) ("[U]nilateral redactions based on one party's subjective view of relevancy are improper"); *Evon v. Law Offices of Sidney Mickell*, 2010 U.S. Dist. LEXIS 20666, 2010 WL 455476, at *2 n.1 (E.D. Cal. 2010) ("Redaction is, after all, an alteration of potential evidence" and "a party should not take it upon him, her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed, and what might be useless to the case."); *Beverage Distributors, Inc. vs. Miller Brewing Co.*, 2010 WL 1727640, at *4 (S.D. Ohio Apr. 28, 2010) (no allowance under Rules of Civil Procedure for a procedure allowing "a party [to] scrub responsive documents of nonresponsive information." (quotation and citation omitted)).

Thus, in this District as in others, parties who have redacted documents on relevancy grounds must produce the unredacted documents. *See*, *e.g.*, *Sexual Minorities of Uganda v. Lively*, 2015 WL 4750931, at * 5 (D. Mass. Aug. 10, 2015) (counsel cannot unilaterally redact "documents that are responsive and contain some relevant information" absent privilege, particularly where a protective order protects the dissemination of sensitive information) ("Accordingly, to the extent Plaintiff has made redactions from documents it produced on the grounds that the redacted information was not, in its view, relevant, those documents will be produced without redactions except to the extent that those documents contain privileged material."); *Aronstein v. Massachusetts Mut. Life Ins. Co.*, 2017 WL 2818993, at *5 (D. Mass. June 29, 2017) (same).

There are myriad and good reasons for the rule that attorneys cannot redact alleged irrelevant portions of a document: counsel might take a too narrow view of what is "relevant" to a case or might simply not understand the relevancy to opposing counsel's eye, or the redactions might deprive the reader of helpful context. *See Lively*, 2015 WL 4750931, at *5; *Bartholomew*, 278 F.R.D. at 451 ("Irrelevant information within a document that contains relevant information may be highly useful to providing context for the relevant information.").

But regardless of why, the rule is clear: unilateral redactions of documents based on claimed non-relevancy are not proper and can even be sanctionable. *See*, *e.g.*, *In re FedEx Ground Package Sys., Inc. Empl. Practices Litig.*, 2007 U.S. Dist. LEXIS 1865, 2007 WL 79312, at *5 (N.D. Ind. 2007) ("[T]he Federal Rules provide no procedural device for unilateral redaction by a party and it is a procedure that is not favored."). A party cannot "take it upon him, her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed, and what might be useless to the case." *Live Nation Merch., Inc. v. Miller*, 2014 WL 1877912, at *3 (N.D. Cal. May 9, 2014) (internal quotation omitted).

Thus, Mantha must produce the entirety of the document Bates Stamped Mantha000557-577 unredacted, as required by the Rules. Mantha's unilateral redactions are rendered further improper, and inexplicable, based on the fact that Mantha produced the documents marked "Confidential." Assuming this was an attempt to invoke the Parties' agreed-upon Protective Order, then the text messages would already be protected from dissemination outside this litigation, and there would be even less reason to redact the messages. *See Aronstein*, 2017 WL 2818993, at *5 ("[T]he parties have entered into a [confidentiality agreement] that will protect against the dissemination of confidential business information or its use for any purpose other than this litigation, further diminishing the risk of prejudice to the producing party.").

Based on the foregoing, QuoteWizard respectfully requests that the Court require Mantha to produce, unredacted and unobscured, all text messages between Mantha and Mr. Novia in Mantha's possession, custody, and control, to include the documents Bates Stamped Mantha000557-577, and all other such text messages appearing on the imaging of Mantha's iPhone or otherwise.

QuoteWizard also respectfully requests an Order requiring Mantha to produce, or at the very minimum identify to the Court, all other responsive information and communications appearing on the imaging of Mantha's laptop and iPhone. Given that Mantha failed to produce the documents attached here as Exhibit 1 until February 3, 2021 despite that they were requested in May 2020 and initially ordered to be produced by October 23, 2020, it is possible that Mantha may be withholding additional responsive documents on claimed grounds of non-relevancy. It is critical that QuoteWizard obtain all information and documents that are *objectively* relevant to the claims, defenses, and this case, not subject to Mantha's counsel unilaterally withholding any such documents on the basis of claimed non-relevancy.[3]

## CONCLUSION

WHEREFORE, QuoteWizard respectfully requests an Order requiring Mantha to produce the documents Bates Stamped Mantha000557-577 unredacted and in full, and produce all other documents or information appearing on the imaging of Mantha's laptop and iPhone that are

---

[3] QuoteWizard served a total of 52 document requests, plus requests for admission and interrogatories. It seems unlikely that a mere 21 pages of text messages with one person (Mr. Novia) would be all that is responsive from the entirety of Mantha's personal laptop and iPhone systems. QuoteWizard allows for the possibility/likelihood that Mantha may be withholding additional responsive documents or information on claimed grounds of non-relevancy. For the reasons stated, he should be ordered to produce any and all documents and information arguably responsive to QuoteWizard's requests or arguably relevant to this case. If Mantha's counsel believes this is too time-consuming, he should be required to produce the entirety of the imaging.

responsive to any discovery request made in this case, whether or not Mantha's counsel deems such documents or information relevant.

Respectfully submitted,

QuoteWizard.com, LLC,
By its attorneys,

*/s/ Christine M. Kingston*
Kevin P. Polansky (BBO #667229)
kevin.polansky@nelsonmullins.com
Christine M. Kingston (BBO #682962)
christine.kingston@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, MA 02111
(t) (617)-217-4700
(f) (617) 217-4710

Dated: February 17, 2021

## LR 7.1 CERTIFICATION

I, Christine M. Kingston, hereby certify that, pursuant to LR 7.1, I made a good faith effort to narrow or resolve the issues raised by this Motion by conferring with Plaintiff's counsel by telephone on February 8, 2021 and by e-mail on February 4, 5, and 10, 2021. However, we were unable to narrow or resolve the issues.

Dated: February 17, 2021                                              */s/ Christine M. Kingston*

## CERTIFICATE OF SERVICE

I, Christine M. Kingston, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: February 17, 2021                                              */s/ Christine M. Kingston*