# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MANTHA, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>QUOTEWIZARD.COM, LLC,<br><br>Defendant. | Civil Action No. 1:19-cv-12235-LTS<br><br><br>**LEAVE TO FILE GRANTED<br>ON FEBRUARY 19, 2021<br>[ECF No. 142]** |

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS OBJECTIONS TO ECF NO. 132

Defendant QuoteWizard.com, LLC ("QuoteWizard") respectfully submits its Reply to Plaintiff Joseph Mantha's ("Plaintiff") Opposition to its Objections, under Fed. R. Civ. P. 72(a), to the challenged portion of ECF No. 132.

### A. QuoteWizard's Objections are Timely and Properly Before the Court; As Such, They Must be Considered

Plaintiff misrepresents the record in arguing that QuoteWizard's objections are either untimely or waived. QuoteWizard's Objections to ECF No. 132 are timely and properly before the Court. The subject hearing was held, and the Clerk's Notes issued, on January 11, 2021, and QuoteWizard's Objections were filed and docketed within fourteen days thereof, on January 25, 2021. *See* ECF Nos. 132, 133. The Objections are timely and proper, and therefore must be considered. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy. … The district judge in the case ***must consider*** timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." (emphasis added)).

Plaintiff relies on a false narrative to claim otherwise. He contends that the 46,000 consumer communications were ordered to be produced by way of ECF No. 112, issued on October 19, 2020, and that QuoteWizard failed to object to that order and waived its objections. This is contrary to the record, Plaintiff's own prior filings, and the facts; it is simply false.

After briefing [ECF No. 104] and a hearing, Magistrate Judge Kelley ordered QuoteWizard to produce "do not call" requests (*see* ECF No. 112); at all relevant times, this was treated <u>by both parties</u> as records of the actual requests, not the underlying consumer communications that triggered Drips Holdings, LLC ("Drips") to classify the consumer communications as a "do not call" request. QuoteWizard complied and produced these records.

Plaintiff did not complain that QuoteWizard was required to produce the 46,000 consumer communications underlying the requests. Rather, in a joint discovery dispute filing submitted to the Court, Plaintiff complained that the lists were redacted to protect consumers' private telephone numbers, and sought to understand what QuoteWizard had done in response to the requests. *See* ECF No. 124, pp. 8-9. <u>Plaintiff did not ask the Court for the 46,000 consumer communications underlying the requests, or suggest that QuoteWizard had been required to produce those</u>. *See generally* ECF No. 124. Nor did Plaintiff seek to enforce ECF No. 112 on the alleged ground that QuoteWizard had not complied with it. *See id*.

Rather, as explained in QuoteWizard's Objections, Plaintiff improperly presented that request to the Court for the first time in an extraneous, ex parte, unauthorized weekend filing with no prior notice to QuoteWizard—ECF No. 126. It is inexplicable that, after the Parties filed their Joint Report, Plaintiff's counsel attempted to expand the record through this filing, which the Court's staff docketed as a "Letter/request" that falls outside of the Local Rules.[1] It was in that

---

[1] ECF No. 126 should be stricken from the record or at the very least not considered. The extraneous filing is not a motion and otherwise does not comply with the Court's Local Rules. It also clearly violates the

document that Plaintiff, for the first time, directly requested the 46,000 communications themselves. *See* ECF No. 126, p. 5 (requesting that Court order QuoteWizard to produce "[t]he substantive comments relating to the 46,000 Do Not Call requests made by consumers who received telemarketing texts from Drips on behalf of QuoteWizard."). The Court will not find anywhere in the record an actual discovery request made by Plaintiff to QuoteWizard for these documents. Thus, Plaintiff's argument that QuoteWizard was earlier compelled to produce these records, and failed to object and/or waived the right to object, is false. Plaintiff never sought through proper channels, and never received allowance for, the 46,000 consumer communications from QuoteWizard prior to the issuance of ECF No. 132.

Plaintiff's arguments about waiver and untimeliness are rendered further baseless by the fact that Plaintiff's counsel was on notice all along that QuoteWizard does not have, and lacks means to access, the 46,0000 consumer communications. As just one example, QuoteWizard's counsel told Plaintiff's counsel of this fact in writing *before* Plaintiff's counsel furtively requested those exact same records from QuoteWizard directly for the first time. *See* ECF No. 126-1, Dec. 16, 2020 E-mails (informing Plaintiff's counsel that QuoteWizard does not have these communications; "[t]hat information was not redacted from the DNC list and is not provided from Drips to [QuoteWizard], unless there is a specific request for that information like in the case of Mantha.").

