UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MANTHA, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>QUOTEWIZARD.COM, LLC,<br><br>Defendant. | Civil Action No. 1:19-cv-12235-LTS |

**AFFIDAVIT OF COUNSEL**

I, Kevin P. Polansky, do hereby state as follows:

1. I am an attorney licensed to practice law in Massachusetts and I am counsel of record for Defendant QuoteWizard.com, LLC ("QuoteWizard") in this action.

2. I have personal knowledge of the matters set forth in this Affidavit. I submit this Affidavit in support of QuoteWizard's Motion for Reconsideration of ECF No. 144.

3. After the Court issued ECF No. 144, my office again immediately contacted counsel for non-party Drips Holdings, LLC ("Drips") and again demanded that Drips produce to QuoteWizard the records that are the subject of that Order (the 46,000 consumer communications underlying the "do not call" requests), which Drips has in its possession and has to date refused to produce to QuoteWizard or to Plaintiff Joseph Mantha ("Plaintiff") directly.

4. During a phone call on February 26, 2021 with Drips's counsel, Eric Troutman, Esq., Attorney Troutman informed me that Drips was still refusing to produce the records or otherwise make them available to QuoteWizard, whether directly or through my office, even despite the Court's Orders requiring QuoteWizard to produce them.

5.     Attorney Troutman informed me that, short of a Court Order that directly applied to and required Drips to produce them, Drips refuses to produce the records to QuoteWizard or anyone else.  Drips's counsel continues to take the position that the contract between QuoteWizard and Drips does not require production of these records to QuoteWizard absent Court Order, and also took the position that production of the records would be too burdensome to Drips, as it would require 1,000 hours of work and searches of approximately six databases to produce them.

6.     During my phone call with Attorney Troutman, he also informed me that, prior to our call, he had spoken with Plaintiff's counsel, Anthony Paronich, Esq. concerning ECF No. 144.  According to Attorney Troutman, Plaintiff's counsel informed Attorney Troutman that Plaintiff's counsel did not believe or take the position that ECF No. 144 required Drips to produce the records at issue to QuoteWizard.  Attorney Troutman indicated that Plaintiff's counsel's position informed Drips's continued refusal to produce the records to QuoteWizard even after the issuance of ECF No. 144.

7.     During my February 26, 2021 telephone call with Attorney Troutman, I asked about the October 9, 2019 e-mail from Drips to QuoteWizard, found at ECF No. 136-9, specifically what information or records those links referring to an "audit of the DNC's" would have provided.  Attorney Troutman responded that the links would have allowed QuoteWizard access only to telephone numbers of consumers who made a "do not call" request to Drips for QuoteWizard's campaigns, plus the tier level assigned to the "do not call" request, but not the actual consumer communications that led to Drips classifying it as a "do not call" request.  I have also been informed by my client that the links are no longer active and cannot be accessed.

8.  In light of Drips's continued refusal to produce the records to QuoteWizard, my office issued a documents Subpoena to Drips on March 1, 2021 for the production of these records. A true and accurate copy of the Subpoena is attached hereto as Exhibit 1. The compliance deadline is March 15, 2021. Drips's counsel has indicated that Drips will likely object to the subpoena and not produce the responsive records at issue absent Court Order.

9.  True and accurate copies of the hearing transcripts from the October 19, 2020 and January 11, 2021 discovery hearings before Chief Magistrate Judge Kelley are attached hereto as Exhibit 2 and Exhibit 3, respectively.

Signed under the pains and penalties of perjury, this 5th day of March, 2021.

/s/ Kevin P. Polansky
Kevin P. Polansky