# EXHIBIT 1

**From:** Kevin Polansky <kevin.polansky@nelsonmullins.com>
**Sent:** Monday, March 8, 2021 12:44 PM
**To:** Troutman, Eric J. <eric.troutman@squirepb.com>; Anthony Paronich <anthony@paronichlaw.com>; Christine Kingston <christine.kingston@nelsonmullins.com>
**Cc:** Ted Broderick <ted@broderick-law.com>; Matthew McCue <mmccue@massattorneys.net>; Quinn, Meghan <meghan.quinn@squirepb.com>
**Subject:** RE: Mantha v. Quotewizard

Eric,

Thanks for clarifying the communications below. At this point, to avoid confusion based upon a statement made in my affidavit, I plan to file a short supplement attaching this email string so that the Court is aware of Anthony and Eric's respective position as to what was discussed on their call.

Our supplement will be limited to that discrete issue.

Thanks,

Kevin



**KEVIN POLANSKY   PARTNER**
kevin.polansky@nelsonmullins.com

**ONE FINANCIAL CENTER | SUITE 3500**
**BOSTON, MA 02111**
T 617.217.4720   F 617.217.4710
**NELSONMULLINS.COM**   VCARD   VIEW BIO

**From:** Troutman, Eric J. <eric.troutman@squirepb.com>
**Sent:** Monday, March 8, 2021 12:22 PM
**To:** Kevin Polansky <kevin.polansky@nelsonmullins.com>; Anthony Paronich <anthony@paronichlaw.com>; Christine Kingston <christine.kingston@nelsonmullins.com>
**Cc:** Ted Broderick <ted@broderick-law.com>; Matthew McCue <mmccue@massattorneys.net>; Quinn, Meghan <meghan.quinn@squirepb.com>
**Subject:** RE: Mantha v. Quotewizard

Hi folks

Anthony's email below is correct. I don't think I said anything different to Kevin and if I did it was an error.

But let me flesh this out a bit so everyone has the full context and end the game of telephone here.

As I relayed to Kevin on our call, I spoke to Anthony because I was concerned Drips would need to file a miscellaneous proceeding in Ohio to seek protection of the Court's order compelling QuoteWizard's production—an order that seemed to turn on a faulty premise, i.e. that the subject records are within QW's possession or control. And an order that did not account for Drips' burden or jurisdictional objections.

Anthony agreed with my read that the order did not directly compel Drips to produce records, although he expressed no opinion as to whether Drips might otherwise be responsible to produce records on QW's demand and suggested that Drips should invoice QW for the attendant expense. I explained that the burden was simply too great on Drips for it to shut down portions of its regular operations to deploy the developer time necessary to produce records, even if it was eventually compensated for its time.

In my call with Kevin I explained that Drips would not be immediately seeking a protective order given that Anthony confirmed my read of the order. I did not intend to suggest, however, that Drips was refusing to produce records on that basis. Rather I informed Kevin—as I did Anthony—that the burden attendant the production was very high and that Drips was unwilling to undertake that burden.

I also advised Kevin that I had personally reviewed the pertinent agreements and found no basis for QuoteWizard to contend that the subject records had to be produced by Drips on QW's demand. I asked him whether QuoteWizard had a different position on the contract terms. To date I have not heard back.

I view this situation as highly unusual and difficult to navigate. QuoteWizard has been ordered to produce records that, as far as I can tell, are simply not in its possession or control. Drips, the third-party in possession of the records, does not want to raise the Massachusetts Court's ire—or put QuoteWizard in an difficult position— by refusing to produce records, yet the burden here really is inescapably high.

Happy to discuss further.



**Eric J. Troutman**
Partner
Squire Patton Boggs (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071
T  +1 213 689 6510
O  +1 213 624 2500
F  +1 213 623 4581
eric.troutman@squirepb.com | squirepattonboggs.com
*Do Better*: tcpaworld.com

---

**From:** Kevin Polansky <kevin.polansky@nelsonmullins.com>
**Sent:** Monday, March 8, 2021 7:17 AM
**To:** Anthony Paronich <anthony@paronichlaw.com>; Christine Kingston <christine.kingston@nelsonmullins.com>
**Cc:** Ted Broderick <ted@broderick-law.com>; Matthew McCue <mmccue@massattorneys.net>; Troutman, Eric J. <eric.troutman@squirepb.com>
**Subject:** [EXT] RE: Mantha v. Quotewizard

Anthony,

I'll let Eric speak to that as that's what he stated to me.  I'm happy to jump on a call to discuss with both of you.

Kevin

# NELSON MULLINS

**KEVIN POLANSKY** **PARTNER**
kevin.polansky@nelsonmullins.com

ONE FINANCIAL CENTER | SUITE 3500
BOSTON, MA 02111

T 617.217.4720   F 617.217.4710

NELSONMULLINS.COM    VCARD   VIEW BIO

---

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Monday, March 8, 2021 10:05 AM
**To:** Christine Kingston <christine.kingston@nelsonmullins.com>; Kevin Polansky <kevin.polansky@nelsonmullins.com>
**Cc:** Ted Broderick <ted@broderick-law.com>; Matthew McCue <mmccue@massattorneys.net>; Troutman, Eric J. <eric.troutman@squirepb.com>
**Subject:** Mantha v. Quotewizard

◄External Email►  - From: anthony@paronichlaw.com

Kevin:

I take issue with the representation in the attached motion and affidavit that I informed Eric that "Plaintiff did not believe or take the position that the Order required Drips to produce the records to QuoteWizard. According to Drips's counsel, this stated position from Plaintiff's counsel informed Drips's continued refusal to produce the records to QuoteWizard even after the issuance of ECF No. 144."

I've copied Eric here so he can participate, but speaking for myself, my position was that simply that the Order was directed to QuoteWizard and not Drips. I did not tell Eric that DRIPS did not have to produce. We have been trying to get these records for a very long time.

Regards,

----
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[c] (508) 221-1510
[f] (508) 318-8100
https://www.paronichlaw.com

This email message may contain legally privileged and/or confidential information.  If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited.  If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**Confidentiality Notice**
This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

--------------------------------------------------------------------

45 Offices in 20 Countries

This message is confidential and may be legally privileged or otherwise protected from disclosure. If you are not the intended recipient, please telephone or email the sender and delete this message and any attachment from your system; you must not copy or disclose the contents of this message or any attachment to any other person.

For information about how Squire Patton Boggs processes UK and EU personal data that is subject to the requirements of applicable data protection laws, please see our Privacy Notice regarding the processing of UK and EU personal data about clients and other business contacts at www.squirepattonboggs.com.

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities. Please visit www.squirepattonboggs.com for more information.

#US
--------------------------------------------------------------------