UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MANTHA, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>QUOTEWIZARD.COM, LLC,<br><br>Defendant. | Civil Action No. 1:19-cv-12235-LTS |

**DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant QuoteWizard.com, LLC ("QuoteWizard") hereby provides its second supplemental responses to Plaintiff Joseph Mantha's ("Plaintiff") Second Request for Production of Documents as follows.

**INTRODUCTION AND GENERAL OBJECTIONS**

In responding to Plaintiff's document requests, QuoteWizard has sought documents and information from those persons who are most likely to know of information or documents or other things responsive to Plaintiff's discovery. QuoteWizard conducted a reasonable search of its records kept in the ordinary course of business where such information, documents, or other things responsive to discovery are most likely to be found. To the extent Plaintiff's requests call for more, QuoteWizard objects on the grounds that such request is overly broad, not limited in time and scope, unduly burdensome, and is not proportional to the needs of this case.

QuoteWizard also objects on the grounds that some of the information and documents sought in these requests (a) were prepared in anticipation of litigation; (b) are protected by the

attorney-client privilege; (c) are protected by the work product doctrine; and/or (d) are otherwise privileged or protected from disclosure. QuoteWizard hereby asserts all such applicable privileges and protections, and excludes such privileged documents from its responses.

To the extent Plaintiff's requests seek confidential business and proprietary information, trade secrets, personal, private, client or sensitive private consumer financial information, other confidential business, financial or otherwise commercially sensitive or commercially competitive information and documents, and/or documents protected from disclosure by law, including, but not limited to, banking laws, privacy laws, court orders, or any confidentiality or nondisclosure agreements, QuoteWizard objects to the production or disclosure of any such information and documents.

QuoteWizard objects to Plaintiff's requests insofar as they pertain to Plaintiff's putative class, rather than individual, claims contained in the Amended Complaint given the Court's July 30, 2020 Order. *See* ECF No. 75. QuoteWizard also objects to any and all requests that concern other consumers generally, and particularly consumers outside of the Commonwealth of Massachusetts, as such requests are beyond the geographical scope of the allegations in this case. QuoteWizard also generally objects to Plaintiff's requests that relate to other complaints, litigation, and consumers generally. These requests are in no way relevant to any claim or defense in this case.

QuoteWizard further objects to Plaintiff's attempts to discern the investigative steps that QuoteWizard and/or its counsel took in response to his service of a legal demand letter and filing of this lawsuit. This information is squarely protected by the attorney-client and work product privileges. QuoteWizard further objects to Plaintiff's requests that seek e-mail communications during the course of this case by and between QuoteWizard employees, and by and between

Case 1:19-cv-12235-LTS Document 158-1 Filed 03/10/21 Page 3 of 7

QuoteWizard employees and its counsel in this action. Such communications are also categorically protected by the attorney-client and work product privileges.

QuoteWizard further objects to Plaintiff's definitions, including "telemarketing" and "QuoteWizard Opt In." QuoteWizard does not adopt but specifically disputes these definitions as applied to this case.

This Introduction and General Objections are incorporated by reference to the extent applicable into the specific responses set forth below, and are neither waived nor limited by the specific responses and objections. The General Objections shall be continuing as to each Request, and are not waived, or in any way limited, by the specific objections. QuoteWizard's objections as set forth herein are based upon information presently known. QuoteWizard reserves the right to (a) rely on facts, documents or other evidence that may develop or subsequently come to its attention; (b) to assert objections or supplemental responses should it discover additional information or grounds for objection; and/or (c) to supplement or amend these responses at any time.

## DOCUMENT REQUESTS

5. Produce all contracts between You and the insurance companies that you would have obtained a "quote on auto insurance" from as referenced in the texts between QuoteWizard and Plaintiff.

> **RESPONSE:** QuoteWizard objects to this Request as confusing and unintelligible as written. QuoteWizard further objects insofar as Plaintiff is seeking contracts between QuoteWizard and unidentified "insurance companies" because this request is not relevant to any claim or defense herein, not proportional to the needs of the case, and on the ground that it seeks confidential and proprietary information. Pursuant to these objections, no documents are being produced.
>
> **SUPPLEMENTAL RESPONSE:** Pursuant to the Court's Order, ECF No. 112, QuoteWizard hereby provides this Supplemental Response. QuoteWizard produces herewith its contract, with all applicable attachments/amendments, with GEICO, to whom

3

it sold Plaintiff's lead. These documents are Bates Stamped QuoteWizard_Mantha000130-000194. These documents are marked Confidential Pursuant to the Court's Default Protective Order and are subject to the Parties' agreed-upon confidentiality protections.

16. Produce all e-mails between You and RevPoint in any way relating to consumer telemarketing complaints of any nature.

**RESPONSE:** QuoteWizard objects to this Request on the grounds that it is not relevant in any way to any claim or defense in this case, is overly broad, unduly burdensome, not proportional to the needs of the case, and improperly seeks confidential information concerning other consumers. QuoteWizard further objects on the basis that is beyond the scope of Phase I discovery. *See* ECF No. 75. In addition, QuoteWizard objects because this information is protected by the work product doctrine. Pursuant to these objections, no documents are being produced.

**SUPPLEMENTAL RESPONSE:** Pursuant to the Court's Order, ECF No. 112, QuoteWizard hereby provides this Supplemental Response. QuoteWizard has no responsive documents to this Request.

