## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MANTHA, *on behalf of himself and all others similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br>QUOTEWIZARD.COM, LLC,<br><br>    Defendant. | Civil Action No. 1:19-cv-12235-LTS |

### AFFIDAVIT OF COUNSEL

I, Kevin P. Polansky, do hereby state as follows:

1.      I am an attorney licensed to practice law in Massachusetts and I am counsel of record for Defendant QuoteWizard.com, LLC ("QuoteWizard") in this action.

2.      I have personal knowledge of the matters set forth in this Affidavit.  I submit this Affidavit in support of QuoteWizard's Response to ECF No. 175.

3.      After reviewing Plaintiff Joseph Mantha's briefing at ECF No. 163, which discussed Drips Holdings, LLC's ("Drips") apparent production of certain unrelated do not call records in *Berman v. Freedom Financial Network, LLC et al.*, Case No. 4:18-cv-01060-YGR (N.D. Cal.) ("Berman Case"), my office reached out to Drips's counsel, Eric Troutman, Esq., to understand the production in the Berman Case relative to the records at issue herein.  Neither QuoteWizard nor its counsel were aware of this production by Drips in the Berman Case before viewing ECF No. 163 and QuoteWizard and its counsel have no knowledge about that production beyond what can be gleaned through viewing the public docket.  The public docket suggests that Drips made a production of do not call records therein as a direct defendant, but

does not confirm how many underlying consumer communications were produced or in what context.

4.     Attorney Troutman did not respond before QuoteWizard's deadline to file its Supplemental Briefing [ECF No. 165] was due.

5.     After the Court issued ECF No. 175 regarding the Berman Case, my office again reached out to Attorney Troutman and to counsel of record for Drips in the Berman Case, Jay Ramsey, Esq.  Attorney Ramsey has not responded to multiple requests to discuss that case.

6.     I was finally able to discuss the Berman Case with Attorney Troutman on April 2, 2021 by telephone.  Attorney Troutman indicated that the production by Drips in the Berman Case was materially different from the production that would be required by Drips in this case, and he informed me that he would reduce Drips's position in writing.

7.     Subsequently, I received from Attorney Troutman an e-mail dated April 6, 2021, setting forth Drips's position regarding the production in the Berman Case relative to the production at issue in this case.  A true and accurate copy of the e-mail is attached hereto as Exhibit 1.

8.     I asked Attorney Troutman whether Drips planned to file any briefing or affidavits in response to ECF No. 175 as authorized by this Court, and he indicated that Drips did not plan to do so.


Signed under the pains and penalties of perjury, this 7th day of April, 2021.


/s/ Kevin P. Polansky
Kevin P. Polansky

2