UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MANTHA, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>QUOTEWIZARD.COM, LLC,<br><br>Defendant. | Civil Action No. 1:19-cv-12235-LTS |

**PLAINTIFF'S MOTION TO STRIKE HEARSAY EMAIL OFFERED BY QUOTEWIZARD IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

In its Statement of Facts In Support of its Motion for Summary Judgment, defendant QuoteWizard.com, LLC ("QuoteWizard" or "Defendant") offers a string of e-mails from Dario Osmancevic of Fenix Media Solutions ("Fenix"), a data broker located in Bosnia, that was purportedly sent to Plural Marketing Solutions, Inc. ("Plural") as alleged "further proof" of Mr. Mantha's prior express written consent to receive telemarketing texts from QuoteWizard. *See* ECF #204, QuoteWizard's Statement of Facts In Support of Motion for Summary Judgment at ¶107-109. As set forth in Plaintiff's Statement of Facts In Support of Motion for Partial Summary Judgment, Plural is a data broker that provided a lead containing Mr. Mantha's contact information to an entity called RevPoint Media, LLC, who in turn sold it to QuoteWizard. *See* ECF #207 at ¶49-62. Plural claims it originally obtained Mr. Mantha's contact data from Mr. Osmancevic and Fenix and that Mr. Osmancevic "told" Plural that he, in turn, obtained Mr. Mantha's contact data from a web site called www.snappyautoinsurance.com ("Snappy Auto") that was owned by an individual named Adam Brown. *Id.* In support of these assertions,

1

QuoteWizard has submitted to the Court a string of e-mails beginning on July 28, 2020 (created long after this litigation was filed) (the "Osmancevik E-Mails"). *See* Dkt. 208-16. In these e-mails Mr. Osmancevic claimed that Snappy Auto was "our" web-site, that he was the "web master" of Snappy Auto and that Mr. Mantha, in fact, consented to receive QuoteWizard telemarketing texts when he allegedly visited the Snappy Auto web-site. *Id.* Specifically, Mr. Osmancevik assured Plural:

> "I am can most certainly say that 'Joe Mantha' have signed up on our web site and filled up the application in full by himself. I am webmaster of the site and [I] guarantee that he did filled it up by himself."

*See* Dkt. 208-16 at pg 1. The Osmancevik E-Mails further claimed that Mr. Mantha's lead was originally generated by an individual named Adam Brown via the Snappy Auto web-site. *Id.* at page 5.

QuoteWizard chose not to depose Mr. Osmancevic or even to send him a subpoena, choosing instead to rely on the Osmancevik E-Mails.

Adam Brown however, testified that he, in fact, was the owner of the Snappy Auto web-site at all relevant times, that there were two prior web-masters at Snappy Auto- neither of them were Mr. Osmancevic- that he had never even heard of Mr. Osmancevic or of Fenix Media Solutions, and that it was "fully impossible" for Mr. Mantha's purported consent to receive QuoteWizard telemarketing texts to have come from the Snappy Auto web-site. *See* ECF #207 *at* ¶56-62. *See* ECF #207, <u>Exhibit 17</u>, Deposition of Adam Brown of Snappy Auto at pg. 64 (attesting to two prior web-masters at Snappy Auto neither of which were Mr. Osmancevic).

2

**Argument**

I.  **The Osmancevic Emails and References Thereto are Hearsay Offered for the Truth of the Matter Asserted, Are Not Subject to Any Exception to the Hearsay Rule and Should Be Stricken**

The Osmancevik E-mails are not supported by any authenticating affidavit or deposition testimony from their author. The Osmancevik E-Mails are offered by QuoteWizard to support the purported truth of its claim that Mr. Mantha consented to receive QuoteWizard telemarketing texts. These e-mails are classic hearsay, do not fall within any exception to the hearsay rule, and should be stricken from the record.

Hearsay is a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Rule 802 of the Federal Rules of Evidence provides:

> Hearsay is not admissible unless any of the following provides otherwise:
>
> - a federal statute;
> - these rules; or
> - other rules prescribed by the Supreme Court.

There is no dispute that QuoteWizard is offering the Osmancevic E-mails for the truth of the matter asserted therein: that Mr. Mantha consented to receive text messages. In fact, QuoteWizard itself describes the Osmancevik E-Mails as "proof of consent." For this reason alone, Plaintiff's motion to strike the emails and references thereto should be granted. *Siupa v. Astra Tech, Inc.*, 2013 U.S. Dist. LEXIS 128925, **25-26 (D. Mass. Civil Action No. 10-10525-LTS, September 10, 2013)(Sorokin, CMJ) ("The most straightforward category of statements at issue in the motion to strike is hearsay, which cannot be relied upon to defeat summary judgment. *See Hannon v. Beard*, 645 F.3d 45, 49 (1st Cir. 2011) (statements in a plaintiff's

affidavit "about what he was told" are properly disregarded as inadmissible hearsay and cannot create a genuine issue of material fact).")

