# EXHIBIT HH

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MANTHA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QUOTEWIZARD.COM, LLC,<br><br>Defendant. | Civil Action No. 1:19-cv-12235-LTS |

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendant QuoteWizard.com, LLC ("QuoteWizard") hereby propounds, pursuant to Fed. R. Civ. P. 34, the following Requests for Production of Documents to Plaintiff Joseph Mantha ("Mantha"). Plaintiff should produce the following documents within thirty (30) days to the office of QuoteWizard's attorney, Nelson Mullins Riley & Scarborough LLP c/o Kevin P. Polansky, Esq., One Post Office Square, 30th Floor, Boston, Massachusetts 02019.

### Instructions and Definitions

1. Plaintiff is to produce to QuoteWizard's attorney listed above all documents set forth below that are in Plaintiff's possession, custody, or control and that meet the descriptions, directly or indirectly, set forth in each such category.

2. Each request seeks all information available to Plaintiff, to Plaintiff's agents, and to any other person acting on Plaintiff's behalf. Each request shall be deemed to be continuing in the manner provided by law.

3. If a request cannot be answered in full, answer to the fullest extent possible and specify all reasons for the inability to answer in full.

4. In the event that any document or thing called for in any of these requests has been destroyed, lost, discarded or otherwise disposed of, identify as completely as possible each such document or thing, including, without limitation, the following information: date of disposal, place and manner of disposal, reason for disposal, person authorizing the disposal, and persons disposing of the document or thing.

5. As used herein, a "document" or "documents" means any kind of written or graphic material, however produced or reproduced, of any kind or description whether sent or received or neither, including originals, copies and drafts of both sides thereof, and including, but not limited to, papers, books, accounts, letters, photographs, objects, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, affidavits, minutes or reports of telephone or other conversations, or of interviews, or of conferences, or of meetings, inter- or intra-office communications, inter- or intra-departmental communications, inter- or intra-company communications, resolutions, certificates, opinions, reports, studies, analyses, evaluations, contracts, licenses, agreements, ledgers, journals, books or records of account, summaries of accounts, balance sheets, interim statements, budgets, receipts, invoices, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer tapes, magnetic tapes, microfilms, punchcards, and all other records kept by Plaintiff and anything similar to the foregoing.

6. If Plaintiff claims any privilege or immunity from discovery with regard to any documents sought herein, then please provide the following information as to each document to which such claim is made: (a) its date; (b) the name and address of its maker; (c) the name and address of each person listed as an addressee; (d) the name and address of each person who has seen or reviewed each such document; (e) a brief description of its subject matter; (f) the nature of privilege or immunity claimed; and (g) and a summary of all facts and circumstances upon which claim is based.

7. These requests are continuing in nature. Should Plaintiff acquire additional information or documents responsive to these requests after serving his responses hereto, the responses and document production shall be supplemented so as to provide such additional information or documents.

8. As used herein, the term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

9. As used herein, the term "person" is defined as any natural person or business, legal, or governmental entity or association.

10. As used herein, the term "concerning" means referring to, describing, evidencing, or constituting.

11. As used herein, the term "date" means the exact date, month and year, if ascertainable, or, if not, the best approximation thereof, with a statement that such is an approximation.

12. As used herein, "You," "Your," "Plaintiff" or "Mantha" shall refer to Plaintiff Joseph Mantha, or any individuals or entities acting on your behalf.

13. As used herein, "QuoteWizard" shall refer to QuoteWizard.com, LLC or any individual or entity acting on its behalf.

### Requests for the Production of Documents

1. Any and all documents referring to, evidencing, memorializing, or related to the factual allegations and events identified in your Complaint.

2. Any and all documents reviewed or relied upon in preparing the Complaint or which are identified therein.

3.   Any and all correspondence, disclosures, memoranda, and other documents evidencing, memorializing, or relating to communications between Plaintiff and QuoteWizard concerning the events described in your Complaint.

4.   Any and all correspondence, disclosures, memoranda, and other documents evidencing, memorializing, or relating to communications relating to the events set forth in your Complaint between you and any third-party, excluding your attorneys.

