# EXHIBIT II



# NELSON MULLINS

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW

Kevin P. Polansky
(Admitted in CT, MA, NH & ME)
T 617.217.4720
kevin.polansky@nelsonmullins.com

One Post Office Square | 30th Floor
Boston, MA 02109
T 617.217.4700  F 617.217.4710
nelsonmullins.com

September 19, 2019

**BY CERTIFIED MAIL AND**
**EMAIL**

Alex M. Washkowitz, Esq.
CW Law Group, P.C.
188 Oaks Road
Framingham, Massachusetts 01702

RE:   Joseph Mantha
      Our File No.: 019123/01560

Dear Mr. Washkowitz:

As you know, this office has been retained to represent QuoteWizard.com LLC ("QuoteWizard") with respect to your September 4, 2019, letter on behalf of Joseph Mantha ("Mantha" or "your client"), styled as a 10 day demand letter and pre-litigation notice. To the extent your letter purports to be a G.L.c. 93A demand, QuoteWizard does not acknowledge, and in fact denies, that your correspondence complies with the procedural and substantive requirements of c. 93A. Please consider this QuoteWizard's formal response.

Nothing in this correspondence shall be deemed an admission of any fact contained in your correspondence, nor shall anything herein be considered an admission of liability of any kind. QuoteWizard reserves its right to raise all legal and factual defenses, including those not raised herein, in the future. This letter is a settlement communication subject to all the associated protections.

**Factual Summary:**

On or about August 8, 2019, Mantha sought information regarding an automobile insurance quote from a third-party website.[1] Your client provided express written consent

---
[1] Snappyautoinsurance.com

Alex M. Washkowitz, Esq.
September 19, 2019
Page 2

for the third party that operates the website and its marketing partners to contact him at the following phone number: 508-353-▮▮▮▮. According to your letter, this is Mantha's phone number, which further supports the fact that your client provided express written consent to be contacted. Your client also provided his home and email address. By opting in, Mantha expressly consented to be contacted by phone, including through the use of an automated telephone dialing system and/or artificial prerecorded voice and through SMS text messages.

Pursuant to this permission, QuoteWizard sent Mantha a SMS text message on August 9, 2019 at approximately 11:30 a.m. regarding his request for an insurance quote. This message and the subsequent messages were sent by an individual who identified herself as Amanda from QuoteWizard (not an automated dialer). QuoteWizard then sent a series of follow up text messages to Mantha between August 9 and August 19, 2019. On August 19, 2019, Mantha sent a SMS text message to QuoteWizard asking how he could obtain a quote. Mantha and the QuoteWizard representative, Amanda, subsequently exchanged a series of SMS text messages in which they confirmed a time for a call to discuss Mantha's request for an automobile insurance quote. At no point during this conversation did Mantha indicate he did not want to be contacted by QuoteWizard or retract his consent. Pursuant to Mantha's request, QuoteWizard placed a single outbound call to Mantha on August 23, 2019 around 1:00 p.m. Your client did not answer the call. The QuoteWizard representative subsequently sent a single SMS text message asking Mantha when he was available to reschedule the call. QuoteWizard did not contact Mantha after sending this text message. Since then, Mantha has been placed on QuoteWizard's do not call list.

**Analysis:**

Your letter asserts a general violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), and State telemarketing and Consumer Protection laws.[2] All of your potential claims fail because QuoteWizard did not make a single unlawful, unsolicited telephone call or send an unsolicited SMS text message. Rather, your client provided express written consent to be contacted at the phone number identified in your letter as that belonging to Mantha. In addition, your client's consent is reinforced by the fact that he engaged in conversation with the QuoteWizard representative and set up a time and date in which to speak further.

Specifically, you allege a TCPA violation by QuoteWizard based on your client's claim that he received several unsolicited phone calls and/or text messages from QuoteWizard. In relevant part, a violation of the TCPA occurs when (1) a person calls a cellular telephone; (2) using an automatic telephone dialing system; (3) without the recipient's express consent. *Jones v. FMA Alliance Ltd.,* 978 F. Supp. 2d 84, 86 (D. Mass. 2013);

---

[2] QuoteWizard notes that while your letter states that it has violated State telemarketing and Consumer Protection laws, you have failed to identify any such law or provide any further explanation. As such, QuoteWizard cannot and will not address such general allegations until further identified.

Alex M. Washkowitz, Esq.
September 19, 2019
Page 3

*see also* 47 U.S.C. § 227(b)(1)(A).  First, QuoteWizard did not initiate any unsolicited phone calls or text messages to your client.  As explained above, your client provided express consent.  Second, your claim fails where QuoteWizard did not use an automatic telephone dialing system or an artificial or prerecorded voice.  Again, your client willingly conversed with a QuoteWizard representative.  Third, your claim fails where not only did your client give express consent to receive the phone calls at issue, but was also willingly engaged in conversation with the QuoteWizard representative and requested further information concerning an insurance quote.  "Congress passed the TCPA to protect individual consumers from receiving intrusive and unwanted calls." *Karle v. Southwest Credit Systems*, 2015 WL 5025449 (D. Mass. June 22, 2015), quoting *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 268 (3d Cir. 2013).  Mantha invited further communications from QuoteWizard when he set up a time and date in which QuoteWizard could call to further discuss his request.  At no point did Mantha indicate to QuoteWizard that he no longer wanted to be contacted in such a manner.

