UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MANTHA, *on behalf of himself and all others similarly situated*,<br><br>     Plaintiff,<br><br>v.<br><br>QUOTEWIZARD.COM, LLC,<br><br>     Defendant. | Civil Action No. 1:19-cv-12235-LTS |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S RESPONSES TO DEFENDANT'S STATEMENT OF MATERIAL FACTS OR ALTERNATIVELY DEEM THE MATERIAL FACTS ADMITTED**
(Memorandum Incorporated)

Now comes Defendant QuoteWizard.com, LLC ("QuoteWizard") and hereby moves to strike portions of Plaintiff Joseph Mantha's ("Mantha") Responses to QuoteWizard's LR 56.1 Statement of Material Facts in support of its Motion for Summary Judgment [ECF No. 220], or alternatively deem the material facts at issue admitted.

**INTRODUCTION**

Mantha's responses to QuoteWizard's statement of facts violate Local Rule 56.1 in numerous, material respects. For example, for virtually each response that Mantha lists as "Disputed," he has failed to cite to any affidavits, depositions, or other admissible documentation to support his position. More egregiously, Mantha purports to dispute numerous material facts but fails to address the actual material facts at all, rather citing to his own, nonresponsive narrative of the case, thus improperly misleading the Court into believing that certain material facts may actually be disputed when in reality they are not. Equally as egregious, Mantha purports to dispute

*direct quotations* from admissible evidence such as contracts and deposition transcripts—with no basis to so dispute—apparently because he believes the material facts are unfavorable to him. Because his responses materially violate both the letter and spirit of LR 56.1, they should be stricken and not considered. Alternatively, QuoteWizard requests that the material facts set forth by QuoteWizard be deemed admitted in each instance where Mantha has failed to controvert them in compliance with the Local Rules.

## APPLICABLE RULES

LR 56.1 provides in part that:

> A party opposing the motion shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation. Copies of all referenced documentation shall be filed as exhibits to the motion or opposition. Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties.

The Rule "was adopted to expedite the process of determining which facts are genuinely in dispute, so that the court may turn quickly to the usually more difficult task of determining whether the disputed issues are material." *Brown v. Armstrong*, 957 F. Supp. 1293, 1297 (D. Mass. 1997).

Parties may not proffer legal argument, unsupported statements of counsel, or the like in setting forth or in responding to material facts. *See, e.g.*, *Dukanci v. Ann Inc. Retail*, 117 F. Supp. 3d 115, 117 n.2 (D. Mass. 2015) ("proffered statements fail to comply with Local Rule 56.1 as they . . . consist largely of legal argument"); *Matt v. HSBC Bank USA*, 968 F. Supp. 2d 351, 354 n.2 (D. Mass. 2013) (plaintiff "offered paragraphs of legal argument that have no place in a party's concise statement of facts"); *Neponset Landing Corp. v. Northwest Mut. Life Ins. Co.*, 902 F. Supp. 2d 149, 153 (D. Mass. 2012) (not crediting as facts LR. 56.1 statements that "merely reflect the arguments of counsel").

Courts may deem uncontroverted those material facts for which the responses fail to comply with LR 56.1. *See* LR 56.1. *See also Stagikas v. Saxon Mortg. Servs.*, 2013 U.S. Dist. LEXIS 136462, at *25-26, 2013 WL 5373275 (D. Mass. Sep. 24, 2013) ("[T]he Court will impose the sanction provided for in the rule, and the Defendant's material facts set forth in ¶¶ 22, 23, and 29 of Defendant's SOF will be deemed admitted.").

Moreover, Federal Rule of Civil Procedure 56(e) provides that, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or (4) issue any other appropriate order."

**MANTHA'S RESPONSES TO QUOTEWIZARD'S STATEMENT OF FACTS[1]**

QuoteWizard challenges the below specific Responses by Mantha at ECF No. 220 on the grounds specified:

(1) All responses that purport to set forth factual support for a response but do not cite to or rely on any evidence at all, but rather counsel's own, unsupported assertions: ¶¶ 59-73 (asserting that not all calls to/from Perkins School employees are "work" calls because Mantha has "personal relationships" with some unidentified employees, but including no factual support for such assertion);

(2) All responses that purport to dispute a material fact but offer no support at all: ¶ 103;

