UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MANTHA, *on behalf of himself and all others similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br>QUOTEWIZARD.COM, LLC,<br><br>    Defendant. | Civil Action No. 1:19-cv-12235-LTS |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S AFFIDAVIT OF COUNSEL IN SUPPORT OF HIS OPPOSITION TO ITS SUMMARY JUDGMENT MOTION**
**(Memorandum Incorporated)**

Now comes Defendant QuoteWizard.com, LLC ("QuoteWizard") and hereby moves to strike in its entirety the Affidavit of Matthew McCue, Esq. ("McCue Affidavit") [ECF No. 221, Exhibit 1] because it (1) contains improper, purported substantive testimony from counsel of record in this case, (2) is not made on personal knowledge, (3) recites improper legal argument repackaged as purported sworn testimony, (4) relies on unsupported and untrue contentions, and (5) is otherwise inflammatory and clearly inadmissible.[1] QuoteWizard also seeks its fees for filing this Motion given the clearly inappropriate nature of the McCue Affidavit.

**BRIEF BACKGROUND**

In support of Mantha's Opposition to QuoteWizard's Motion for Summary Judgment, Mantha purported to file the McCue Affidavit as Exhibit 1 thereto. *See* ECF No. 221, Ex. 1.

---

[1] By separately filed Motion, QuoteWizard moves to strike the McCue Affidavit and portions of Mantha's Opposition to QuoteWizard's Motion for Summary Judgment based on the inclusion of confidential, inadmissible discussion of settlement offers and negotiations in this case. This Motion focuses solely on the other grounds on which the Affidavit is inadmissible.

Therein, Attorney McCue, counsel of record for Mantha, purports to:

(1) Describe some but not all of the Parties' confidential and inadmissible settlement offers and negotiations in this case (¶¶ 4-8);

(2) Improperly characterizes QuoteWizard's or its counsel's actions as "an attack" (¶¶ 3, 4), or that QuoteWizard attempted to "buy off" Mantha (¶¶ 6, 9);

(3) Suggests that QuoteWizard engaged in allegedly illegal conduct (*see* ¶ 4) ("QuoteWizard … offered no change to its telemarketing practices");

(4) Contends that "extensive discovery conclusively proved that Mr. Mantha did not consent to receive … texts" (¶ 6) despite that this is a pending, disputed material issue before the Court;

(5) Purports to offer substantive testimony on his client's subjective mindset and motivations (¶ 10) ("By his conduct, Mr. Mantha has demonstrated that the exact opposite is true[.] He is an ideal potential class representative who recognizes his duty to advocate not just for himself, but for all potential class members.");

(6) Improperly urges the Court in a sworn affidavit to deny QuoteWizard's summary judgment motion (¶ 11) ("QuoteWizard must not be allowed to disparage Mr. Mantha in its summary judgment papers and conceal from the Court its repeated efforts to buy off Mr. Mantha, without providing any relief to class member, or without making any change to its telemarketing practices, which- to date- have generated over 2.5 million consumer complaints."); and

(7) Misrepresents that "over 2.5 million consumer[s]" made "complaints" about QuoteWizard "telemarketing practices" (¶ 11).

None of this is appropriate, admissible evidence. In fact, such a conclusory, unsupported, inflammatory, argumentative affidavit would be inadmissible even if proffered by a legitimate witness. But when proffered by an attorney of record in substantive support at the summary judgment stage, such affidavit is both inadmissible and (QuoteWizard submits) sanctionable.

## ARGUMENTS & AUTHORITIES

The McCue Affidavit is inadmissible and should be stricken based on nearly every conceivable standard for summary judgment affidavits. *See Garside v. Osco Drug, Inc.*, 895 F.2d 46, 49-51 (1st Cir. 1990) (generally speaking, evidence must be admissible at trial in order to be

considered on summary judgment; under Fed. R. Civ. P. 56(c), affidavits may be offered in support of or opposition to summary judgment if they set forth facts that would be admissible under Federal Rules of Evidence). *See also* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

