# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

JOSEPH MANTHA, *on behalf of himself and all others similarly situated*,

Plaintiff,

v.

QUOTEWIZARD.COM, LLC,

Defendant.

Civil Action No. 1:19-cv-12235-LTS

### PLAINTIFF'S RESPONSE TO DEFENDANT'S RESPONSE TO PLAINTIFF'S LR 56.1 STATEMENT OF MATERIAL FACTS AND ADDITIONAL STATEMENT OF MATERIAL FACTS

Plaintiff Joseph Mantha ("Plaintiff" or "Mr. Mantha") hereby submits, pursuant to Fed. R. Civ. P. 56(c) and Local Rule 56.1, his Response to Defendant's Responses Statement of Material Facts [ECF No. 210], and QuoteWizard's additional Statement of Facts, as follows:

**A. QuoteWizard's Responses to Mantha's Statement of Facts**

1.      QuoteWizard.com, LLC ("QuoteWizard" or "Defendant") is in the business of selling its services to insurance agents, and providing those agents with potential customers and new business. *See* https://quotewizard.com/corp/about-us.



2.      QuoteWizard is owned by LendingTree, Inc. *See* https://www.lendingtree.com.



5.      On its web site, Drips explained that its automated "Conversational Text Messaging" technology uses artificial intelligence ("AI") to understand "tens of thousands of intent-driven responses to hold hundreds of millions of asynchronous conversations at a time…" *See* Exhibit 3, Declaration of Counsel, (Bates 00005) citing from https://www.drips.com/blog/how-drips-is-leading-the-way-in-humanizing-ai-driven-marketing-campaigns/.



6.      Drips claims that its AI based "Conversational Text Messaging" technology is:

> "***extremely human-like*** in that it can answer questions, respond to messages and hold actual conversations with customers.  These conversations are personalized and allow for information exchange and context to be conveyed."

*Id.* (emphasis added) (Bates 00005).



7.      Consumers who receive these automated spam texts from Drips, are not interacting with a human being. They are interacting with a bot designed to appear like a human being. As Drips' founder, AC Evans, explained in an interview with MixEnergy.com:

> It has to be humanized because nobody wants to talk to a chatbot. That's one big difference between our system and any chatbot out there is you can't tell it's a bot. It is completely humanized. And when you may be able to trip it up to the point where you would be able to tell a bot, it actually still gets flipped back to a human to respond with empathy and context.

*See* <u>Exhibit 3</u>, Declaration of Counsel, citing from https://mixergy.com/interviews/drips-with-ac-evans/ (AC Evans- founder of Drips- is interviewed in regards to "Conversational Messaging" and how it works) (Bates 00044).



8.      Mr. Evans further noted that he has "always had that kind of spammer marketer, you know, scale mentality" and noted that "millions and millions" of concurrent conversations were happening at Drips and most of the process is "completely automated." *Id.* (Bates 00032)





11.     The exact number of telemarketing texts sent by Drips on behalf of QuoteWizard is unknown at this time as initial discovery was limited to Mr. Mantha's individual claim. *See* ECF #39.



12.     During discovery, however, plaintiff sought the production of do not call requests submitted by consumers who objected to their receipt of QuoteWizard's telemarketing texts ("DNC Complaints"). *See* ECF #104, #112, #124, #132, #133, #136, #144, #149-151; ECF# 153; ECF #158, #162, #163, #165, #167, #170, #177-180, #184, and #186.





14.     This Court ultimately ordered QuoteWizard to produce the DNC Complaints as well as all documents relating to the DNC Complaints. *Id.*

15.     In response, QuoteWizard produced excel spread sheets identifying over 2.5 million DNC Complaints. *See* ECF# 184, Defendant's Notice to Court Regarding Supplemental, Corrected Production, (QuoteWizard acknowledges error in its prior discovery responses disclosing that the number of consumers who submitted Do Not Call complaints after receiving QuoteWizard telemarketing texts was not 46,000 as represented previously to the Court, but in fact was over *two million*).

16.     QuoteWizard, however, did not produce the substance of these complaints. *See* ECF #104, #112, #124, #132, #133, #136, #144, #149-151; #153; #158, #162, #163, #165, #167, #170, #177-180, #184, and #186.









---

[1] The raw language utilized by consumers responding to QuoteWizard's telemarketing spam defies any conceivable claim that these consumers welcomed QuoteWizard's spam texts and expressly consented to receive text telemarketing messages from QuoteWizard, as repeatedly alleged by QuoteWizard throughout this litigation.



