**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOSEPH MANTHA on behalf of himself and others similarly situated, | : : |
| Plaintiff, | : Case No. 1:19-cv-12235-LTS-PK |
| v. | : |
| QUOTEWIZARD.COM, LLC | : |
| Defendant. | : |

**PLAINTIFF'S OPPOSITION TO QUOTEWIZARD'S MOTION TO STRIKE AND/OR DEEM FACTS ADMITTED [ECF 227]**

Defendant QuoteWizard.com, LLC's ("QuoteWizard") motion to strike reveals why the First Circuit has held that motions to strike are generally "disfavored in practice, and not calculated readily to invoke the court's discretion." *Boreri v. Fiat*, 763 F.2d 17, 23 (1st Cir. 1985). In its Statement of Facts, QuoteWizard asserted 150 purported statements of undisputed facts. Plaintiff responded that 95 facts were undisputed, and offered record citations for the remaining 55 disputed assertions of facts. Not satisfied with this response, QuoteWizard has moved to strike or deem admitted all but 8 of Plaintiff's disputations of fact. Plaintiff's response to facts that are disputed are well grounded in the record before the Court. In addition, QuoteWizard cannot point to authority for the extraordinary relief that it seeks. Accordingly, Plaintiff respectfully submits that QuoteWizard's motion to strike and/or deem facts admitted should be denied.

**Background**

On July 14, 2021, Plaintiff moved for Partial Summary Judgment as to Prior Express Consent and Entitlement of Plaintiff's Personal Cell Phone to DNC Protection, ECF 206 (Sealed Version at 209). Plaintiff filed an accompanying Local Rule 56.1 Statement of Material Facts in support with 26 accompanying exhibits (Sealed Version at ECF 210). Plaintiff's Statement of Facts laid out in detail how the evidence adduced in discovery confirmed that Mr. Mantha never consented to receive telemarketing texts from QuoteWizard as alleged. Mr. Mantha further set forth the factual basis for his claim that his personal cell phone, which is registered on the National Do Not Call Registry, is entitled to protection under the TCPA.

Also on July 14, 2021, QuoteWizard cross-moved for summary judgment. ECF 201, with an accompanying Statement of Facts, ECF 204. Plaintiff opposed QuoteWizard's motion for summary judgment (ECF 221) and responded to QuoteWizard's Statement of Facts (ECF 220). Apparently satisfied only with Plaintiff's 95 responses of "undisputed", QuoteWizard moved to strike or deem admitted all but 8 of Plaintiff's 55 disputations of QuoteWizard's statement of fact. ECF 227.  In its Motion, QuoteWizard states "for virtually each response that Mantha lists as "Disputed," he has failed to cite to any affidavits, depositions, or other admissible documentation." Contrary to QuoteWizard's blanket statement, however, in responding to QuoteWizard's cross motion for summary judgment, in many instances to reduce the size of the record before the Court, Plaintiff often responded with a concise description of what the evidence cited in his own statement of facts on fact asserted in support of his own Motion for Partial Summary Judgment on precisely the same issues.

**Argument and Authorities**

**QuoteWizard's Motion to Strike is An Inappropriate Vehicle to Resolve Disputes of Fact and Mischaracterizes Plaintiff's Responses Which Do Contain Record Citations**

Under the Federal Rules of Civil Procedure, a court may strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'Redundant' matter consists of allegations that constitute a needless repetition of other averments." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382, at 704 (2d ed. 1990). In resolving motions to strike, trial courts are empowered with broad discretion. *See Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988); *see also Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992); *Mastrocchio v. Unnamed Supervisor Special Investigation Unit*, 152 F.R.D. 439, 440-41 (D.R.I. 1993). Motions to strike, however, are disfavored by the courts. *See Boreri v. Fiat S.P.A.*, 763 F.2d 17, 23 (1st Cir. 1985); *Amoco Oil Co. v. Local 99 Int'l Bhd. of Elec. Workers*, 536 F. Supp. 1203, 1225 (D.R.I. 1982). Mere redundancy is insufficient to support a motion to strike; the movant must demonstrate that prejudice would result if the offending material remained in the pleadings. *See Amoco Oil Co.*, 536 F. Supp. at 1225; *Russo v. Merck & Co.*, 138 F. Supp. 147, 148-49 (D.R.I. 1956); *see also Toucheque v. Price Bros. Co.*, 5 F. Supp. 2d 341, 350 (D. Md. 1998); 5A Wright & Miller, *supra*, § 1382, at 705-06. A court should be reluctant to grant this severe remedy if "the court is in doubt as to whether the challenged matter may raise an issue of fact or law." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1079 (C.D. Cal. 1994).

