**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____

JOSEPH MANTHA on behalf of himself          :

and others similarly situated,                      :

      Plaintiff,                                       :     Case No. 1:19-cv-12235-LTS-PK

v.                                                            :

QUOTEWIZARD.COM, LLC                        :

      Defendant.                                    :

_____


**PLAINTIFF'S OPPOSITION TO QUOTEWIZARD'S MOTIONS TO STRIKE**
**AFFIDAVIT OF COUNSEL AND REFERENCES TO SETTLEMENT NEGOTIATIONS**
**[ECF 228 and 229]**

      Defendant QuoteWizard.com, LLC's ("QuoteWizard") has brought two separate motions to strike relating to the Affidavit of Matthew McCue offered in opposition to QuoteWizard's Motion for Summary Judgment.  ECF 228 and 229.  Because both motions relate the same subject matter, for efficiency Plaintiff submits this combined opposition to both motions.

      The McCue Affidavit was submitted to respond to QuoteWizard's extensive argument that Mr. Mantha lacked prudential standing because he was merely engaged in a money-making scheme by bringing to the Court's attention that Mr. Mantha had rejected a $50,000 individual settlement offer, as well as an earlier individual settlement offer. In both of its motions to strike the McCue Affidavit, QuoteWizard incorrectly asserts that the settlement offer was prove QuoteWizard's liability in the matter and accordingly runs afoul of Fed. R. Evid. 408. Because the settlement offer is not offered to establish QuoteWizard's liability, but rather solely to counter the argument advanced by QuoteWizard that Mr. Mantha's self interest deprives him of prudential standing, QuoteWizard's motion to strike the settlement offer and references thereto

1

should be denied. QuoteWizard's simultaneous motion to strike the balance of Mr. McCue's

affidavit which offers background and context for the relevance of the settlement offer should

also be denied as QuoteWizard can make no showing of prejudice.

## Argument

### QuoteWizard's Motion to Strike Should Be Denied as Offering Settlement Offer Does Not Violate Fed. R. Evid. 408 and QuoteWizard Suffers No Prejudice from the McCue Affidavit

The McCue Declaration and accompanying settlement offer was provided to counter

QuoteWizard's extended argument that Mr. Mantha's pursuit of his self-interest and money

deprived him of Prudential (and Article III) standing:

> Mantha's intent to manufacture a claim to make money is made
> further clear by the fact that, only eight days after the last text
> message, Mantha had retained Novia's lawyer, who then almost
> immediately served a demand for money on QuoteWizard. Novia
> later acted as a go-between for Mantha and the lawyer, instructing
> Mantha to "get paid" and that the money was life-changing.
> Mantha never bothered to actually ask QuoteWizard to stop
> contacting him because he did not want QuoteWizard to stop
> contacting him; he wanted to create a record to recover money
> with the advice of Novia. Like in *Stoops*, Mantha's "interests are
> so marginally related to or inconsistent with the purposes implicit
> in the [TCPA] that it cannot reasonably be assumed that Congress
> intended to permit the suit." *Stoops*, 197 F. Supp. 3d at 805-06.

ECF 202, at 18-19.

Having attacked Mr. Mantha's motivations for bringing this lawsuit, QuoteWizard should not

be heard to complain that Plaintiff is offering a settlement communication in violation of Fed.R.Evid.

408. QuoteWizard's rejected offer is not presented here to "either prove or disprove the validity or

amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction" but

rather is for "another purpose, such as proving or disproving a witness's bias or prejudice." Fed. R.

Evid. 408. The First Circuit has recognized that Rule 40 is not an absolute bar to admission of settlement offers. *See McInnis v. A.M.F., Inc.*, 765 F.2d 240, 248 (1st Cir.1985) (rehearing *en banc* denied) ("Although Rule 408 bars the admission of evidence of settlement to prove liability or validity of the claim, it expressly allows such evidence for other purposes"); *Fenoglio v. Augat, Inc.*, 254 F.3d 368, 372 (1st Cir.2001) (settlement letter used to demonstrate the date of the termination of the claimant in a labor case).[1] Indeed, in the context of the putative TCPA class action, the United States Supreme Court issued a ruling centered entirely on whether an plaintiff's rejection of a settlement offer for more than his individual damages deprived him of Article III standing to represent the class (holding that it did not).*Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 136 S. Ct. 663 (2016). The admissibility of the settlement offer for this purpose was so obvious it is not even discussed in the opinion.

