IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPH MANTHA on behalf of himself and others similarly situated, | : : | |
| Plaintiff, | : | Case No. 1:19-cv-12235-LTS-PK |
| v. | : | |
| QUOTEWIZARD.COM, LLC | : | |
| Defendant. | : | |

**PLAINTIFF'S OPPOSITION TO QUOTEWIZARD'S MOTION TO STRIKE**

QuoteWizard's *Motion to Strike Plaintiff's Untimely Curative Declaration of DRIPS Holdings, LLC* (ECF 338) should be denied as QuoteWizaard has not cited any meaningful authority to strike the DRIPS declaration which is entirely consistent with DRIPS' prior deposition testimony that the text responses at issue are in fact business records.

Obtaining production of the underlying text responses to QuoteWizard's texting campaign required extensive briefing and Court intervention. During the initial bifurcated discovery period in this case, Quotewizard was ordered to produce over 2,500,000 instances of individuals stating that they did not want to receive their marketing text messages, despite their repeated objections on a number of grounds, including burden. *See* ECF #104, #112, #124, #132, #133, #136, #144, #149-151; ECF# 153; ECF #158, #162, #163, #165, #167, #170, #177-180, #184, and #186. The parties ultimately stipulated that Quotewizard would produce 600 such instances of older complaints, and all readily available recent complaints (over 284,000) and the physical production would come from QuoteWizard's vendor- Drips. *See* ECF #186; *Drips Holdings,LLC v. QuoteWizard.com LLC*, No. 1:21-mc-91266-LTS (D. Mass.), ECF No. 37.

Having failed in its initial efforts to resist production of the text responses, QuoteWizard

1

then moved to strike them from Plaintiff's summary judgment response. ECF 222. Plaintiff opposed, asserting that DRIPS' deposition testimony was sufficient to establish that the text responses were admissible as business records, and were further admissible under other exceptions to the hearsay rule. ECF 235. In addition, to put an end to such an argument, Plaintiff submitted an affidavit from DRIPS that simply confirmed what should have been clear to all parties: the information produced are the business records of DRIPS. *See* ECF No. 235-1. Undeterred, Quotewizard now moves to strike this declaration. QuoteWizard's latest attempt to keep this powerful evidence out of the record should be denied.

## ARGUMENT

**QuoteWizard's Own Vendor Provided a Declaration Consistent with its Deposition Testimony that the Records of Responses to QuoteWizard's Marketing Messages That QuoteWizard was Ordered to Produce were Business Records and did so Immediately After QuoteWizard Proffered that Argument.**

As stated above, DRIPS confirmed in deposition testimony that these documents were maintained in the ordinary course of business. *See* ECF 235 6-7. However, when faced with an argument that ignored this straightforward testimony, Plaintiff went even further and obtained an affidavit from DRIPS that confirmed the same. Such a process is a regular occurrence in federal practice and is recognized in the federal rules. *See* Fed. R. Civ. P. 56(e)(1), "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact".[1] Not surprisingly, courts have permitted supplemental declarations confirming facts

---

[1] Again, it is important to stress that the Plaintiff did not fail to properly support or address this fact, it was confirmed in the deposition of DRIPS, but nonetheless has provided an alternative to QuoteWizard's remarkable proposition that these documents aren't business records.

after the close of discovery.² *See e.g. Brown v. Genworth Life & Annuity Ins. Co.,* No. 3:18-cv-506, 2020 U.S. Dist. LEXIS 132822, at *13-14 (E.D. Tenn. July 28, 2020) ("Plaintiff has not offered any evidence to suggest she was unaware of this information prior to the close of discovery, and in fact the record suggests the contrary…Thus, Plaintiff had the opportunity to depose Ms. Hudson regarding her connection to this case prior to the discovery deadline…Accordingly, the Court finds no reason to strike Ms. Hudson's supplemental declaration on the grounds of potential prejudice to Plaintiff.") Indeed, the Sixth Circuit addressed a nearly identical issue with a business records affidavit submitted after a deposition in *Lee v. Cleveland Clinic Found.,* 676 F. App'x 488, 501 (6th Cir. 2017), and held that a business records declaration consistent with prior deposition testimony was permissible:

