UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MANTHA, *on behalf of himself and all others similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br><br>QUOTEWIZARD.COM, LLC,<br><br>    Defendant. | Civil Action No. 1:19-cv-12235-LTS<br><br><br>**LEAVE TO FILE GRANTED<br>ON SEPTEMBER 8, 2021** |

## DEFENDANT'S REPLY TO PLAINTIFF'S CONSOLIDATED OPPOSITION TO ITS MOTIONS TO STRIKE

Defendant QuoteWizard.com, LLC ("QuoteWizard") submits its Reply to Plaintiff Joseph Mantha's ("Mantha") consolidated Opposition [ECF No. 242] to QuoteWizard's Motions to strike the Affidavit of Matthew McCue, Esq. [ECF No. 228] and to strike improper references to confidential settlement negotiations within his summary judgment papers [ECF No. 229]. As Mantha has failed to address much less rebut the central points of QuoteWizard's Motions, the Motions should be granted and the challenged evidence excluded/not considered.

As an initial matter, Mantha misrepresents that the Court's authority to strike and not consider inadmissible materials from the summary judgment record is derived solely from and limited by Fed. R. Civ. P. 12(f). *See* ECF No. 242, pp. 4-5. This is simply not true. To rule on the pending cross-motions for summary judgment, the Court must first determine the admissible evidence before it; the rules allow parties to object to evidence as inadmissible and the Court decides these issues first. *See* Fed. R. Civ. P. 56(c)(2) ("party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in

evidence."); *In re Stanton*, 2005 U.S. Dist. LEXIS 17942, at *7-16 (D. Mass. Aug. 18, 2005) (granting motions to strike before considering and ruling upon summary judgment motions) ("Because resolution of the motions to strike may affect the summary judgment analysis, I will consider these motions first."); *Francis v. Caribbean Transp., Ltd.*, 882 F. Supp. 2d 275, 278 (D.P.R. 2012) (considering and granting motion to strike "various documents included as part of defendants' motion for summary judgment" before ruling upon summary judgment motion) ("The Court will rule on each contested exhibit before establishing the findings of fact that are necessary for evaluating defendants' motion for summary judgment"); *MacDonald v. Clark*, 2007 U.S. Dist. LEXIS 82771, at *6-7 (D.N.H. Oct. 29, 2007) (granting motion to strike inadmissible hearsay from summary judgment record); *Rafael Refojos & Assocs. v. Ideal Auto. & Truck Accessories, Inc.*, 2005 U.S. Dist. LEXIS 52234, at *4-5 (D.P.R. March 8, 2005) (same).

Next, Mantha fails to address, at all, any of the points raised in QuoteWizard's Motion to Strike the McCue Affidavit [ECF No. 228]. Rather, the only seeming reference to the Motion is found on page 8 of his Opposition, whereby he claims that the Affidavit "offers background and context for why the settlement offer to Mr. Mantha is relevant." ECF No. 242, p. 8. This claim is simply not true, and the Affidavit speaks for itself. Among other statements, Attorney McCue purports to conclude (under the penalties of perjury) that discovery has "conclusively proved that Mr. Mantha did not consent to receive … texts," that QuoteWizard has "attack[ed]" and tried to "buy off" Mantha, that "over 2.5 million consumer[s]" have complained about QuoteWizard, and that Mantha is an "ideal potential class representative." ECF No. 221-1, ¶¶ 3-11. This is not "background" or "context." In any event, even if true that the Affidavit was offered for "background and context," it is still inadmissible for all of the reasons stated in ECF No. 228 (lack of personal knowledge, rule against attorney-witnesses, etc.). As Mantha has failed to

substantively oppose ECF No. 228, and it is otherwise well-supported, the Motion should be granted.

As to ECF No. 229, concerning the references to settlement negotiations within ECF No. 221 & Ex. 1, Mantha disingenuously claims that "Plaintiff has not, and would not, suggest that a[n] … offer of settlement is in any way probative of QuoteWizard's liability in this matter." ECF No. 242, pp. 2-3.  But this is *exactly* what the McCue Affidavit does, and worse.  As one example, in Paragraph 6, Attorney McCue claims that, after discovery "[from Mantha's counsel's viewpoint] conclusively proved that [] Mantha did not consent to receive … texts, … **QuoteWizard again attempted to buy off [] Mantha**" at an amount "far in excess of [] Mantha's statutory damages at issue in this case."  ECF No. 221-1, ¶ 6 (emphasis added).  This is the very definition of proffering settlement evidence to prove, suggest, or imply liability (or put another way, to prove the purported strength of Mantha's claim).  In fact, despite the disingenuous contention that the Affidavit was advanced to address *Mantha's* motivations in settlement, a point on which Attorney McCue is not competent to testify anyway, almost the entire Affidavit discusses, characterizes, and attacks *QuoteWizard's actions* and its alleged mindset.  The Affidavit, again, speaks for itself; this evidence was clearly proffered to suggest that QuoteWizard is liable or, by extension, that it is bad actor who must necessarily be liable.[1]

