# EXHIBIT C: JOINT STATUS REPORT AND STIPULATION

*Drips Holdings, LLC v. QuoteWizard.com LLC*, No. 1:21-mc-91266-LTS (D. Mass.), Docket No. 37

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Drips Holdings, LLC,<br><br>Petitioner,<br><br>v.<br><br>QUOTEWIZARD.COM, LLC,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>) 1:21-mc-91266-LTS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT STATUS REPORT AND STIPULATION**

Following a hearing on May 5, 2021 and pursuant to ECF Nos. 32, 33, and 36, Petitioner Drips Holdings, LLC ("Drips"), Respondent QuoteWizard.com, LLC ("QuoteWizard"), and Intervenor Joseph Mantha ("Plaintiff" or "Mantha") (collectively, the "Parties"), through their undersigned counsel, hereby file this Joint Status Report concerning discovery issues involving Drips. The Parties have reached an agreement, reflected herein, that achieves a global resolution of present discovery-related issues involving Drips, including but not limited to those related to the subject subpoena.

The Parties hereby agree and stipulate to the following, which shall completely and finally resolve all Phase 1 discovery issues involving Drips—including, without limitation, any response to the subject subpoena:

1. Drips will undertake the work needed to produce to QuoteWizard the underlying consumer response for up to 500 Tier 1 reports and up to 100 Tier 2 and 3 reports (for a total of up to 600 responses) chosen by QuoteWizard and Mantha as follows:

- 1 -

      a.      The 500 Tier 1 disqualifications will consist of disqualifications from at least 90 days prior to the first text message alleged in Mantha's Amended Complaint [*Mantha* ECF No. 80]—i.e., at least 90 days prior to August 12, 2019.

      b.      The 100 Tier 2 and 3 disqualifications will consist of (a) 50 disqualifications from at least 90 days prior to the first text message alleged in the Amended Complaint, and (b) 50 from anytime in the last six months.

      c.      QuoteWizard will provide to Drips all data regarding the chosen disqualification notices by May 26, 2021.

      d.      Drips will produce the consumer responses leading to these disqualifications to QuoteWizard by July 7, 2021. QuoteWizard will be responsible for producing these records to Plaintiff. Where appropriate, Drips will designate these records as "Confidential Pursuant to the Court's Default PO," and the records shall retain these designations and be treated as such when QuoteWizard produces them to Plaintiff. QuoteWizard intends to redact telephone numbers, names, or any other PII from these records before producing to Plaintiff and will not produce telephone numbers, names, or any other PII to Plaintiff absent a court order.

2.      Drips will produce to QuoteWizard all consumer responses underlying disqualifications (all tiers) for the 60 days prior to May 18, 2021.

      a.      Drips will produce these records to QuoteWizard by May 26, 2021. QuoteWizard will be responsible for producing these records to Plaintiff. Where appropriate, Drips will designate these records as "Confidential Pursuant to the Court's Default PO," and the records shall retain these designations and be treated as such when QuoteWizard produces them to Plaintiff. QuoteWizard intends to redact telephone

numbers, names, or any other PII from these records before producing to Plaintiff and will not produce telephone numbers, names, or any other PII to Plaintiff absent a court order.

3. For preservation purposes only, Drips will undertake to produce to QuoteWizard a list of all phone numbers texted for QuoteWizard on each date during the class period date range specified by the Mantha and QuoteWizard.

    a. Drips will also provide a specific campaign ID for each campaign for which the number was texted on that date.

    b. Drips will produce these records to QuoteWizard by June 30, 2021. Where appropriate, Drips will designate these records as "Confidential Pursuant to the Court's Default PO," and the records shall retain these designations and be treated as such in the event that QuoteWizard produces them to Plaintiff in the future.

    c. This data will not be produced to Plaintiff at this time and the Parties reserve all rights as to the whether the records may or may not be subject to production later. In the event of a future production, QuoteWizard intends to redact telephone numbers, names, or any other PII from these records before producing to Plaintiff and will not produce telephone numbers, names, or any other PII to Plaintiff absent a court order.

4. Drips has supplied Plaintiff and QuoteWizard with a list of all aggregators used to send text messages on behalf of QuoteWizard. Drips will separately maintain in readily accessible format a list of the aggregators used to send texts to each number on the dates specified but will not produce that list until its anticipated Phase 2 Production Date.

    a. In the event of a future Phase 2 production, Drips will first produce these records to QuoteWizard's counsel, who will be responsible for producing these records

- 3 -

to Plaintiff. The Parties agree that, when produced, this list will be labeled and treated as "Attorneys' Eyes Only" and "Confidential Pursuant to the Court's Default PO" in order to protect Drips' proprietary and trade secret information.

