# EXHIBIT 3

| | |
|---|---|
| JOSEPH MANTHA,<br><br>                    Plaintiff,<br><br>v.<br><br>QUOTEWIZARD.COM, LLC,<br><br>                    Defendant. | Proceedings in the United States District Court for the District of Massachusetts<br><br>Case No.: 1:19-CV-12235-LTS<br><br>**MICROSOFT CORPORATION'S OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** |

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, nonparty Microsoft Corporation ("Microsoft") makes the following objections to the subpoena from Quotewizard.com, LLC ("Defendant") in the above-referenced matter. Microsoft's objections and responses are based on its investigation to date. Microsoft expressly reserves the right to modify and supplement these objections and responses if additional information or documents are located by Microsoft. Microsoft assumes no obligation to supplement its responses, beyond those permitted by applicable court rules, if any. To the extent that a meet and confer regarding any of these objections is necessary, please contact undersigned counsel.

MICROSOFT'S OBJECTIONS TO SUBPOENA - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

## I.     GENERAL OBJECTIONS

1. **Improper Service.** Microsoft objects to the subpoena because it was served to Microsoft via electronic mail rather than served to Microsoft's registered agent, Corporation Service Company.

2. **Nonexistent Entity.** Microsoft objects to the subpoena because it was issued to and purportedly served on "Microsoft Corporation USA for Hotmail.com," which is not currently an active legal entity. The subpoena is therefore invalid because it was directed to a nonexistent entity. Microsoft responds on behalf of "Microsoft Corporation."

3. **Improper Place of Compliance.** Microsoft objects to the subpoena as improper because the demanded place of production is not in King County, Washington, where Microsoft resides and regularly transacts business in person. *See* Fed. R. Civ. P. 45(c)(2)(A). The subpoena fails to comply with federal law regarding place of compliance.

4. **Subscriber Notification.** Upon proper service of a nonparty subpoena seeking business records, Microsoft implements basic procedures to attempt to locate and preserve the information sought. If the subpoena requests subscriber information, Internet Protocol address history logs, or similar associated data (collectively "Subscriber Data"), pursuant to industry standard and court-approved practice, after locating the account and preserving the responsive data, Microsoft notifies the subscriber of the subpoena and permits the subscriber a 14-day period during which the subscriber may formally challenge or otherwise limit the subpoena requests by making an appropriate motion before the relevant court. Upon expiration of the 14-day waiting period, if the subscriber has failed to take timely action and if there are no valid reasons for Microsoft to object to the subpoena, Subscriber Data, if available, is typically produced, along with a document certifying its authenticity.

Following internal review and processing procedures, Microsoft initiates the processes necessary to locate and preserve the data requested and, where active accounts are identified, attempts to notify the subscriber(s) of your Subpoena and of the 14-day period to take appropriate court action.

MICROSOFT'S OBJECTIONS TO SUBPOENA - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

5. **Preservation of Content.** As noted above, Microsoft has implemented measures to electronically preserve the content data you have requested pending your pursuit of a court order or account holder consent as specified above. However, given the frailty of electronic data, Microsoft cannot guarantee that no data will be lost as a natural function of standard retrieval and preservation processes. Further, please note that Microsoft cannot preserve the data indefinitely in anticipation of further action. Unless Microsoft receives written notification of your intent to pursue account holder consent within 45 days of the date of this letter, Microsoft may permit the electronic mail content data preserved in response to your request to be deleted as a function of routine document maintenance.

As Microsoft is not a party to this matter and has no interest in its outcome, it is neither Microsoft's intent, nor its desire, to hinder or delay production of the documents requested by you. Microsoft has implemented the procedural requirements noted above in order to conform with what it believes to be proper under applicable local, state, and federal laws and public policies.

6. **Explanation of Inactive And NSU Status Determinations.** Typically all email content and Internet Protocol Log data associated with accounts that are affirmatively closed by their account holders, or with accounts that are left inactive for approximately 270 days, are permanently deleted. The remaining "shell" account containing only the registration information provided by the subscriber is labeled "inactive." After an additional 95 days, the shell account is also permanently deleted, and the email address returned to the pool of available addresses.

7. **Deleted Emails.** Please be advised that contrary to what appears to be a popular conception, Microsoft does not maintain comprehensive archives of email content sent from or received by any of its Outlook, MSN, or Hotmail service accounts. All of the email content possessed by Microsoft with regard to any given user account consists only of those emails accessible to the account holder. Microsoft does not maintain a database of deleted emails.

