IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MANTHA on behalf of himself and others similarly situated, | : : : : |
| Plaintiff, | : : Case No. 1:19-cv-12235-LTS |
| v. | : : : |
| QUOTEWIZARD.COM, LLC | : : |
| Defendant. | : : : / |

**JOINT STATUS REPORT PER ECF Nos. 292, 297, 299, 307, and 310**

Pursuant to this Court's June 28, 2022 Order [ECF No. 292] and, more recently, its February 22, 2023 Order [ECF No. 310], Plaintiff Joseph Mantha ("Mantha") and Defendant QuoteWizard.com, LLC ("QuoteWizard) (together, the "Parties") file this Joint Status Report concerning the progress of discovery and proposing a schedule for the remainder of class discovery including, without limitation, depositions, expert disclosures and rebuttal reports, expert depositions, and class certification briefing.

**PLAINTIFF'S SUMMARY OF REMAINING ISSUES AND PROPOSAL
GOING FORWARD**

1. ***Full Text Records from Drip.***

As the Court may recall, the telemarketing text campaign at issue here was carried out by an entity called Drips, LLC ("Drips"), acting on behalf of QuoteWizard. Since the outset of this case, Mantha sought the production of all text calls to potential class members (the "Text Records"). Such Text Records would identify exactly who received telemarketing texts from QuoteWizard and the total number of texts sent and received. This issue was the subject of intense

litigation and a subpoena to Drips, that ultimately was transferred to this Court. *See* ECF No. 186. After extensive briefing and a hearing, a Stipulation was entered into and filed with the Court pursuant to which Drips agreed to produce the Text Records to QuoteWizard. At that time, discovery was still limited to Mr. Mantha's individual claims. After this Court ruled on issues relating to summary judgment, all in favor of Mr. Mantha, QuoteWizard and Drips produced the Text Records, for the first time, to the Plaintiff. Plaintiff's counsel then assessed the Text Records and noticed that Drips and QuoteWizard had failed to produce all the Text Records relating to Mr. Mantha and queried counsel for Drips as to the discrepancy. Counsel for Drips then explained that they only produced text per day to each phone number. As Mr. Mantha, and many other class members, received multiple texts from QuoteWizard in a single day, the Text Records produced by Drips were incomplete. For the past several months, counsel for Mr. Mantha has met and conferred multiple times with Drips. Counsel for Mr. Mantha has had to issue a new subpoena to Drips to secure this and other related information to the texting conduct.

2. ***Discovery As To Consent Has Closed.***

As this Court may recall, in the Spring of 2022, immediately after the Court ruled on issues relating to summary judgment, the Court ordered that class discovery- including discovery as to QuoteWizard's affirmative defense of consent was to commence. The Court issued a deadline for the completion of class discovery as of August 17, 2022. *See* ECF No. 272. Shortly thereafter, QuoteWizard was served with discovery seeking all evidence in support of its claim that putative class members consent to receive its texts. Rather than respond to discovery, QuoteWizard objected to all class discovery. Plaintiff brought a *Joint Status Report Regarding Dispute Over Class Discovery*. ECF 276. In response, the Court issued an Order on June 28 2022, clarifying that class discovery was indeed open. *See* ECF No. 279.The Court further ordered the parties to report

as to whether their discovery dispute remained live. *Id.* On July 11, 2022, the parties reported that the discovery dispute remained live. ECF 280.

On August 15, 2022, the Court overruled all of QuoteWizard's objections and ordered production of discovery by September 16, 2022. ECF 292 at 9.

