UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MANTHA on behalf of himself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> QUOTEWIZARD.COM, LLC <br><br> Defendant. | Civil No. 19-12235-LTS |

ORDER ON DISCOVERY SCHEDULE (DOC. NOS. 313, 316)

May 15, 2023

SOROKIN, J.

On March 4, 2022, the Court revised the governing schedule, established August 17, 2022, extending the deadline for class discovery, further deadlines for the completion of expert discovery, and a motion for class discovery. Doc. No. 272. On June 28, 2022, the Court clarified some confusion among the parties, explaining that the current phase of discovery "encompasses all other discovery in this proposed class action. The current phase [Phase II] … is not limited to the so-called class discovery." Doc. No. 279. Pursuant to a still later order, the Court directed the parties to propose their joint or separate positions regarding a schedule for the remainder of the case. Doc. No. 292 at 9-10. In a subsequent stipulation filed by the parties, Doc. No. 296, they agreed to a date of October 7, 2022, for Defendant to complete its required production in response to the Court's discovery order. The Court allowed this request, Doc. No. 299, in effect extending the previously established fact discovery deadline for certain disclosures.

On December 26, 2022, the parties filed a further discovery status report in which they jointly stated the following: "With respect to QuoteWizard's affirmative defense production (including consent) the Parties have agreed that all of QuoteWizard's production (both past and expected as outlined above) shall be deemed timely, and that QuoteWizard's affirmative defense discovery production will be closed as of January 16, 2023." Doc. No. 306 at 1-2. The parties made one exception to this agreement not now relevant. The parties further reported that Plaintiff would evaluate the affirmative defense disclosures for sixty days, and then they would propose a revised schedule for "the remainder of discovery" followed by expert discovery and class certification motion practice. The Court allowed this request of the parties. Doc. 307.

Now before the Court are the parties' competing schedules for the remainder of the case. The significant difference separating them concerns whether, during the remaining fact discovery period both parties propose, Defendant may take third party discovery from companies with which it worked in order to obtain documents supporting its affirmative defense of consent (Defendant's position), or whether the aforementioned agreement that "affirmative defense discovery production will be closed" precludes Defendant from taking further discovery on its affirmative defense of consent (Plaintiff's position). At the request of defense counsel, the Court has reviewed the email exchanges between counsel. Doc. No. 318. Defense counsel did say, on October 24, 2022, "your class discovery requests relate to information and documents in QW's possession, custody and control. This doesn't include third-party records." Doc. No. 318-1 at 16. Defense counsel proceeded to explain Defendant has pending subpoenas and cannot control the timing of discovery from third parties. Id.

The dispute on the text is close, and prudent lawyering likely would have explained the caveat regarding third party discovery, especially in light of the Court's earlier admonition to

raise and to resolve early disputes over the scope of possession, custody, or control rather than merely reporting discovery had closed. Nonetheless, on balance, and given the preference for resolution of disputes on the merits, see Fed. R. Civ. P. 1, the Court concludes that Defendant may take third party discovery on its affirmative defense of consent within the time periods established below. Thus, the request to quash the third party subpoena is DENIED. Defendant is warned that the Court anticipates no further extension in these deadlines. The parties have been on notice at least since June 28, 2022, that this phase of fact discovery is the last phase and encompasses everything. The case is old, and Defendant has already had substantial time to obtain discovery for their affirmative defenses, especially as much of the discovery comes from either Defendant's partners or partners of its partners.

Accordingly, the schedule is revised as follows:

| | |
|---|---|
| All Third Party Fact Discovery Concludes: | June 30, 2023 |
| All Fact Discovery Concludes (except depositions): | July 24, 2023 |
| All Fact Depositions: | August 23, 2023 |
| Expert Report Deadline: | September 22, 2023 |
| Expert Rebuttal Reports | October 10, 2023 |
| Expert Depositions: | October 23, 2023 |
| Motion for Class Certification: | November 21, 2023 |

The opposition to the Motion is due thirty days after the filing deadline, and the reply, limited to five pages, is due fourteen days after filing of the opposition. The Court will hold a Rule 16 conference after the ruling on the Motion for Class Certification to establish a date for trial, and to address any other matters then requiring resolution.

The parties are reminded of the provisions of the Court's standing order including specifically that motions to compel are due seven days after conclusion of the relevant discovery deadline absent an extension from the Court. Those provisions of the Court's standing scheduling order are incorporated herein. The Clerk shall docket a blank scheduling order in the docket of this case for the parties' reference with respect to the standard provisions.

                    SO ORDERED.

                    /s/ Leo T. Sorokin
                    Leo T. Sorokin
                    United States District Judge