# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

JOSEPH MANTHA, *on behalf of himself and all others similarly situated*,

    Plaintiff,

v.

QUOTEWIZARD.COM, LLC,

    Defendant.

Civil Action No. 1:19-cv-12235-LTS

## QUOTEWIZARD.COM, LLC'S MOTION TO STRIKE THE AMENDED AND CORRECTED SUPPLEMENTAL REPORT OF ANYA VERKHOVSKAYA
### (Memorandum Incorporated)

Defendant QuoteWizard.com, LLC ("QuoteWizard") hereby respectfully moves the Court to strike the "Amended and Corrected Supplemental Report" (the "Second Supplement") of Plaintiff Joseph Mantha's ("Plaintiff") expert witness, Anya Verkhovskaya ("Verkhovskaya"), in accordance with Fed. R. Civ. P. 37(c)(1). Plaintiff proffered the Second Supplement in a thinly veiled effort to compensate for flaws in respect of Verkhovskaya's class composition identified by QuoteWizard's expert, Jan Kostyun. Plaintiff must be precluded from relying on the Second Supplement because it is untimely and worked an undue prejudice on QuoteWizard.

### I.    Legal Standard

Under Federal Rule of Civil Procedure 37(c)(1), a party that fails to disclose or supplement information or identify a witness in accordance with Fed. R. Civ. P. 26 is prohibited from using that information or witness to supply evidence on a motion unless the failure to supplement was substantially justified or is harmless. "[T]he required sanction in the ordinary case is mandatory preclusion." *SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 330 F. Supp. 3d 574, 607 (D. Mass.

2018) (quoting *Poulis-Minott v. Smith*, 388 F.3d 354, 358 (1st Cir. 2004)).  "In determining the proper sanction, the court should consider (1) the party's justification for the late disclosure; (2) the opposing party's ability to overcome any prejudice; (3) the impact on the court docket; (4) the party's history of litigation abuse; and (5) the party's need for the late evidence."  *Id.* (internal citations omitted).  Put differently, a "substantial justification, as used in Rule 37, is one that could satisfy a reasonable person."  *In re Zofran Prods. Liab. Litig.*, No. 1:15-md-2657-FDS, 2019 WL 5423907, *3 (D. Mass. Oct. 23, 2019) (quoting *Pan Am. Grain Mfg. Co. v. Puerto Rico Ports Auth.*, 295 F.3d 108, 117 (1st Cir. 2002)).  Additionally, a "party may not use a supplemental report to disclose information that should have been disclosed in initial expert report, thereby circumventing the requirement for a timely and complete expert report."  *Traverse v. Gutierrez Co.*, No. 18-10175-DJC, 2020 WL 9601832, *7 (D. Mass. May 18, 2020) (quoting *Marine Polymer Techs., Inc. v. HemCon, Inc.*, No. 06-cv-100-JD, 2010 WL 1427549, at *4 (D.N.H. Apr. 2, 2010)).

## II.    The Second Supplement is Untimely and Prejudicial

On October 11, 2023, the Parties jointly moved this Court to extend the deadline for producing expert rebuttal reports, among other deadlines, to November 24, 2023.  *See* ECF No. 331.  The next day, the Court allowed that motion.  *See* ECF No. 332.  On November 24, 2023, the Parties exchanged their respective experts' rebuttal reports.  On December 8, 2023 – 14 days after the expert rebuttal deadline – Plaintiff served the Second Supplement on QuoteWizard.  Importantly, however, Plaintiff never sought leave of Court to serve, and QuoteWizard did not assent to, the Second Supplement.  Despite violating this Court's order, Plaintiff proceeded to attach the Second Supplement as Exhibit 4 to his Memorandum in Support of Motion for Class Certification.  *See* ECF No. 340, Ex. 4.

