IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MANTHA on behalf of himself and others similarly situated, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | Case No. 1:19-cv-12235-LTS-PK <br> : <br> : |
| QUOTEWIZARD.COM, LLC | : <br> : |
| Defendant. | : <br> : <br> : <br> : |

**PLAINTIFF'S OPPOSITION TO QUOTEWIZARD.COM, LLC'S MOTION TO STRIKE THE AMENDED AND CORRECTED SUPPLEMENTAL REPORT OF ANYA VERKHOVSKAYA**

QuoteWizard's Motion to Strike the Amended and Corrected Supplemental Report of Anya Verkhovskaya (ECF 346) mischaracterizes Ms. Verkhovskaya's correction of clerical errors in her prior Expert Report and her Rebuttal Expert Report as a substantive change to her opinions that should be excluded. As Ms. Verkhovskaya's Amended and Supplemental Report, attached hereto as Exhibit 1, is actually a required correction to her prior reports, is entirely consistent with the methodology employed throughout, and works no prejudice to Defendant, QuoteWizard's motion to strike falls short of justifying precluding expert testimony, which as the First Circuit has acknowledged is a "grave step, not to be undertaken lightly." *Thibeault v. Square D Co.,* 960 F.2d 239, 247 (1st Cir. 1992).

## Background

As is set forth in Plaintiff's Memorandum of Law in Support of Motion for Class Certification, Doc. No. 340 at 5-8 (as well as Plaintiff's Opposition to QuoteWizard's Daubert

1

Motion to Exclude Expert Testimony of Plaintiff's Expert) Ms. Verkhoskaya's methodology to identify members of a National Do Not Call class under the TCPA has been approved by numerous courts across the country against *Daubert* challenges, has been used to support class certification in numerous cases, and indeed, following a five day jury trial, supported entry of a TCPA Judgment for a DNC class of more than $61,000,000 in *Krakauer v. Dish Network, L.L.C.,* 925 F.3d 643, 658 (4th Cir. 2019) ("While Dish objected to various aspects of the plaintiffs' proposed data and argued that individual fact-finding would be required, the district court considered these arguments and found them unpersuasive.").

In this case, Ms. Verkhovskaya applied exactly the same methodology as she did in *Krakauer* and numerous other cases. Ms. Verkhovskaya collected and standardized the texting records of QuoteWizard's vendor (Drips), removed from the list telephone numbers from leads generated from QuoteWizard's own websites, removed numbers that QuoteWizard claims Drips texted without authorization from QuoteWizard, limited the Class List to consumers for whom there is proof of receipt of the QuoteWizard texts from Bandwidth and Twilio records (which she buttressed by limiting the Class List to individuals who were listed on QuoteWizard's internal Do Not Call list indicating the text recipient had requested that the texts stop), and she then compared the remaining texting records against the National Do Not Call Database. Ms. Verkhoskaya also eliminated the handful of numbers who responded to QuoteWizard's texts with expressions of interest and for whom QuoteWizard paid Drips for the transmission of the leads, and then ran the remaining numbers through an industry standard database of known business numbers, and removed business-identified numbers, and further applied a business keyword analysis to the remaining numbers to remove numbers associated with business names.

In preparing for her deposition as an expert witness in this case, Ms. Verkhovskaya recognized that her Expert Report contained two clerical errors. First, she realized her initial Expert Report should have listed two additional files that she did review and rely upon: DRIPS000005-CONFIDENTIAL and DRIPS00008. These files represent "Do Not Call" responses that were sent to Drips to texts promoting QuoteWizard. Ms. Verkhovskaya explained that the inadvertent failure to list those two documents had no impact on the opinions expressed in her Expert Report. *See* Exhibit 1.

Second, Ms. Verkhovskaya realized that although her Expert Report at paragraph 84 described her process for removing records associated with certain business-related keywords (and attaching the list of keywords itself to her Expert Report as Exhibit I), she realized the outputs of her work (Exhibit J to her Expert Report and Exhibit 2 to her Rebuttal Report) due to inadvertent human error represented her culled list of numbers *before* she had removed the numbers associated with her list of keywords. In her Amended and Corrected Supplemental Report, Mrs. Verkhovskaya provided the revised final output report, which reduced the number of unique telephone numbers in the class list from 67,588 to 66,693 (a reduction of 895) and 319,112 to 314,828 telemarketing texts (4,284 fewer texts).

On realizing the error, counsel for Plaintiff produced a corrected supplement on December 8, 2023. *See* Declaration of Anthony Paronich, attached hereto as Exhibit 2. Counsel for QuoteWizard requested, via email, additional time to review the corrected report before taking Ms. Verkhovskaya's deposition as previously scheduled on December 11, 2023, suggesting December 13, 2023 as a postponed date. Counsel for Plaintiff responded he was not available on that date, but could hold the deposition on Friday December 15, 2023 or the following week. Counsel for QuoteWizard chose to move forward with the deposition on

December 15, 2023. Ms. Verkhovskaya was questioned extensively about her Amended and Corrected Supplemental Report in her deposition. *See* Excerpt of Deposition Anya Verkhovskaya, Doc. No. 350-7 and Paronich Declaration at ¶¶ 3-6.

