# **EXHIBIT 1**

| | |
|---|---|
| 1 | TOMIO B. NARITA (SBN 156576) |
| | tnarita@snllp.com |
| | R. TRAVIS CAMPBELL (SBN 271580) |
| 2 | tcampbell@snllp.com |
| | MARGARET T. CARDASIS (SBN 322167) |
| 3 | mcardasis@snllp.com |
| | SIMMONDS & NARITA LLP |
| 4 | 44 Montgomery Street, Suite 3010 |
| | San Francisco, CA 94104-4816 |
| 5 | Telephone: (415) 283-1000 |
| 6 | Attorneys for Defendant |
| | Intero Real Estate Services |
| 7 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 12 | RONALD CHINITZ, *individually, and on behalf of a class of similarly situated persons*, | CASE NO. 5:18-cv-05623-BLF |
| 13 | | |
| 14 | | **DECLARATION OF CRAIG L. DAVIS REGARDING DOCUMENTS AND INFORMATION PRODUCED BY LEXISNEXIS IN RESPONSE TO SUBPOENAS** |
| 15 | vs. | |
| 16 | INTERO REAL ESTATE SERVICES, | |
| 17 | | |
| 18 | Defendant. | |

I, Craig Davis, declare as follows:

1. I am a Custodian of Records at LexisNexis Risk Solutions FL Inc. ("LexisNexis"). I make this declaration based upon my personal knowledge, my experience working for LexisNexis, and my review of LexisNexis's records maintained in the ordinary course of business. In my role, I have knowledge of the processes and procedures by which LexisNexis provides batch processing services for its clients. I have personal knowledge of the manner and method by which LexisNexis maintain and creates its business records, I am familiar with the documents attached to this declaration as they are similar to business records I regularly rely on as authoritative in my roles with LexisNexis. If called as a witness in this case, I could and would testify competently to the contents of this declaration.

2. LexisNexis received a copy of a Subpoena To Produce Documents, Information, or Objects, Or To Permit Inspection Of Premises In A Civil Action, in this action, dated March 16, 2020. A true and correct copy of the subpoena is attached hereto as **Exhibit A**.

3. Attached hereto as **Exhibit B** are true and correct copies of business records of LexisNexis that are responsive to the subpoena.

4. Among the records produced is an application for services and agreement between LexisNexis and Arthur Reus, PA (Bates numbers, LN000001 - LN000003; the "Agreement"). LexisNexis's business records reflect that the customer entity contracting under this agreement was changed in April, 2019 from Arthur Reus, PA to Class Experts Group, LLC. Also among the records produced is a set of Terms & Conditions for service that are incorporated into the Agreement by reference. (Bates numbers, LN000008-LN000023; the "Terms & Conditions").

5. I understand that Anya Verkhovskoya, who is associated with Class Experts Group, LLC, has referenced services provided by LexisNexis and the data exchanged between our companies in paragraphs 56-57 of the January 28, 2020

Case 5:18-cv-05623-BLF Document 96-1 Filed 04/03/2024 Page 4 of 48
Case 5:18-cv-05623-BSF Document 98-1 Filed 04/03/2024 Page 3 of 48
**REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED**

expert report in this case that was attached to the document subpoena in Exhibit A. Those paragraphs describe providing LexisNexis with a list of phone numbers and receiving from LexisNexis responses indicating for what type of use LexisNexis believes the numbers are being or have been used, i.e., business, residential or government. This information is sometimes referred to as a "BusResGov" flag.

6. I understand that Ms. Verkhovskaya's counsel has confirmed that the searches described in paragraphs 56-57 of the January 28, 2020 expert report were run by CEG on January 17, 2020. LexisNexis's records reflect two batch searches submitted by CEG on that date, one for which the input file was "NDNCR Output - Corp." and another for which the input file was "NDNCR Output - NonCorp." LexisNexis's records reflect that both input files were processed under LexisNexis work request 65920. A copy of that work request is included in the produced documents at Bates LN000024-LN000028. The work request indicates that CEG will supply a phone number, a start date and an end date, and LexisNexis will return the input values, plus a "BusResGov" flag, plus a start date and an end date for that value. Engineering notes regarding the logic and instructions for populating the "BusResGov" results field are included in the produced documents at Bates LN000029.

