UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSEPH MANTHA, *on behalf of himself and all others similarly situated*, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 19-12235-LTS |
| QUOTEWIZARD.COM, LLC, | ) ) ) | |
| Defendant. | ) ) ) | |

ORDER ON QUOTEWIZARD.COM, LLC'S MOTION TO STRIKE THE AMENDED AND CORRECTED SUPPLEMENTAL REPORT OF ANYA VERKHOVSKAYA (DOC. NO. 346)

April 5, 2024

SOROKIN, J.

Presently before the Court is Defendant QuoteWizard.com, LLC's ("QuoteWizard") Motion to Strike the Amended and Corrected Supplemental Report of Anya Verkhovskaya ("Amended Report"), Plaintiff Joseph Mantha's expert witness. Doc. No. 346.[1] QuoteWizard alleges that Verkhovskaya's Amended Report, Doc. No. 339-4, is untimely, prejudicial, and amounts to an impermissible, substantive response to criticism of Verkhovskaya's opinions and methodology raised by QuoteWizard's expert, Jan Kostyun. See Doc. No. 346 at 3-4. For the following reasons, QuoteWizard's Motion is DENIED.

On September 22, 2023, pursuant to the Court's then-governing Discovery Schedule, Doc. No. 319, the Parties exchanged expert reports. See Doc. No. 331 at 1. Following a series of

---

[1] Citations to "Doc. No. __" reference documents appearing on the Court's electronic docketing system. Pincites are to the page numbers in the ECF header or numbered paragraphs within the document, where applicable.

extensions to the Discovery Schedule, the Parties thereafter exchanged rebuttal reports on November 24, 2023—the deadline for such reports. Doc. No. 336 at 1. Subsequently, on December 8, 2023, Verkhovskaya produced her Amended Report, amending her initial expert report and rebuttal report, which Mantha served on QuoteWizard that same day. Doc. No. 339-4; see also Doc. No. 346 at 2.

In her Amended Report, Verkhovskaya makes two changes to her prior expert reports. As to the first change, Verkhovskaya states that she forgot to list, in her expert report, two files which she had reviewed and relied upon in making her initial report. Doc. No. 357-1 at 2. Although she admits that she forgot to include them, she states that her initial analysis had nevertheless incorporated these files and their initial omission "had no effect on [her] opinions" expressed therein. Id. QuoteWizard does not specifically contest this change other than to allege it was untimely and, therefore, prejudicial. Doc. No. 346 at 3-4. The Court disagrees.

Although Verkhovskaya's Amended Report was produced after the deadline for the exchange of expert reports and rebuttal reports, this type of correction is permitted, and, indeed, required by Rule 26(e) of the Federal Rules of Civil Procedure. See Lawes v. CSA Architects & Eng'rs LLP, 963 F.3d 72, 91 (1st Cir. 2020) (finding that "experts must supplement their reports . . . when a party learns that its 'disclosure or response is incomplete or incorrect'. . . and [the duty to supplement] extends 'to information included in the [expert's] report'" (quoting Fed. R. Civ. P. 26(e))); Neural Magic, Inc. v. Meta Platforms, Inc., 659 F. Supp. 3d 138, 160 (D. Mass. 2023) (stating same). Verkhovskaya states that she had already relied on these two files when formulating her opinion and her correction did not change it. Doc. No. 339-4. QuoteWizard does not dispute this. See generally Doc. No. 346. Because this first change appears to be merely clerical and does not alter Verkhovskaya's opinions or methodology, the

Court finds that this change is permitted under Rule 26(e). Accordingly, QuoteWizard's Motion to Strike, as to this change, is DENIED.

As to the second change, Verkhovskaya recounts that in paragraph 84 of her initial expert report, she described her process for "removing records with certain business-related 'Keywords'" from the putative class list. Doc. No. 339-4 at 3; see also Doc. No. 339-2 ¶ 84. As she prepared for her deposition in this case, Verkhovskaya reports that she realized that the same file (representing the list of telephone numbers before she had removed the business-related numbers) was "inadvertently" attached as both the input and output file. Doc. No. 339-4 at 2. Thus, the attached output files (Exhibit J to her expert report and Exhibit 2 to her rebuttal report) reflected the same list of telephone numbers as if she had never filtered the list for business-related numbers through the process described in paragraph 84 of her initial expert report. See id. Verkhovskaya and Mantha describe this mistake as "due to human error." Id.; Doc. No. 357 at 3. QuoteWizard alleges this change amounts to a "substantive response" to the rebuttal report of its expert, Kostyun. Doc. No. 346 at 3. After review of the record presently before it, the Court also DENIES QuoteWizard's Motion to Strike as to this second change.

