IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

**JOSEPH MANTHA, individually
and on behalf of a class of all
persons and entities similarly situated,**

    Plaintiffs,

vs.                                                      Case No. 1:19-cv-12235-LTS

**QUOTEWIZARD.COM, LLC,**

    **Defendant.**

## PLAINTIFF'S MOTION TO APPROVE NOTICE PLAN

Plaintiff Joseph Mantha respectfully moves the Court to approve his proposed notice plan, which satisfies all requirements under the Federal Rules of Civil Procedure and due process, and provides for a prompt schedule in order to bring this matter to trial.

In support, Plaintiff states:

1. Under Rule 23(b)(3), the Court has certified the following class:

> All persons within the United States (a) whose telephone numbers were listed on the Do-Not-Call Registry, and (b) who received more than one telemarketing text within any twelve-month period at any time from Drips, (c) to promote the sale of QuoteWizard's goods or services, and (d) whose numbers are included on the Class List.

Order on Motion to Certify the Class Doc. 368 at 38.

2. Rule 23(b)(2)(B) requires notice of the certification decision to class members. It provides in pertinent part:

> For any class certified under Rule 23(b)(3) . . . the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic

means, or other appropriate means. The notice must clearly and concisely state in plain, easily understood language:

    (i)     the nature of the action;
    (ii)    the definition of the class certified;
    (iii)   the class claims, issues, or defenses;
    (iv)   that a class member may enter an appearance through an attorney if the member so desires;
    (v)    that the court will exclude from the class any member who requests exclusion;
    (vi)   the time and manner for requesting exclusion; and
    (vii)  the binding effect of a class judgment on members under Rule 23(c)(3).

3. To provide the required "individual notice to all members who can be identified through reasonable effort," *id.,* Plaintiff proposes a two-part notice plan that includes: (a) mailed postcard notice (*see* Exhibit A) to class members, and (b) a dedicated case website that provides additional information for Class members, including important case materials and a proposed long-form notice with more detail about the case (*see* Exhibit B).

4. As the Rule also requires, the notices "clearly and concisely state, in plain, easily understandable language" each of the required items. The notice to those in the damage **class** must include, as stated in the rule, the right of the class member to seek to appear by his or her own attorney or to opt out of the class and--if he or she fails to opt out--a warning that he or she will be bound by the judgment. Plaintiff has provided the draft notice to QuoteWizard's counsel, but has not received a response on the form of the proposed notices.

5. Notice must issue before the Court addresses class-related motions for summary judgment. "The purpose of Rule 23(c)(2) is to ensure that the plaintiff class receives notice of the action well before the merits of the case are adjudicated." *Brown v. Colegio De Abogados De P.R.*, 613 F.3d 44, 51 (1st Cir. 2010)

(quoting *Schwarzschild v. Tse,* 69 F.3d 293, 295 (9th Cir. 1995)), *cert. denied,* 517 U.S. 1121, 116 S. Ct. 1355, 134 L. Ed. 2d 523 (1996); and citing Wright, Miller & Kane, 7AA *Federal Practice & Procedure* § 1788 (3d ed. 2005)).

6. Plaintiff's two-part notice plan tracks that of the similar case of *Krakauer v. Dish Network, L.L.C.,* No. 1:14-CV-00333, Middle District of North Carolina. See Exhibit C, Order Approving Notice Plan.[1]

7. Under Plaintiff's plan here, class members have been identified through utilizing documents produced by Defendant in this case, as well as a reverse append process for the 162 class members for which the Defendant's data did not include name and address information, which yielded 152 names and addresses associated with the telephone numbers in question during the class period. As the Court observed in its class certification order, Ms. Verkhovskaya is the same expert who identified class members and provided testimony in *Krakauer. See* ECF 368 at 13. Each class member will be mailed postcard notice. And while the Federal Judicial Center has concluded that a notice plan that reaches at least 70% of the class is reasonable (*see* Federal Judicial Center, Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide (2010)), the proposed notice plan is intended to reach all but 10 class members, whose addresses names and addresses the administrator will continue to attempt to find.

8. The postcard will direct class members to a website that will include the detailed long-form notice and will provide access to relevant court documents.

---

[1] The *Krakauer* court also required internet notice via a press release, a posting on Top Class Actions, and a Facebook posting. *See* Exhibit C at 3. Because Plaintiffs have addresses for all class members for postcard notice, Plaintiffs do not believe this additional notice is necessary.

9. Class Counsel solicited bids from three nationally recognized class action administration firms and AB Data, Ltd. was the low bidder. Plaintiff proposes the Court appoint AB Data, Ltd. as Notice Administrator responsible for mailing notices and processing opt-out forms. A declaration outlining AB Data's experience in class administration and estimating that successful notice will exceed 80% of the class is attached as Exhibit D. The expected successful notice rate well exceeds the 70% benchmark set by the Federal Judicial Center for a successful notice program. *See Federal Judicial Center, Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* at 3 (2010).

10. Plaintiffs further propose the Court adopt the schedule below, which will take just 60 days from the mailing of the notice to completion:

| **Event** | **Date** |
|---|---|
| Direct postcard notice begins | 30 days after order approving notice |
| Last day for opt-outs | 60 days after order approving notice |
| Opt-out list filed with Court | 65 days after order approving notice |

Dated: December 13, 2024

Plaintiffs,
By Their Counsel,

*/s/ Anthony Paronich*
Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln St., Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
anthony@paronichlaw.com

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, MA  01760
Telephone: (508) 655-1415
mmccue@massattorneys.net

Edward A. Broderick
BRODERICK LAW, P.C.
176 Federal Street, Fifth Floor
Boston, MA 02111
Telephone: (617) 738-7080
ted@Broderick-law.com

Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln St., Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
anthony@paronichlaw.com

*Counsel for Plaintiffs*

## CERTIFICATION PURSUANT TO L.R. 7.1(a)(2)

Plaintiff's counsel conferred with counsel for QuoteWizard as to this motion on December 13, 2024, in an effort to resolve or narrow the issue without success.

*/s/ Anthony Paronich*
Anthony Paronich

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of December 2024, a copy of **PLAINTIFF'S MOTION TO APPROVE NOTICE PLAN** was filed using CM/ECF, the Court's electronic notification system, which provided notice to all counsel of record.

*/s/ Anthony Paronich*
Anthony Paronich