# **EXHIBIT 1**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MANTHA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QUOTEWIZARD.COM, LLC,<br><br>Defendant. | Civil Action No. 1:19-cv-12235-LTS |

**PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST
SET OF INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 33, the Plaintiff, Joseph Mantha, hereby responds to the First Set of Interrogatories of the defendant QuoteWizard, LLC, as follows.

**INTERROGATORIES**

1. Identify each person who answered, assisted in answering or preparing these interrogatories, excluding your attorneys.

**ANSWER:** Plaintiff and counsel.

2. Please identify any and all witnesses and all persons having any knowledge of any relevant facts alleged in your Complaint, providing for each:

   a. his or her name, occupation/title, telephone number, and address;
   b. such person's relationship to Plaintiff (family member, friend, employee, agent, contractor, or the like);
   c. a summary of each such person's knowledge; and
   d. the factual substance of the information known to such person.

**ANSWER:** Plaintiff objects to the extent the request is overbroad and unduly burdensome. Further objecting, the Defendant is already in possession of most of this information. Subject to the foregoing, the Plaintiff states that the Defendant and any vendors

used by the Defendant to purchase data and to initiate the texts at issue have knowledge of relevant facts alleged in the Complaint. The Plaintiff also has knowledge of the relevant facts alleged in the Complaint.

3.  Identify each and every category of damages Plaintiff is seeking from QuoteWizard, and set forth the specific amount claimed for each category, and how such amount was calculated.

**ANSWER: OBJECTION:** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this interrogatory to the extent it in no way relates to the issue of consent.

4.  Please identify the date on which you allege you became the telephone subscriber for the telephone number 508-353-9690, and identify your telephone provider on August 5, 2019.

**ANSWER: OBJECTION:** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this interrogatory to the extent it in no way relates to the issue of consent. Subject to these objections and answering further, Plaintiff states that his telephone provider on the date in question was and remains Verizon Wireless, and that he became the subscriber to that number many years ago, long prior to the texts at issue.

5.  Please state whether you caused the telephone number 508-353-9690 to be placed on the National Do Not Call Registry, identify the date on which you did so, and state whether and when your number has been removed and/or cancelled from the Registry.

**ANSWER:** Plaintiff states that his cell phone number has been registered with the National Do Not Call Registry since November 7, 2008. Furthermore, Plaintiff states that his number has not been removed or cancelled from the Registry to the best of his knowledge.

6. Please state whether you have used any other telephone number besides 508-353-9690 from January 1, 2019 to present, and if so identify the number(s) used and the purposes for which you used the number(s) (*i.e.*, personal use or business use).

**ANSWER:** The only personal cellular telephone number Plaintiff has used since January 1, 2019, has been 508-353-9690

7. Please identify your employer and your position of employment from January 1, 2019 to present, and state whether you used the telephone number 508-353-9690 for, relating to, or in connection with your employment from January 1, 2019 to present, describing your use of that telephone number for business/employment purposes.

**ANSWER: OBJECTION:** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this interrogatory to the extent it in no way relates to the issue of consent.

8. Please describe any communications you have had with anyone else regarding this case or regarding auto insurance generally, taking care to identify:

    a. The person or entity with whom you communicated;
    b. The date(s) of the communications;
    c. The substance of the communications; and
    d. The method of communications (*i.e.*, electronic mail, telephone, etc.)

**ANSWER: OBJECTION:** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this interrogatory to the extent it in no

way relates to the issue of consent. Plaintiff objects to the extent that such communications are protected by the Attorney-Client privilege. Subject to the foregoing, Plaintiff states he has only communicated with regard to the case with his Attorneys, his wife (Melisa Mantha) and a friend, (Steven Novia).

9. Please state whether you or someone on your behalf visited the website www.snappyautoinsurance.com on August 5, 2019 or any other date, taking care to identify the date(s) on which it was visited.

**ANSWER:** Plaintiff states he visited this website for the first time after the Defendant falsely claimed he had opted in to receive telemarketing calls on that web site. Plaintiff visited the website solely to refresh his memory as to whether he had ever seen that website before. This occurred approximately on September 23, 2019. Plaintiff denies having visited this website or having knowledge of anyone else visiting the website on his behalf prior to September 23, 2019.

10. Please state whether you or someone on your behalf visited the website www.autoinsurquotes.com on August 5, 2019 or any other date, taking care to identify the date(s) on which it was visited.

**ANSWER:** Plaintiff denies having ever visited this website. Plaintiff further denies having any knowledge of anyone visiting this website on his behalf.

11. Please state whether you or someone on your behalf requested auto insurance quotes at any time in 2019 or 2020, and if so, identify the person or entity who requested a quote, the website from which a quote was requested, and the date(s) on which they were requested.

**ANSWER:** Plaintiff states that at no time in 2019, prior to receiving the telemarketing texts at issue, did he or someone on his behalf request auto insurance quotes from anyone. Plaintiff states that after receiving multiple illegal text solicitations from QuoteWizard, he finally

played along in an effort to identify the entity who was sending me illegal text messages to my DNC listed cell phone.

12. Please state whether you changed auto insurance carriers in 2019 or 2020.

**ANSWER:** No.

13. Please identify your auto insurance carrier and the dates in which you have been insured by that carrier.

**ANSWER:** Plaintiff states that his auto insurance agent is AAA, with MAPFRE as the insurer. Further answering, Plaintiff states this has not changed since 2014.

14. Please identify all electronic devices (including but not limited to cell phones, computers, iPads and the like) that you had, owned, or were using or used on August 5, 2019 or around that time frame, and identify the IP address associated with each device.

