**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | : | |
| JOSEPH MANTHA on behalf of himself and others similarly situated, | : | |
| | : | |
| Plaintiff, | : | Case No. 1:19-cv-12235-LTS |
| | : | |
| v. | : | |
| | : | |
| QUOTEWIZARD.COM, LLC | : | |
| | : | |
| Defendant. | : | |
| | : | |
| _____/ | | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO**
**REOPEN CLASS DISCOVERY AND FOR LEAVE TO SERVE LIMITED**
**INTERROGATORIES ON CLASS MEMBERS**

QuoteWizard's motion to re-open discovery rests on the false premise that it "was impossible to conduct [this discovery] prior to the post-discovery filing of Plaintiff's Motion to Certify Class which disclosed for the first time the list of 66,694 class members." ECF 381 at 3. This is entirely untrue. Plaintiff's expert witness, Anya Verkhovskaya, disclosed the composition of the proposed class on September 23, 2023 in her Expert Report, one year and three months ago. *See* Expert Report of Anya Verkhovskaya, ECF 339-2 at 31 and Exhibit J thereto. In her original September 22, 2023 expert report, Ms. Verkhovskaya identified a class of 71,550 telephone numbers of proposed class members. Although Ms. Verkhovskaya subsequently eliminated certain telephone numbers in response to objections by QuoteWizard, all of the telephone numbers of the certified class of 66,693 telephone numbers were contained within Ms. Verkhovskaya's September 22, 2023 report. This disclosure was timely and complied with the Joint Schedule that QuoteWizard itself proposed to the Court.

Moreover, from the outset of this case, it was QuoteWizard, not Plaintiff, that possessed the telephone numbers to which QuoteWizard sent text messages. QuoteWizard resisted providing this information to Plaintiff at every turn, first insisting that discovery be bifurcated with discovery limited to Plaintiff's individual claims. Then, even after losing on summary judgment on Mr. Mantha's individual claim, QuoteWizard refused to provide class discovery, necessitating two motions to compel production of the texting data.

Even after the Court ordered QuoteWizard to produce class discovery, QuoteWizard did not fully do so until July 7, 2023. *See* Def's Suppl. Ans. to Pl.'s Fourth Set of Ints., July 7, 2023, attached as Exhibit 1. Perhaps even more damning for QuoteWizard's assertion that it has somehow been sandbagged by Plaintiff's Motion for Class Certification, QuoteWizard itself proposed a schedule under which class certification was to be filed <u>after</u> the close of discovery. *See* ECF 313 at 9-10 (QuoteWizard's section of Joint Status Report setting forth proposed schedule for remainder of case.) Moreover, discovery in this case has been extended twelve times to allow QuoteWizard to complete production of class discovery—including the Court's explicit warning: ***"Defendant is warned that the Court anticipates no further extension in these deadlines. The parties have been on notice at least since June 28, 2022, that this phase of <u>fact discovery is the last phase and encompasses everything</u>."*** ECF No. 319 at 3 (emphasis added).

QuoteWizard's claim that it has been victimized by a late disclosure is a red herring. Its motion falls far short of the high burden for relief from the Scheduling Order under Fed. R. Civ. P. 16(b) and should be denied.

## BACKGROUND

Discovery was initially bifurcated at QuoteWizard's request to allow QuoteWizard to investigate Mr. Mantha's individual TCPA claims. *See* ECF 75 at 1, 5, ECF 292 at 1-5 (court reviews the history of discovery in this case). Although QuoteWizard initially asserted that Mr. Mantha's claims were fraudulent (and even sent a Rule 11 letter to Mr. Mantha's counsel (ECF 27-1)), and that it would move for summary judgment within thirty days, QuoteWizard engaged in scorched-earth litigation against Mr. Mantha, deposing him multiple times, and deposing his wife, friends and co-worker. *See* ECF 292 at 3 ("Discovery in Phase I was hotly contested and extensively litigated substantially more so than is typical even in complex class action litigation, in the Court's experience.") When it finally moved for summary judgment, *several years later,* it lost; the Court found for Mr. Mantha on all counts. *See* ECF No. 258, No. 268.

