UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MANTHA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>QUOTEWIZARD.COM LLC<br><br>Defendant. | CASE NO. 1:19-cv-12235 |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO APPROVE NOTICE PLAN**

Defendant QuoteWizard.com LLC ("QuoteWizard") opposes Plaintiff's Motion to Approve Class Notice Plan on the grounds that the proposed Class Notice Plan does not include a second mailing period and the proposed Class Notice does not include an optional questionnaire.

First, the Notice Plan should include a second round of notice mailing because Federal Rule of Civil Procedure 23(c)(2)(B) requires that the parties make all "reasonable effort" to "direct to class members the best notice that is practicable under the circumstances." This Court and others have ordered multiple rounds of mailing class notices where class members' mailing addresses are known. With 66,694 class members at issue with known mailing addresses, providing a second mailing period serves Rule 23's purpose.

Second, QuoteWizard has a pending Motion to Re-Open Discovery and for Leave to Serve Limited Interrogatories on Class Members (ECF 380). In the event that the Court denies QuoteWizard's Motion, QuoteWizard respectfully requests that the Court include an optional questionnaire with the Class Notice mirroring QuoteWizard's proposed interrogatories to class members. This Court and the First Circuit have acknowledged that discovery of absent class

1

members is appropriate in certain circumstances, and courts in other circuits have ordered the inclusion of an optional questionnaire with the class notice to balance a defendant's right to defend itself against a plaintiff's claims with the concern that discovery mechanisms like interrogatories could create an impermissible opt-in scenario, a concern which an optional questionnaire eliminates while affording the defendant a chance to obtain vital evidence relevant to its defenses. Accordingly, QuoteWizard requests that the Court include a second mailing period with the Class Notice Plan and an optional questionnaire containing QuoteWizard's proposed interrogatories with the Class Notice in the event that the Court denies QuoteWizard's Motion.

I.   **FACTUAL BACKGROUND**

Plaintiff's class action lawsuit against QuoteWizard alleges that QuoteWizard violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5)(B), by sending unsolicited text messages to cellular telephone numbers on the National Do Not Call Registry ("NDNCR"). *See* ECF 1. The class at issue includes 66,694 class members who allegedly received unsolicited text messages in violation of the TCPA and whose names and mailing addresses are known to the parties. *See* ECF 339. QuoteWizard is an insurance comparison platform that connects consumers with insurance providers to identify rates and coverage options that align with the consumer's needs. *See* ECF 32. To reach consumers who have requested and consented to receive insurance comparison information, QuoteWizard acquires "leads" through third-party lead vendors. *See id*.

It is critical to QuoteWizard's defense in this TCPA class action lawsuit that it have the opportunity to obtain information from class members regarding their cellular telephone use, their requests to receive insurance comparison information, and their receipt of text messages from QuoteWizard. *See* ECF 380. This information goes to the heart of QuoteWizard's defenses on the issues of standing, residential phone status, and damages. *See id*. In the event that the Court denies

QuoteWizard's request to serve limited interrogatories on class members, QuoteWizard alternatively proposes that those interrogatories be included with the Class Notice as an optional questionnaire as follows:

**OPTIONAL QUESTIONNAIRE**

This questionnaire is optional. Failure to complete this questionnaire will not impact your status as a member of this class action lawsuit or your ability to recover monetary damages, if the Court awards any. However, answering this questionnaire will aid the parties and the court in evaluating this case. Your feedback is appreciated, but not required.

**Question 1:** Have you ever made or received calls, texts, app-based messages (*e.g.*, Teams, Discord, Slack), or emails, or attended virtual meetings (*e.g.*, Zoom, Teams), on your cellular telephone related to your occupation or business?

**Question 2:** Have you ever used your cellular telephone for any purpose other than personal use? If so, please describe how you have used your cellular telephone for purposes other than personal use.

**Question 3:** Has an employer ever contributed in whole or in part to your cellular telephone bill or have you ever claimed a tax deduction related to your cellular telephone bill as a business expense?

**Question 4:** Have you ever signed up to receive insurance comparison information or insurance quotes and been contacted by QuoteWizard as a result of that request?

**Question 5:** Have you ever received text messages from QuoteWizard? If so, how many text messages have you received from QuoteWizard and when did you receive those text messages?

