UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MANTHA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>QUOTEWIZARD.COM LLC<br><br>Defendant. | CASE NO. 1:19-cv-12235 |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO RE-OPEN DISCOVERY AND FOR LEAVE TO SERVE LIMITED INTERROGATORIES ON PLAINTIFF CLASS MEMBERS**

Plaintiff has provided no sound basis for rejecting QuoteWizard's reasonable request for limited and optional post-certification class discovery. According to Plaintiff: (1) QuoteWizard should have sent pre-certification communications to millions of putative class members; and (2) the Court should deny QuoteWizard's request to serve its proposed interrogatories because discovery from absent class members is an exception to the general rule. As QuoteWizard emphasized in its Motion, it would have been burdensome and inefficient to engage in an information collection campaign from millions of **potential** class members when the class as certified encompasses a tiny fraction of those millions. With respect to its proposed interrogatories, QuoteWizard acknowledged front and center in its Motion that discovery from absent class members is not available by default but that the Court has tremendous discretion to authorize the use of discovery mechanisms, particularly where the information sought is unavailable from the named plaintiff. This is precisely the situation QuoteWizard faces here.

1

Plaintiff's focus on the end result of cases QuoteWizard cites in support of its Motion misses the point that each of those cases stands for the legal principle that absent class members can, in appropriate circumstances like those here, be subject to discovery. To eliminate the chief concern behind the general rule against absent class member discovery – turning opt-out class actions into an opt-in scenario – as QuoteWizard noted in its Motion, there will be **no repercussions** for failure to respond to the proposed interrogatories. Unlike those cases denying depositions and requests for production from absent class members, QuoteWizard merely seeks to serve five narrowly tailored, optional interrogatories, the least burdensome form of discovery, concerning information that is readily available to the recipient without the need for assistance of counsel and without the teeth of discovery sanctions. Because QuoteWizard has good cause to re-open discovery for the sole purpose of serving its limited interrogatories, and because those interrogatories seek information critical to QuoteWizard's ability to defend itself at trial in a manner that eliminates the concerns against absent class member discovery, the Court should grant QuoteWizard's Motion.

I. **ARGUMENT**

A. **QuoteWizard has Good Cause to Re-Open Discovery.**

QuoteWizard meets the "good cause" standard to re-open discovery where the class list was unknown to the parties until after the close of fact discovery. Plaintiff argues that QuoteWizard should have communicated with millions of potential class members prior to certification or relied upon Plaintiff's expert's preliminary list of putative class members, which was only served **after** the close of fact discovery. "As a general matter, courts have expressed concerns with...communications which might be made to potential class members...which may discourage persons from opting into the class." *Zwerin v. 533 Short N.*, LLC, No. 2:10-CV-488, 2011 WL

2446622, at *2 (S.D. Ohio June 15, 2011); *see, e.g.*, *Belt v. Emcare, Inc.*, 299 F. Supp. 2d 664, 668 (E.D. Tex. 2003) (finding a defendant's communications with putative class members to be misleading with respect to available damages in a class action lawsuit); *Wright v. Adventures Rolling Cross Country, Inc.*, No. C-12-0982, 2012 WL 2239797, at *5 (N.D. Cal. June 15, 2012) (finding a defendant's communications with putative class members warning of "public scrutiny" from participation in a class action lawsuit to have a "chilling effect" on class membership); *EEOC v. City of Joliet*, 239 F.R.D. 490, 492-93 (N.D. Ill. 2006) (finding the sending of federal immigration employment forms to putative class members to be intimidating). Notwithstanding the magnitude of the logistics and expense of such a pre-certification endeavor, sending QuoteWizard's proposed interrogatories to millions of potential class members would have risked confusion as to whether the information requested was a requirement to recover monetary damages or to second guessing the propriety of remaining in the certified class upon receiving the eventual class notice after already receiving pre-certification interrogatories.

By seeking leave of Court to serve its proposed interrogatories on certified class members, QuoteWizard avoids the concerns with pre-certification communications with putative class members. QuoteWizard's request to serve its limited proposed interrogatories also avoids what would have been prohibitively expensive and burdensome pre-certification communications that could have dissuaded potential class members from remaining in the case and ensures that the Court approves the approach. "The good cause standard 'focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent.'" *Id*. (quoting *Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.*, 714 F.3d 62, 64 (1st Cir. 2013)). Here, the class list was unknown until "after discovery was closed." *See MAZ Partners LP v. Shear*, 208 F. Supp. 3d 384, 388 (D. Mass. 2016) (finding "good cause" to re-open discovery where the

3

information subject to the discovery sought was disclosed after the close of discovery). QuoteWizard has good cause to re-open discovery for the exclusive purpose of serving its limited proposed interrogatories.