In short, Plaintiff's counsel cannot complain about QuoteWizard not properly lodging objections to a discovery request that was never served. Thus, putting aside Plaintiff's

---

letter and spirit of the discovery dispute process in this case, which requires joint coordination and filing. Here, the Parties collaborated on a joint filing [ECF No. 124] and filed the same. Plaintiff sought to gain an advantage by then filing ECF No. 126 with no notice to QuoteWizard. Since the filing was not a motion, there was no proper channel for QuoteWizard to respond to this filing. The Magistrate Judge expressly cited to and relied on this improper filing in issuing the challenged portion of ECF No. 132. This was a clear violation of QuoteWizard's litigation rights.

misrepresentations about the procedural background, QuoteWizard's Objections to ECF No. 132 are timely and properly before the Court. *See* ECF Nos. 132, 133. *See also* Fed. R. Civ. P. 72(a).[2]

### B. Plaintiff Concedes That the Records are Not in QuoteWizard's Possession or Custody; Plaintiff's Arguments about Control Are Both Wrong and Irrelevant

Next, Plaintiff asks this Court to ignore the undisputed, unequivocal evidence that QuoteWizard does not have the 46,000 communications in its possession, custody, or control. While conceding that QuoteWizard does not have the records in its possession currently, Plaintiff presses this Court to find that QuoteWizard could obtain the records from Drips by way of their business relationship or pursuant to their contract.

In making this argument, Plaintiff (inadvertently) highlights the error in the challenged portion of ECF No. 132: Plaintiff agrees with QuoteWizard (as he must) that the records are <u>not</u> in QuoteWizard's possession or custody. As such, the burden was on Plaintiff to prove that QuoteWizard had *control* over records in Drips's physical possession/custody; this was not a showing that Plaintiff attempted to make, much less one that was actually made or found on the record. As noted in the Objections, ECF No. 132 improperly *assumes* that the records are in QuoteWizard's possession, custody, or control despite the undisputed evidence to the contrary. This error alone, one that Plaintiff clearly endorses in his Response, is enough to sustain QuoteWizard's Objections to the challenged portion of ECF No. 132.

Moreover, Plaintiff's various arguments that QuoteWizard could obtain the records from Drips on demand are profoundly absurd in light of Drips's written position that it refuses to make the records available to QuoteWizard in the absence of a binding court order applicable to Drips directly. Regardless of how Plaintiff's counsel chooses to interpret the contract between Drips and

---

[2] QuoteWizard's counsel has ordered the transcripts from both the January 11, 2021 and October 19, 2020 conferences, and will supplement the record with the transcripts once received to the extent they might be helpful to the Court.

4

QuoteWizard to fit Plaintiff's narrative, the simple fact of the matter is that Drips, through counsel, has concluded that Drips is not required by contract or otherwise to produce these records to QuoteWizard and has in fact refused to produce them. Plaintiff's counsel's opinion otherwise is simply wasted ink.[3]

### C. Plaintiff Concedes That he Sought the Records from Drips But Failed to Pursue the Same

Plaintiff's counsel concedes that Plaintiff did in fact seek these records from Drips but failed to pursue the matter once Drips objected: "In fact, Mr. Mantha did seek the do not call requests directly from Drips who objected to their production." ECF No. 136, p. 16.

Plaintiff paints his failure to pursue the matter with Drips as a matter of courtesy towards Drips, a facially illogical excuse that cannot be taken at face value. Having sought the records from Drips (and never from QuoteWizard in the course of discovery), Plaintiff had an obligation to seek to enforce its discovery as to Drips directly. But Plaintiff's counsel failed to pursue the matter with Drips, likely understanding that this request of Drips patently violated the limits of non-party discovery. Plaintiff's counsel's conduct—whereby counsel knew that QuoteWizard did not have the records at issue, attempted to obtain them from Drips, failed to pursue the request in

---

[3] Plaintiff also relies on additional misrepresentations to make these absurd arguments. For example, Plaintiff cites to a portion of Drips's deposition transcript to mean ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Despite Plaintiff's misleading quotations from the transcript, the Drips's designee clearly testified that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* **Exhibit A** – ***Relevant Portions of Drips Deposition Transcript***, pp. 50-51, 57-58 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

And further exposing the frivolity of Plaintiff's new argument that "do not call" requests mean the underlying consumer communications, Plaintiff's counsel himself differentiated "do not call" requests from the underlying consumer communications during the Drips deposition. *See id*., p. 61 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

the face of Drips's objections, then filed an eleventh-hour, surreptitious request for the Court to compel QuoteWizard to produce them despite knowing that only Drips could produce them—is a clear circumvention of discovery rules and protocol. If Plaintiff seeks these records, they can only be obtained from one source: Drips. Drips has a right to be heard on its objections through counsel.

## CONCLUSION

For the foregoing reasons and those stated in its Objections, QuoteWizard requests that the challenged portions of ECF No. 132 be vacated and set aside pursuant to its Objections.

Respectfully submitted,

QuoteWizard.com, LLC,
By its attorneys,

*/s/ Christine M. Kingston*
Kevin P. Polansky (BBO #667229)
kevin.polansky@nelsonmullins.com
Christine M. Kingston (BBO #682962)
christine.kingston@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, MA 02111
(t) (617)-217-4700
(f) (617) 217-4710

Dated: February 23, 2021

## CERTIFICATE OF SERVICE

I, Christine M. Kingston, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: February 23, 2021                                         */s/ Christine M. Kingston*