17. Produce all documents evidencing any complaints received by you from anyone, including any government agency, in regards to text messages sent by You or some entity on Your behalf utilizing Drips technology.

**RESPONSE:** QuoteWizard objects to this Request on the grounds that it is not relevant in any way to any claim or defense in this case, is overly broad, unduly burdensome, not proportional to the needs of the case, and improperly seeks confidential information concerning other consumers. QuoteWizard further objects on the basis that is beyond the scope of Phase I discovery. *See* ECF No. 75. Pursuant to these objections, no documents are being produced.

**SUPPLEMENTAL RESPONSE:** Pursuant to the Court's Order, ECF No. 112, QuoteWizard hereby provides this Supplemental Response. QuoteWizard has no responsive documents to this Request.

18. Produce all documents evidencing your investigation and response to any such complaints referenced in Request No. 17.

**RESPONSE:** QuoteWizard objects to this Request on the grounds that it is not relevant in any way to any claim or defense in this case, is overly broad, unduly burdensome, not proportional to the needs of the case, and improperly seeks confidential information concerning other consumers. QuoteWizard further objects on the basis that is beyond the

scope of Phase I discovery.  *See* ECF No. 75.  In addition, QuoteWizard objects because this information is protected by the work product doctrine and attorney-client privilege. Pursuant to these objections, no documents are being produced.

**SUPPLEMENTAL RESPONSE:** Pursuant to the Court's Order, ECF No. 112, QuoteWizard hereby provides this Supplemental Response.  QuoteWizard has no responsive documents to this Request.

23.     Produce all documents relating to any other TCPA litigation relating to You which involved Drips text technology.

**RESPONSE:** QuoteWizard objects to this Request on the grounds that it is not relevant in any way to any claim or defense in this case, is overly broad, unduly burdensome, not proportional to the needs of the case, and improperly seeks confidential information concerning other consumers.  QuoteWizard further objects on the basis that is beyond the scope of Phase I discovery.  *See* ECF No. 75.  In addition, QuoteWizard objects because this information is protected by the work product doctrine and attorney-client privilege. Pursuant to these objections, no documents are being produced.

**SUPPLEMENTAL RESPONSE:** Pursuant to the Court's Order, ECF No. 112, QuoteWizard hereby provides this Supplemental Response.  QuoteWizard produces herewith a list of all TCPA litigation filed against it within its knowledge/possession, designating the litigation by case name, number, and jurisdiction.

24.     Produce documents sufficient to identify other TCPA litigation where You were named as a Defendant.

**RESPONSE:** QuoteWizard objects to this Request on the grounds that it is not relevant in any way to any claim or defense in this case, is overly broad, unduly burdensome, not proportional to the needs of the case, and improperly seeks confidential information concerning other consumers.  QuoteWizard further objects on the basis that is beyond the scope of Phase I discovery.  *See* ECF No. 75.  Pursuant to these objections, no documents are being produced.

**SUPPLEMENTAL RESPONSE:** Pursuant to the Court's Order, ECF No. 112, QuoteWizard hereby provides this Supplemental Response.  QuoteWizard produces herewith a list of all TCPA litigation filed against it within its knowledge/possession, designating the litigation by case name, number, and jurisdiction.

25. Produce all consumer requests that future telemarketing calls cease ("Do Not Call") provided to you by anyone in any way relating to text telemarketing conducted on your behalf by Drips.

> **RESPONSE:** QuoteWizard objects to this Request on the grounds that it is not relevant in any way to any claim or defense in this case, is overly broad, unduly burdensome, not proportional to the needs of the case, and improperly seeks confidential information concerning other consumers. QuoteWizard further objects on the basis that is beyond the scope of Phase I discovery. *See* ECF No. 75. Pursuant to these objections, no documents are being produced.
>
> **SUPPLEMENTAL RESPONSE:** Pursuant to the Court's Order, ECF No. 112, QuoteWizard hereby provides this Supplemental Response. QuoteWizard produces herewith its Do Not Call requests for Drips communications. These documents are Bates Stamped QuoteWizard_Mantha000195-000197. These documents have been deemed and marked Confidential Pursuant to the Court's Default Protective Order and are subject to the Parties' agreed-upon confidentiality protections. Further, other consumers' telephone numbers have been redacted for privacy and confidentiality.

QuoteWizard.com, LLC,
By its attorneys,

*/s/ Christine M. Kingston*
Kevin P. Polansky (BBO #667229)
kevin.polansky@nelsonmullins.com
Christine M. Kingston (BBO #682962)
christine.kingston@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Financial Center, 35th Floor
Boston, MA 02111
(t) (617)-217-4700
(f) (617) 217-4710

Dated: November 9, 2020

## CERTIFICATE OF SERVICE

I, the undersigned, of the law offices of Nelson Mullins Riley and Scarborough LLP, attorneys for Defendant QuoteWizard.com, LLC, do hereby certify that I have served all parties of record with copies of the below listed documents by electronic mail on this 9th day of November 2020:

Documents:

- Defendant QuoteWizard.com, LLC's Second Supplemental Responses to Plaintiff's Second Set of Requests for Production of Documents

>   */s/ Christine M. Kingston*
>   Christine M. Kingston