Further, none of the exceptions to the Rule against hearsay contained in Rule 803, 804 or 807 apply to the Osmancevic E-mails. As they were created after the filing of this litigation, they are not a "record or regularly conducted activity," and there is no showing via the required testimony by a custodian or other qualified witness as required by Fed. R. Evid. 803(6)(D).

The emails, moreover, lack trustworthiness. First, they were created after this litigation was filed as part of an after-the-fact effort by QuoteWizard to compile evidence of Mr. Mantha's prior express written consent that it was required to possess ***before*** it sent telemarketing spam texts to Mr. Mantha. Further, as noted above, Adam Brown testified that he, in fact, was the owner of the Snappy Auto web-site at all relevant times, that there were two prior web-masters at Snappy Auto, neither of them were Mr. Osmancevic; that he had never even heard of Mr. Osmancevic or of Fenix Media Solutions, and that it was "fully impossible" for Mr. Mantha's purported consent to receive QuoteWizard telemarketing texts to have come from the Snappy Auto web-site. *See* ECF #207 *at* ¶56-62. *See* ECF #207, Exhibit 17, Deposition of Adam Brown of Snappy Auto at pg. 64 (attesting to two prior web-masters at Snappy Auto neither of which were Mr. Osmancevic). Accordingly, the Osmancevik E-Mails also suffer from an "inherent lack of trustworthiness" and, accordingly, are not admissible pursuant to Rule 807's Residual Exception to the Rule against hearsay. Rule 807 provides as follows:

> Under the following conditions, a hearsay statement is not excluded by the rule against hearsay even if the statement is not admissible under a hearsay exception in Rule 803 or 804: (1) the statement is supported by sufficient guarantees of trustworthiness— after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

4

Fed. R. Evid. 807(a). "In general, 'Congress intended the residual hearsay exception to be used very rarely, and only in exceptional circumstances.'" *United States v. Awer,* 770 F.3d 83, 94 (1st Cir. 2014) (quoting *United States v. Trenkler*, 61 F.3d 45, 59 (1st Cir. 1995)). Accordingly, the "proponent of a statement, citing the residual exception, bears a heavy burden." *NGM Ins. Co. v. Santos*, 483 F. Supp. 3d 1, 7 (D. Mass. 2020) (quoting *ADT LLC v. Alarm Prot. LLC*, No. 15-cv-80073, 2017 U.S. Dist. LEXIS 70479, 2017 WL 1881957, at *2 (S.D. Fla. May 9, 2017)).

Here QuoteWizard cannot meet its heavy burden. There is not only no corroborating evidence for Mr. Osmancevic's out of court assertion that Mr. Mantha gave consent on a website Mr. Osmancevic does not own, there is overwhelming and undisputed evidence to the contrary. ECF #207 at ¶49-62.

QuoteWizard also cannot rely on Rule 803's exceptions for an unavailable declarant as Mr. Osmancevic's emails do not constitute "former testimony" given as a witness at a trial, hearing or lawful deposition" at which Plaintiff or his predecessor in interest had an opportunity to cross examine. Fed. R. Evid. 804(b)(1)(A)(B).

Finally, QuoteWizard cannot claim that it is offering the Osmancevik E-mails for its state of mind when it sent Mr. Mantha the illegal texts in this case in support of its purported "reasonable reliance" defense." The Osmancevic E-mails were sent a year after Mr. Mantha received QuoteWizard's spam texts and were generated after Mr. Mantha filed suit in an effort to cobble together a consent defense.

## Conclusion

For the foregoing reasons, Plaintiff Joseph Mantha respectfully requests that the Court strike the Osmancevik E-Mails offered by Defendant QuoteWizard in support of its Motion for Summary Judgment at ECF# 208-16 and strike the references to those emails contained in

QuoteWizard's Statement of Facts, ECF# 204 at ¶¶ 107-109.

                                          PLAINTIFF,

                                          By his attorneys

                                          */s/ Matthew P. McCue*
                                          Matthew P. McCue
                                          THE LAW OFFICE OF MATTHEW P. MCCUE
                                          1 South Avenue, Suite 3
                                          Natick, MA 01760
                                          Telephone: (508) 655-1415
                                          mmccue@massattorneys.net

                                          Edward A. Broderick
                                          BRODERICK LAW, P.C.
                                          176 Federal Street, Fifth Floor
                                          Boston, MA 02110
                                          Telephone: (617) 738-7080
                                          ted@broderick-law.com

                                          Anthony I. Paronich
                                          PARONICH LAW, P.C.
                                          350 Lincoln Street, Suite 2400
                                          Hingham, MA 02043
                                          (508) 221-1510
                                          anthony@paronichlaw.com

                                          Alex M. Washkowitz
                                          Jeremy Cohen
                                          CW LAW GROUP, P.C.
                                          188 Oaks Road Framingham, MA 01701
                                          alex@cwlawgrouppc.com

### CERTIFICATE OF SERVICE

       I hereby certify that on August 4, 2021, I electronically transmitted the foregoing to all counsel of record via the electronic filing system.

                                                  By:  */s/ Matthew P. McCue*
                                                           Matthew P. McCue