5.   Any and all documents evidencing or otherwise supporting any and all claims for damages suffered by Plaintiff.

6.   Any and all documents or materials which Plaintiff intends to use or introduce into evidence as an exhibit at the trial of this case.

7.   Any and all notes, journals, ledgers, diaries or other compilations maintained by Plaintiff for any reason documenting communications with or from QuoteWizard.

8.   Any and all documents and other tangible items which were provided to, reviewed by, received from, considered by, or created by any expert witness retained or consulted by you or on your behalf with regard to the matters alleged in your Complaint.

9.   Any and all documents and other tangible items which discuss, estimate, summarize, calculate and/or itemize each and every type of actual, compensatory or punitive damages you allegedly have suffered as a result of the allegations of your Complaint.

10.   Monthly statements for each and every debit and credit card in your name or for which you had permission to use from June 29, 2019 to August 12, 2019.

11.   The telephone records for 508-353-9690 from January 1, 2019 to present.

12.   Any and all documents evidencing or concerning your allegation that you used the telephone number 508-353-9690 for residential or personal use only.

13. Any and all documents evidencing that you used the telephone number 508-353-9690 for business or employment purposes.

14. Any and all documents evidencing that you were the subscriber for the telephone number 508-353-9690 on August 5, 2019.

15. Any and all documents evidencing, concerning, or relating to your allegation that you placed the telephone number 508-353-9690 on the National Do Not Call Registry.

16. Any and all documents evidencing that the telephone number 508-353-9690 was on the National Do Not Call Registry on August 5, 2019.

17. Browser and search history for August 1st through 5, 2019 for any and all computers, cell phones, or other electronic devices used by you on or around that date.

18. Any and all documents showing, evidencing, or referencing the IP address for any and all computers, cell phones, or other electronic devices used by you on August 5, 2019.

19. Any and all documents evidencing your physical location on August 5, 2019.

20. A copy of your auto insurance policy and renewal for 2019 and 2020.

21. A copy of your business cards from your employment from January 1, 2019 to present.

22. Any documentation from your employer evidencing your contact information from January 1, 2019 to the present.

23. Any correspondence between you and anyone else regarding auto insurance from January 1, 2019 to present.

24. Any and all documents concerning, evidencing, or relating to your assertion that the consent provided by Joseph Mantha on [www.snappyautoinsurance.com](www.snappyautoinsurance.com) on August 5, 2019 was fraudulent.

25. Any and all documents evidencing that you requested an auto insurance quote from anyone in 2019 or 2020.

26. Documents evidencing the IP address for all electronic devices that you own or have permission to use.

27. Copies of the text messages between you and QuoteWizard.

28. Copies of any correspondence you had with anyone else concerning your communications with QuoteWizard.

29. Copies of any auto insurance quotes you received in 2019 or 2020.

30. Any and all documents that support your allegation that QuoteWizard violated the Telephone Consumer Protection Act knowingly and/or willfully.

          QuoteWizard.com, LLC,

          By its attorneys,

          /s/ Kevin P. Polansky

          _____
          Kevin P. Polansky (BBO #667229)
          kevin.polansky@nelsonmullins.com
          Christine M. Kingston (BBO #682962)
          christine.kingston@nelsonmullins.com
          Nelson Mullins Riley & Scarborough LLP
          One Post Office Square, 30th Floor
          Boston, MA 02109
          (t) (617)-217-4700
          (f) (617) 217-4710

Dated: April 28, 2020

## **CERTIFICATE OF SERVICE**

I, the undersigned, of the law offices of Nelson Mullins Riley and Scarborough LLP, attorneys for Defendant QuoteWizard.com, LLC, do hereby certify that I have served all parties of record with copies of the below listed documents by electronic mail and U.S. Mail on this 28th day of April 2020:

Documents:

- Defendant QuoteWizard.com, LLC's First Set of Requests for the Production of Documents to Plaintiff Joseph Mantha

/s/ Kevin P. Polansky

_____

Kevin P. Polansky