Even if consent was provided through an unknown fraudster, which QuoteWizard cannot determine based on the information you have provided, QuoteWizard has a complete defense in that it had a good faith belief that your client provided the requisite express consent. *See Danehy v. Time Warner Cable Enterprise, LLC* 2015 WL 5534285 (E.D. N.C. Sept. 18, 2015) (good faith belief that plaintiff provided consent, even though provided by another individual, is complete defense to TCPA claim); *Chyba v. First Financial Asset Mgmt.* 2014 WL 1744136 *12 (S.D. Ca. April 30, 2014) ("Even if Plaintiff is correct in stating that she never gave Defendant . . . consent to call, and there was no actual prior consent from Plaintiff, Defendant is not liable for acting in good faith upon the information provided to it.")

In addition, you assert that the alleged text messages and/or phone call came from QuoteWizard or a "company acting on its behalf."  You further assert, without providing any authority in support, that the FCC and "Federal Courts" have found liability under the TCPA where phone calls were made by a third party.  You then state that "Fidelity is vicariously liable for the actions of their "Agents" in California".  Your reference to Fidelity and its agents in California is unclear and seemingly misplaced.  Without further explanation as to how QuoteWizard is allegedly connected to Fidelity (although this appears to be cut and pasted from a different letter), it cannot properly respond to such an allegation.  Notwithstanding, QuoteWizard is not liable for any alleged calls made by a third party. *See Davis v. Diversified Consultants, Inc.*, 36 F. Supp. 3d 217, 224 (D. Mass. 2014) (defendant's argument that it was not liable under the TCPA where a third party made the calls was unsuccessful where defendant uploaded telephone numbers into a system that instructed the third party service which numbers to call and as soon as a call was answered the caller was transferred to an employee of the defendant).  This is not a case in which QuoteWizard partners with a service that makes automated calls on its behalf.  A QuoteWizard representative contacted your client after he provided express written consent to do so.

Alex M. Washkowitz, Esq.
September 19, 2019
Page 4

Although QuoteWizard denies any and all liability, it has placed Mantha on QuoteWizard's do not call list as of September 10, 2019 and has ceased all contact pursuant to your request.

In summary, your purported claims are entirely without merit where your client provided express written consent and requested that QuoteWizard call him on a specified date and time. QuoteWizard is not obligated to make any offer of settlement. Further, QuoteWizard is not required to disclose the name of any third party or the contact information for all individuals and entities QuoteWizard allegedly contacted unlawfully over the past four years as your letter has not provided any basis for this demand. Despite having denied your client's claims based on a complete lack of factual or legal support, QuoteWizard remains willing to consider any additional information that you would like to provide regarding his alleged damages and the correlation between those damages and QuoteWizard's alleged actions and/or inactions.

Thank you for your attention to this matter.

Very truly yours,

Kevin P. Polansky



**NELSON MULLINS**

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW

Kevin P. Polansky
(Admitted in CT, MA, NH & ME)
T 617.217.4720
kevin.polansky@nelsonmullins.com

One Post Office Square | 30th Floor
Boston, MA 02109
T 617.217.4700   F 617.217.4710
nelsonmullins.com

September 19, 2019

**BY CERTIFIED MAIL AND EMAIL**

Alex M. Washkowitz, Esq.
CW Law Group, P.C.
188 Oaks Road
Framingham, Massachusetts 01702

Certified Article Number
9414 7266 9904 2000 8994 50
SENDERS RECORD

RE: Joseph Mantha
Our File No.: 019123/01560

Dear Mr. Washkowitz:

As you know, this office has been retained to represent QuoteWizard.com LLC ("QuoteWizard") with respect to your September 4, 2019, letter on behalf of Joseph Mantha ("Mantha" or "your client"), styled as a 10 day demand letter and pre-litigation notice. To the extent your letter purports to be a G.L.c. 93A demand, QuoteWizard does not acknowledge, and in fact denies, that your correspondence complies with the procedural and substantive requirements of c. 93A. Please consider this QuoteWizard's formal response.

Nothing in this correspondence shall be deemed an admission of any fact contained in your correspondence, nor shall anything herein be considered an admission of liability of any kind. QuoteWizard reserves its right to raise all legal and factual defenses, including those not raised herein, in the future. This letter is a settlement communication subject to all the associated protections.

**Factual Summary:**

On or about August 8, 2019, Mantha sought information regarding an automobile insurance quote from a third-party website.[1] Your client provided express written consent

---
[1] Snappyautoinsurance.com

CALIFORNIA | COLORADO | DISTRICT OF COLUMBIA | FLORIDA | GEORGIA | MASSACHUSETTS | NEW YORK
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE | WEST VIRGINIA