(3) All responses that purport to dispute a material fact but fail to cite to "affidavits, depositions and other documentation" but instead rely solely on Mantha's separately filed statement of facts in support of his partial motion for summary judgment: ¶¶ 20, 56, 58-73, 91, 104, 120;

(4) All responses that state "Disputed" but contain no factual matter or citations actually disputing the material fact: ¶ 76 (disputing that HRIS system contains Mantha's cell phone system but including no factual citation to dispute the assertion); ¶ 83 (disputing

---

[1] All paragraph citations herein are to Mantha's response to the designated paragraph within QuoteWizard's statement of material facts; for example, a citation to ¶ 90 is to Mantha's response to QuoteWizard's ¶ 90.

sworn evidence that QuoteWizard only purchases lead that carry TCPA consent but providing no factual support, rather relying on counsel's labels, characterizations, and misrepresentations of the evidence only); ¶¶ 86 (purporting to dispute a direct quotation from a contract in evidence with counsel's labels, characterizations, and misrepresentations of the evidence only); 87 (same); 88 (same); 89 (same); 90 (same); ¶ 91 (disputing sworn evidence that QuoteWizard only purchases leads that contain a Jornaya LeadiD but relying on counsel's labels, characterizations, and misrepresentations of the evidence only); ¶ 93 (disputing sworn evidence with no citation to supporting evidence to actually dispute it); 94 (same); ¶¶ 97; 98; 99; 100; 104; 108; 111; 119; 120; 121; 137; 138; 141; 142; 143; and

(5) Responses in which Mantha purports to dispute a material fact that he himself has advanced in his own, separately filed statement of facts: ¶ 92 (disputing that "Jornaya LeadiD is an industry standard tool used to verify lead consent") (*compare with* ECF No. 210, ¶ 64 (contending that "Jornaya is a 'lead verification company' that QuoteWizard relies upon to confirm the accuracy of consumer data purchased by QuoteWizard from third party lead generators") and ¶ 65 (contending that "[a] Jornaya Lead ID purportedly is used to confirm a consumer's consent to receive telemarketing calls.")).

## ARGUMENTS & AUTHORITIES

Mantha's Responses, as identified above, materially violate LR 56.1 in numerous respects. In addition to setting forth each response that QuoteWizard challenges above, QuoteWizard highlights the most egregious aspects of the responses below.

First, Mantha has attempted to dispute undisputed facts set forth by QuoteWizard regarding Mantha's work use of his cell phone—namely, proof of calls made to or from Mantha's cell phone in 2019 from a number associated with his employer, Doctor Franklin Perkins School, the school's on-call numbers, or its employees. *See* Mantha's Responses, ¶¶ 59-73. By including the word "Disputed" in his responses, Mantha apparently hopes that the Court will actually treat the material facts as in dispute between the Parties. The fundamental issue with Mantha's approach is that he *relies solely on counsel's unsupported contentions* to "dispute" these material facts. Namely, in response to material facts recounting his numerous calls to or from Perkins School or its employees, Mantha's counsel states: "Plaintiff disputes that the mere fact that he received a call

4

from a number associated with a Perkins School employee renders the call a 'work' call, as he has personal relationships with many of his co-workers, and the Declaration of Counsel identifying numbers as associated with Perkins School does not substantiate the content of any conversation." *Id*.

Therefore, Mantha purports to dispute the evidence of work calls based on his counsel's unsupported argument that Mantha has "personal relationships" with some unidentified "co-workers." Mantha's counsel proffers no affidavit or declaration from Mantha or his "co-workers" to establish this. This is unacceptable and in contravention of the rules. To the extent that Mantha disputed that any of the 1,400 calls identified in his 2019 cell phone records to or from Perkins School numbers or employees were work-related, he could have simply said so in a sworn affidavit under the penalties of perjury, using his own cell phone records for reference. This knowledge would be in his exclusive possession. He failed to do so. Mantha's counsel cannot genuinely dispute these material facts via counsel's unsupported contentions and speculation. QuoteWizard notes that this unsupported argument is also disingenuous, as most of the calls were to/from designated on-call numbers for off-hour emergencies (clearly work-related calls) rather than individual employees (a fact that could be proven if necessary, despite that these facts are not genuinely disputed).