First, besides a discussion of some but not all of prior settlement offers made between the Parties in the case (which is inadmissible under Fed. R. Evid. 408, and without considering Attorney McCue's improper characterizations of such offers), Attorney McCue lacks personal knowledge for the statements made in his Affidavit. Most egregiously, Attorney McCue, in his closing salvo, reports that "Mr. Mantha has demonstrated that the exact opposite is true[.] He is an ideal potential class representative who recognizes his duty to advocate not just for himself, but for all potential class members." McCue Affidavit, ¶ 10. Attorney McCue lacks personal knowledge and is not competent to make such a sweeping conclusion. The Affidavit must be stricken on this ground. *See* Fed. R. Civ. P. 56(c)(4); *Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 53 (1st Cir. 2000) ("affidavits submitted in opposition to" summary judgment motion that do not provide "specific factual information made on the basis of personal knowledge . . . are insufficient").

Second, the majority of the McCue Affidavit contains Attorney McCue's self-serving and inadmissible labels, conclusions, and characterizations of QuoteWizard's actions and motives, disputed issues in this case, or other matters on which he is not competent or allowed to submit substantive testimony. For example, Attorney McCue opines that QuoteWizard has "attacked" Mantha and his counsel; that QuoteWizard has attempted to "buy off" Mantha during this case; that "extensive discovery conclusively proved that Mr. Mantha did not consent to receive its

3

telemarketing texts"; that QuoteWizard has engaged in allegedly illegal "telemarketing practices"; that QuoteWizard has "disparage[d]" Mantha in its summary judgment filings; and that "over 2.5 million consumers" have made "complaints" about QuoteWizard's practices. *See* McCue Affidavit, ¶¶ 3-4, 6-7, 9, 11.

The fundamental problem with these labels, conclusions, and characterizations are that they are not supported by *any* admissible evidence; in at least one instance, they are demonstrably untrue (*see infra*). It is well-settled that an attorney's argument, labels, characterizations, and the like are not admissible into evidence—even if repackaged in the form of an affidavit, as here. *See, e.g.*, *Jersey Cent. Power & Light Co. v. Township of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985) ("Legal memoranda and oral argument are not evidence and cannot by themselves create a factual dispute sufficient to [support or] defeat a summary [enforcement] motion."); *Germinaro v. Fidelity Title Ins. Co.*, 2016 U.S. Dist. LEXIS 141797, 2016 WL 5942236, at *2 (W.D. Pa. 2016) (attorney argument is not evidence, but simply the characterization of the evidence on the record, and to the extent that it is unsupported by the evidence, it should be disregarded); *Yan v. Penn State Univ.*, 529 F.App'x 167, 170 (3d Cir. 2013) (mere "characterizations" of record evidence do not, alone, have probative value); *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) (assertions made by the parties at summary judgment must ultimately be supported by facts).

Indeed, Attorney McCue's statements and characterizations are even more troubling when considering that they purport to go to the heart of numerous issues before the Court on the pending cross-motions for summary judgment. For example, Attorney McCue advances statements and characterizations concerning (1) Mantha's consent, (2) whether the text messages constitute telephone solicitations/telemarketing, and (3) whether QuoteWizard violated the TCPA, which are all issues before the Court on the cross-motions. The Affidavit is a clear, improper attempt to

4

create evidence on these ultimate issues where none exists.  If Mantha had admissible evidence on those points, he could and should have submitted it.  His attorney's attempt to manufacture evidence to defeat QuoteWizard's Motion must be rejected.

Third, many of the unsupported labels and characterizations made by Attorney McCue are either misleading or outright untrue.  As a particularly egregious example of these statements, Attorney McCue opines that "extensive discovery conclusively proved that Mr. Mantha did not consent to receive its … texts."  McCue Affidavit, ¶ 6.  This is a monumentally inappropriate statement for an attorney to make under the penalties of perjury *when the issue of consent is actively disputed between the Parties and before the Court for decision*.  *See* ECF Nos. 205-207, 223-225.  It is further particularly egregious where Mantha failed to comply with his duty to preserve critical digital evidence on the issue of consent, as described in QuoteWizard's Opposition (ECF No. 223, pp. 19-23) to Mantha's partial summary judgment motion.  Discovery has not "conclusively proved" that Mantha did not consent; to the contrary, it is a disputed issue of material fact between the Parties, and for the Court to decide, in any event.