26.     Mr. Mantha is employed as the Director of Residential Services at the Franklin

Perkins School, an entity that provides services and housing for individuals with special needs,

located in Lancaster, Massachusetts. *Id.* at Exhibit 6, Interrogatory Answer #7. *See* Exhibit 7,

Mantha Depo Day 1 at page 13, lines 15-24, and page 14, lines 1-11; Exhibit 8, Deposition of Joe

Mantha Day 2 at page 10 lines 6-16.

**RESPONSE: Undisputed**.

27.     The wireless number assigned to Mr. Mantha's personal cellular phone is (508)

353-**** (the "Wireless Number") and is used by Mr. Mantha for personal purposes. *See* Exhibit

6, Interrogatory Answer #6 and #7. *See* Exhibit 7, Mantha Depo Day 1 at page 26, lines 9-10.

**RESPONSE: Partially Disputed.** QuoteWizard does not dispute that the partially redacted cell phone number referenced is the one at issue in this litigation. QuoteWizard disputes that Mantha uses the cell phone only or even primarily for undefined "personal purposes" or that his cell phone is a "personal" one. *See* ECF No. 208, ¶ 11; *see also* ECF No. 208, Exhibit 9 (reflecting that 48.6% of all calls to or from Mantha's cell phone in 2019 were to or from telephone numbers from/connected to the Perkins School or its employees, not counting Mantha's use of his cell phone for work e-mail and text messages).

28.     The Wireless Number is subscribed to Mr. Mantha in his name, and not in the name of his employer. *See* <u>Exhibit 6</u>, Plaintiff's Supplemental Answers to Interrogatories at Answer #5, 7; <u>Exhibit 9</u>, Verizon Phone Bill Issued to Mr. Mantha.

**RESPONSE: Undisputed.**

29.     The bill for the Wireless Number is addressed to Mr. Mantha at his home. *See* <u>Exhibit 6</u>, Plaintiff's Supplemental Answers to Interrogatories at Answer #5, 7; <u>Exhibit 9</u>, Verizon Phone Bill Issued to Mr. Mantha.

**RESPONSE: Undisputed, but irrelevant.**

30.     On November 7, 2008, Mr. Mantha listed the Wireless Number on the National Do Not Call Registry effectively instructing telemarketers not to call the Wireless Number with telemarketing solicitations. *See* <u>Exhibit 6</u>, Plaintiff's Supplemental Interrogatory Answer #5.

**RESPONSE: Partially Disputed.** QuoteWizard does not dispute that Mantha placed his cell phone number on the Registry, but does dispute the legal significance of this.

31.     Mr. Mantha does not have a work issued cell phone. *See* <u>Exhibit 8</u>, Mantha Depo Day 1 at page 31 lines 6-7; <u>Exhibit 8</u>, Deposition of Joe Mantha Day 2 at page 26 lines 4-6.

**RESPONSE: Undisputed**.  The Doctor Perkins School does not issue work cell phones

to any employees, *see* ECF No. 208, Exhibit 2, pp. 57-58, but does issue a $30 per month cell phone reimbursement for employees who need to use their cell phones for work, which such reimbursement Mantha receives, *id*., pp. 59-60, p. 80:7-9, pp. 75-76.

32.     Mr. Mantha began receiving telemarketing texts from QuoteWizard on August 9, 2019. *See* Exhibit 10, Chronology of Text Exchanges Between QuoteWizard and Mr. Mantha, produced by QuoteWizard at QuoteWizard_Mantha 000009.

**RESPONSE: Partially Disputed.** QuoteWizard does not dispute that the first text message to Mantha was made on August 9, 2019.  QuoteWizard disputes Mantha's counsel's characterization of the text messages as "telemarketing."













52.     Mr. Mantha has denied ever visiting the Snappy Auto web site or to ever consenting to receive QuoteWizard telemarketing texts in any fashion or form. *See* <u>Exhibit 6</u>, Plaintiff's Answers and Supplemental Answers to Interrogatories at #9, 10, 21, 25; <u>Exhibit 7</u>, Deposition of Joseph Mantha, Day 1, at page 26, lines 9-10; <u>Exhibit 14</u>, Declaration of Joseph Mantha.







had no knowledge if some other entity or person could be using/running the Website to generate

leads.  *See* ECF No. 210, Exhibit 17, pp. 21-24 (Brown sold auto insurance network and stopped

using www.snappyautoinsurance.com in 2015); *id.*, pp. 112-13 (testifying that Dario Osmancevic,

who had identified himself as webmaster of website, was "obviously responsible for the site"); *id.*,

p. 113:5-10 (answering "I can't answer that" when asked "would it be possible that someone could

























86.     The texts were not directed to Mr. Mantha's employer. *Id.*



87.     The Wireless Number was subscribed to Mr. Mantha personally by the telecommunications carrier Verizon. *See* <u>Exhibit 6</u>, Plaintiff's Supplemental Answers to Interrogatories at Answer #5, 7; <u>Exhibit 9</u>, Verizon Phone Bill Issued to Mr. Mantha.