QuoteWizard's motion falls far short of entitling it to the "severe remedy" of striking his responses or deeming QuoteWizard's assertions admitted. As one court held, a motion to strike in the context of a summary judgment motion, absent striking evidence that is prejudicial, is

superfluous as a court is capable of weighing statements and according them the proper weight:

> It is the function of the Court, with or without a motion to strike, to carefully review the evidence and to eliminate from consideration any argument, conclusions, and assertions unsupported by the documented evidence of record offered in support of the statement. See, e.g., *S.E.C. v. KPMG LLP*, 412 F.Supp.2d 349, 392 (S.D.N.Y. 2006); *Sullivan v. Henry Smid Plumbing & Heating Co.*, Inc., No. 04 C 5167, 05 C 2253, 2006 U.S. Dist. LEXIS 22455, 2006 WL 980740, at *2 n.2 (N.D. Ill. Apr. 10, 2006); *Tibbetts v. RadioShack Corp.*, No. 03 C 2249, 2004 U.S. Dist. LEXIS 19854, 2004 WL 2203418, at *16 (N.D. Ill. Sept. 29, 2004); *Rosado v. Taylor*, 324 F.Supp.2d 917, 920 n.1 (N.D. Ind. 2004). Motions to strike are heavily disfavored, and are usually only granted in circumstances where the contested evidence causes prejudice to the moving party. *Kuntzman v. Wal-Mart*, 673 F.Supp.2d 690, 695 (N.D. Ind. 2009); *Gaskin v. Sharp Elec. Corp.*, No. 2:05-CV-303, 2007 U.S. Dist. LEXIS 55751, 2007 WL 2228594, at *1 (N.D. Ind. July 30, 2007). When ruling on the instant motion for summary judgment, the Court is capable of sifting through the evidence and considering it under the applicable federal rules and caselaw, giving each statement the credit to which it is due. Therefore, the motion to strike is DENIED as unnecessary.

*Trigg v. Fort Wayne Police Dep't*, No. 1:13-CV-344, 2016 U.S. Dist. LEXIS 35945, at *7-8 (N.D. Ind. Mar. 21, 2016). Indeed, in the District of Maine, motions to strike statements of material fact, as opposed to underlying evidence, are not allowed:

> FERC puts forth the same request to strike in response to seventy-four of the ninety-three statements of fact of the Respondents without attempting to explain why the specific statement of fact is irrelevant or immaterial. *Resp'ts' Reply to Additional Statement of Fact and FERC's Reqs. to Strike* (ECF No. 143) (Resp'ts' Reply). *See* PRDSMF. Requests to strike are disfavored in summary judgment motions. D. ME. LOC. R. 56(e) ("Motions to strike statements of material fact are not allowed. If a party contends that an individual statement of fact should not be considered by the court, the party may include as part of the response that the statement of fact 'should be stricken' with a brief statement of the reason(s) and the authority or record citation in support"); *Randall v. Potter*, 366 F. Supp. 2d 120, 121 (D. Me. 2005) ("Although the motion to strike remains available for the

4

> extraordinary case, this is one weapon in the strategic arsenal that is more effective when used sparingly"). The Court is decidedly unenthusiastic about repetitive, pro forma requests to strike filed in motions for summary judgment and will not address each request individually.

*FERC v. Silkman*, 359 F. Supp. 3d. 66, 71 n.5 (D. Me. 2019). This skeptical view of motions to strike statements of fact is consistent with the First Circuit's repeated admission that "[w]e have declined to adopt a rigid rule requiring a motion to strike in order to preserve an objection to the admissibility of evidence in connection with a summary judgment motion." *Asociacion de Periodistas de P.R. v. Mueller*, 529 F.3d 52, 57 n.1 (1st Cir. 2008) (citing *Perez* v. *Volvo Car Corp.*, 247 F.3d 303, 314 (1st Cir. 2004)).

QuoteWizard's assertion that Plaintiff has failed to cite to record evidence is simply untrue. Mr. Mantha's own statement of facts has specific evidentiary support, and in many instance, Plaintiff carefully incorporated such facts, when appropriate, in response to QuoteWizard's statements of fact. ECF 220. The lone exception is Plaintiff's response to statement 103 (regarding the contractual promise of one of the lead brokers that its leads would be TCPA compliant) which inadvertently did not contain a reference to record citation. All other responses either contain record citations within the response itself, or a citation to Mr. Mantha's own statement of undisputed facts on precisely the same issue.