Mr. Mantha's rejection of QuoteWizard's repeated settlement offers that offered no relief to the class, and no change to its telemarketing practices, is offered as a refutation of QuoteWizard's position that Mr. Mantha has filed this lawsuit only to recover money for himself and therefore has no standing to pursue his claim. As QuoteWizard's attack on Mr. Mantha goes to an alleged lack of Article III and prudential standing, this information should be properly considered by the Court

Plaintiff has not, and would not, suggest that a $50,000 offer of settlement is in any way

---

[1] Other courts have routinely admitted settlement offers for purposes other than showing the existence of amount of liability. Collier v. Town of Harvard, CIVIL ACTION NO. 95-11652-DPW, 1997 U.S. Dist. LEXIS 23582, at *13 n.10 (D. Mass. Mar. 28, 1997) ("The other purpose here, of course, is to show an extortionate scheme."); Basha v. Mitsubishi Motor Credit of America, Inc., 336 F.3d 451, 454 & n. 4 (5th Cir. 2003) (rejecting as "meritless" assertion that settlement acceptance letters could not be used to interpret Rule 68 offer); Westchester Specialty Insurance Services, Inc. v. U.S.Fire Insurance Co., 119 F.3d 1505, 1512-1513 (11th Cir. 1997) (settlement agreements offered for "permissible purpose of resolving a factual dispute about the meaning of the settlement agreements' terms"); *Lohman v. Duryea Borough*, 574 F.3d 163, 167 (3rd Cir. 2009) ("Rule 408 does not bar a court's consideration of settlement negotiations  [*29] in its analysis of what constitutes a reasonable fee award in a particular case.")

probative of QuoteWizard's liability in this matter. In a case with 238 docket entries to date, in which defense counsel have deposed the plaintiff twice, his employer, his wife and his friend, as well as numerous other purported witnesses, an offer of $50,000 to relieve a defendant of defending a lawsuit evidences nothing other than an economically rational choice. It is, however, directly relevant to address the argument by QuoteWizard that the evidence establishes that Mr. Mantha lacks standing because he was seeking life-changing money. QuoteWizard's indignation over Mr. Mantha's submission of the settlement offer in response to an issue that it raised is particularly difficult to understand given its own briefing. Untroubled by notions of consistency, QuoteWizard glosses over the fact that it has submitted Mr. Mantha's pre-suit demand letter *as an exhibit to its own motion for summary judgment*, in which he made a settlement proposal including full class-wide relief, ECF 208-18, c. 93A Demand Letter.

Under the Federal Rules of Civil Procedure, a court may strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'Redundant' matter consists of allegations that constitute a needless repetition of other averments." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382, at 704 (2d ed. 1990). In resolving motions to strike, trial courts are empowered with broad discretion. *See Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988); *see also Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992); *Mastrocchio v. Unnamed Supervisor Special Investigation Unit*, 152 F.R.D. 439, 440-41 (D.R.I. 1993). Motions to strike, however, are disfavored by the courts. *See Boreri v. Fiat S.P.A.*, 763 F.2d 17, 23 (1st Cir. 1985); *Amoco Oil Co. v. Local 99 Int'l Bhd. of Elec. Workers*, 536 F. Supp. 1203, 1225 (D.R.I. 1982). Mere redundancy is insufficient to support a motion to strike; the movant must demonstrate that prejudice would result if the offending material remained in the pleadings. *See Amoco Oil Co.*, 536 F. Supp. at 1225; *Russo v. Merck & Co.*, 138 F. Supp. 147,

4

148-49 (D.R.I. 1956); *see also Toucheque v. Price Bros. Co.*, 5 F. Supp. 2d 341, 350 (D. Md.

1998); 5A Wright & Miller, *supra*, § 1382, at 705-06. A court should be reluctant to grant this

severe remedy if "the court is in doubt as to whether the challenged matter may raise an issue of

fact or law." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1079 (C.D. Cal. 1994).

QuoteWizard's motion falls far short of entitling it to the "severe remedy" of striking his

responses or deeming QuoteWizard's assertions admitted. As one court held, a motion to strike

in the context of a summary judgment motion, absent striking evidence that is prejudicial, is

superfluous as a court is capable of weighing statements and according them the proper weight:

> It is the function of the Court, with or without a motion to strike, to
> carefully review the evidence and to eliminate from consideration
> any argument, conclusions, and assertions unsupported by the
> documented evidence of record offered in support of
> the statement. See, e.g., *S.E.C. v. KPMG LLP*, 412 F.Supp.2d 349,
> 392 (S.D.N.Y. 2006); *Sullivan v. Henry Smid Plumbing & Heating
> Co.*, Inc., No. 04 C 5167, 05 C 2253, 2006 U.S. Dist. LEXIS
> 22455, 2006 WL 980740, at *2 n.2 (N.D. Ill. Apr. 10,
> 2006); *Tibbetts v. RadioShack Corp.*, No. 03 C 2249, 2004 U.S.
> Dist. LEXIS 19854, 2004 WL 2203418, at *16 (N.D. Ill. Sept. 29,
> 2004); *Rosado v. Taylor*, 324 F.Supp.2d 917, 920 n.1 (N.D. Ind.
> 2004). Motions to strike are heavily disfavored, and are usually
> only granted in circumstances where the contested evidence causes
> prejudice to the moving party. *Kuntzman v. Wal-Mart*, 673
> F.Supp.2d 690, 695 (N.D. Ind. 2009); *Gaskin v. Sharp Elec. Corp.*,
> No. 2:05-CV-303, 2007 U.S. Dist. LEXIS 55751, 2007 WL
> 2228594, at *1 (N.D. Ind. July 30, 2007). When ruling on the
> instant motion for summary judgment, the Court is capable of
> sifting through the evidence and considering it under the applicable
> federal rules and caselaw, giving each statement the credit to
> which it is due. Therefore, the motion to strike is DENIED as
> unnecessary.

*Trigg v. Fort Wayne Police Dep't*, No. 1:13-CV-344, 2016 U.S. Dist. LEXIS 35945, at *7-8

(N.D. Ind. Mar. 21, 2016).

This skeptical view of motions to strike statements of fact is consistent with the First

Circuit's repeated admission that "[w]e have declined to adopt a rigid rule requiring a motion to strike in order to preserve an objection to the admissibility of evidence in connection with a summary judgment motion." *Asociacion de Periodistas de P.R. v. Mueller*, 529 F.3d 52, 57 n.1 (1st Cir. 2008) (citing *Perez* v. *Volvo Car Corp.*, 247 F.3d 303, 314 (1st Cir. 2004)).

QuoteWizard's motion to strike the balance of McCue Affidavit should be rejected as it offers background and context for why the settlement offer to Mr. Mantha is relevant. QuoteWizard cannot suffer prejudice from its inclusion as the complained of content as it all supported by the evidentiary record as well as Plaintiff's pleadings on the admissibility of text recipients responses to text messages promoting QuoteWizard, As one court held, "[m]ere redundancy is insufficient to support a motion to strike; the movant must demonstrate that prejudice would result if the offending material remained in the pleadings." *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 182 F.R.D. 386, 398 (D.R.I. 1998).

QuoteWizard's request for a third deposition of Mr. Mantha should be rejected out of hand. Both depositions of Mr. Mantha followed his rejections of both of QuoteWizard's settlement offers. It was free to, and in fact did, explore Mr. Mantha's motivations for bringing this lawsuit, and could have asked for his reasons for rejecting its settlement offers. QuoteWizard offers no justification for its request for a third bite at the apple.

Finally, as both of QuoteWizard's motions to strike should be denied, so to should its requests for sanctions. QuoteWizard's request for sanctions repeats an unfortunate practice of seeking sanctions in motions on which it ultimately does not prevail—these are QuoteWizard's third and fourth requests for sanctions. *See* ECF 82, ECF 103. As with the prior requests, they should be denied along with the underlying relief sought by the motions. *See* ECF 100 and 109.

**Conclusion**

For the foregoing reasons, the Plaintiff requests that the court DENY *Defendant's Motion to Strike Plaintiff's Affidavit of Counsel in Support of His Opposition to Summary Judgment Motion* (ECF 228) and *Defendant's Motion to Strike Plaintiff's Improper References to Settlement Negotiations in Summary Judgment Papers or Alternatively for a Limited Deposition Regarding the Matters Raised by Plaintiff.* (ECF #229).

PLAINTIFF,
By his attorneys

/s/ Matthew P. McCue
Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, MA 01760
Telephone: (508) 655-1415
mmccue@massattorneys.net

Edward A. Broderick
BRODERICK LAW, P.C.
176 Federal Street, Fifth Floor
Boston, MA 02110
Telephone: (617) 738-7080
ted@broderick-law.com

Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Alex M. Washkowitz
Jeremy Cohen
CW LAW GROUP, P.C.
188 Oaks Road Framingham, MA 01701
alex@cwlawgrouppc.com

Dated: August 31, 2021

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 31, 2021, I electronically transmitted the foregoing to all

counsel of record via the electronic filing system.


<u>/s/ Matthew P. McCue</u>
Matthew P. McCue