> Meyer filed a declaration explaining business records that were kept in the regular course of business and were maintained in Plaintiff's employee file. Plaintiff asserted that CCF improperly filed Meyer's declaration after her deposition testimony because the declaration contained facts contrary to her deposition testimony. *See Reid v. Sears, Roebuck and Co.*, 790 F.2d 453, 460 (6th Cir. 1986) ("A party may not create a factual issue by filing [**29] an affidavit, after a motion for summary judgment has been made, which contradicts her earlier deposition testimony.") However, Plaintiff had the opportunity to address the issue of Meyer's declaration, which came after Meyer's deposition testimony, in her opposition to Defendants' motion for summary judgment. Plaintiff chose not to address the issue until two weeks after filing her opposition. The district court found that even if it considered the motion, it would not be fully briefed until after the final pretrial and trial dates, to which it already ordered there would be no more extensions. This court has held that HN24 "[t]he timing of trials and docket control are matters best left to the discretion of the trial court." *Anthony v. BTR Automotive Sealing Systems, Inc.*, 339 F.3d 506, 517 (6th Cir. 2003). The district court's refusal to grant the motion to strike was an exercise in maintaining control of its docket and was not an abuse of discretion, especially when Plaintiff could have moved to strike the declaration at an earlier time. Further, Meyer's declaration is not substantially different from her deposition testimony, where she asserts that Plaintiff had an inappropriate encounter with a patient.

---

²It's also important to note here that discovery has been bifurcated and DRIPS' authentication of the business records of individuals receiving QuoteWizard's marketing messages can be subject to further discovery once class discovery commences.

3

Here, DRIPS' declaration was proffered with content consistent with its prior deposition, that it maintains records of individuals' responses to marketing messages in the ordinary course of business.

The cases cited by Quotewizard don't change this position. First, in *Rosario-Díaz v. González*, 140 F.3d 312, 315 (1st Cir. 1998) two defendants failed to file their summary judgment motions within months of clear deadlines. Second, in *González-Rivera v. Centro Médico Del Turabo, Inc.,* 931 F.3d 23, 28 (1st Cir. 2019) a plaintiff attempted to set-aside its own voluntary dismissal of claims after the summary judgment deadline because it claimed to have found an expert that can support its claims. Finally, *Santiago-Diaz v. Laboratorio Clinico y de Referencia del Este*, 456 F.3d 272 (1st Cir. 2006) involved the plaintiff's expert witness being precluded because of repeated failure to comply with the Court's scheduling orders following a late disclosure. Here, it was only in direct response QuoteWizard's claim that documents- *it was ordered to produce-* weren't actually business records, that the Plaintiff immediately secured a declaration from Drips confirming, in fact, that the documents being produced in accord with this Court's Order and the Parties Stipulation, were Drips' business records maintained in the ordinary course for its client- QuoteWizard. *See* ECF No. 240. Moreover, all three cases cited by QuoteWizard were First Circuit Court of Appeals decisions sanctioning parties for their failure to timely prosecute claims and were reviewed for abuse of discretion. No such analysis is needed here.

The remaining arguments offered by Quotewizard are recycled arguments about why the responses to the marketing messages that were produced are hearsay in the first place. They are not, but the parties have already briefed that issue. *See* ECF Nos. 222 and 235. Quotewizard

4

shouldn't be permitted to use another motion to make the same argument. This is especially true when Quotewizard was already granted leave to file a reply. *See* ECF No. 240.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully submits that QuoteWizard's *Motion to Strike Plaintiff's Untimely Curative Declaration of DRIPS Holdings, LLC* (ECF 338) should be denied.

PLAINTIFF,
By his attorneys

/s/ Matthew P. McCue
Matthew P. McCue
THE LAW OFFICE OF
MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, MA 01760
Telephone: (508) 655-1415
mmccue@massattorneys.net

Edward A. Broderick
BRODERICK LAW, P.C.
176 Federal Street, Fifth Floor
Boston, MA 02110
Telephone: (617) 738-7080
ted@broderick-law.com

Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Alex M. Washkowitz
Jeremy Cohen
CW LAW GROUP, P.C.
188 Oaks Road Framingham, MA 01701
alex@cwlawgrouppc.com

CERTIFICATE OF SERVICE

    I hereby certify that on August 31, 2021, I electronically transmitted the foregoing to all counsel of record via the electronic filing system.

                                                          */s/ Matthew P. McCue*
                                                           Matthew P. McCue