---

[1] Mantha's suggestion that, because QuoteWizard submitted a pre-litigation demand letter he sent to QuoteWizard as evidence in the summary judgment record, that constitutes open season to submit proof of settlement offers made during the case, is off the mark.  The letter from Mantha's counsel was not an offer to settle ongoing litigation, and QuoteWizard's response to the letter did not make an offer of settlement.  *See* ECF No. 208-18; ECF No. 224, Ex. II.  There is no tie between that letter and any settlement offers made during the course of this case.  Moreover, the letter is clearly relevant to QuoteWizard's standing argument that Mantha manufactured his TCPA claim and was never actually harmed by QuoteWizard given, among other things, that Mantha immediately retained the very attorney who had coached him (via his friend Steven Novia) on how to respond to QuoteWizard's texts in August 2019, who then immediately served the demand letter for money, all while Mantha was advised by Novia to "get paid."  Mantha did not object to admission of that letter into evidence or for that purpose.  And each piece of evidence must be separately admissible to be properly considered, in any event.  But at base, as noted *infra*, even if the Court determined that Mantha's subjective mindset in rejecting settlement

3

Even accepting as true Mantha's disingenuous explanation for the McCue Affidavit, nowhere in Mantha's Opposition will the Court find a single case citation supporting the use of settlement evidence in the manner that Mantha has tried to use it here. None of the cases cited by Mantha are even arguably applicable. For example, Mantha primarily relies on (and mispresents the holding of) *Fenoglio v. Augat, Inc.*, 254 F.3d 368, 372 (1st Cir. 2001), claiming that, there, "a settlement letter [was] used to demonstrate the date of the termination of the claimant in a labor case." ECF No. 242, p. 3. In truth, the letter at issue in *Fenoglio* was not a confidential settlement offer made during litigation (as here), but a pre-litigation correspondence. *Fenoglio*, 254 F.3d at 370, 372. Moreover, there, the judge did not consider the substantive portions of the letter that would have been arguably inadmissible under Rule 408 but only considered the letter as supplying a relevant date. *Id.* at 372. The case is completely inapplicable here.

So, too, are the other cases cited/relied upon by Mantha. Three of the cases are categorically inapplicable because the evidence at issue directly related to the substance of the plaintiff's claims or the central dispute before the court (*i.e.* the settlement negotiations were at issue in the lawsuit), which is obviously not the case here. *See Collier v. Town of Harvard*, 1997 U.S. Dist. LEXIS 23582, at *15 n.10 (D. Mass. March 28, 1997) (where plaintiff alleged an extortionate scheme by defendants to induce plaintiff to grant an easement, a document was admissible because it provided evidence of such extortionate scheme) ("the alleged settlement is itself a subject of the present lawsuit"); *Basha v. Mitsubishi Motor Credit of America, Inc.*, 336 F.3d 451, 454 & n.4 (5th Cir. 2003) (where a dispute arose over the scope of a Fed. R. Civ. P. 68 offer made and accepted, post-acceptance letters admissible on that issue); *Westchester Specialty*

---

offers during this case was both relevant and not barred by Rule 408, <u>there is no admissible evidence on his mindset for the Court to even consider</u>. The mere making and rejecting of offers proves nothing.

*Insurance Services, Inc. v. U.S. Fire Insurance Co.*, 119 F.3d 1505, 1512-13 (11th Cir. 1997) (settlement agreements admissible because the parties disputed, as a part of the litigation, the meaning of them).  The remaining case advanced by Mantha is also categorically inapplicable, since it permitted settlement negotiations as evidence to justify the reduction of a plaintiff's fee award, as the evidence showed that plaintiff's counsel's fees were ultimately unreasonable (where a much higher settlement could have been had prior to trial).  *See Lohman v. Duryea Borough*, 574 F.3d 163, 167 (3rd Cir. 2009).