5. Drips will preserve in a more readily searchable and accessible fashion data regarding call logs and/or disqualification records related to QuoteWizard moving forward.

    a. The Parties agree that Drips will make one final Phase 2 production of pertinent disqualification notices and the phone numbers texted on each date along with, as applicable, a campaign ID and aggregator information.

    b. This Phase 2 Production Date shall be selected at a future date, in all likelihood at or near the date of certification (if it occurs), jointly by Plaintiff and QuoteWizard in collaboration with and with appropriate notice to Drips.

    c. In the event of a future Phase 2 production, Drips will first produce these records to QuoteWizard, who will be responsible for producing these records to Plaintiff. Drips will designate these records as "Confidential Pursuant to the Court's Default PO" where appropriate, and the parties agree that the aggregator information shall be subject to "Attorneys' Eyes Only" treatment. QuoteWizard intends to redact telephone numbers, names, or any other PII from these records before producing to Plaintiff and will not produce telephone numbers, names, or any other PII to Plaintiff absent a court order.

6. This agreement finally and completely resolve all disputes concerning the DNC requests/disqualification notices as to both Phase 1 and Phase 2, apart from the cost-shifting aspect noted below. Accordingly, Plaintiff will not seek contempt or sanctions, and QuoteWizard will withdraw its pending appeal.

7. Plaintiff and QuoteWizard reserve their right to seek additional information from Drips during Phase 2 to the extent they determine that additional information is necessary to their claims or defenses as discovery develops. QuoteWizard also reserves the right to seek information from Drips related to ATDS issues, including as part of Phase 1. Drips reserves all jurisdictional, procedural and substantive objections and rights under all applicable rules related to those future potential discovery efforts and any disputes arising therefrom.

8. The Parties agree that Drips does not subject itself to this Court's general jurisdiction by entering into this stipulation to resolve the issues related to the subpoena and its pending Motion to Quash.

9. Drips reserves the right to present its request for cost shifting for these efforts to be determined by the Court. Drips intends to do so once it has sufficient information to more accurately estimate the costs associated with the above efforts. QuoteWizard and Plaintiff reserve the right to respond to any such request.

10. Drips enters into this agreement and stipulates to the above without conceding or subjecting itself to the Court's general jurisdiction. Drips explicitly preserves all arguments with respect to personal jurisdiction, and preserves all arguments and objections that records covered by the above agreement are not within the scope of the subject subpoena or this Court's jurisdiction. The Parties agree that any failure to comply with this stipulation shall not be treated as a violation of a court order affording enhanced sanctions under Rule 37.

**IT IS SO STIPULATED.**

Dated: May 20, 2021

Respectfully submitted,

*/s/ Eric J. Troutman*
Eric J. Troutman (admitted *pro hac vice*)

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, CA 90071
(213) 689-6510
eric.troutman@squirepb.com

Meghan A. Quinn (admitted *pro hac vice*)
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
(202) 457-4840
meghan.quinn@squirepb.com

Christine R. Fitzgerald (BBO 637906)
BELCHER FITZGERALD LLP
Two Oliver Street, Suite 302
Boston, MA 02110
617-368-6890
cfitzgerald@belcherfitzgerald.com

*Counsel for Petitioner Drips Holdings, LLC*

*/s/ Kevin P. Polansky*
Kevin P. Polansky (BBO #667229)
kevin.polansky@nelsonmullins.com
Christine M. Kingston (BBO #682962)
christine.kingston@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, MA 02111
(t) (617)-217-4700
(f) (617) 217-4710

*Counsel for Respondent QuoteWizard.com, LLC*

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Counsel for Intervenor Joseph Mantha*

Case 1:21-cv-12952-RGS Document 27-3 Filed 05/20/22 Page 6 of 7
Case 1:21-11295-LTS Document 73 Filed 05/24/22 Page 6 of 8

- 7 -

## **CERTIFICATE OF SERVICE**

I certify that on May 20, 2021, the foregoing was electronically filed with this Court's CM/ECF System and thereby served on counsel of record.

*/s/ Eric J. Troutman*