8. **Contrary to the Electronic Communications Privacy Act.** Microsoft objects to the subpoena to the extent it seeks communications protected from disclosure by the Electronic

MICROSOFT'S OBJECTIONS TO SUBPOENA - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

Communications Privacy Act ("ECPA"), 18 U.S.C. §2510 to §2711, which prohibits the disclosure of communication data in electronic storage without the consent of the account holder. Microsoft falls within either the definition of a "person or entity providing an electronic communication service to the public" or "a person or entity providing remote computing service to the public." 18 U.S.C. §2702(a), (b). The ECPA allows entities that provide electronic communication or remote computing services to the public to divulging communication data in electronic storage only in the case of the exemptions in 18 U.S.C. §2702(b). None of these exemptions appear to be applicable in this case. The exemptions under 18 U.S.C. §2702(b) do not authorize disclosure of electronic communications even in response to a civil subpoena or even a court order. The unauthorized disclosure of such content could subject Microsoft and you to serious civil and criminal penalties. 18 U.S.C. §2707.

We are not aware of any controlling authority holding that services such as Microsoft's Services are permitted by the ECPA to disclose communication data in electronic storage in response to a civil subpoena. To the contrary, courts have ruled that contents of communications may not be disclosed to civil litigants even when presented with a civil subpoena. *O'Grady v. Superior Court*, 139 Cal.App.4th 1423, 1448 (Cal. App. 2006); *accord* The U.S. Internet Service Provider Association, Electronic Evidence Compliance—A Guide for Internet Service Providers, 18 BERKELEY TECH. L. J. 945, 965 (2003) ([No Stored Communications Act provision] "permits disclosure pursuant to a civil discovery order unless the order is obtained by a government entity. ... [T]he federal prohibition against divulging communication data remains stark, and there is no obvious exception for a civil discovery order on behalf of a private party."); *see also Federal Trade Comm'n v. Netscape Communications Corp.*, 196 F.R.D. 559, 561 (N.D. Cal. 2000) ("There is no reason for the court to believe that Congress could not have specifically included discovery subpoenas in the statute had it meant to."); *In re Subpoena Duces Tecum to AOL, LLC*, 550 F.Supp.2d 606 (E.D. Va. 2008) ("Agreeing with the reasoning in O'Grady, this Court holds that State Farm's subpoena may not be enforced consistent with the plain language of the Privacy Act because the exceptions enumerated in § 2702(b) do not include civil discovery

MICROSOFT'S OBJECTIONS TO SUBPOENA - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

subpoenas."); *J.T. Shannon Lumber Co., Inc. v. Gilco Lumber Inc.*, 2008 WL 4755370 (N.D. Miss. 2008) (holding there is no "exception to the [SCA] for civil discovery or allow for coercion of defendants to allow such disclosure."); *Viacom Intern. Inc. v. Youtube Inc.*, 253 F.R.D. 256 (S.D.N.Y. 2008) ("ECPA § 2702 contains no exception for disclosure of [the content of] communications pursuant to civil discovery requests.")

As you can understand, given the severity of the penalties under the ECPA, we cannot release email content in response to your subpoena without firm assurance that the requirements of the ECPA are met. Therefore, until we are provided with the valid, written consent of the account holder(s), we must object.

**9.   Objection to Production of Material Subject to EU Law.**  Microsoft objects to the production of information sought by your subpoena to the extent it is subject to EU Regulation 2016/679, the General Data Protection Regulation ("GDPR"). Microsoft is currently determining whether the data sought by your subpoena is subject to the GDPR; the process for making this determination takes approximately two weeks. Subject to, and without waiver of this objection, Microsoft may produce information responsive to your subpoena that Microsoft determines is not subject to the GDPR and/or non-content information with the consent of the account holder.

**10.   Electronically Stored Information.**  Microsoft objects to the subpoena to the extent it seeks production of electronically stored information from sources not reasonably accessible (e.g., legacy systems, backup media, temporary or ambient data), in light of the burdens or costs required to locate, restore, review, and produce whatever responsive information may be found. Known, difficult-to-access sources that may contain potentially responsive information (others may exist and become apparent once the scope of the information sought by the Subpoena is properly defined), but which Microsoft is neither searching nor producing because they are not reasonably accessible without undue burden, fall under the categories set out below: current disaster recovery media, obsolete back up media, legacy systems, sources requiring computer forensics to access, databases that are structured to hold or report information in certain formats and which cannot readily provide different data or data in different

MICROSOFT'S OBJECTIONS TO SUBPOENA - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

configurations, and source code. Microsoft is not able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists on the sources, without incurring substantial undue burden or cost.

**11.    Timing of Compliance.** Microsoft requires approximately eight weeks to process new requests for Subscriber Data. Accordingly, we ask that you extend the deadline of your subpoena to permit Microsoft to properly comply with its internal procedures. In the event that you do not agree, we must object to your subpoenas on the ground that it does not permit a reasonable time for response.