Thereafter, QuoteWizard began to produce data that it claims was evidence of consumers' consent to receive its text solicitations. QuoteWizard, however, did not complete their production by the Court ordered date of September 16, 2022. Instead, on September 13, 2022, QuoteWizard sought an extension of time to produce its class discovery to October 7, 2022, to which Plaintiff agreed. *See* ECF No. 297. QuoteWizard, however, failed again to produce all of its class discovery by October 7, 2022, and sought a second extension, which was granted. *See* ECF No. 299. On October 24, 2022, QuoteWizard sought a third extension of time to produce consent discovery. In response, counsel for Mr. Mantha agreed ***only if*** QuoteWizard agreed to a specific date by which all discovery as to QuoteWizard's affirmative defenses- including its affirmative defense of consent would close. *See* ECF No. 300. Counsel for Mr. Mantha explained to QuoteWizard that it could not begin the extensive work with his data expert to assess QuoteWizard's consent defense until QuoteWizard's production of consent data was complete. The Court ruled on the parties stipulation, stating in pertinent part:

> Defendant represents that the necessary further production will conclude by November 11, 2022. Defendant also filed a "notice" explaining the circumstances with the Court, Doc. No. 302 , to which the Plaintiff responded with its own "notice", Doc. No. 303, complaining that Defendant has arrogated to itself the authority to grant an extension and that the resulting delay hinders Plaintiff's expert preparation. Neither party filed a motion nor otherwise sought relief within their respective notices. Thus, the Court takes no action.

*See* ECF No. 304.

On December 26, 2022, the parties filed a Joint Status Report noting QuoteWizard's previously extended deadlines for production as well as resolving the parties' dispute as to the

timeliness of QuoteWizard's anticipated production of on or before January 16, 2023. ECF 306. The parties further agreed: "With respect to QuoteWizard's affirmative defense production (including consent) the Parties have agreed that all of QuoteWizard's productions (both past and expected as outlined above) shall be deemed timely, and that QuoteWizard's affirmative defense discovery production will be closed as of January 16, 2023. *Id.* at 1.

On February 21, 2023, the parties filed another Joint Status Report, reaffirming that the parties "had agreed that QuoteWizard's production would be deemed time and that QuoteWizard's affirmative defense production (including consent) would be completed by January 16, 2023." ECF 309 at 2. The Stipulation had one exception as to any further production of numbers from Drips not previously identified as having been texted on behalf of QuoteWizard, as to which numbers QuoteWizard would be permitted to produce additional discovery. *Id.* at 2, n.1

Thereafter, counsel for Mr. Mantha began the expensive and time-consuming work of assessing QuoteWizard's consent data to ascertain the identity of the class and the number of TCPA violations allegedly incurred by each class member. Plaintiff's assessment of QuoteWizard's consent defense is far along in the process. Once that analysis is complete, the Plaintiff will finalize his class certification expert report, and proceed to class certification.

In spite of the above agreement, on April 19, 2023, four months after Quotewizard represented to the Court it would be done with its consent defense production for a third time, and entered into a multiple Stipulations agreeing that all discovery relating to its affirmative defenses, including its defense of consent had closed, QuoteWizard issued a subpoena to an entity called Inquir, one of the approximately sixty third parties from which QuoteWizard purchased data from that it then used to send text solicitations to class members.[1] The subpoena to Inquir sought the

---

[1] A copy of the Inquir subpoena is attached at Exhibit A.

4

production of all documents relating to consumers' purported consent to receive telemarketing texts from QuoteWizard.

As previously agreed to, however, by QuoteWizard itself, discovery as to consent and all of QuoteWizard's affirmative defenses has now closed. This class action was initially filed on October 29, 2019. If QuoteWizard wanted to subpoena data from the many third parties from which it purchased consumer data from and then used that data to send text solicitations to putative class members, it literally had years to do so and did not. QuoteWizard then *stipulated* that all discovery relating to consent of class members' claims would end on x. Mr. Mantha relied on that stipulation and waited until discovery as to consent had ended before he retained expert data professionals to help assess QuoteWizard's consent claim. Plaintiff is close to finishing this assessment, and then intends to complete discovery and proceed to class certification. Allowing QuoteWizard to start sending subpoenas to the many third-party lead generators from which it purchased class members' data, at this late date, would make it impossible for Mr. Mantha to proceed to class certification pursuant the below timetable.

To ensure that Quotewizard does not violate the Court's directive, the Plaintiff intends to move for a protective order and/or to quash the subpoena.

3. ***Plaintiff's Proposed Timetable To Class Certification.***

Assuming that the Plaintiff secures what is needed from Drips and assuming that QuoteWizard is *not* allowed to violate the Stipulation and issue new subpoenas to third parties seeking consent data, the Plaintiff proposes the following schedule:

*Proposed Case Schedule*

| EVENT | PROPOSAL |
|---|---|

| | |
|---|---|
| Fact Discovery Cutoff | June 30, 2023 |
| Completion of Fact Depositions | July 31. 2023 |
| Expert Report Deadline | August 30, 2023 |
| Expert Discovery (Depositions)/Rebuttal Reports | September 25, 2023 |
| Motion for Class Certification | October 25, 2023 |
| Opposition to Motion for Class Certification | November 25, 2023 |
| Reply Brief | December 12, 2023 |
| Rule 16 Conference | 30 days after a ruling on the Motion for Class Certification if needed days after the Court's ruling on class certification |
| Trial | TBD |

## QUOTEWIZARD'S SUMMARY OF REMAINING ISSUES AND PROPOSAL GOING FORWARD

Between September 2022 and January 2023, QuoteWizard produced over 100 GB of data in satisfaction of its obligation to produce all discovery in its possession in respect of its affirmative defenses (including consent) by January 16, 2023. *See* ECF No. 306; ECF No. 309, n 1 ("Consent discovery *in QuoteWizard's possession* as to all phone numbers contained in the text records previously produced by Drips has been completed.") (emphasis added). In a November 8, 2022, letter and several subsequent emails throughout February and March 2023, Plaintiffs' counsel posed several questions to QuoteWizard's counsel in an effort to improve their understanding of the data produced in discovery. Counsel submitted these questions despite retaining "expert data professionals" for this purpose. To date, QuoteWizard's counsel has endeavored to answer those questions in good faith by way of a February 21, 2023, letter as well as several email responses.

On February 24, 2023, third-party Drips made a long-awaited supplemental production of text records. These records contain data concerning tens of millions of text messages and the Parties' review of the same remains ongoing.

On March 29, 2023, Plaintiff served his "Fifth Set of Discovery" on QuoteWizard, without leave of court, which included additional Interrogatories and Requests for Production of Documents. QuoteWizard's response deadline is April 28, 2023. These discovery requests, many of which exceed the number of requests permitted by the Federal Rules of Civil Procedure, are substantively similar to the requests set out in Plaintiff's November 8, 2022, letter and similarly raise questions about the sincerity of Plaintiff's representation of having incurred significant expenses associated with an "expert data professional." Additionally, accepting *arguendo* Plaintiff's position that QuoteWizard's is foreclosed from producing any further discovery in support of its affirmative defenses beyond January 16, 2023, Plaintiff's "Fifth Set of Discovery"

7

disregards that deadline entirely by requesting additional information and documents in respect of the Text Records and QuoteWizard's consent defense. QuoteWizard reserves its right to state additional objections in its responses.

In addition to discovery from QuoteWizard and Drips, Plaintiff has served 16 subpoenas, including to telephone carriers seeking texting records. On April 19, 2023, QuoteWizard served a subpoena on third-party lead vendor Inquir seeking additional consent records not otherwise in QuoteWizard's possession, custody, or control. As recently as April 20, 2023, Plaintiff served another subpoena on Drips seeking additional documents and information in respect of texts sent by Drips on QuoteWizard's behalf.

On April 20, 2023, the Parties' counsel met and conferred to discuss Plaintiff's objections to QuoteWizard's April 19, 2023 subpoena to third-party lead vendor Inquir. Plaintiff objects primarily on the basis that January 16, 2023 was QuoteWizard's deadline for producing discovery in respect of its affirmative defenses, including consent. Generally, QuoteWizard does not dispute that it has timely complied with its production of consent data,[2] but Plaintiff erroneously states that there was any deadline to complete discovery on third-parties that may have consent data in their possession, custody or control. Discovery as to third-parties has not closed as evidenced by Plaintiff's service of subpoenas thereon and their proposed schedule above. This novel argument is disingenuous as it disregards the text of the Parties' foregoing status reports and belies the Parties' mutual understanding, until now, that *third-party discovery* would continue to take place prior to any deadlines in respect of expert reports. Underpinning this agreement was the

---

[2] *See* ECF No. 306 ("With respect to QuoteWizard's affirmative defense production (including consent) the Parties have agreed that all of QuoteWizard's productions . . . shall be deemed timely, and that QuoteWizard's affirmative defense discovery production will be closed as of January 16, 2023. With the exception that when Drips produces additional records, QuoteWizard shall have a month to review those records to confirm whether those records tie to any further consent records for production by QuoteWizard and to produce any further records.").

understanding that neither Plaintiff nor QuoteWizard can control whether or when third parties respond to discovery requests.

By continuing to serve consent-related discovery on QuoteWizard *months* beyond the January 16, 2023, deadline, Plaintiff is unequivocally seeking to extend, albeit in redundant fashion, the discovery of consent-related information in QuoteWizard's possession, custody, or control. In keeping with its commitment to this deadline, however, QuoteWizard now seeks to gather an entirely distinct category of information: consent data *in the possession of third parties*. Such discovery is consistent with the Parties' intentions, as noted in their status reports and emails between each other, and Plaintiff's objections are little more than veiled efforts to prohibit QuoteWizard from gathering information that will aid in its defense. Should Plaintiff proceed to move for a protective order, QuoteWizard will oppose the same.

QuoteWizard proposes the following timeline for the remainder of discovery. If, however, Plaintiff moves for a protective order, QuoteWizard proposes that the below dates be extended until such a time as the Court issues a decision in respect of Plaintiff's motion.

| EVENT | PROPOSAL |
|---|---|
| Completion of Fact Discovery & Third-Party Discovery | July 24, 2023 |
| Completion of Fact Depositions | August 23. 2023 |
| Expert Report Deadline | September 22, 2023 |

| | |
|---|---|
| Expert Discovery (Depositions)/Rebuttal Reports | October 23, 2023 |
| Motion for Class Certification | November 22, 2023 |
| Opposition to Motion for Class Certification | December 22, 2023 |
| Reply Brief | January 12, 2024 |
| Rule 16 Conference | 30 days after a ruling on the Motion for Class Certification (as needed) |
| Trial | TBD |

*Signatures of Following Page*

Dated: April 24, 2023

| | |
|---|---|
| Respectfully submitted,<br>Joseph Mantha,<br>by his attorneys, | Respectfully submitted,<br>QuoteWizard.com, LLC,<br>By its attorneys, |
| */s/ Edward A. Broderick*<br>Edward A. Broderick<br>Broderick Law. P.C.<br>176 Federal Street, Fifth Floor<br>Boston, MA 02110<br>(t) (617) 738-7080<br>(f) (617) 830-0327<br>ted@broderick-law.com | *s/ Kevin P. Polansky*<br>Kevin P. Polansky (BBO #667229)<br>Daniel M. Curran (BBO# 709082)<br>Nelson Mullins Riley & Scarborough LLP<br>One Financial Center, Suite 3500<br>Boston, MA 02111<br>(t) (617)-217-4700<br>(f) (617) 217-4710<br>kevin.polansky@nelsonmullins.com<br>daniel.curran@nelsonmullins.com |

CERTIFICATE OF SERVICE

I, Edward A. Broderick, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: April 24, 2023                                              */s/ Edward A. Broderick*