2

Indeed, this is not the first time that Verkhovskaya has attempted to revise her opinions by way of an eleventh-hour amendment.  In *Davis v. Capital One, N.A.*, Verkhovskaya submitted a supplemental declaration *70 days* after the deadline for the plaintiff to submit expert reports.  No. 1:22-cv-00903 (AJT/IDD), 2023 WL 6964051, *11 n.18 (E.D. Va. Oct. 20, 2023).  There, the court found the supplemental declaration untimely and excluded it.  *Id.*

Here, preclusion is the appropriate sanction because the Second Supplement is untimely. As the docket for this matter indicates, the selection of expert discovery deadlines was the result of an iterative, collaborative process between the Parties, which the Court condoned.  While QuoteWizard adhered to those deadlines, Plaintiff disregarded them by serving the Second Supplement.  While Plaintiff may argue that the Second Supplement was necessary to fulfill his continuing duty under Fed. R. Civ. P. 26(e), this would be a mischaracterization.  The Second Supplement purports to offer mere "corrections," which is a typically accepted reason for supplementation.  However, a closer examination reveals that Verkhovskaya's Second Supplement is actually a substantive response to a point made by Jan Kostyun, QuoteWizard's expert, in his rebuttal report.  *See Traverse*, 2020 WL 9601832, at *7 ("A party may not use a supplemental report to disclose information that should have been disclosed in the initial expert report, thereby circumventing the requirement for a timely and complete expert report.").  In his rebuttal, Mr. Kostyun highlights the flaws in Verkhovskaya's methodology for eliminating business telephone numbers from the proposed class.  *See* Kostyun Rebuttal – Exhibit 2 to QuoteWizard's *Daubert* Motion ¶¶ 70-78.  Thus, Verkhovskaya cannot credibly represent that the Second Supplement is an attempt to correct simple errors.  To the contrary, Verkhovskaya offers the Second Supplement as a means to address one of the many material errors Mr. Kostyun identified in his rebuttal.  For

this reason, the Second Supplement constitutes an attempt at "gamesmanship" rather than "true supplementation" and preclusion is therefore warranted. *Traverse,* 2020 WL 9601832, at *7.

Similarly, the Second Supplement must be struck because QuoteWizard's expert had no opportunity to rebut it. As previously noted, the Court set the expert rebuttal deadline for November 24, 2023. This discovery schedule prohibited Mr. Kostyun from formally addressing the Second Supplement by way of a supplemental report of his own. Thus, the only means for Mr. Kostyun to address the Second Supplement would have been to (i) violate the Court's order or (ii) request leave to submit an additional report – neither of which QuoteWizard or Mr. Kostyun should be compelled to do merely because Plaintiff and his expert failed to formulate a cogent class selection methodology within the Court-ordered timeframe.

Additionally, this Court should preclude the Second Supplement because it worked an undue prejudice on QuoteWizard. Plaintiff served the Second Supplement on Friday, December 8, 2023. At that time, the Parties' had been in agreement for several weeks that Verkhovskaya's deposition would take place just three days later on Monday, December 11, 2023. In serving the Second Supplement on the Friday before a Monday deposition, Plaintiff knew that he was not providing QuoteWizard or its expert sufficient time to conduct a thorough review. Though Plaintiff later agreed to reschedule Verkhovskaya's deposition for December 15, QuoteWizard had no choice but to augment its deposition preparation on little notice as the expert deposition deadline was December 18, 2023. *See* ECF Nos. 336-337. Plaintiff's unexcused violation of the discovery schedule prejudiced QuoteWizard's expert discovery efforts. Preclusion of the Second Supplement is therefore necessary.

### III.    Conclusion

By serving the Second Supplement (i) well after the expert rebuttal deadline and (ii) on the eve of Verkhovskaya's deposition, Plaintiff revealed the extent of his disregard for this Court's orders.    Insofar as the Second Supplement constitutes nothing more than an untimely and prejudicial attempt to rebut a competing expert opinion, it is improper and must be precluded.    For the foregoing reasons, QuoteWizard respectfully requests that this Court allow this motion to strike the Second Supplement and grant any other relief it deems just and fair.

Respectfully submitted,

QuoteWizard.com, LLC,
By its attorneys,

*/s/ Kevin P. Polansky*
Kevin P. Polansky (BBO #667229)
kevin.polansky@nelsonmullins.com
Daniel M. Curran (BBO #709082)
daniel.curran@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, MA 02109
(t) (617)-217-4700
Dated: February 14, 2024                    (f) (617) 217-4710

### LOCAL RULE 7.1 CERTIFICATION

I, Kevin P. Polansky, hereby certify that, by e-mails on February 7, 2024, I conferred with Plaintiff's counsel in good faith regarding the issues raised by this Motion but we were unable to resolve or narrow the issues.

Dated: February 14, 2024                    */s/ Kevin P. Polansky*
                                            Kevin P. Polansky

### CERTIFICATE OF SERVICE

I, Kevin P. Polansky, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: February 14, 2024                    */s/ Kevin P. Polansky*
                                            Kevin P. Polansky