In further response to Ms. Verkhovskaya's report, in opposition to Plaintiff's Motion for Class Certification, QuoteWizard submitted an Affidavit from its expert Jan Kostyun addressing the revised class list numbers in Ms. Verkhovskaya's Amended and Corrected Supplemental Report. *See* Affidavit of Jon Kostyun, Doc. No. 348-7.

## Argument

**A. QuoteWizard's Claim that Ms. Verkhovskaya's Supplemental Report Should Be Stricken Should Be Denied as it Introduces No New Methodology or Conclusions But Rather Corrects Clerical Errors.**

First, because the amended expert report is a timely supplementation contemplated by Federal Rule of Civil Procedure 26. Rule 26(e) provides that parties have an ongoing duty to supplement their discovery disclosures and that, for expert witnesses, this "duty to supplement extends both to information included in the report and to information given during the expert's deposition." *See also Allstate Interiors & Exteriors, Inc. v. Stonestreet Constr., LLC*, 730 F.3d 67, 76 (1st Cir. 2013). Supplemental information "must be disclosed by the time the party's pretrial disclosures . . . are due." Fed. R. Civ. P. 26(e)(2). "The duty to supplement is intended to benefit the recipient of the earlier disclosure by correcting misinformation or omissions in the prior disclosure." *Presstek, Inc. v. Creo, Inc.*, No. 05-cv-65-PB, 2007 U.S. Dist. LEXIS 24170, 2007 WL 983820, at *4 (D.N.H. Mar. 30, 2007). "It does not grant a license to supplement a previously filed expert report because a party wants to, but instead imposes an obligation to supplement the report when a party discovers the information it has disclosed is incomplete or incorrect." *Id.*

4

This is precisely what happened here. Prior to Ms. Verkhovskaya's deposition, she realized that because she had not eliminated numbers that were associated with certain business keywords she had overstated the class size by 895 unique telephone numbers and by 4,284 telemarketing texts. Ms. Verkhovskaya points to no new methodology or opinion rendered. Plaintiff produced the Amended and Corrected Supplemental Report and postponed her upcoming expert witness deposition to a date selected by QuoteWizard's counsel. QuoteWizard was able to depose Ms. Verkhovskaya extensively on the minor reductions to the class list as a result of the clerical correction.

In this material way, this matter is unlike *Davis v. Capital One, N.A.,* Civil Action No. 1:22-cv-00903 (AJT/IDD), 2023 U.S. Dist. LEXIS 189255, at *26 (E.D. Va. Oct. 20, 2023), where Ms. Verkhovskaya submitted a new declaration because it "utilize[d] new data and a new methodology without any explanation for why these new opinions are necessary or proper". Here, Ms. Verkhovskaya was introducing no new data and has employed the same methodology throughout her reports and simply addressed a clerical error in the supplement, as she was obligated to do under the federal rules. This circumstance is also unlike *Traverse v. Gutierrez Co.,* Civil Action No. 18-10175-DJC, 2020 U.S. Dist. LEXIS 255412 (D. Mass. May 18, 2020) where the Court found that although the late report was correcting an "alleged calculation error" there also were "substantial changes made" to the expert report. *Id.* at *21. While no such "substantial changes" were made here, it is notable that the Court in *Traverse* refused to strike the report. *Id.* Furthermore, in *Traverse*, the Court held, "Courts generally distinguish 'true supplementation' such as correcting inadvertent errors or omissions, from gamesmanship, such as new work performed in an attempt to bolster the expert's previously disclosed opinions." *Id.* at *19. This is exactly what happened here – Ms. Verkhovskaya forgot to list two documents (but

5

had already performed the work relating to them) and forgot to include an output from her business keyword search – there was certainly no new methodology offered and there was no gamesmanship – Ms. Verkhovskaya appeared for her deposition on a date that the Defendant requested, which was different than the date she was originally set to be deposed.

The original reports and the supplemental report to address the clerical errors were offered for the same reasons-to identify an administratively feasible method for identifying class members, and as such, an amendment was required by Ms. Verkhovskaya and should be allowed. *See e.g. Mey v. Matrix Warranty Sols., Inc.,* No. 5:21-CV-62, 2023 U.S. Dist. LEXIS 94168, at *7 (N.D.W. Va. Apr. 13, 2023) (holding the same with respect to an amended report offered by Ms. Verkhovskaya in a TCPA case permitting her to provide an amended report).

> B. **Even if Ms. Verkhovskaya's Amended and Corrected Report was Not a Supplement to Correct an Error, it Should Not Be Stricken as QuoteWizard Has Suffered No Prejudice**

Under Rule 37(c)(1), the First Circuit has set forth several factors for determining the proper sanction for a late expert disclosure: (1) the party's justification for the late disclosure; (2) the opposing party's ability to overcome any prejudice; (3) the impact on the court docket; (4) the party's history of litigation abuse; and (5) the party's need for the late evidence. *Glass Dimensions, Inc. v. State St. Bank & Tr. Co.,* 290 F.R.D. 11, 17 (D. Mass. 2013).

Under each factor, QuoteWizard falls short of establishing that this Court should take the "grave step" of excluding expert testimony. *See Massachusetts Mutual Life Ins. Co.*, 2015 U.S. Dist. LEXIS 184946, 2015 WL 12990692, at *2 ( the "First Circuit has 'acknowledged that

6

preclusion of expert testimony is a grave step, not to be undertaken lightly.'" quoting *Thibeault v. Square D Co.*, 960 F.2d 239, 247 (1st Cir. 1992)).

As to the first factor, Ms. Verkhovskaya's error was inadvertent and relied on documents already in Defendant's possession, and more importantly did not materially alter her opinions or conclusions. In this case, Defendant has produced class data only after multiple motions to compel, and then did so over a period of many months. *See* Doc. No. 313 at 1-5 (detailing the Plaintiff's extraordinary and lengthy efforts to obtain complete class data from Defendant). For Defendant to now assert that Plaintiff's minor supplementation of her report, prior to her expert deposition, justifies the extreme sanction of striking it rings hollow.

The second factor may weigh most heavily against QuoteWizard, as Defendant had the Amended Corrected Report before deposing Ms. Verkhovskaya and accordingly suffered no prejudice. The cases relied upon by QuoteWizard actually undermine its claim of prejudice. In *SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 330 F. Supp. 3d 574 (D. Mass. 2018) the court struck an expert declaration <u>first disclosed</u> by the plaintiff in opposition to summary judgment on an issue central to the case, i.e., when the defendant in a patent infringement case was aware of plaintiff's patent and when it was downloaded by defendant, offering a declaration from a witness about the meaning of metadata in a pdf of the patent in questions. Plaintiff asserted that the metadata of a pdf's "date last saved" showed that the defendant had downloaded the patent prior to the filing of the lawsuit. The Court struck the late filed declaration, noting that the proposed witness had not been disclosed as a metadata expert and that the defendant had no opportunity to cross examine the purported exert or respond with their own expert. Here by

contrast, QuoteWizard did depose Ms. Verkhovskaya on her supplement and has responded to her limited alteration of the class list therein with an Affidavit from Jan Kostyun. ECF 348-7.

Similarly, QuoteWizard's reliance on *Davis v. Capital One, N.A.*, Civil Action No. 1:22-cv-00903 (AJT/IDD), 2023 U.S. Dist. LEXIS 189255, at *26-27 (E.D. Va. Oct. 20, 2023) is similarly misplaced. In *Davis*, the declaration that the court struck as untimely was first produced as an exhibit to an opposition to a *Daubert* motion to exclude as well as an exhibit to plaintiff's motion for class certification.[1]

QuoteWizard's reliance on *Traverse v. Gutierrez Co.*, No. 18-10175-DJC, 2020 WL 9601832, *7 (D. Mass. May 18, 2020) is no more persuasive. There, even though the court found that portions of the late report were, unlike here, not "true supplementation" the Court declined to strike the late disclosed expert report and amended the scheduling order. Here, by contrast, there is no need to modify the Court's scheduling order, which satisfies the third factor of the First Circuit's test for declining to strike an untimely expert report.

The final two factors also weigh against striking Ms. Verkhovskaya Amended and Corrected Supplemental report. Plaintiff has no history of abusive conduct in this litigation, and in fact offered QuoteWizard more time to schedule the deposition after providing the correct

---

[1] For reasons stated in Plaintiff's Opposition to QuoteWizard's Daubert Motion to Exclude Expert Testimony of Plaintiff's Expert), the reasoning of the *Davis* court in excluding Ms. Verkhoskaya's testimony in a wrong-number case has no bearing on the admissibility of her testimony here.

report. Finally, the correction of the clerical errors will leave the parties with a complete and accurate class list, which is needed for class certification, class notice, and trial.

## Conclusion

For the foregoing reasons QuoteWizard's Motion to Strike the Amended and Corrected Supplemental Report of Anya Verkhovskaya should be denied.

Dated: February 28, 2024                     Respectfully Submitted,


/s/ *Edward A. Broderick*
Edward A. Broderick
**Broderick Law, P.C.**
176 Federal Street, Fifth Floor
Boston, MA 02110
Telephone: (617) 738-7089
ted@broderick-law.com

Matthew P. McCue
**The Law Office of Matthew P. McCue**
1 South Ave., Third Floor
Natick, MA 01760
Telephone: (508) 655-1415
mmcue@massattorneys.net

John W. Barrett
Brian Glasser
**BAILEY & GLASSER LLP**
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
jbarrett@baileyglasser.com
bglasser@baileyglasser.com


Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

> Alex M. Washkowitz
> CW LAW GROUP, P.C.
> 188 Oaks Road Framingham, MA 01701
> alex@cwlawgrouppc.com

CERTIFICATE OF SERVICE

    I hereby certify that on February 28, 2024 I electronically transmitted the foregoing to all counsel of record via the electronic filing system.

> By:  */s/ John W. Barrett*
>        John W. Barrett