7. LexisNexis's classification of a telephone number as business, residential or government is largely derived from directories published for landline telephones. Most local telephone operating companies publish directories consisting of white pages (residential numbers), yellow pages (business numbers) and blue pages (government numbers). LexisNexis does not have data classifying all telephone numbers as business, residence or government. This is due in part to the fact that LexisNexis has very little "line type" information for mobile telephone numbers.

8. When a process calls for LexisNexis to return a BusResGov flag on a searched phone number, but LexisNexis does not have such information on the

number, the "BusResGov" flag field is left blank, unless in the process of setting up the search, the customer has asked that some other value be used to show that LexisNexis cannot provide a line type, in which case LexisNexis supplies that value.

9. While telephone numbers are sometimes concurrently used for more than one type of service (e.g., building tradesperson or tech freelancer using a single number for business and residential calls), LexisNexis returns only a single BusResGov flag value for each telephone number at any particular time. Because telephone directory listings can be changed, and because telephone numbers can be reassigned to different users. LexisNexis will sometimes report different line type values for the same telephone number at different times.

10. While the specifications for work request 65920 called for CEG to supply start and end dates for each telephone number to be queried, no start dates or end dates were provided by CEG in the two input files furnished to LexisNexis on January 17, 2020. Copies of the input files received by LexisNexis from CEG on January 17, 2020 are being produced in electronic form as documents responsive to Intero's document subpoena.

11. The engineering notes for work request 65920 establish logic under which a Business, Residential or Government value will be returned for a telephone number only if LexisNexis's first seen and last seen dates overlap with some part of the period delimited by the start date and end date supplied by CEG in its search request. Because CEG supplied no start and end dates, and the consequent lack of "overlaps", virtually all of the numbers queried in the January 17, 2020 searches failed to return a Business, Residential or Government value. (In a handful of cases, the absence of a "first seen date" in LexisNexis's data allowed a "Residential" value to be returned.) Because no Business, Residential or Government value was returned, the "BusResGov" field in the search results was populated with "MLR." "MLR" is not a standard LexisNexis

value. It appears from the engineering notes for work request 69520 to have been requested by CEG. Copies of the output files provided by LexisNexis to CEG on January 17, 2020 are being produced in electronic form as documents responsive to Intero's document subpoena. The January 17 results would have been different had CEG supplied start and end dates as part of its queries.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed at Kettering, Ohio on this 17 day of April, 2020.



Craig L. Davis

CHINITZ V. INTERO REAL ESTATE SERVICES (CASE NO. 5:18-cv-05623-BLF)
CLD        DECL. RE: DOCUMENTS/INFORMATION PRODUCED IN RESPONSE TO SUBPOENAS

# CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April, 2020, I served the DECLARATION OF CRAIG L. DAVIS REGARDING DOCUMENTS AND INFORMATION PRODUCED BY LEXISNEXIS IN RESPONSE TO SUBPOENAS, as well as four files consisting of Excel spreadsheets, and named as follows:

NDNCR_Output_-_Corp.csv

NDNCR_Output_-_NonCorp.csv

LN_Output_NDNCR_Output_-_Corp.csv

LN_Output_NDNCR_Output_-_NonCorp.csv

via electronic mail upon the following counsel of record:

Sabita J. Soneji
V. Chai Oliver Prentice
TYCKO & ZAVAREEI LLP
1970 Broadway, Suite 1070
Oakland, California 94612
ssoneji@tzlegal.com

Michael R. Reese
Carlos F. Ramirez
REESE LLP
100 West 93rd Street, 16th Floor
New York, New York 10025
mreese@reesellp.com

Hassan A. Zavareei
TYCKO & ZAVAREEI LLP
1828 L Street, Northwest, Suite 1000
Washington, DC 20036
hzaareei@tzlegal.com

George V. Granade
REESE LLP
8484 Wilshire Blvd.
Suite. 515
Los Angeles, CA 90211
ggranade@reesellp.com

*Counsel for Plaintiff*

1

LEGAL02/39702358v3
LEGAL02/39741682v1

Tomio B. Narita
R. Travis Campbell
Margaret Cardasis
Simmonds & Narita LLP
44 Montgomery St., Suite 3010
San Francisco CA 94104
Tnarita@snllp.com

*Counsel for Defendant*

             _/s/ James F. McCabe_____
              James F. McCabe