QuoteWizard alleges that in Kostyun's rebuttal report, he "highlights the flaws in Verkhovskaya's methodology for eliminating business telephone numbers from the proposed class." Id.; see also Doc. No. 350-2 ¶¶ 70-78. Kostyun describes in his rebuttal report how, even after Verkhovskaya filtered the putative class list for business-related telephone numbers, the putative class list attached to her report as Exhibit J still contained a "significant number" of telephone numbers associated with businesses. Doc. No. 350-2 ¶ 70. Accordingly, QuoteWizard charges that Verkhovskaya's Amended Report, attaching a putative class list revised to filter out

3

those business numbers, is an impermissible, substantive attempt to fix the errors pointed out by Kostyun. Doc. No. 346 at 3-4. The Court is unpersuaded.

QuoteWizard, as the party alleging a Rule 26(e) violation, has the burden of proving that Verkhovskaya made a substantive change. Nueral Magic, Inc., 659 F. Supp. 3d at 160. The Court finds that QuoteWizard has not met its burden because it fails to show why Verkhovskaya's supplementation was impermissible. Mantha argues in its Opposition that the errors Kostyun points out in his rebuttal report are the exact errors created by Verkhovskaya mistakenly attaching the same file as both the input and output of her business-keyword filtering process. Doc. No. 357 at 3, 5. Therefore, Verkhovskaya's Amended Report was the type of supplementation envisioned by Rule 26(e). The Court agrees. Nothing in Kostyun's rebuttal report shows that these errors are the product of a flawed methodology, but, rather, are the result of human error. See Doc. No. 350-2 ¶¶ 70-78. Kostyun's rebuttal report does not allege that Verkhovskaya's methodology could not filter out these errors, but instead, merely alleges that it did not. See id. This aligns with Verkhovskaya's description of her change as inadvertent human error requiring correction by Rule 26(e).

The Court also finds that QuoteWizard has not met its burden under Rule 26(e) because it has failed to show why it has been prejudiced by Verkhovskaya's Amended Report. QuoteWizard alleges that it suffered prejudice because its expert had no opportunity to rebut the late-filed Amended Report. Doc. No. 346 at 4. Yet, QuoteWizard never moved the Court for leave to extend the discovery deadline, something QuoteWizard itself acknowledges would have been a possibility. See id. Moreover, Verkhovskaya produced her Amended Report on December 8, 2023, and Mantha served it upon QuoteWizard that same day. See Doc. No. 339-4 at 4; Doc. No. 346 at 4. Thus, QuoteWizard received the Amended Report almost a week before

Verkhovskaya's deposition on December 15, 2023.[2] Doc. No. 346 at 4; Doc. No. 357 at 3-4. Accordingly, QuoteWizard's attorneys had ample time to review the Amended Report and prepare to examine Verkhovskaya on it. A review of Verkhovskaya's deposition testimony indicates they did just that. See Doc. No. 350-7 at 11-26. Moreover, her testimony is entirely consistent with her Amended Report's conclusion that her changes did not affect her opinions or methodology. See, e.g., id. at 12. Finally, and importantly, Verkhovskaya never changed her methodology as expressed in her reports. Therefore, because QuoteWizard has not sufficiently shown that Verkhovskaya made a substantive change to her reports or that it was prejudiced by the changes she did make, the Court DENIES its Motion as to the second change as well.

For the foregoing reasons, QuoteWizard's Motion to Strike Verkhovskaya's Amended Report, Doc. No. 346, is DENIED.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge

---

[2] Verkhovskaya's deposition was originally scheduled for December 11, 2023, but, at QuoteWizard's request after receiving the Amended Report, it was rescheduled to December 15, 2023. See Doc. No. 346 at 4; Doc. No. 357 at 3-4.