**ANSWER:** Plaintiff identifies that the devices he uses for personal use to search the internet are a Dell Intel core i3 laptop and an Iphone. Plaintiff also has access to a laptop computer that uses for school work that he does not use for personal internet searches. Plaintiff states he has no connection whatsoever to the IP address that was allegedly used to opt in to the telemarketing calls at issue. Plaintiff objects to producing his personal IP address as such a request is overbroad, unduly burdensome and irrelevant to any issue in this case. Further, given that the purported opt in being used against him in this litigation is a fabrication, plaintiff is wary of sharing this information with the defendant and its various agents and lead generators. Plaintiff's expert witness has examined plaintiff's personal devices that he uses to search the internet and will confirm that the Plaintiff has no connection to the IP address that appears on the opt-in.

15. Please identify your residential address as of August 5, 2019, and identify any and all persons who resided with you at that time.

5

**ANSWER:** Plaintiff's residential address as of August 5, 2019 was (and remains) 38 Vista Circle, Rutland, MA 01543. Plaintiff resides with his wife and two minor children.

16. Please state whether you traveled outside of your residence on August 5, 2019 and identify the places that you visited on that date.

**ANSWER:** Plaintiff states that during the workday hours on August 5, 2019, he was at work in Lancaster, MA, and returned home to Rutland, MA in the evening. At no time on August 5, 2019, did Plaintiff leave the Commonwealth of Massachusetts.

17. Please state whether your name, telephone number, or residential address was provided to any third-party pursuant to a request for auto insurance in 2019 or 2020, and identify where it was provided and the date(s) on which it was provided.

**ANSWER:** No.

18. Please state whether you spoke with anyone before, during, or after the time you communicated with QuoteWizard in or around August of 2019 about those communications, and identify the persons with whom you spoke, the dates on which you spoke, and the substance of those communications.

**ANSWER:** Plaintiff objects as the request is vague, overbroad and such communications may be subject to attorney client or spousal privilege. Subject to the foregoing, the Plaintiff states that he communicated his concerns about receiving unsolicited text message telemarketing to a friend, Steven Novia, who advised him to seek legal counsel.

19. Please state whether anyone helped, guided, or otherwise informed your responses to QuoteWizard's communications in or around August of 2019, and identify those persons and the substance of your conversations with them.

**ANSWER: OBJECTION:** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this interrogatory to the extent it in no way relates to the issue of consent. Plaintiff objects to the extent that such communications are protected by the Attorney-Client privilege..

20. Please identify the date on which you retained your attorneys.

**ANSWER: OBJECTION:** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this interrogatory to the extent it in no way relates to the issue of consent. Plaintiff objects to the extent that such communications are protected by the Attorney-Client privilege.

21. Please describe any and all information you or anyone on your behalf has concerning your allegation that the consent provided on www.snappyautoinsurance.com on August 5, 2019 using your personal information is fraudulent.

**ANSWER:** Plaintiff objects as this information is protected by Attorney-Client privilege and Attorney Work-Product Doctrine. Plaintiff has previously attested under oath that the consent allegation is fraudulent and this declaration has been produced.

22. Please state the full name and address of each expert witness whom you expect to testify at trial, the subject matter on which each such expert may be expected to testify, the substance of all facts to which any such expert is expected to testify, the contents of all opinions to which each expert is expected to testify, and a summary of the grounds for each opinion to which each such expert is expected to testify.

**ANSWER:** The only expert retained to date by Plaintiff is Phil DePue, Assistant Director of Digital Forensics for Sensei Enterprises, Inc. Mr. DePue will testify that he has scanned and

searched Plaintiff's personal laptop and IPhone and will confirm that Mr. Mantha's personal computer and IPhone were not assigned the IP address that appears on the opt-in at any time. He will also confirm that his search of these devices did not evidence any match for any mention whatsoever of QuoteWizard, or the entities identified by QuoteWizard as the entities associated with the texts to Plaintiff. Mr. DePue will further attest that Plaintiff's personal devices are devoid of any evidence whatsoever that would evidence his prior express written consent to receive telemarketing texts from QuoteWizard.

23. Please explain why you sent text messages to QuoteWizard, including "How do I get a quote?[,]" if you had not requested an auto insurance quote as alleged.

**ANSWER:** Plaintiff states that he responded solely for the purpose of gaining further information about who was sending unsolicited telemarketing text messages to his DNC'd cell phone.

24. State the factual basis for your allegations that QuoteWizard's alleged violation(s) of the TCPA were knowing and/or willful.

**ANSWER: OBJECTION:** At QuoteWizard's request, the initial discovery phase in this case is to focus solely on QuoteWizard's consent defense per the April 7, 2020, Scheduling Order of Judge Sorokin. *See* ECF #39. Plaintiff objects to this interrogatory to the extent it in no way relates to the issue of consent. Plaintiff further objects as this information is protected by Attorney-Client privilege and Attorney Work-Product Doctrine.

ATTESTED TO UNDER THE PAINS AND PENALTIES OF PERJURY, THIS 24th DAY OF MAY, 2020.

*/s/ Joseph Mantha*
Joseph Mantha

As to objections,

PLAINTIFF,
By his attorneys

*/s/ Matthew P. McCue*
Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, Massachusetts 01760
(508) 655-1415
(508) 319-3077 *facsimile*
mmccue@massattorneys.net

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Edward A. Broderick
Broderick Law, P.C.
99 High St., Suite 304
Boston, MA  02110
(617) 738-7080
ted@broderick-law.com

Alex M. Washkowitz
Jeremy Cohen
CW Law Group, P.C.
188 Oaks Road
Framingham, MA 01701
alex@cwlawgrouppc.com

## CERTIFICATE OF SERVICE

I, hereby certify that on May 26, 2020, I served the foregoing via e-mail to counsel of record.

*/s/ Matthew P. McCue*
Matthew P. McCue

9