After this, the Court set a schedule for class discovery that QuoteWizard proceeded to resist. Ultimately, on March 4, 2022, the Court entered an Electronic Order, adopting the parties' joint schedule and decisively rejecting QuoteWizard's position that class discovery should be further delayed. *See* ECF 271, 272. Thereafter, Mr. Mantha immediately issued class discovery to determine the size and identity of the class and to assess QuoteWizard's expected defenses to the class claims. In response, QuoteWizard continued to refuse to produce the telemarketing text records required to identify class members. *See* ECF 277 at pg. 5.

On August 15, 2022, the Court again intervened and rejected QuoteWizard's arguments against class discovery. ECF 292. The Court ordered QuoteWizard to respond to class discovery by September 16, 2022. In its Order, the Court quoted from its earlier June 28, 2022, Electronic Order:

> Phase I discovery was limited to the individual claim advanced by the named Plaintiff.
> That discovery has concluded, and the Court has resolved the cross-motions for summary

judgment. The current phase of discovery is Phase II. **In the Court's view, Phase II encompasses all other discovery in this proposed class action.**

*See* ECF 292 at (emphasis added).

Thereafter, QuoteWizard began to produce data that it claimed evidenced consumers' consent to receive its text solicitations. QuoteWizard, however, did not complete its production by the September 16 deadline. Instead, on September 13, 2022, QuoteWizard sought an extension of time to produce its class discovery to October 7, 2022. *See* ECF No. 297. QuoteWizard, however, failed again to meet this deadline, and sought a second extension, which was granted. *See* ECF No. 299. On October 24, 2022, a third extension of time to produce consent discovery was required. ECF 300.[1] In response, Mr. Mantha agreed to the extension ***only if*** QuoteWizard would agree to a specific date by which all discovery as to QuoteWizard defenses would close. *See* ECF 316 at 5.  Counsel for Mr. Mantha explained to QuoteWizard's counsel that he could not begin the extensive work with his data expert to assess QuoteWizard's consent defense and to identify class members until QuoteWizard's production of consent data was complete. *Id*. At all times, QuoteWizard knew that Mr. Mantha would not be able to specifically identify class members until after QuoteWizard produced all the class data, including all evidence supporting its consent defense.

Thereafter, on December 26, 2022, QuoteWizard received another discovery extension, this time through January 16, 2023. ECF 305, 306, 307. Mr. Mantha agreed, again, on the express condition that ***"QuoteWizard's affirmative defense discovery production will be closed as of January 16, 2023."*** ECF 306 at 1. After that deadline passed, QuoteWizard claimed its

---

[1] In total, discovery was extended 12 times to allow QuoteWizard to complete class discovery. *See* ECF No. 54, June 12, 2020; ECF No. 71, July 22, 2020; ECF No. 98, September 15, 2020; ECF No. 120, November 11, 2020; ECF No. 125, December 16, 2020; ECF 304, November 9, 2022; ECF 320, July 06, 2023; ECF 322, July 26, 2023; ECF 324, August 22, 2023; ECF 329, September 27, 2023; ECF 331, October 11, 2023; ECF 336, November 29, 2023.

agreement as to class discovery did not extend to "third party discovery," and subsequently it sent subpoenas to various third parties seeking additional information purportedly relating to class members' consent to receive its telemarketing texts. *See* ECF 319 at 1-2. Mr. Mantha sought to quash these subpoenas as untimely, and the request was denied. *Id.* at 3. The Court, however, then set final deadlines for the completion of discovery, expert disclosures and class certification motion practice. The Court Ordered that "all fact discovery"—*including third party discovery*—was to be completed by July 24, 2023. In doing so, the Court stated:

> Defendant is warned that the Court anticipates no further extension in these deadlines. The parties have been on notice at least since June 28, 2022, that this phase of **fact discovery is the last phase and encompasses everything**. The case is old, and Defendant has already had substantial time to obtain discovery for their affirmative defenses, especially as much of the discovery comes from either Defendant's partners or partners of its partners.

*Id.* (emphasis added).

Thereafter, and only after QuoteWizard acknowledged its productions were complete, Mr. Mantha was able to assess QuoteWizard's affirmative defenses and retain data professionals to conduct a DNC analysis on the QuoteWizard text records to identify and define the class. On September 22, 2023, Mr. Mantha disclosed his expert report identifying the class. ECF 339-1. Mr. Mantha moved for class certification on January 12, 2024 and the motion was granted on August 16, 2024. ECF 339, 340, 368. QuoteWizard could have moved for discovery as to absent class members while the motion for class certification was pending, or at any time during the class discovery period, but did not. QuoteWizard essentially sat on its hands hoping for a favorable ruling from the Court.

In granting Plaintiff's Motion for Class Certification, the Court emphasized that discovery is closed, and that QuoteWizard had failed to offer evidence for its unsupported claim

that its campaign to sell consumers insurance, which was targeted to individuals and not

businesses, might have accidentally reached a business:

> Finally, QuoteWizard suggests that the residential determination will necessarily involve mini-trials as to each, or at least many, of the numbers on the proposed Class List. See Doc. No. 348 at 38. Not so in this case. Mantha has advanced sufficient evidence to permit a class-wide determination, up or down. While one could easily envision mini-trials on the residential question, for such mini-trials to occur, QuoteWizard would need evidence. It disclosed no evidence or witnesses to support such mini-trials as to even one of the numbers on the Class List. For example, QuoteWizard's initial and supplemental Rule 26 disclosures contained no such information. In litigating class certification, it made no proffer of the evidence it would offer, how or when such evidence would be obtained, or why such evidence is admissible.
>
> The Court need go no further to resolve this objection at the present stage, but it nonetheless notes the following. First, all discovery is closed. See Doc. Nos. 336, 337; Doc. No. 319 at 1, 3. Second, new witnesses or documents to support mini-trials would require supplementation of the Rule 26 disclosures (if not also discovery responses), and Rule 26(a)(1)(E) states that "[a] party is not excused from making its disclosures because it has not fully investigated the case." Third, in civil cases like this one, the subpoena power of the Court reaches only the state in which the Court sits, as well as locations within one hundred miles of the courthouse, which limits the sources of testimony QuoteWizard could procure at trial. See Fed. R. Civ. P. 45(c)(1). And fourth, Kostyun's Expert Report fails to provide the basis for a meaningful number of mini-trials (if any) on the residential determinations in light of the Court's discussion above. See Doc. No. 348-5 ¶¶ 135-50. QuoteWizard fails to engage at all with any of these issues, let alone provide a reasoned explanation. In short, the Court presently sees no likelihood or reasonable possibility of mini-trials on the residential issue.

*Mantha v. Quotewizard.Com, LLC,* 347 F.R.D. 376, 398 (D. Mass. 2024) (ECF 368 at

35-36).

Discovery closed long ago, and the Court has repeatedly warned QuoteWizard that its

continued efforts to first thwart and then to prolong discovery will not be tolerated.

QuoteWizard's request to reopen discovery to issue five interrogatories to each of the 66,693

members of the class (a total of 333,465 interrogatories), or in the alternative, to issue five

interrogatories to 2,560 class members with Massachusetts area codes (a total of 12,800 interrogatories), should be denied.

## <u>ARGUMENT</u>

### A. **There is no 'good cause' to reopen discovery.**

Federal Rule of Civil Procedure Rule 16(b) scheduling deadlines "may be modified 'only for good cause and with the judge's consent.'" *Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.,* 714 F.3d 62, 64 (1st Cir. 2013). The Court's Scheduling Order also states that "[m]otions to extend or modify deadlines will be granted only for good cause shown." ECF 15. Good cause "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Somascan,* 714 F.3d at 64 *(quoting Flores-Silva v. McClintock-Hernandez,* 710 F.3d 1, 3 (1st Cir. 2013)); *Bonomo v. Factory Mut. Ins. Co*., Civil Action No. 1:21-cv-11750-IT, 2023 U.S. Dist. LEXIS 100583, at *23 (D. Mass. June 9, 2023).

QuoteWizard claims it has good cause to reopen class discovery, notwithstanding the Court's repeated warnings that QuoteWizard's repeated discovery delays would not be tolerated, because it first learned of the exact identity of class members when Mr. Mantha filed his Motion for Class Certification. *See* ECF 381 at pg. 5. This is untrue. Plaintiff timely produced his expert's report which laid out the composition of the class on September 22, 2023.

QuoteWizard ignores, moreover, that at the outset of this case, the class was defined as all consumers who received multiple telemarketing solicitations from QuoteWizard while their number were listed on the National Do Not Call Registry. At all times, QuoteWizard was in possession or control of its telemarketing text records and could have ascertained the potential scope of its TCPA exposure and the identity of persons who met the initial class definition by conducting a Do Not Call analysis on its own text data. It did not do so. To the contrary,

QuoteWizard not only sat on its hands, but fought for years against the production of the telemarketing text records that Mr. Mantha would need for class certification.

That class counsel ultimately chose to pursue claims for a class of consumers smaller than the class as initially defined does not support the extraordinary relief requested by QuoteWizard, particularly in light of QuoteWizard's failure to conduct its own due diligence. QuoteWizard's request is particularly meritless considering the many years it spent obstructing discovery, its many requests for additional time to complete discovery, and the Court's repeated warnings that all class discovery must be completed by the deadlines. *See Zurich Am. Ins. Co. v. Watts Regulator Co.,* Civil Action No. 10-11190-NMG, 2013 U.S. Dist. LEXIS 39441 (D. Mass. Mar. 21, 2013) (J. Sorokin) (Court denies a motion to reopen discovery explaining "litigants are entitled to a reasonable period of time within which to conduct discovery, not a limitless period"). As QuoteWizard cannot show good cause why discovery should be reopened, the Motion to Reopen should be denied.

### B. The post-certification discovery sought from 66,693 absent class members subverts the class device and is not required for QuoteWizard to defend itself.

Ordinarily, under the Federal Rules of Civil Procedure, "discovery techniques . . . only apply to named plaintiffs in a class action, not absent class members.'" *See Sheet Metal Workers Loc. No. 20 Welfare & Ben. Fund v. CVS Pharm., Inc.,* 2024 U.S. Dist. LEXIS 181675 (D. R.I. Oct 4, 2024); *Briggs v. Mass. Dep't of Corr*., Civil Action No. 15-40162-GAO, 2022 U.S. Dist. LEXIS 191460, 2022 WL 16702402, at *1 (D. Mass. Oct. 20, 2022). In essence, discovery from absent class members subverts the aggregative function of the class action. *Id.* Consequently, "courts should be attentive to the possibility of abuse when discovery is targeted directly or indirectly at passive class members." *In re Porsche Automobil Holding SE*, 985 F.3d 115, 121 (1st Cir. 2021). Indeed, the First Circuit has instructed that "courts must be careful to avoid the *in*

*terrorem* effect of extensive absent class member discovery, creating the risk that absent class members could proactively choose to opt out of the class action for fear that if they do not do so, they will be subjected to vexatious or at least burdensome discovery practice. Accordingly, requests for discovery from absent class members are generally disfavored and ordinarily are not permitted in class actions." *Id.* (quoting *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 70 (S.D.N.Y. 2020)); *see also Briggs,* 2022 U.S. Dist. LEXIS 191460, 2022 WL 16702402, at *1. Courts that allow discovery from absent class members have done so only after considering multiple factors, including whether the request is unduly burdensome and whether the defendant has a good faith purpose in making the specific discovery requests. *In re Porsche*, 985 F.3d 115, 121 (1st Cir. 2021) 985 F.3d 115, 121 (1st Cir. 2021). Requiring class members to answer interrogatories about telephone calls they received years ago, particularly when class discovery closed long ago, is unduly burdensome and demonstrates QuoteWizard's lack of diligence in litigating this matter.

It is no surprise then that "Courts in this district are wary of discovery requests directed at absent class members, especially after certification. *In re Intuniv Antitrust Litigation*, 1:16-cv-12653-ADB, 2021 WL 517386, at *10 (D. Mass. Feb. 11, 2021); *Fulco v. Continental Cablevision, Inc.*, 789 F. Supp. 45, 47-48 (D. Mass. 1992)." *Gonzalez v. Rxo Last MILE, Inc.,* 2022 U.S. Dist. LEXIS 248396, *2 (D. Mass., December 12, 2022) (cited by QuoteWizard in its motion). Having spent the first few years of this litigation engaged in scorched earth litigation against Mr. Mantha, QuoteWizard now, *post-certification and after the close of all discovery,* seeks more of the same with respect to the 66,693 absent class members. On its face, the request is absurd.

The cases opposing such a request are legion, even in the cases relied upon by Quotewizard. For example, in *Enterprise Wall Paper Mfg. Co. v. Bodman*, 85 F.R.D. 325, 327 (S.D. NY. 1980), the Court flatly denied the Defendant's request for class member discovery, holding "a strong showing should be required before discovery of absent class members is compelled, *Hawkins v. Holiday Inns, Inc.,* 24 F.R.Serv.2d 357, 358-59 (N.D.Tenn.1977), and no such showing has been made in this case." Similarly, in *In re TelexFree Sec. Litig.,* 2024 U.S. Dist. LEXIS 87466, *36 (D. Mass. May 15, 2024), Judge Gorton denied discovery of class members, and stated, "Mindful of the First Circuit's admonition about discovery directed to absent class members, considering the burdens of depositions coupled with extensive document production obligations, and considering the other sources of information available to Wells Fargo bearing on class certification and the less than persuasive justifications offered for these depositions, the court finds that Wells Fargo's emergency motion to take the depositions of eight putative or absent class members is not justified." Judge O'Toole denied a similar request in *Briggs,* 2022 U.S. Dist. LEXIS 191460, *5, and stated, "It is evident that the issuance of the requested interrogatories and request for production of documents on all absent class members would be unduly burdensome for both the individuals and for class counsel." Notably, the discovery sought in *Briggs* applied to only 500 absent class members, nothing near the 66,000 sought by QuoteWizard here.

Indeed, in *Gonzalez*, relied upon by the Defendant, Judge Hillman *rejected* absent class member discovery post class certification:

> This discovery goes to the merits of the case. The defendant agreed to a bifurcated discovery schedule where Phase I was limited to discovery regarding class certification and the merits questions, and discovery in Phase II is limited to damages. There is no good faith reason to ask about the merits of certification after this court certified the class.

*Gonzalez,* 2022 U.S. Dist. LEXIS 248396, **2-3.

In its Order certifying the class, the Court found that QuoteWizard had produced no discovery in support of its claim that mini-trials on the residential issue would overwhelm the case: "Mantha has advanced sufficient evidence to permit a class-wide determination, up or down. While one could easily envision mini-trials on the residential question, for such mini-trials to occur, QuoteWizard would need evidence." *Mantha,* 347 F.R.D. at 398. QuoteWizard should not be permitted to fail to produce evidence central to the case, only to get a second bite at the apple well after the close of discovery. "'Good cause' does not typically include a change of heart on a litigation strategy." *Martinez v. Petrenko*, 792 F.3d 173, 180 (1st Cir. 2015). *Martinez v. Petrenko*, 792 F.3d 173, 180 (1st Cir. 2015). As such, QuoteWizard's request should be denied.

In the cases that do support the rare utilization of discovery from proposed class members, the discovery sought in those case pales in comparison to what QuoteWizard seeks here. For example, in *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 70 (S.D.N.Y. 2020), the Court permitted *pre-class certification* discovery depositions on individuals who had *already filed arbitration claims* against Peleton, but even then, stated "21 is too many. Peloton has offered no persuasive justification for divergence from the presumption in the Federal Rules of Civil Procedure that parties are entitled to ten depositions." Of course, here QuoteWizard has not sought any such limitation and chose not to try to conduct this discovery in the Court's proscribed discovery period. Similarly, in *Redmond v. Moody's Investor Serv.,* 1995 U.S. Dist. LEXIS 6277, *7, the defendant sought absent class member discovery during the class period. Here, of course, discovery closed long ago after QuoteWizard was afforded *years* to broadly conduct all and any discovery it claimed it needed to defend against the class claims.

Further, QuoteWizard does not need the requested discovery to adequately defend itself, as it claims. For example, QuoteWizard claims some of the discovery it now seeks is required to challenge class members standing to assert their claims. QuoteWizard has already lost this argument. At class certification, this Court made clear that Mr. Mantha and members of the class all have standing: "[s]o long as the remaining Class members received at least two telemarketing texts to a residential number on the NDNCR, they satisfy the Article III requirements, just as Mantha does—in the absence of QuoteWizard establishing the affirmative defense of consent." *Mantha v. QuoteWizard.Com, LLC*, 347 F.R.D. 376, 394-395 (D. Mass.) (ECF 368 at 28). The Class List in this case is limited to consumers who did not consent to receive QuoteWizard's telemarketing texts, on residential numbers listed on the National Do Not Call Registry, and who also took the time to complain to QuoteWizard and were listed on QuoteWizard's own Internal Do Not Call List. They have standing, as this Court has already found.

Second, QuoteWizard claims that further discovery is required to question class members as to their phone use in order to challenge whether the phone number of the class member is a residential or business line. Again, however, this Court has already recognized, "[n]umbers on the NDNCR are presumed residential" and noting that "QuoteWizard itself is the source of the original list of numbers, and the fact that it was aiming its telemarketing campaign at consumers tends to suggest the original list is comprised of residential numbers" and that Mantha's expert had "eliminated numbers with current business associations" using a process approved by numerous courts. *Mantha,* 347 F.R.D. at 388-89. The Court explained that QuoteWizard had the opportunity to do the work to show that there were individualized issues related to the residential determination of a number, but chose not to. *Id.* There is no reason to give QuoteWizard another

bite at the discovery apple; it has had more than a dozen, as evidenced by its repeated requests to extend the discovery period.

    *C.* **The discovery sought would burden absent class members and class counsel.**

At the outset of this case, QuoteWizard deposed Mr. Mantha, his wife, and colleagues, and issued multiple sets of discovery requests. It now seeks Court permission to direct similar scrutiny to all 66,693 class members, asking them specific questions as to their use of their personal cell phones (Proposed Interrogatories 1, 2 and 3), whether they ever requested insurance quotes (Proposed Interrogatory No. 4) and whether they now remember receiving telemarketing texts from QuoteWizard from over five years ago (Proposed Interrogatory No. 5). Of course, all of these class members would be entitled to legal advice to assist in answering these Interrogatories, and all responses would potentially be subject to meet and confers, supplementation, and motions practice. Litigating and resolving these issues would delay the trial of this case indefinitely.

QuoteWizard knows the burden its unprecedented request would impose and seeks to pass along the consequences of its strategic decisions and inaction to class members, class counsel, and the Court. Plaintiff respectfully request the Court deny its motion.

                    Respectfully Submitted,

                    /s/ *Edward A. Broderick*
                    Edward A. Broderick
                    **Broderick Law, P.C.**
                    176 Federal Street, Fifth Floor
                    Boston, MA 02110
                    Telephone: (617) 738-7089
                    *ted@broderick-law.com*

13

Matthew P. McCue
**The Law Office of Matthew P. McCue**
1 South Ave., Third Floor
Natick, MA 01760
Telephone: (508) 655-1415
*mmcue@massattorneys.net*

John W. Barrett
Brian A. Glasser
**BAILEY & GLASSER LLP**
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
*jbarrett@baileyglasser.com*
*bglasser@baileyglasser.com*

Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
*anthony@paronichlaw.com*

Alex M. Washkowitz
**CW LAW GROUP, P.C.**
188 Oaks Road Framingham, MA 01701
*alex@cwlawgrouppc.com*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 7, 2025 I electronically transmitted the foregoing to all counsel of record via the electronic filing system.

By:  */s/ Edward A. Broderick*
            Edward A. Broderick