II.   **ARGUMENT**

QuoteWizard respectfully opposes Plaintiff's proposed Class Notice Plan because it does not include a second round of mailing and because it does not include an optional class member questionnaire. The notice plan should include (at least) a second round of mailing to ensure the "best notice that is practicable under the circumstances" to the class. Fed. R. Civ. Proc. 23(c)(2)(B). Including multiple rounds of notice mailing to class members is a typical practice in both class

3

action settlements and court-ordered class notices following class certification. And the inclusion of an optional class member questionnaire is appropriate under the circumstances because it would allow QuoteWizard the opportunity to gather necessary evidence for its defenses without burdening every class member with mandatory interrogatory responses as a condition of recovery.

### A. The Class Notice Plan Should Include a Second Mailing Period.

Including a second mailing period in the Class Notice Plan serves Rule 23's purpose "'to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174 (1974) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

> Rule 23(c)(2) provides that...each class member shall be advised that he has the right to exclude himself from the action on request or to enter an appearance through counsel, and further that the judgment, whether favorable or not, will bind all class members not requesting exclusion. To this end, the court is required to direct to class members "the best notice practicable under the circumstances including individual notice to all members who can be identified through reasonable effort." We think the import of this language is unmistakable. Individual notice must be sent to all class members whose names and addresses may be ascertained through reasonable effort.

*Id*. at 173. Simply put, it is "the rule that within the limits of practicability notice must be such as is reasonably calculated to reach interested parties." *Mullane*, 339 U.S. at 318. "The Court may not waive the 'unambiguous requirement' that 'individual notice...be sent to all class members whose names and addresses may be ascertained through reasonable efforts.'" *Loef v. First Am. Title Ins. Co.*, 281 F.R.D. 58, 61 (D. Me. 2012) (quoting *Eisen*, 417 U.S. at 173, 176). The goal in mailing the class notice is "ensuring notice reaches as many class members as possible." *Id*. at 61. In accomplishing that goal, this Court and others have previously endorsed class notice plans that include multiple rounds of class notice in both the certification and settlement stages. *See Roberts v. TJX Companies, Inc.*, No. 13-CV-13142-ADB, 2016 WL 8677312, at *4 (D. Mass. Sept. 30,

4

2016) (involving "a second round of mailings" of the class and settlement notice); *see, e.g.*, *Hirsch v. Jupiter Golf Club LLC*, No. 13-80456-CIV-KAM, 2016 WL 7507886, at *1 (S.D. Fla. Jan. 22, 2016) (involving "Second Notice...on Class Members via First Class mail" regarding dismissal); *Sylvester v. CIGNA Corp.*, 369 F. Supp. 2d 34, 49 (D. Me. 2005) (involving "three separate mailed notices" of a class action settlement); *Magadia v. Wal-Mart Assocs., Inc.*, 319 F. Supp. 3d 1180, 1186 (N.D. Cal. 2018) (involving "second round of class opt-out notices"). With 66,694 class members at issue in this case, QuoteWizard's proposal for a second Class Notice mailing period is precisely the type of "reasonable effort" to "ensur[e] notice reaches as many class members as possible" that Rule 23 requires. *See Loef*, 281 F.R.D. at 61 (quoting *Eisen*, 417 U.S. at 173, 176). Accordingly, QuoteWizard respectfully asks that the Court adopt a class notice plan that includes a second round of notice mailing to class members consistent with Federal Rule of Civil Procedure 23(c)(2)(B).

> **B.    The Class Notice Should Include an Optional Questionnaire.**

In the event that that Court denies QuoteWizard's Motion to Re-Open Discovery and for Leave to Serve Limited Interrogatories on Class Members (ECF 380), the Class Notice should incorporate QuoteWizard's proposed interrogatories as an optional questionnaire. "[A] defendant should not be 'unfairly prejudiced by being unable to develop its case' even though 'facts of the case may reside with the absent class members.'" *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 70 (S.D.N.Y. 2020) (quoting 3 William B. Rubenstein, Newberg on Class Actions § 9:11 (5th ed. 2015)). "In view of a defendant's interests, absent class members are not automatically immune from discovery." *Redmond v. Moody's Inv. Serv.*, No. 92 CIV. 9161 (WK), 1995 WL 276150, at *1 (S.D.N.Y. May 10, 1995); *Enter. Wall Paper Mfg. Co. v. Bodman*, 85 F.R.D. 325, 327 (S.D.N.Y. 1980) ("[I]t seems dubious to assume there are no circumstances under which absent class

members should be treated as parties for discovery purposes"); *Krueger v. New York Tel. Co.*, 163 F.R.D. 446, 450 (S.D.N.Y. 1995) ("Discovery of unnamed class members is neither prohibited nor sanctioned," and "there is authority for the use of both interrogatories and depositions against members of Rule 23 classes."). Further, to alleviate "the risk of turning the 'opt-out' class action into an impermissible opt-in class action," "compliance with such discovery [of absent class members] will not be exacted by the threat of dismissal." *See*, *Fishon*, 336 F.R.D. at 70; *Robertson*, 67 F.R.D. at 700.

QuoteWizard's proposed interrogatories should be included in an optional questionnaire to class members because those questions go to the heart of its defenses on the issues of standing, residential phone status, and damages. *See* ECF 380. While "[t]he use of discovery devices against nonrepresentative class members raises the troublesome conflict between 'the competing interests of the absent class members in remaining passive and the defendant in having the ability to ascertain necessary information for its defense,'" the alternative approach of including an optional questionnaire with the class notice eliminates that conflict entirely. *See Robertson v. Nat'l Basketball Ass'n*, 67 F.R.D. 691, 699 (S.D.N.Y. 1975) (quoting Comment, *Making the Class Determination in Rule 23(b)(3) Class Actions*, 42 Fordham L.Rev. 791, 811 (1974)); *see, e.g.*, *Schwartz v. Celestial Seasonings, Inc.*, 185 F.R.D. 313, 317-320 (D. Colo. 1999) (granting the defendant's request to include a limited questionnaire with the class notice where "the questionnaire is succinct and clear", "calls for information that is necessary for a just determination of the case and which should be readily available to any class member", and is "not mandatory"); *Doe v. Stephen*, No. 3:20-CV-00005-SHL, 2022 WL 1700445, at *2–3 (S.D. Iowa Feb. 2, 2022) (granting the defendant's request to include a limited questionnaire with the class notice where "the questions seek basic background information", the questionnaire "can be completed without

6

the assistance of counsel", the "questionnaire is simple, concise, and requests information that should be readily available to absent class members", "the information sought is not otherwise known or obtainable by" the defendant, and the questionnaire "include[s] language making clear that: (a) absent class members are not required to respond; and (b) failure to respond will not exclude the class member from recovery if liability is established"); *L. v. Nat'l Collegiate Athletic Ass'n*, 5 F. Supp. 2d 921, 932 (D. Kan. 1998) (permitting questionnaire to absent class members as part of the class notice).

The proposed questionnaire is concise, targeted, seeks highly relevant information that should be readily available to class members (but which is unavailable to the named Plaintiff), and it makes clear that completion is optional and will not impact a class member's ability to recover potential damages. If the Court denies QuoteWizard's request to serve its proposed interrogatories on absent class members, including those interrogatories with the Class Notice as questions in an optional questionnaire is QuoteWizard's only chance to obtain information from the 66,694 class members that is critical to its defenses in this TCPA class action lawsuit. If QuoteWizard is deprived of an opportunity to obtain answers to those questions before trial through either written discovery or an optional questionnaire, it will be forced to call the approximately 2,560 class members whose area code falls within the applicable 100-mile radius to testify at trial to obtain this information. That would impose a monumental burden on the Court and the parties and still would not account for the overwhelming majority of class members who do not reside within that area. QuoteWizard's proposed questionnaire is the least burdensome means of affording it the opportunity to develop its defenses in this case and should be included with the Class Notice if the Court denies its request to serve limited interrogatories.

4897-5069-1084 v.2

### III. CONCLUSION

Including a second mailing period in the Class Notice Plan serves the purpose of Rule 23 and its goal of reaching as many class members as is reasonably possible. If the Court denies QuoteWizard's request to serve limited interrogatories on absent class members, including an optional questionnaire with the Class Notice provides QuoteWizard with its only chance to obtain information that is central to its defenses in this TCPA class action lawsuit. Accordingly, QuoteWizard respectfully requests that the Court include a second mailing period in the Class Notice Plan and QuoteWizard's proposed optional questionnaire with the Class Notice in the event that the Court denies QuoteWizard's Motion to Re-Open Discovery and for Leave to Serve Limited Interrogatories on Class Members (ECF 380).

Respectfully submitted,

QuoteWizard.com, LLC,
By its attorneys,

*/s/ Kevin P. Polansky*
Kevin P. Polansky (BBO #667229)
kevin.polansky@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, MA 02109
(t) (617)-217-4700
(f) (617) 217-4710

Ben Sitter (*admitted pro hac vice*)
Ben.sitter@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One PPG Place, Suite 3200
Pittsburgh, PA 15222

## CERTIFICATE OF SERVICE

  I, Kevin P. Polansky, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: January 7, 2025                */s/ Kevin P. Polansky*
                                 Kevin P. Polansky

9