**B.    QuoteWizard's Proposed Interrogatories are Necessary to its Defense.**

The information QuoteWizard seeks is only available from absent class members and goes to the heart of its defenses in this case. Plaintiff's emphasis on the general rule against absent class member discovery misses the point that the availability of absent class member discovery is well settled. *E.g.*, *In re Publ'n Paper Antitrust Litig.*, No. 3:04 MD 1631 (SRU), 2005 WL 1629633, at *1 (D. Conn. July 5, 2005) ("[F]ederal courts have, on occasion, allowed [absent class member] discovery to take place" where "the defendant...(1) make[s] a strong showing of the need for the particular discovery and (2) narrowly tailor[s] its requests to its particular need, so as not to burden the absent members."); *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 70 (S.D.N.Y. 2020) ("[A] defendant should not be 'unfairly prejudiced by being unable to develop its case' even though 'facts of the case may reside with the absent class members.'") (quoting 3 William B. Rubenstein, Newberg on Class Actions § 9:11 (5th ed. 2015)); *Redmond v. Moody's Inv. Serv.*, No. 92 CIV. 9161 (WK), 1995 WL 276150, at *1 (S.D.N.Y. May 10, 1995) ("In view of a defendant's interests, absent class members are not automatically immune from discovery."); *Enter. Wall Paper Mfg. Co. v. Bodman*, 85 F.R.D. 325, 327 (S.D.N.Y. 1980) ("[I]t seems dubious to assume there are no circumstances under which absent class members should be treated as parties for discovery purposes."); *Krueger v. New York Tel. Co.*, 163 F.R.D. 446, 450 (S.D.N.Y. 1995) ("Discovery of unnamed class members is neither prohibited nor sanctioned," and "there is authority for the use of both interrogatories and depositions against members of Rule 23 classes."). The situation QuoteWizard faces is precisely the scenario for which this exception applies:

4932-7344-8207 v.1

> We do not believe there is any real inconsistency between Rule 23's general policy of permitting absent class members to remain outside the principal action and our holding that in appropriate cases absent class members may be required to submit to discovery. It is true that an absent class member is given a "free ride" under Rule 23 and has no duty to actively engage in the prosecution of the action. Yet the absent class member's interests are identical with those of the named plaintiff and his rights and liabilities are adjudicated in the principal suit. If discovery from the absent member is necessary or helpful to the proper presentation and correct adjudication of the principal suit, we see no reason why it should not be allowed so long as adequate precautionary measures are taken to ensure that the absent member is not misled or confused. While absent class members should not be required to submit to discovery as a matter of course, if the trial judge determines that justice to all parties requires that absent parties furnish certain information, we believe that he has the power to authorize the use of the Rules 33 and 34 discovery procedures.

*Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1004–05 (7th Cir. 1971) (affirming dismissal of absent class members from class action lawsuit for failure to answer interrogatories and finding "that the district judge had valid reasons from the standpoint of preparing the case for trial for ordering the discovery" where "[t]he requests were not designed solely to determine the identity and amount of the class members' claims, but were also directed at obtaining information relating to certain defenses raised by [the defendant] in the principal trial").

First, QuoteWizard set forth in detail how its proposed interrogatories are central to its defenses on the issues of standing, residential phone status, and damages and is only available from absent class members.

Second, the discovery QuoteWizard seeks is the least burdensome form of discovery, is narrowly tailored to further minimize any burden, and involves information that is readily available to absent class members without the need for assistance of counsel. *See, e.g.*, *Laborers Loc. 17 Health & Ben. Fund v. Morris*, No. 97CIV.4550(SAS)(MHD), 1998 WL 241279, at *1 (S.D.N.Y. May 12, 1998) ("The requirement of tailoring has also led a number of courts to deem document requests and interrogatories as preferable to depositions of class members"); *New England Carpenters Health Benefits Fund v. First DataBank, Inc.*, 242 F.R.D. 164, 166 (D. Mass. 2007)

5

(noting that "interrogatories" are "more convenient, less burdensome," and "less expensive" than other forms of discovery); *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974) ("the burden confronting the party seeking deposition testimony should be more severe than that imposed on the party requesting permission to use interrogatories"); *Transamerican Ref. Corp. v. Dravo Corp.*, 139 F.R.D. 619, 622 (S.D. Tex. 1991) (noting that "some discovery of absent class members is warranted" and permitting interrogatories from absent class members where "[t]he interrogatories are clear, concise, and limited primarily to the defendants' defenses and the plaintiffs' claims and are not misleading or confusing, and will impact upon common issues at trial...and may be known only to the absent class members"); *United States v. Trucking Emp., Inc.*, 72 F.R.D. 101, 104 (D.D.C. 1976) ("it is necessary...to obtain the information from absent class members, because...only the class members are in a position to supply that information").

Finally, QuoteWizard's proposal eliminates "the risk of turning the 'opt-out' class action into an impermissible opt-in class action" because "compliance with such discovery [of absent class members] will not be exacted by the threat of dismissal." *See*, *Fishon*, 336 F.R.D. at 70; *Robertson*, 67 F.R.D. at 700. The Court should grant QuoteWizard's Motion because its proposed interrogatories are narrowly tailored, necessary for its defenses at trial, only available from absent class members, and do not pose a risk of creating an opt-in scenario.

## II. CONCLUSION

Because QuoteWizard has good cause to re-open discovery, because its proposed interrogatories are narrowly tailored to obtain information that is necessary to its defenses at trial and only available from absent class members, and because there is no risk of creating an opt-in scenario, the Court should grant QuoteWizard's Motion and permit it to serve its limited proposed

interrogatories on absent class members, or in the alternative, on the approximately 2,560 class members whose area code falls within the applicable 100-mile radius.

Respectfully submitted,

QuoteWizard.com, LLC,
By its attorneys,

*/s/ Kevin P. Polansky*
Kevin P. Polansky (BBO #667229)
kevin.polansky@nelsonmullins.com
Ben Sitter (*admitted pro hac vice*)
Ben.sitter@nelsonmullins.com
Daniel M. Curran (BBO #709082)
daniel.curran@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, MA 02109
(t) (617)-217-4700
(f) (617) 217-4710

4932-7344-8207 v.1

## CERTIFICATE OF SERVICE

      I, Kevin P. Polansky, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: January 15, 2025                                    */s/ Kevin P. Polansky*
                                                                                       Kevin P. Polansky

4932-7344-8207 v.1