Second, and amazingly, Mantha has purported to dispute *direct quotations from a contract* in evidence. *See* Mantha's Responses, ¶¶ 86-90. Namely, where QuoteWizard has directly quoted from the QuoteWizard/RevPoint contract to establish that RevPoint guaranteed that all leads sold would be TCPA-compliant, Mantha purports to "dispute" the direct quotations, interjecting a non-responsive non sequitur composed of his attorney's characterization of unrelated issues. *See, e.g., id.*, ¶ 86 (in response to statement of fact that quoted from RevPoint contract that RevPoint

"represent[ed] warrant[ed] and agree[d] that the Leads sold to Quote Wizard pursuant to this Agreement" will "not be obtained in violation of any state or federal law, rule, regulation, court order, judgment, decree, or agreement[,]" Mantha responded: "Disputed. Over 2.5 million consumers who received QuoteWizard's telemarketing texts took the time to respond and to demand that future texts cease. The millions of complaints made by consumers put QuoteWizard squarely on notice consumers were not consenting to receive such texts. See PSOF at ¶11-24. Further, QuoteWizard's contract with Rev-Point required only that Rev-Point obtain leads from consumers "interested" in insurance and did not require Rev-Point to obtain leads from consumers who explicitly requested to be contacted by Quote-Wizard. See ECF #203, Affidavit of Joel Peterson at Exhibit B, Contract Between QuoteWizard and Rev-Point. Finally, if Rev-Point breached its contract by failing to provide QuoteWizard with TCPA compliant leads, QuoteWizard can enforce its contract rights against Rev-Point elsewhere and is of no consequence as to consumers' TCPA claims against QuoteWizard.").

Needless to say, Mantha has not actually disputed the aforementioned material facts and obviously would have no ground to so do, given that they are direct quotations from an admissible contract. Mantha appears to dispute the facts solely so that they are not considered undisputed by the Court, but this is in flagrant violation of the Local Rules, which require factual support for such a dispute.

Mantha's pattern of marking material facts "disputed" but not actually disputing the facts with record evidence, but rather only with non-responsive arguments of counsel, is repeated at (for example): Responses, ¶ 76 (disputing that HRIS system contains Mantha's cell phone but including no factual citation to dispute the assertion); ¶ 83 (disputing sworn evidence that QuoteWizard only purchases leads that carry TCPA consent but providing no factual support,

6

rather relying on counsel's labels, characterizations, and misrepresentations of the evidence only); ¶ 91 (disputing sworn evidence that QuoteWizard only purchases leads that contain a Jornaya LeadiD but relying on counsel's labels, characterizations, and misrepresentations of the evidence only); ¶ 93 (disputing sworn evidence with no citation to supporting evidence to actually dispute it).

The fundamental purpose of LR 56.1 is to allow the Court to efficiently determine which facts are actually disputed versus undisputed. Mantha's counsel's repeated use of "Disputed" where Mantha has not actually disputed a fact, with or without factual citations, renders that task nearly impossible for the Court. Mantha has failed to follow both the letter and sprit of LR 56.1, clearly refusing to cede even the most undisputed and basic of facts for apparent fear of losing on QuoteWizard's Motion. QuoteWizard requests that the Court strike the challenged responses or deem the corresponding material facts admitted.

## CONCLUSION

WHEREFORE, QuoteWizard respectfully requests that the Court strike the challenged portions of Mantha's Responses to QuoteWizard's Statement of Material Facts, or otherwise deem those facts uncontroverted and admitted.

[*Signatures on Next Page*]

Respectfully submitted,

QuoteWizard.com, LLC,
By its attorneys,

*/s/ Kevin P. Polansky*
Kevin P. Polansky (BBO #667229)
kevin.polansky@nelsonmullins.com
Christine M. Kingston (BBO #682962)
christine.kingston@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, MA 02111
(t) (617)-217-4700
(f) (617) 217-4710

Dated: August 18, 2021

## LOCAL RULE 7.1 CERTIFICATION

I, Kevin P. Polansky, hereby certify that, on August 18, 2021, my office e-mailed Plaintiff's counsel in good faith regarding the issues raised by this Motion, but we were unable to narrow or resolve the issues. Plaintiff opposes this Motion.

Dated: August 18, 2021                                              */s/ Kevin P. Polansky*

## CERTIFICATE OF SERVICE

I, Kevin P. Polansky, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: August 18, 2021                                              */s/ Kevin P. Polansky*