Similarly, Attorney McCue affirmatively misrepresents the "do not call" data as produced by non-party Drips Holdings, LLC in this case.  As more fully described in QuoteWizard's pending Motion to Strike [ECF No. 222], the "do not call" requests made by other consumers to Drips are not and cannot be fairly characterized as "complaints," much less as relating to alleged lack of consent.  In fact, many of the "do not call" requests *affirmatively prove that QuoteWizard had consent to contact the consumer*.  *See* ECF No. 222, pp. 12-16 & Ex. 1 thereto.  For all of the same reasons stated in ECF No. 222, it is shockingly untrue for Attorney McCue to represent to the Court that "over 2.5 million consumer[s]" have submitted "complaints" about alleged "telemarketing texts."  McCue Affidavit, ¶ 11.  In truth, a fraction of consumers have made "do

not call" requests to Drips.  Insofar as Mantha believed that *some* of those requests contain "complaints," Mantha had an obligation to isolate and identify them (even though they still would not be relevant to any issue at summary judgment and would constitute inadmissible hearsay).  What Mantha is not entitled to do is misrepresent the evidence in an affidavit signed by his counsel of record and pass the affidavit off as evidence for the Court to consider in the summary judgment context.

Fourth, the entirety of the Affidavit constitutes improper, purported testimony from an attorney of record in this case.  While it is not uncommon (and in fact quite ordinary) for attorneys to submit affidavits with their clients' summary judgment motions solely to authenticate exhibits of which the attorney has personal knowledge (discovery responses and the like), it is highly unusual and generally impermissible for counsel of record to purport to submit *substantive testimony* in support of a summary judgment motion, much less one that is not based on personal knowledge and advances misleading, untrue, or inadmissible statements.  "It is elementary that counsel may not participate both as an advocate and as a witness, absent special circumstances." *Spivey v. United States*, 912 F.2d 80, 84 (4th Cir.1990); *see also Inglett & Co. v. Everglades Fertilizer Co.*, 255 F.2d 342, 349 (5th Cir. 1958) ("It is an unnatural, if not virtually impossible, task for counsel, in his own case, to drop his garments of advocacy and take on the somber garb of an objective fact-stater.").

Thus, courts generally refuse to consider substantive affidavits submitted by an attorney of record in support of his or her client's summary judgment papers.  *See*, *e.g.*, *Eguia v. Tompkins*, 756 F.2d 1130, 1136 (5th Cir. 1985) ("The attorney's affidavit filed by the defendants in support of their motion is another matter. The plaintiff properly objected to its use in the district court. It attests to the truth of the facts and allegations contained in the defendants' motion. As to at least

6

one of these facts, it appears that the attorney lacked personal knowledge. We cannot condone the use of such an improper affidavit."); *Maddox v. Aetna Casualty & Surety Co.*, 259 F.2d 51, 53 (5th Cir. 1958) (court was not "at liberty to consider" summary judgment affidavit submitted by party's attorney); *Universal Film Exchanges, Inc. v. Walter Reade, Inc.*, 37 F.R.D. 4, 5-6 (S.D.N.Y. March 18, 1965) ("Defendant's counsel in submitting opposition papers, upon this motion, has followed what I believe to be an inherently unsound practice of mingling in his affidavit alleged facts, comment, inference, argument and explanation.") (refusing to consider attorney affidavit submitted in opposition to summary judgment motion); *Internet Law Library, Inc. v. Southridge Capital Mgmt., L.L.C.*, 2005 U.S. Dist. LEXIS 32299, at *9, 2005 WL 3370542 (S.D.N.Y. Dec. 12, 2005) (granting motion to strike attorney affidavit because "[a]n attorney's affidavit is typically used to present documents to the court ***and should not be used as counsel's personal vehicle to lobby the court***" (emphasis added)); *Hollander v. American Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999) (upholding decision to strike affidavit which "more resembled an adversarial memorandum than a bona fide affidavit").

Moreover, Attorney McCue is not a legitimate, percipient witness to events underlying the lawsuit. Attorney McCue was retained after the events underlying the lawsuit. Therefore, his attempt to offer substantive testimony in support of his client's claims is completely inappropriate—both because he lacks personal knowledge to do so, and because the law heavily disfavors counsel of record from acting as a dual attorney/fact witness.

QuoteWizard again emphasizes that, insofar as Mantha sought to proffer evidence concerning an alleged injury or his pre-suit conduct or motivations, he could have submitted his own sworn affidavit, or an affidavit from the witnesses he disclosed in discovery, including his

7

wife, Melisa Mantha, and friend, Steven Novia. Mantha chose not to and/or failed to submit such evidence and cannot now rely on his attorney's inadmissible attempts to create evidence.

Finally, the McCue Affidavit is also inadmissible in that it contains inflammatory rhetoric regarding QuoteWizard and its counsel, particularly suggesting that QuoteWizard has tried to "buy off" Mantha or that its counsel has attempted to "disparage" Mantha merely by advancing a legal argument concerning lack of standing, as supported by the record evidence. The tone and tenor of the Affidavit are inappropriate. The statements in the Affidavit do not bear on any relevant issues and do nothing to aid the Court in deciding the cross-motions. *See Montaldi v. Maclaren*, 2019 U.S. Dist. LEXIS 210504, at \*4 (E.D. Mich. Dec. 6, 2019) (in deciding summary judgment motion, "to the extent that the court encounters 'personal attacks' and 'inflammatory rhetoric,' the court is capable of recognizing the same and either ignoring it or otherwise dealing with inappropriate conduct by counsel.").

In sum, the McCue Affidavit was filed in the apparent hopes that the Court will afford testimonial weight and evidentiary value to the unsupported (and sometimes completely untrue) arguments of counsel of record. Not only is this inappropriate for all of the reasons stated above, it is also prejudicial and unfair, given that QuoteWizard was obviously not given an opportunity to cross-examine Attorney McCue on the statements proffered in his affidavit. QuoteWizard respectfully requests that the McCue Affidavit be stricken from the record in its entirety. *See Internet Law Library, Inc.*, 2005 U.S. Dist. LEXIS 32299, at \*9 (attorney affidavit cannot be used as "vehicle to lobby the court").

QuoteWizard also requests its fees for preparing this Motion. This Court may award fees pursuant to its inherent, implied powers. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991); *Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178, 1186,

8

197 L.Ed.2d 585 (2017) ("Federal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process. And one permissible sanction is an assessment of attorney's fees—an order, like the one issued here, instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side." (internal citations and quotations omitted)).

QuoteWizard requests fees because the challenged Affidavit is clearly inadmissible and inappropriate on the numerous grounds set forth herein and in the separately-filed Motion to Strike concerning settlement negotiation references; because Mantha's counsel never attempted to confer with QuoteWizard's counsel before breaching the inviolate confidentiality that attaches to settlement offers and negotiations; and because of the inappropriate tone and tenor of the Affidavit.

## CONCLUSION

WHEREFORE, QuoteWizard respectfully requests that the Court grant its Motion and strike and refuse to consider the Affidavit of Matthew McCue, Esq., and award QuoteWizard its fees for preparing this Motion to Strike.

Respectfully submitted,

QuoteWizard.com, LLC,
By its attorneys,

/s/ Kevin P. Polansky
Kevin P. Polansky (BBO #667229)
kevin.polansky@nelsonmullins.com
Christine M. Kingston (BBO #682962)
christine.kingston@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, MA 02111
(t) (617) 217-4700
Dated: August 18, 2021                    (f) (617) 217-4710

## LOCAL RULE 7.1 CERTIFICATION

I, Kevin P. Polansky, hereby certify that, on August 18, 2021, my office e-mailed Plaintiff's counsel in good faith regarding the issues raised by this Motion, but we were unable to narrow or resolve the issues. Plaintiff opposes this Motion.

Dated: August 18, 2021                                        */s/ Kevin P. Polansky*

## CERTIFICATE OF SERVICE

I, Kevin P. Polansky, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: August 18, 2021                                        */s/ Kevin P. Polansky*