88.     The Wireless Number was subscribed to Mr. Mantha at his residential address. *Id.*



89.     The Wireless Number was not subscribed to Mr. Mantha's employer or to any business. *Id. See* <u>Exhibit 25</u>, Deposition of Franklin Perkins School at page 29 lines 12-24 and page 30 line 1.



90.     Mr. Mantha does not hold the Wireless Number out to the public as a business line,

nor is it listed on his business card as a point of contact. *See* <u>Exhibit 6</u>, Plaintiff's Answers and Supplemental Answers to Interrogatories at #7; <u>Exhibit 26</u>, Mantha Business Card from The Franklin Perkins School.



91.   Mr. Mantha does not have a home business. *See* <u>Exhibit 6</u>, Plaintiff's Answers and Supplemental Answers to Interrogatories at #7.



94.   In his capacity as the Director of Residential Operations at the Doctor Franklin Perkins School, Mr. Mantha needs to be available even when not at the office and during non-traditional work hours when he is on call. <u>Exhibit 8</u>, Deposition of Joe Mantha Day 2 at page 24

lines18-24, page 25 lines 1-24, and page 26 lines 1-6; <u>Exhibit 6</u>, Plaintiff's Supplemental Interrogatory Answer #7.



95.     Due to the nature of his work, Mr. Mantha frequently makes and receives work calls on the Wireless Number. *Id.*



96.     Mr. Mantha does have an office at his place of employment and a work phone number. *See* <u>Exhibit 25</u>, Deposition of The Franklin Perkins School at page 47 lines 16-24 and page 50 lines 1-4.



97.     Mr. Mantha's employer partially reimburses Mr. Mantha $30 a month for internet data costs associated with the Wireless Number to allow Mr. Mantha to access work related e-mail. *See* <u>Exhibit 8</u>, Deposition of Joe Mantha Day 2 at page 26 lines 8-13.

98.     Mr. Mantha's employer confirmed the Wireless Number is Mr. Mantha's personal

cell phone number over which The Doctor Franklin Perkins School exercises no control. *See* Exhibit 25, Deposition of Franklin Perkins School at page 29 lines 12-24 and page 30 line 1.



**B.  Plaintiff's Response to QuoteWizard's Additional Statement of Facts**

**(1) Consent**

99.     QuoteWizard hereby incorporates the following facts from its Statement of Facts filed at ECF No. 204 concerning the issue of consent: ¶¶ 78-82; 83-143.

**Plaintiff's Response**

Plaintiff objects to QuoteWizard's over complication of the record, particularly by incorporating by reference all of its 143 previously responded to purportedly material facts from its own motion for summary judgment as "additional facts" on top of an additional 22 "additional facts" in this response. To remove any doubt, plaintiff incorporates by reference his prior responses to QuoteWizard's Statement of Facts, filed at ECF # 220. QuoteWizard has failed to carry its burden of proof (to be met with clear and convincing evidence) that it had Mr. Mantha's prior express signed consent to receive telemarketing texts from QuoteWizard itself. *See* ECF 210# PSOF at ¶49-84.



19; ECF No. 208, Ex. 16.

**Plaintiff's Response**

















Rev-











Undisputed but irrelevant.







r.

















Respectfully submitted for PLAINTIFF,

By his attorneys

*/s/ Matthew P. McCue*
Matthew P. McCue
THE LAW OFFICE OF MATTHEW P.
MCCUE
1 South Avenue, Suite 3
Natick, MA 01760
Telephone: (508) 655-1415
mmccue@massattorneys.net

Edward A. Broderick
BRODERICK LAW, P.C.
176 Federal Street, Fifth Floor Boston, MA 02110
Telephone: (617) 738-7080 ted@broderick-law.com

Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Alex M. Washkowitz
Jeremy Cohen
CW LAW GROUP, P.C.
188 Oaks Road Framingham, MA 01701
alex@cwlawgrouppc.com

Dated: August 18, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2021, I electronically transmitted the foregoing to all counsel of record via the electronic filing system.

*/s/ Matthew P. McCue*
Matthew P. McCue