QuoteWizard's indignation at Plaintiff's attempt to not overburden the Court with repetitive citations to exactly the same record evidence by way of cross referencing another pleading is particularly disingenuous, as in its own response to Plaintiff's Statement of Facts Facts in Support of his Motion for Partial Summary judgment, QuoteWizard incorporated by reference 143 of its own affirmative statements of fact as "additional facts." See ECF 225, ¶99 "QuoteWizard hereby incorporates the following facts from its Statement of Facts filed at ECF

No. 204 concerning the issue of consent: ¶¶ 78-82; 83-143" and ECF 225, ¶ 123, "QuoteWizard hereby incorporates the following facts from its Statement of Facts filed at ECF No. 204 concerning Mantha's use of his cell phone for work: ¶¶ 1-77." Given QuoteWizard's own extensive incorporation by reference, its claim that Plaintiff's incorporation by reference is "egregious" rings hollow. Plaintiff's incorporation of record evidence addresses Quotewizard's claim that Plaintiff has offered no citation to supporting evidence: ¶¶ 93, 94, 97-100; 104; 108; 111; 119; 120; 121; 137; 138; 141; 142. QuoteWizard's scattershot approach to striking Plaintiff's responses even swept in ¶ 143, which Plaintiff in fact did not dispute.

Specific examples of QuoteWizard's attempt to strike reveal the lack of substance behind its motion. QuoteWizard asserts that in response to ¶ 76, in which it asserts that the HRIS system contains Mr. Mantha's cell phone number, Plaintiff merely responded that his employer testified in deposition that the internal human resources system, including Mr. Mantha's cell phone, is not published, surely a relevant fact.

QuoteWizard moreover attacks Plaintiff's failure to concede that "QuoteWizard only purchases leads that carry TCPA consent" challenging Plaintiff's responses to ¶¶ 83, 86-90 Plaintiff's responses to this assertion are factually grounded in the record. Mr. Mantha never opted in, so he could not have consented to receive QuoteWizard's telemarketing texts. Accordingly, QuoteWizard's self-serving claim that it "only purchased leads that carry TCPA consent" is demonstrably not true. Moreover, QuoteWizard's contract with its lead broker RevPoint, while it does contain the quoted language, only required its data broker RevPoint to provide it with leads from individuals "interested in insurance" rather than specifically leads from consumers who consented to receive calls specifically from QuoteWizard, which is what the TCPA requires. See ECF 220, to ¶¶ 83, 86-90.

QuoteWizard objects that Plaintiff disputed QuoteWizard's assertion in ¶ 91 that: "QuoteWizard only purchased leads from RevPoint (and generally) that have a Jornaya LeadiD attached to them." Plaintiff's response points out the record-based fact that discovery in this case was bifurcated, at QuoteWizard's insistence, to preclude discovery into what, if anything was provided for consent for any leads other than Mr. Mantha's. For Quotewizard to now, having successfully precluded discovery into other leads it purchased, make assertions about what it purchased with those leads is objectionable. Plaintiff additionally points to the extensive record evidence that the Jornaya Lead ID associated with the Mantha lead, in fact, had no connection to Mr. Mantha or the snappyautoinsurance.com website on which he allegedly consented, rendering even this Jornaya Lead ID not "attached" to Mr. Mantha's lead. In a similar vein, QuoteWizard asserts that Plaintiff has himself "advanced" the Jornaya Lead ID in his statement of facts, yet refuses to acknowledge that a "Jornaya LeadiD is an industry standard tool used to verify lead consent." (citing response to ¶ 92). Plaintiff's response, however, points out merely that the Jornaya LeadiD, with respect to Mr. Mantha, has been proven to have no connection to him, so it does nothing to verify consent, and discovery as to what other Jornaya LeadiDs demonstrate was beyond the scope of discovery at QuoteWizard's insistence.  QuoteWizard, and its telemarketing vendors, may claim that Jornaya LeadID is an "industry standard."  That does mean it is true, and certainly does not mean it is true specifically relating to Mr. Mantha, where the evidence is that the Jornaya ID assigned to Mr. Mantha, in fact, has no connection whatsoever to Mr. Mantha.

QuoteWizard's motion to strike asserts that the mere fact that a call was made to Mr. Mantha from a phone number associated with Mr. Mantha's co-workers, renders that call a "work" call. This claim is not accurate given that there is no evidence whatsoever as to what was

7

discussed on these individual calls, and Plaintiff's responses appropriately so indicated. Contrary to QuoteWizard's assertion, Plaintiff cites to record evidence that Mr. Mantha does not own a phone apart from his cell phone, and accordingly is the only phone on which he can receive calls, whether personal or for work. Pointing out that a phone record indicating the number calling Mr. Mantha's personal phone does not evidence the underlying content of the call is not objectionable.

It is telling that QuoteWizard's "Arguments & Authorities" does not cite a single case for the extraordinary relief it seeks. Even the cases it cites as "Applicable Rules" reveal that this is not an appropriate use of a motion to strike. In *Brown v. Armstrong*, 957 F. Supp. 1293 (D. Mass. 1997) the Court observed that Plaintiff's statement of facts in many instances did not contain record citations, and even then, denied the motion to strike and only deemed admitted those specific factual assertions. In *Dukanci v. Ann Inc. Retail*, the non-movant seems to have failed to file a response altogether, and even then the Court considered the separate statement of facts filed by the party opposing summary judgment, and only deemed admitted those facts where the respondent stated "she is "without sufficient scienter as to the truth or falsity of such averment," or contends that she lacks knowledge to admit or deny certain facts." *Id.* 117 F. Supp. 3d 115, 117 n.2 (D. Mass. 2015). *Neponset Landing Corp. v. Nw. Mut. Life Ins. Co.*, the Court denied the motion to strike, and observed that the court was capable of evaluating the record:

> To the extent NML's Statement does include statements that are not supported by citations to the record or merely reflect the arguments of counsel, this court has not credited them as facts. Similarly, this court has not accepted as facts any responses in which Neponset has failed to cite to any competent evidence in the record or has simply taken the opportunity to expand upon its legal arguments. The Statement of Facts set forth herein represents this court's careful scrutiny of the parties' factual statements, as well as the underlying record, and this court's effort to provide a fair

> description of the relevant material facts that are, and are not, genuinely in dispute.

*Id.* 902 F. Supp. 2d 149, 152-53 (D. Mass. 2012). Finally, in *Stagikas v. Saxon Mortg. Servs* even after observing that "Plaintiff's responses to ¶¶ 22, 23, and 29 do fail to refer to any documentation" the Court denied the motion to strike and deemed only those facts admitted. *Stagikas v. Saxon Mortg. Servs.,* No. 10-40164-TSH, 2013 U.S. Dist. LEXIS 136462, at *25-26 (D. Mass. Sep. 24, 2013).

      In this case, the only response that can be said to fit that bill would be ¶ 103 due to an oversight by Plaintiff's counsel. Even in this regard, Plaintiff respectfully submits that the record already demonstrates that Plural's contractual promise to deliver TCPA compliant to QuoteWizard is immaterial. It is QuoteWizard's legal obligation to ensure that the consumers it is sending telemarketing texts to provided QuoteWizard with their prior express consent signed in writing. If Plural promised to produce leads of a certain quality and failed to do so, QuoteWizard could pursue a contract or indemnity claim against Plural. Such is immaterial as to whether QuoteWizard violated the TCPA when it sent text spam to Mr. Mantha's DNC listed Wireless Number. This Court is more than capable of weighing and evaluating he record before it. Defendant's Motion to Strike should be denied as unduly complicating that effort.

**Conclusion**

For the foregoing reasons, the Plaintiff requests that the court DENY *Defendant's Motion to Strike Plaintiff's Responses to Defendant's Statement of Material Facts or Alternatively Deem the Material Facts Admitted* (ECF #227).

        PLAINTIFF,
        By his attorneys

        /s/ Matthew P. McCue
        Matthew P. McCue
        THE LAW OFFICE OF MATTHEW P. MCCUE
        1 South Avenue, Suite 3
        Natick, MA 01760
        Telephone: (508) 655-1415
        mmccue@massattorneys.net

        Edward A. Broderick
        BRODERICK LAW, P.C.
        176 Federal Street, Fifth Floor
        Boston, MA 02110
        Telephone: (617) 738-7080
        ted@broderick-law.com

        Anthony I. Paronich
        PARONICH LAW, P.C.
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        (508) 221-1510
        anthony@paronichlaw.com

        Alex M. Washkowitz
        Jeremy Cohen
        CW LAW GROUP, P.C.
        188 Oaks Road Framingham, MA 01701
        alex@cwlawgrouppc.com

Dated: August 31, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2021, I electronically transmitted the foregoing to all counsel of record via the electronic filing system.

*/s/ Matthew P. McCue*
Matthew P. McCue