Without any precedent to support his disingenuous position, Mantha then misrepresents that *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016), stands for the proposition that "a[] plaintiff's rejection of a settlement offer for more than his individual damages [did not] deprive[] him of Article III standing to represent the class."  ECF No. 242, p. 3.  In truth, *Campbell-Ewald Co.* held that an unaccepted Rule 68 offer for judgment did not <u>moot</u> the plaintiff's claims (and therefore the putative class's claims), *not* that such an offer is admissible despite Rule 408 (admissibility was not an issue), and not that an unaccepted settlement offer generally is somehow more broadly relevant to a plaintiff's motivations for bringing suit (as the only issue was mootness).  *Id*. at 162-63.  To the extent some broader principle can be taken from the case, it undercuts, not supports Mantha's position; as the Court wrote, "[a]n unaccepted settlement offer -- like any unaccepted contract offer -- is a legal nullity, with no operative effect."  *Id*. at 162 (quotation omitted).  Mantha's attempt to convert settlement offers into admissible evidence for an improper purpose therefore should be rejected.[2]

---

[2] Mantha also claims that the "admissibility" of the offer in *Campbell-Ewald* "was so obvious it is not even discussed in the opinion."  ECF No. 242, p. 3.  This statement is as misleading as it is nonsensical.  The "offer" at issue in *Campbell-Ewald* was a Rule 68 offer of judgment, not an ordinary settlement offer, and only came to light because *the defendant* moved to dismiss the plaintiff's claims as moot once the offer lapsed/was rejected.  *Campbell-Ewald Co.*, 577 U.S. at 158-59.  Therefore, evidence of the offer was not advanced by the plaintiff (like Mantha seeks to do here) but rather the defendant itself, thus

Finally, notwithstanding all of the foregoing, Mantha fails to address, much less rebut, the two central points of QuoteWizard's Motions to Strike at ECF Nos. 228 and 229.  First, regardless of why Mantha ultimately filed suit and made certain settlement decisions during this case, QuoteWizard's standing argument relates not to this lawsuit *but Mantha's manufacturing of the TCPA claim itself*.  It does not matter why Mantha chooses to continue to prosecute this suit. He lacked standing to bring it.  This is a crucial and obvious distinction.

Second, even if evidence concerning why Mantha rejected certain settlement offers during this litigation was relevant and admissible to QuoteWizard's standing argument, <u>there is no admissible evidence before the Court on this point</u>.  Even in response to QuoteWizard's Motions to Strike, Mantha still fails to cite to admissible evidence regarding why he rejected certain settlement offers (and made others).  He instead still relies on his attorney's inadmissible conclusions.  *See* ECF No. 221-1.  There is no explanation offered by Mantha why he could not simply have submitted his own affidavit providing his own testimony; the only conclusion that can be drawn is that Mantha is not prepared to say under oath what his counsel asks this Court to accept as true.  Mantha utterly fails to address this deficiency in his Opposition.  *See* ECF No. 242.

And while Mantha protests that he should not be deposed on his subjective mindset in making settlement decisions, his claim that QuoteWizard could have simply asked him about his settlement decisions in prior depositions is an amazingly disingenuous argument.  There was no possibility that Mantha's counsel would have allowed QuoteWizard's counsel to probe Mantha's settlement decisionmaking in the absence of a Court Order.  In turn, QuoteWizard would have no

---

meaning that the defendant obviously had no reason to complain about its offer being referenced in filings.  Moreover, admissibility was not addressed by the Court *because admissibility was not an issue*; the *only* issue presented and decided by the Court, as a matter of law, was whether an unaccepted offer of judgment under Rule 68 mooted a plaintiff's claims, not whether evidence of a settlement offer made and rejected is admissible despite Rule 408.

reason to seek this evidence, or a Court Order to allow it, absent Mantha directly putting it at issue for the first time within the papers at ECF No. 221 & Exhibit 1. If Mantha wants to rely on his subjective settlement decisionmaking to support his summary judgment filings, and if the Court is partial to allowing it, then actual *evidence* on that point must be adduced. A limited deposition of Mantha is the only way to adduce it at this juncture.

|  |  |
|---|---|
|  | Respectfully submitted,<br><br>QuoteWizard.com, LLC,<br>By its attorneys,<br><br>*/s/ Kevin P. Polansky*<br>Kevin P. Polansky (BBO #667229)<br>kevin.polansky@nelsonmullins.com<br>Christine M. Kingston (BBO #682962)<br>christine.kingston@nelsonmullins.com<br>Nelson Mullins Riley & Scarborough LLP<br>One Financial Center, Suite 3500<br>Boston, MA 02111<br>(t) (617)-217-4700 |
| Dated: September 8, 2021 | (f) (617) 217-4710 |

CERTIFICATE OF SERVICE

I, Kevin P. Polansky, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: September 8, 2021                               */s/ Kevin P. Polansky*