**12.    Prepayment of Costs.** Microsoft requires the prepayment of its reasonable costs of complying with your subpoena before the production of documents. If prepayment is not remitted, Microsoft reserves the right to object to your subpoena and withhold the production of documents on the ground that the request is unduly costly and burdensome to Microsoft. Microsoft's third-party fee schedule is available upon request.

**13.    Reservation of Rights.** These objections apply to each request in the subpoena. Microsoft reserves its right to supplement, amend, correct, or modify its responses herein.

## II.    RESPONSES AND OBJECTIONS TO REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION:**

All subscriber documents identifying name and contact information for thephoenixleads@hotmail.com

**RESPONSE FOR PRODUCTION:**

Microsoft incorporates the above referenced general objections. Microsoft provides the following additional information for the sake of clarity. Microsoft will not produce documents without prepayment of Microsoft's reasonable costs for complying with the subpoena. Microsoft will not produce documents without receipt of a properly served subpoena, issued to the correct entity.

MICROSOFT'S OBJECTIONS TO SUBPOENA - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

Microsoft objects to this request for failing to take reasonable efforts to reduce the burden on nonparty Microsoft. *See* Federal Rule of Civil Procedure 45(d)(1). In particular, Microsoft objects to this request to the extent certain information sought is in the possession, custody, or control of the account holder.

Microsoft interprets this request as seeking basic subscriber non-content data and registration information associated with the account(s): thephoenixleads@hotmail.com. Without waiver of the above objections and upon receipt of a properly served subpoena issued to the correct entity, prepayment of Microsoft's reasonable costs, and the expiration of the 14-day notice period with no formal objections from the account holder, Microsoft will search for and produce subscriber non-content data and registration information associated with the account(s): thephoenixleads@hotmail.com, to the extent it exists.

### III. OBJECTIONS TO APPEARANCE

The Subpoena purports to command Microsoft to appear in Boston, Massachusetts for the purpose of providing business records. Microsoft objects to this demand for an appearance simply to produce documents as unreasonable, unduly burdensome, and disruptive of nonparty Microsoft's business. The request fails for the following reasons, as well as those set forth above in Microsoft's general objections.

1. **Failure to Reduce Burden on Nonparty**. Microsoft objects to the subpoena for failing to take reasonable efforts to reduce the burden on nonparty Microsoft, as required by Fed. R. Civ. P. 45(d)(1). In this case, the appearance requested appears to be limited to the production of documents sought, presumably for authentication purposes. Under such circumstances, an appearance is unnecessary and imposes an undue burden on nonparty Microsoft where less burdensome means, such as the production of a narrow set of authenticated documents, are available.

MICROSOFT'S OBJECTIONS TO SUBPOENA - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

**2. Failure to Pay Witness Fee.** Microsoft objects to the subpoena because it purports to demand that a witness appear but fails to pay a witness fee as required by federal law. *See* Fed. R. Civ. P. 45(b)(1).

**3. Improper Place of Examination.** Microsoft objects to the subpoena as improper because the demanded place of examination is not in King County, Washington, where Microsoft resides and regularly transacts business in person. *See* Fed. R. Civ. P. 45(c)(2)(A). The subpoena fails to comply with federal law regarding place of compliance.

Accordingly, Microsoft will not provide a custodian for deposition.

DATED this 25th day of April, 2022.

        DAVIS WRIGHT TREMAINE LLP
        Attorneys for Microsoft Corporation

        By */s/ Jordan Harris*
            James Howard, WSBA #37259
            Jordan Harris, WSBA #55499
            920 Fifth Avenue, Suite 3300
            Seattle, WA 98104-1610
            Telephone: 206-757-8235
            Email: JordanHarris@dwt.com

MICROSOFT'S OBJECTIONS TO SUBPOENA - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

# CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2022, I caused the foregoing document to be served by electronic mail to the following recipient(s):

Christine M. Kingston
Nelson Mullins Riley & Scarborough LLP
1 Financial Cntr, Ste. 3500
Boston, MA 02111

Christine.kingston@nelsonmullins.com

DATED this 25th day of April, 2022.

                                                              DAVIS WRIGHT TREMAINE LLP
                                                              Attorneys for Microsoft Corporation

By */s/ Jordan Harris*
    James Howard, WSBA #37259
    Jordan Harris, WSBA #55499
    920 Fifth Avenue, Suite 3300
    Seattle, WA 98104-1610
    Telephone: 206-757-8235
    Email: JordanHarris@dwt.com

MICROSOFT'S OBJECTIONS TO SUBPOENA - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax