### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

JOSEPH MANTHA on behalf of himself
and others similarly situated,     :
                                 :
       Plaintiff,     :
                                 :    Case No. 1:19-cv-12235-LTS-PK
v.     :
                                 :
QUOTEWIZARD.COM, LLC     :
                                 :
       Defendant.     :
                                 :
                                 :

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release (the "Settlement Agreement") is entered into by and between Plaintiff Joseph Mantha ("Plaintiff") for himself and the Settlement Class Members (as defined below), on the one hand, and QuoteWizard.com, LLC ("QuoteWizard" or "Defendant"), on the other hand. Plaintiff and Defendant are referred to collectively in this Settlement Agreement as the "Parties."

**1.**    RECITALS

    **1.01**    On October 29, 2019, Plaintiff filed a class action in the District of Massachusetts against QuoteWizard. *Mantha v. Quotewizard.com, LLC*, No. 19-cv-12235.

    **1.02**    The Complaint alleged that QuoteWizard violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"), by initiating more than one telephone call to Plaintiff and the Settlement Class Members in a twelve-month period while their respective numbers were on the National Do Not Call Registry.

    **1.03**    On August 16, 2024, the Court certified a class consisting of "all persons within the United States (a) whose telephone numbers were listed on the National Do Not Call Registry, and (b) who received more than one telemarketing text within any twelve-month period at any time from Drips, (c) to promote the sale of QuoteWizard's goods or services, and

1

(d) whose numbers are included on the Class List."

**1.04**    Defendant denies it has any liability for the alleged TCPA violations and maintains it would prevail at trial.  Nevertheless, given the risks, uncertainties, burden, and expense of continued litigation, Defendant has agreed to settle this litigation on the terms set forth in this Agreement, subject to Court approval.

**1.05**    Plaintiff and Defendant have a complete understanding of the strengths and weaknesses of their respective cases and have fully and exhaustively vetted the disputed issues between the parties.

**1.06**    This Settlement Agreement resulted from good-faith, arm's-length settlement negotiations, including multiple mediations before Bruce Friedman of JAMS, an experienced and well-respected private mediator. Plaintiff and Defendant submitted multiple detailed mediation submissions to Mr. Friedman setting forth their respective views as to the strengths of their cases.

**1.07**    Based on substantial discovery and the negotiations described above, counsel for Plaintiff and the Settlement Class Members ("Class Counsel") have concluded, taking into account the sharply contested issues involved, the risks, uncertainty and cost of further prosecution of this litigation, and the substantial benefits to be received by Settlement Class Members pursuant to this Agreement, that a settlement with Defendant on the terms set forth herein is fair, reasonable, adequate and in the best interests of the Settlement Class Members.

**1.08**    The Parties understand, acknowledge, and agree that the execution of this Settlement Agreement constitutes the settlement and compromise of disputed claims.  This Settlement Agreement is inadmissible as evidence against any party except to enforce the terms of the Settlement Agreement and is not an admission as to any legal issues, wrongdoing, or liability on the part of any party to this Settlement Agreement.  The Parties desire and intend to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

**1.09**    The settlement contemplated by this Settlement Agreement is subject to preliminary approval and final approval by the Court, as set forth herein. This Settlement Agreement is intended by the Parties to fully, finally and forever resolve, discharge, and settle the

Released Claims, upon and subject to the terms and conditions hereof.

## 2.    DEFINITIONS

**2.01**    "Action" means *Mantha v. QuoteWizard.com, LLC*, No. 19-cv-12235.

**2.02**    "Agreement" or "Settlement Agreement" or "Settlement" means this Class Action Settlement Agreement and Release and each and every exhibit attached hereto.

**2.03**    "Cash Award" means a cash payment to an eligible Settlement Class Member. Settlement Class Members who received texts are entitled one "share" per qualifying text.

**2.04**    "Administrator" means the A.B. Data, Ltd.

**2.05**    "Class Counsel" means Bailey & Glasser LLP, Law Office of Matthew P. McCue, Broderick Law, P.C., Paronich Law, P.C. and CW Law Group, P.C.

**2.06**    "Court" means the United States District Court for the District of Massachusetts, and the judge to whom the Action has been assigned.

**2.07**    "Effective Date" means five business days after the last of the following dates:

(i) the date upon which the time expires for filing a notice of appeal from the Court's Final Approval Order, with no appeals having been filed; or (ii) if there is an appeal or appeals from the Final Approval Order, five business days after the date of entry of either (a) a decision affirming the Final Approval Order without material modification, and the time for seeking further appellate review of that decision has run, or (b) an order dismissing the appeal(s).

**2.08**    "Final Approval Hearing" means the hearing held by the Court to determine whether to finally approve the Settlement set forth in this Settlement Agreement as fair, reasonable and adequate.

**2.09**    "Final Approval Order" means the order to be submitted to the Court in connection with the Final Approval Hearing, substantially in the form attached hereto as Exhibit A.  In the event that the Court issues separate orders addressing the matters constituting final settlement approval, then the Final Approval Order includes all such orders.

**2.10**    "Funding Date" means that no less than one-third of the Settlement Amount is due on October 1, 2025, no less than one-third of the remaining Settlement Amount is due on January 2, 2026 and the remaining Settlement Amount is due on April 1, 2026. Interest on the final two payments will run at 5% per annum from the later of the date of Preliminary Approval or October 1, 2025. There is no penalty for pre-payment.

**2.11**    "Net Settlement Fund" means the Settlement Fund (defined below) reduced by the Settlement Costs.

**2.12**    "Notice" means the notices to be provided to members of the Settlement Class as set forth in Section 9 including, without limitation, "Mail Notice," and "Long Form Notice." The forms of the Mail Notice, and Long Form Notice are attached hereto collectively as Exhibits B and C.

**2.13**    "Notice Database" means the database containing potential Settlement Class Members' that AB Data has from the prior notice process.

**2.14**    "Objection Deadline" means forty-five (45) days from the Settlement Notice Date.

**2.15**    "Opt-Out Deadline" means forty-five (45) days from the Settlement Notice Date.

**2.16**    "Preliminary Approval Order" means the order entered by the Court granting the relief requested in the Motion for Preliminary Approval, including preliminarily approving the Settlement and Notice Plan, in substantially the same form attached hereto as Exhibit D.  In the event that the Court issues separate orders addressing the matters constituting preliminary settlement approval, then Preliminary Approval Order includes all such orders.

**2.17**    "Released Claims" means the released claims identified in Section 13.

**2.18**    "Released Parties" means Defendant and any and all of its present or former predecessors, successors, parents, subsidiaries, affiliates, divisions, joint ventures, and entities in which Defendant has a controlling interest, and any of their officers, directors, partners,

members, principals, insurers, insureds, employees, shareholders, attorneys, servants, assigns,

representatives, agents, and any other Person acting on their behalf.

**2.19**    "Settlement Class" means: all persons within the United States (a) whose

telephone numbers were listed on the National Do Not Call Registry, and (b) who received more

than one telemarketing text within any twelve-month period at any time from Drips, (c) to

promote the sale of QuoteWizard's goods or services, and (d) whose numbers are included on

the Class List.

**2.20**    "Settlement Class Period" means October 29, 2015 through the date of

preliminary approval.

**2.21**    "Settlement Class Representative" mean Plaintiff Joseph Mantha.

**2.22**    "Settlement Class Member" means any person who is a member of the Settlement

Class, as set forth in the Settlement Class definition in the preceding paragraph, and who does

not timely and validly request exclusion from the Settlement Class.

**2.23**    "Settlement Costs" means: (i) all fees and costs incurred by the Administrator,

including notice and costs for administering this  Settlement; (ii) Class Counsel's Court-approved

attorneys' fees and reimbursement of reasonable costs; (iii) any Court-approved service awards

paid to Plaintiff.  Settlement Costs include all expenses, fees, or costs that the Settlement Fund

shall pay other than Settlement Class Member Payments.

**2.24**    "Settlement Fund" means the sum of $19,000,000 (nineteen million dollars) that

Defendant will pay to settle this Action and obtain a release of all Released Claims in favor of

the Released Parties. That Settlement Fund shall be non-reversionary upon the Effective Date.

**2.25**    "Settlement Notice Date" means thirty (30) days after a Preliminary Approval

Order is issued.

**2.26**    "Settlement Website" means the Internet website operated by the

Administrator as described in Section 9.03.

**2.27**    "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*,

and any regulations or rulings promulgated under it.

## 3.    BOTH SIDES RECOMMEND APPROVAL OF THE SETTLEMENT

**3.01**    <u>Defendant's Position on the Litigation</u>.  Defendant disputes that it is liable and disputes the certification of a class for purposes of litigation.  Entering into this Settlement shall not be deemed a concession by Defendant of anything—liability, the propriety of certifying the class, the accuracy of Plaintiff's proposed method of identifying class members, or anything else—nor would Defendant be precluded from challenging class certification in this Action (including in any subsequent appeal) or in any other action if the Settlement Agreement is not finalized or finally approved.  If the Settlement Agreement is not finally approved by the Court for any reason whatsoever, no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated proceedings in this Action.  No agreements made by or entered into by Defendant in connection with the Settlement Agreement may be used by Plaintiff, any person in the Settlement Class, or any other person to establish any of the elements of class certification or issues of liability in any litigated proceedings, whether in this Action or any other judicial proceeding.

**3.02**    <u>Plaintiff's Belief in the Merits of Case</u>.  Plaintiff believes that the claims asserted in this Action have merit and that the evidence developed to date supports those claims.  This Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiff that there is any infirmity in the claims asserted by Plaintiff, or that there is any merit whatsoever to any of the contentions and defenses that Defendant has asserted.

**3.03**    <u>Plaintiff Recognizes the Benefits of Settlement</u>.  Plaintiff recognizes and acknowledges, however, the expense and amount of time which would be required to continue to pursue this Action against Defendant, as well as the uncertainty, risk, and difficulties of proof inherent in defending the class certification order on appeal and, even if successful, in prosecuting such claims on behalf of the Class.  Plaintiff has concluded that it is desirable that this Action and

any Released Claims be fully and finally settled and released as set forth in this Settlement. Plaintiff and Class Counsel believe that the agreement set forth in this Settlement confers substantial benefits upon the Class and that it is in the best interests of the Class to settle as described herein.

**4.** SETTLEMENT TERMS AND BENEFITS TO THE SETTLEMENT CLASS

**4.01** <u>Monetary Consideration</u>. Defendant shall pay $19,000,000 (nineteen million dollars) into a Settlement Fund for the benefit of the Settlement Class (the "Settlement Payment"), an amount that shall equate to the amount of the Settlement Fund. This sum will be used to pay Settlement Class Members and any Settlement Costs. In no event will Defendant be required to pay any more than $19,000,000 (nineteen million dollars) in connection with the Settlement.

**4.02** Defendant shall pay or cause to be paid $100,000 of the Settlement Payment by a wire transfer to a bank account identified by the Administrator within ten (10) days after the entry of the Preliminary Approval Order to be used for initial Settlement Costs including the costs of Notice. One-third of the remaining Settlement Amount due on October 1, 2025, no less than one-third of the remaining Settlement Amount due on January 2, 2026 and the remaining Settlement Amount due on April 1, 2026. Interest on the final two payments will run at 5% per annum from the later of the date of Preliminary Approval or October 1, 2025. There is no penalty for pre-payment.

**4.03** Prior to the Effective Date, the Administrator shall use the Settlement Payment to fund the payment of Settlement Costs, and the Administrator shall provide a monthly accounting of such expenditures of Settlement Costs to Class Counsel and Defendant's counsel. All portions of the Settlement Payment expended by the Administrator for settlement administration or notice costs shall be non-refundable to Defendant, but will serve as a credit to

the Settlement Payment.  Upon the Effective Date, Defendant shall have no further ownership interest in the Settlement Payment. The Administrator may use the Settlement Fund only as consistent with the terms of the Settlement.  Upon receipt of the Settlement Payment, the Administrator is authorized to deduct notice and administration costs without further Court approval.

**4.04**     The Settlement Payment made by Defendant shall be used for the benefit of the Settlement Class and shall not revert to Defendant.  Notwithstanding the foregoing or any other provision in the Settlement, if the Settlement never becomes final (because the Effective Date is never reached) or the Settlement is terminated pursuant to Section 14 below, the Administrator shall return all monies remaining in the Settlement Fund to Defendant within ten

(10) business days after it receives notice that the Settlement will never become final (because the Effective Date will not be reached) or that the Settlement has been terminated.  The Administrator may deduct all Settlement Costs it has incurred prior to the date it received such notice.

**4.05**     <u>Non-Monetary Consideration</u>. QuoteWizard will retain, at its own expense, a compliance company and/or third-party law firm to audit QuoteWizard's procedures to ensure going forward QuoteWizard's consent language and process for obtaining consent complies with the TCPA. The compliance company and/or third-party law firm should monitor QuoteWizard's procedures for a period of three years following final approval of the settlement to ensure compliance with state and federal telemarketing law.

**5.**     SETTLEMENT PROCEDURE

**5.01**     <u>Eligibility for Settlement Class Member Cash Awards</u>.  Each Settlement Class Member is eligible for a Cash Award that does not opt-out of the Settlement, according to the procedure set forth in this Agreement.

**5.02**     <u>Timing of Payments to Settlement Class Members</u>. There shall be two distributions to Class Counsel, and Settlement Class Members. The first distribution shall be

no later than twenty-one (21) days after the first Funding Date. The second distribution shall be by twenty-one (21) days after the final Funding Date. The first distribution will be for one-third the Amount Paid per Claim, as discussed below. The second distribution shall be for the remaining amount due per Claim.

      **5.03**   <u>Timing of Payment for Fees, Incentive Award and Administration Costs</u>.  The Administrator shall distribute the funds in the Settlement Fund in the following order and within the time periods set forth herein with respect to each such payment:

         a.     first, no later than twenty-one (21) days after the first Funding Date, the Administrator shall pay to Class Counsel one-third of the attorneys' fees, costs, and expenses ordered by the Court as set forth in Section 6.02;

         b.     next, no later than twenty-one (21) days after the first Funding Date, the Administrator shall pay to the Class Representative any incentive award ordered by the Court, as described in Section 6.03;

         c.     next, the Administrator shall be paid for any previously unreimbursed costs of administration;

         d.     finally, no later than twenty-one (21) days after full payment has been made to the Settlement Fund, the Administrator shall pay to Class Counsel the remainder of the attorneys' fees, costs and expenses ordered by the Court as set forth in Section 6.02, and the Administrator will be paid for any additional unreimbursed costs of administration.

      **5.04**   <u>Amount Paid per Class Member</u>.  Each Settlement Class Member who does not opt-out shall receive a Cash Award.  The amount of each Cash Award shall be determined as follows:

         a.     A Settlement Class Member shall be allotted one "share" per call received for purposes of this Settlement.  The Settlement Administrator shall use the Class List of telephone numbers and texts with information from the Expert Report of Anya Verkhovskaya to determine the number of qualifying texts a Settlement Class Member received.

b.      The pro-rata share for Settlement Class Members shall be calculated by the Administrator according to the following formula: (Net Settlement Fund) / (Total Number of shares held by Settlement Class Members who do not opt out) = (Pro-Rata Share).

## 6.      ATTORNEYS' FEES, COSTS AND PAYMENT TO CLASS REPRESENTATIVE

**6.01**   <u>Class Representative</u>.  For purposes of the Settlement, Joseph Mantha is the only Settlement Class Representative.

**6.02**   <u>Attorneys' Fees and Costs</u>.  Class Counsel may move the Court for an award of reasonable attorneys' fees, plus reimbursement of reasonable costs and expenses incurred in relation to their investigation and litigation of this Action, to be paid from the Settlement Fund.

a.      Any fees and expenses, as awarded by the Court, shall be paid to Class Counsel from the Settlement Fund as set forth in Section 5.

b.      Except as provided in this Section 6.02, the Parties shall bear their own attorney's fees, costs, and expenses incurred in the prosecution, defense, or settlement of the Action.  Defendant's obligation to pay any person attorneys' fees and costs incurred on behalf of Plaintiff and/or the Settlement Class in this Action shall be limited to the judicially approved amount established pursuant to this Section, and such obligation shall be paid from the Settlement Fund.  In no event shall Defendant's aggregate liability under this Settlement, including attorneys' fees and costs, exceed $19,000,000.  Any allocation of fees between or among Class Counsel and any other person representing Plaintiff or the Settlement Class shall be the sole responsibility of Class Counsel, subject to any alterations by the Court.

**6.03**   <u>Payment to Class Representative</u>.  In recognition of the significant time and effort personally invested in the Action, including but not limited to consulting with Class Counsel, participating in discovery, being deposed, providing information and input necessary for the prosecution of this case, and preparing for a contested motion for class certification, which efforts have provided a benefit to the Settlement Class, Plaintiff shall be entitled to apply to the Court for an incentive payment.

**6.04**    Settlement Independent of Award of Fees, Costs and Incentive Payments.  The payments of attorneys' fees, costs, and incentive payment set forth in Sections 6.02 and 6.03 are subject to and dependent upon the Court's approval of the Settlement as fair, reasonable, adequate and in the best interests of Settlement Class Members.  However, this Settlement is not conditioned upon the Court approving Plaintiff's or Class Counsel's requests for such payments or awarding the particular amounts sought by Plaintiff or Class Counsel.  In the event the Court declines the requests or awards less than the amounts sought, this Settlement shall continue to be effective and enforceable by the Parties.

**7.**    PRELIMINARY APPROVAL

**7.01**    Order of Preliminary Approval.  No later than May 21, 2025, Plaintiff shall move the Court for entry of the Preliminary Approval Order in substantially the form attached as Exhibit D.  Pursuant to the motion for preliminary approval, Plaintiff will request that:

a.    the Court find it will likely be able to approve the Settlement as fair, reasonable, and adequate;

b.    the Court approve the form(s) of Notice and find that the notice program set forth herein constitutes the best notice practicable under the circumstances, and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

c.    the Court direct that Notice be sent to the Class;

d.    the Court set the date and time for the Final Approval Hearing, which may be continued by the Court from time to time without the necessity of further notice to the Class except for an update to the Settlement Website; and,

e.    the Court set the Objection Deadline and the Opt-Out Deadline.

**8.**    ADMINISTRATOR AND COSTS

**8.01**    Third-Party Administrator.  The Settlement will be administered by the Administrator, A.B. Data, Ltd., and overseen by Class Counsel, subject to Court approval.  The Administrator's responsibilities include, but are not limited to: (i) holding and supervising the Settlement Fund; (ii) providing notice in accordance with the Court-approved Notice Plan; (iii)

obtaining new addresses for returned email and mail; (iv) setting up and maintaining the Settlement Website and toll-free telephone number; (v) fielding inquiries about the Settlement; (vi) acting as a liaison between Settlement Class Members and the Parties regarding settlement information and inquiries; (vii) directing the payment of Cash Awards to Settlement Class Members by check and/or electronic funds transfers; and (viii) any other tasks reasonably required to effectuate the foregoing.  The Administrator will provide monthly updates on the status of administration, including claims, exclusions, and objections, to counsel for all Parties.

8.02     Any personal information relating to members of the Settlement Class provided to the Administrator or Class Counsel pursuant to this Settlement shall be provided solely for the purpose of the notice and disbursement of relief under this Settlement.  This information shall be kept in strict confidence and shall not be disclosed to any third party.

8.03     <u>Payment of Notice and Administration Costs</u>.  Before the entry of the Final Approval Order, the Administrator shall only take such action toward notice and settlement administration that is reasonable and necessary.  Any reasonable and necessary costs of notice and settlement administration that are incurred prior to the Funding Date shall be paid from the Settlement Fund once it is established.

9.     NOTICES

9.01     <u>Timing of Class Notice</u>.  The Administrator shall disseminate Notice by the Settlement Notice Date in the manner described herein.

9.02     <u>Mailing of Settlement Notice</u>.  The Administrator shall send the Mail Notice via first class mail, respectively, to the list of persons generated through the process for potential Settlement Class Member identification.

a.     <u>Address Updates</u>.  The last known mailing address of the potential Settlement Class members will be subject to confirmation or updating as follows: (a) the Administrator will check each address against the United States Post Office National Change of Address Database before the initial mailing; (b) the Administrator will conduct a reasonable search to locate an updated address for any person whose Mail Notice is returned as undeliverable; (c) the Administrator shall update addresses based on any forwarding

information received from the United States Post Office; and (d) the Administrator shall update addresses based on any requests received from persons in the Settlement Class.

        b.     <u>Re-Mailing of Returned Settlement Notices</u>.  The Administrator shall promptly re-mail and/or re-email any Notices that are returned as non-deliverable with a forwarding address to such forwarding address.  The Administrator shall perform skip tracing for all returned mail.

        c.     <u>Costs Considered Settlement Costs</u>.  All costs of mailing address updating, confirmation, skip tracing, re-mailing of returned Notices will be considered Settlement Costs and deducted from the Settlement Fund.

    **9.03**    <u>Internet Notice</u>.  By the time it begins mailing and emailing Notice, the Administrator shall maintain and administer a dedicated Settlement Website containing information regarding the Settlement and related documents as well as information regarding the date and time of the Final Approval Hearing, which shall be updated as appropriate.  At a minimum, such documents shall include the Settlement Agreement and attached exhibits, Mail Notice, the operative complaint in the Action, the Preliminary Approval Order, and when filed, the Final Approval Order.

    **9.04**    <u>Toll-Free Telephone Number</u>.  Prior to dissemination of Notice and the establishment of the Settlement Website, the Administrator shall set up a toll-free telephone number for receiving toll-free calls related to the Settlement.

## 10.    CASH AWARD PAYMENTS

    **10.01**    <u>Potential Claimants</u>.  Each Settlement Class Member who does not timely and validly request exclusion from the Settlement as specified in this Agreement shall be entitled to a payment.

    **10.02**    <u>Distribution of Cash Awards</u>. After calculating the pro-rata Cash Award due each Settlement Class Member pursuant to this Section and Section 5, the Administrator shall promptly distribute those payments as specified in Section 5.

    **10.03**    <u>Mailing of Settlement Checks</u>.  The Administrator shall mail Settlement checks

via U.S. mail, with the checks valid for 120 days. The first distribution shall be no later than twenty-one (21) days after the first Funding Date. The second distribution shall be by twenty-one (21) days after the final Funding Date. The first distribution will be for one-third the Amount Paid per Claim. The second distribution will be for the final two-thirds. If checks that remain uncashed after 120 days of the second pro-rata distribution yield an amount that, after administration costs, would allow a third pro-rata distribution to the qualifying claimants equal to or greater than $5.00 per qualifying claimant, a second pro-rata distribution will be made.  If the uncashed amount is not sufficient to allow for such a second pro-rata distribution, the remaining amount will be redistributed to the National Consumer Law Center.  If another pro-rata distribution is made, the amount of any checks that remain uncashed after 120 days will be subject to the same redistribution process described in this Section.

**10.04**  <u>Tax Forms</u>. To the extent a Settlement Class Member is entitled to a Cash Award in an amount that meets or exceeds the threshold for reporting the payment to the IRS, the Administrator shall engage in additional direct notice to such persons to attempt to obtain the necessary tax forms.  The Administrator may engage in more than one round of such additional notice.  Payments shall be made without withholding and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and Social Security number on an IRS Form 1099.  Any costs associated with issuing Tax Forms shall be deducted from the Settlement Funds.

**11.**    OPT-OUTS AND OBJECTIONS

**11.01**  <u>Opting Out of the Settlement</u>.  Any member of the Settlement Class who wishes to exclude themselves from the Settlement Class must advise the Administrator in writing of that intent, and their opt-out request must be postmarked no later than the Opt-Out Deadline.

**11.02**  <u>Opt-Out Information</u>.  The Administrator shall provide the Parties with copies of all opt-out requests it receives and shall provide a list of all Settlement Class Members who timely and validly opted out of the Settlement in the declaration filed with the Court, as required

by Section 11.01.  Settlement Class Members who do not properly and timely submit an opt-out

request will be bound by this Agreement and the judgment, including the releases in Section 13

below.

a.    In the written request for exclusion, the Settlement Class Member must

state: (1) his or her full name, address, and telephone number where he or she may be contacted;

(2) the telephone number(s) on which he or she was called; and (3) a statement that he or she

wishes to be excluded from the Settlement.  The request for exclusion must be personally signed

by the Settlement Class Member submitting the request.  A request to be excluded that does not

include the foregoing information, that is not sent to the Administrator, that is not postmarked

by the Opt-Out Deadline, or that is not personally signed by the Settlement Class Member, shall

be invalid.

b.    No person shall purport to exercise any exclusion rights of any other

person, or purport (a) to opt out Class Members as a group, aggregate, or class involving more

than one Settlement Class Member; or (b) to opt out more than one Settlement Class Member on

a single paper, or as an agent or representative. Any such purported opt-outs shall be void.

c.    Any Settlement Class Member who submits a valid and timely request for

exclusion will not be a Settlement Class Member and shall not be bound by the terms of this

Agreement.  If the Administrator believes any opt-out request is ambiguous as to its validity, the

Administrator shall provide that request to Class Counsel and Defendant for review.

**11.03**  Objections.  Any Settlement Class Member who intends to object to the fairness

of this settlement must file a written objection with the Court and/or send a written objection to

the Administrator by the Objection Deadline.

a.    In the written objection, the Settlement Class Member must state: (1) his

or her full name; (2) his or her address; (3) the telephone number where he or she may be

contacted; (4) the telephone number(s) that he or she maintains were called; (5) all grounds for

the objection, with specificity and with factual and legal support for each stated ground; (6) the

identity of any witnesses he or she may call to testify; (7) copies of any exhibits that he or she

intends to introduce into evidence at the Final Approval Hearing; (8) a statement of the identity (including name, address, law firm, phone number and email) of any lawyer who will be representing the individual with respect to any objection; (9) a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel; and (10) a statement as to whether the objection applies only to the objector, a specific subset of the Settlement Class, or the entire Settlement Class.  Such objection must be filed with the Court with an electronic filing stamped and dated on or before the Objection Deadline or sent to the Administrator by mail (with a postmark on or before the Objection Deadline) or by email (sent or on before the Objection Deadline).

b.     Any Settlement Class Member who does not submit a timely objection in accordance with this Agreement, the Notice, and otherwise as ordered by the Court shall not be treated as having filed a valid objection to the Settlement and shall forever be barred from raising any objection to the Settlement.

**11.04**   Any Settlement Class Member who objects may (but is not required to) appear at the Final Approval Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.  A member of the Settlement Class who opts out may not object to this Agreement or the Settlement, and is not entitled to be heard at the Final Approval Hearing.

## 12.    FINAL APPROVAL HEARING AND FINAL APPROVAL ORDER

**12.01**   No later than sixteen (16) calendar days prior to the Final Approval Hearing, the Administrator shall serve on counsel for all Parties a declaration stating that the Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order and providing the opt-out information required by Section 11.02.

**12.02**   If the Settlement is approved preliminarily by the Court, and all other conditions precedent to the settlement have been satisfied, no later than fourteen (14) calendar days prior to

Final Approval Hearing:

        a.     Plaintiff shall request that the Court enter the Final Approval Order, with Class Counsel filing a memorandum in support of the motion;

        b.     Plaintiff shall file the declaration provided by the Administrator pursuant to Section 12.01; and

        c.     Class Counsel and/or Defendant may file a memorandum addressing any objections to the Settlement.

**12.03**   At the Final Approval Hearing, the Court will consider and determine whether the provisions of this Agreement should be approved, whether the Settlement should be finally approved as fair, reasonable and adequate, whether any objections to the Settlement should be overruled, whether the fee award and incentive payment to the Class Representative should be approved, and whether a judgment finally approving the Settlement should be entered.

**12.04**   This Agreement is subject to and conditioned upon the issuance by the Court of a Final Approval Order which grants final approval of this Agreement and:

        a.     finds that the Notice provided satisfies the requirements of due process and Federal Rule of Civil Procedure Rule 23(e)(1);

        b.     finds that Settlement Class Members have been adequately represented by the Class Representative and Class Counsel;

        c.     finds that the Settlement Agreement is fair, reasonable and adequate to the Settlement Class, that each Settlement Class Member shall be bound by this Agreement, including the release in Section 13.01, the bar in Section 13.02, and the covenant not to sue in Section 13.03, and that this Settlement Agreement should be and is approved;

        d.     dismisses the Action on the merits and with prejudice;

        e.     permanently enjoins each and every Settlement Class Member from bringing, joining, or continuing to prosecute any Released Claims against Defendant or the

Released Parties; and

f.    retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Settlement.

## 13.    RELEASE OF CLAIMS

**13.01**  Released Claims. Plaintiff and the Settlement Class Members do hereby release and fully, finally, and forever discharge the Released Parties from all claims, debts, controversies, losses, liabilities, liens, demands, causes of action, suits, damages (including, but not limited to, actual, statutory, trebled, exemplary, or punitive), fees (including, but not limited to, attorneys' fees), expenses, and obligations of any kind or nature whatsoever, whether in law or in equity, whether known or unknown, fixed or contingent, claimed or unclaimed, direct or indirect, individual or representative, arising out of or relating to any telemarketing, solicitation, or other marketing or dissemination that was made by or on behalf of QuoteWizard.com, LLC promoting its goods or services, including those arising under the TCPA or similar federal or state laws governing such matters, and any rule or regulation thereunder, including without limitation, the claims alleged in the Complaint. The Parties intend that this Agreement will fully, finally, and forever dispose of the Action, which shall be dismissed with prejudice, and any and all Released Claims against the Released Parties. Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Approval Order and Judgment to have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.

a.    Plaintiff and each Settlement Class Member acknowledges that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of this Agreement, but each of those persons expressly agree that, upon entry of the Final Approval

18

Order, he or she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to Section 13.01 above, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

**13.02**   Stay/Bar of Proceedings:  All proceedings in the Action shall be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement.  Pending determination of whether the Settlement should be granted final approval, the Parties agree not to pursue any claims or defenses otherwise available to them, and further agree that the Final Approval Order shall include an injunction that no person who has not validly and timely opted out of the Settlement Class and no person acting or purporting to act directly or on behalf of a Settlement Class Member, or acting on a representative basis or in any other capacity, will commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.  Settlement Class Members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Settlement.

**13.03**   Covenant Not To Sue.  Plaintiff agrees and covenants, and each Settlement Class Member will be deemed to have agreed and covenanted not to sue any Released Party with respect to any of the Released Claims and agree to be forever barred from doing so, in any court of law or equity, or any other forum.  Settlement Class Members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Settlement.

**14.**   TERMINATION OF AGREEMENT

**14.01**    <u>Either Side May Terminate the Agreement</u>.  Plaintiff and Defendant shall each have the right to unilaterally terminate this Agreement by providing written notice of their election to do so ("Termination Notice") to the other party hereto within ten (10) calendar days of any of the following occurrences:

        a.    the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement Agreement;

        b.    an appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on remand;

        c.    any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement Agreement in a way that is material, unless such modification or amendment is accepted in writing by all Parties;

        d.    the Effective Date does not occur.

**14.02**    <u>Revert to Status Quo</u>.  If either Plaintiff or Defendant terminates this Agreement as provided herein, the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement shall be vacated.  However, any payments made to the Administrator for services rendered up to the date of termination shall not be refunded to Defendant, unless unused.

## 15.    NO ADMISSION OF LIABILITY

**15.01**    Defendant denies any liability or wrongdoing of any kind associated with the alleged claims in Action.  Defendant has denied and continues to deny each and every material factual allegation and all claims asserted against it in the Action.  Nothing herein shall constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action.  Nothing herein shall constitute an admission by Defendant that the Action was properly brought on a class or representative basis, or that a class should be certified in the Action, other than for

settlement purposes.  To this end, the settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Defendant or of the truth of any of the allegations in the Action; (ii) are not and shall not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Defendant in any civil, criminal or administrative proceeding in any court, arbitration forum, administrative agency or other tribunal; and (iii) are not and shall not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

**15.02**    Pursuant to Federal Rules of Evidence Rule 408 and any similar provisions under the laws of other states, neither this Agreement nor any related documents filed or created in connection with this Agreement shall be admissible in evidence in any proceeding, except as necessary to approve, interpret or enforce this Agreement.

**16.**    MISCELLANEOUS

**16.01**    <u>Entire Agreement</u>. This Agreement and the exhibits hereto constitute the entire agreement between the Parties.  Besides the terms of this Settlement Agreement and the exhibits hereto, there are no other agreements.  No representations, warranties or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

**16.02**    <u>Claims Against Cash Awards</u>. In the event a third party, such as a bankruptcy trustee, former spouse, or other third party has or claims to have a claim against any Cash Award made to a Settlement Class Member, it is the responsibility of the Class Member to transmit the funds to such third party, and neither the Parties nor the Administrator will bear any responsibility or liability to such third party.

**16.03**     <u>No Tax Advice</u>. Plaintiff, Class Counsel, Defendant, and the Administrator make no representations as to the taxability of the relief to Settlement Class Members. Settlement Class Members are responsible for seeking their own tax advice at their own expense.

**16.04**     <u>Governing Law</u>. This Agreement shall be governed by the laws of the Commonwealth of Massachusetts.

**16.05**     <u>Future Changes in Laws or Regulations</u>.  To the extent Congress, the Federal Communications Commission or any other relevant regulatory authority or court promulgates different requirements under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, or any other law or regulatory promulgation that would govern any conduct affected by the Settlement, those laws and regulatory provisions shall control.  However, the Parties agree that changes in law shall not provide any basis for any attempt to alter, modify, or invalidate this Settlement.

**16.06**     <u>Jurisdiction</u>.  The Court shall retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiff and all Settlement Class Members, for purposes of the administration and enforcement of this Agreement.

**16.07**     <u>No Construction Against Drafter</u>. This Agreement was drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

**16.08**     <u>Good Faith Efforts; Resolution of Disputes</u>. The Parties shall cooperate in good faith in the administration of this Settlement and agree to use their best efforts to promptly file a motion for preliminary approval with the Court.  The Parties and their Counsel shall not directly or indirectly solicit any person to opt out or object to the Settlement.  Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court, or by a mediator

upon agreement of the Parties.

**16.09** <u>Counterparts</u>.  This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.

**16.10** <u>Time Periods</u>.  The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**16.11** <u>Authority</u>.  Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Agreement.

**16.12** <u>No Oral Modifications</u>.  This Agreement may not be amended, modified, altered or otherwise changed in any manner, except by a writing signed by a duly authorized agent of Defendant and Plaintiff, and approved by the Court.

**16.13** <u>Notices</u>.  Unless otherwise stated herein, any notice required or provided for under this Agreement shall be in writing and may be sent by electronic mail, fax or hand delivery, postage prepaid, as follows:

If to Class Counsel:

> John W. Barrett
> BAILEY & GLASSER LLP
> 209 Capitol Street
> Charleston, WV 25301
>
> (304) 345-6555
> jbarrett@Sorokinglasser.com
>
> Matthew P. McCue
> THE LAW OFFICE OF MATTHEW P.
> MCCUE
> 1 South Avenue, Suite 3
> Natick, MA 01760
> (508) 655-1415
> mmccue@massattorneys.net
>
> Edward A. Broderick
> BRODERICK LAW, P.C.
> 10 Hillside Avenue

Winchester, MA 01890
(617) 738-7080
ted@broderick-law.com

Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln St., Suite 2400
Hingham, MA 02043
(617) 485-0018
anthony@paronichlaw.com


Alex M. Washkowitz
CW LAW GROUP, P.C.
160 Speen Street, Suite 309
Framingham, MA 01701
alex@cwlawgrouppc.com


If to counsel for Defendant:

Kevin P. Polansky
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, MA 02111
(617) 217-4720
kevin.polansky@nelsonmullins.com

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed, dated as of May _21_, 2025.

Plaintiff Joseph Mantha

_____

DATED: May ____, 2025                    Defendant QuoteWizard.com, LLC

_____

Name _____

Title_____

DATED: May ____, 2025

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed, dated as of May _____, 2025.

Plaintiff Joseph Mantha

_____

DATED:  May _____, 2025

Defendant QuoteWizard.com, LLC

Signed by:

_____

Name _____
Heather Novitsky

Title _____
General Counsel

DATED:  May 20 _____, 2025

EXHIBIT A:   FINAL APPROVAL ORDER

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| JOSEPH MANTHA on behalf of himself and others similarly situated, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 1:19-cv-12235-LTS-PK |
| v. | : | |
| | : | |
| QUOTEWIZARD.COM, LLC | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| _____ | : | |

## FINAL APPROVAL ORDER

Plaintiff Joseph Mantha has moved for final approval of a proposed class action settlement which would resolve Plaintiff's claims brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et* seq. Upon consideration of the motion, the Settlement Agreement, and exhibits thereto, the Court *GRANTS* final approval of the Settlement, finding specifically as follows[1]:

### I.     *Jurisdiction*

1.     The Court finds that it has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

### II.     *Certification of Settlement Class*

2.     Under Rule 23 of the Federal Rules of Civil Procedure, the Court certifies the following "Settlement Class," consisting of:

> All persons within the United States (a) whose telephone numbers were listed on the National Do Not Call Registry, and (b) who received more than one telemarketing text within any twelve-month period at any time from Drips, (c) to promote the sale of QuoteWizard's goods or services, and (d) whose numbers are included on the Class List.

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Settlement Agreement have the same meaning as set forth in the Settlement Agreement.

1

### III. Class Representative and Class Counsel

3.      The Court appoints Plaintiff Joseph Mantha as Class Representative.

4.      Under Rule 23(g), the following attorneys and firms are appointed as Class

Counsel:

John W. Barrett
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, Massachusetts 01760

Edward Broderick
BRODERICK LAW, P.C.
10 Hillside Avenue
Winchester MA 01890

Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln St., Suite 2400
Hingham, MA 02043

Alex M. Washkowitz
CW LAW GROUP, P.C.
160 Speen Street, Suite 309
Framingham, MA 01701

### IV. Rule 23 Requirements

5.      The Court finds that the requirements of Rule 23(e)(1)(B) have been satisfied in

that: (a) the Class Representative and class counsel have adequately represented the Settlement

Class; (b) the proposal was negotiated at arm's length; (c) the relief provided for the class is

adequate, taking into account the fact that (i) the costs, risks, and delay of trial and appeal favor

approval of the Settlement Agreement; (ii) Class Counsel and the Class Representative have

proposed an effective method of distributing relief to the Settlement Class and have proposed a

2

routinely approved method for processing class-member claims; (iii) Class Counsel's proposed award of attorneys' fees and costs is in line with other class settlements, as is the timing of payment, and the attorneys' fee and costs request will be the subject of a separate motion which will be considered by the Court; (iv) there is no agreement required to be identified under Rule 23(e)(3); and (d) the Settlement Agreement treat all class members equitably relative to each other as class members identical claims are treated identically.

6.      As the Court previously found in its *Order Granting Motion for Class Certification* and *Order Granting Preliminary Approval*, the Court further finds that the proposed Settlement Class meets all the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3), and the Court hereby finds, in the specific context of the Class Settlement, that:

(a)      Numerosity:  The Settlement Class satisfies the numerosity requirement of Fed. R. Civ. P. 23(a).  Joinder of these widely dispersed, numerous Settlement Class Members into one suit would be impracticable.

(b)      Commonality:  There are questions of law and fact, with regard to the alleged activities of Defendants, common to the Settlement Class.

(c)      Typicality:  The claims of the Representatives Plaintiff are typical of the claims of the Settlement Class they seek to represent.  Therefore, in the context of this settlement the element of typicality is satisfied.

(d)      Adequate Representation:  The Representative Plaintiff's interests do not conflict with, and are co-extensive with, those of absent Settlement Class Members.  The Representative Plaintiff will fairly and adequately represent the interests of the Settlement Class. Additionally, this Court recognizes the experience of Class Counsel and finds under Fed. R. Civ. P. 23(g) that the requirement of adequate representation of the Settlement Class has been fully met.

(e)      Predominance of Common Issues:  The questions of law and fact common

3

to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members.  In the context of this Settlement, these issues predominate over any individual questions, favoring class treatment.

        (f)    <u>Superiority of the Class Action Mechanism</u>:  The class action mechanism is ideally suited for treatment of the settlement of these matters.  Class certification promotes efficiency and uniformity of judgment, among other reasons, because the many Settlement Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country.  Therefore, the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy.

        7.    The Court further finds that:  (i) the Settlement Class Members have a limited interest in individually prosecuting the claims at issue; (ii) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by the Settlement Class Members; (iii) it is desirable to concentrate the claims in this forum; and (iv) it is unlikely that there will be difficulties encountered in administering this Settlement.

<em>V.    Final Approval of the Settlement</em>

        8.    Pursuant to the Settlement Agreement, the Defendants have agreed to pay $19,000,000 to create the Settlement Fund. Amounts awarded to Class Counsel or the Class Representative will be paid from the Settlement Fund. Class Members will receive a pro-rata share of the Settlement Fund after attorneys' fees and costs, the Class Representative' awards, and the costs of notice and administration are deducted.

        9.    Having considered the motion for final approval, Class Counsel's Motion for Award of Attorneys' Fees, Costs and Class Representative Service Awards, the Settlement

4

Agreement, and the exhibits thereto, the Court finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, that the Settlement was reached after five years of hotly contested litigation, extensive discovery, certification of the case as a class action and with multiple appeals having been filed. The fairness and adequacy of the Settlement are supported by the complex legal and factual posture of the Action, the fact that the Settlement is the result of arms' length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

10.    The adequacy of the Settlement is supported by the fact that the settlement requires QuoteWizard to pay $19,000,000 into a Settlement Fund for the benefit of the Settlement Class, as well as practice changes by Defendant required by the Settlement.

11.    The Court finds that the notice to the Settlement Class was the best notice practicable under the circumstances. The record shows that notice has been given to the Settlement Class, in accordance with the Notice Plan in the Settlement Agreement and the Preliminary Approval Order. The Notice Plan consisted of emailed and mailed notice along with digital publication notice. The Court finds that the notices disseminated pursuant to the Notice Plan were stated in concise, plain, easily understood language and described the nature of the action, the definition of the class certified, the class claims and defenses, that a class member may enter an appearance through counsel if the Settlement Class Member so desires, that any class member who requests exclusion will be excluded by the Court, the time and manner of requesting exclusion, as well as the binding

effect of a Class Judgment under Rule23(c)(3). The Notice satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law.

12.     The Court finds that the Settlement Administrator properly and timely notified the appropriate state and federal officials of the Settlement Agreement on behalf of the Parties, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. The Court finds that the notice provided satisfied the requirements of 28 U.S.C. § 1715(b) and that more than ninety (90) days have elapsed since the required notice was provided, as required by 28 U.S.C. § 1715(d).

13.     In the event that settlement payments exceed the threshold amounts that must be reported to the Internal Revenue Service by means of a Form 1099, Class Counsel, and the Settlement Administrator, will take all necessary and reasonable steps to obtain W-9's from claimants and to comply with applicable IRS regulations on issuing 1099's without a social security number or tax entity identification number, and shall take all reasonable and necessary steps to avoid imposition of IRS penalties against the Settlement Fund, including, but not limited to limiting payments below the reportable threshold and/or withholding of taxes and any applicable penalties

14.     All persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Approval Order and Judgment. A list of the individuals who excluded himself from the Settlement Class is attached as Exhibit A to this Order.

15.     Neither this Final Approval Order nor the Settlement Agreement is an admission or concession by Defendants or any of the other Released Parties of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Approval Order and the Settlement Agreement do not constitute a concession and shall not be used as an admission or

indication of any wrongdoing, fault or omission by Defendants or any of the other Released

Parties or any other person in connection with any transaction, event or occurrence, and

neither this Final Approval Order nor the Settlement Agreement nor any related documents

in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence

in any civil, criminal, or administrative action or proceeding, other than such proceedings as

may be necessary to consummate or enforce this Final Approval Order, the Settlement

Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res*

*judicata* or collateral estoppel barring the pursuit of claims released in the Settlement

Agreement. This Final Approval Order also does not constitute any opinion or position of the

Court as to the merits of the claims and defenses related to this Action.

16.    The Parties, their counsel, and the Settlement Administrator shall fulfill their

obligations and duties under the Settlement Agreement. The Settlement Agreement shall be

deemed incorporated herein as if explicitly set forth and shall have the full force of an order

of this Court.

*VI.    Release.*

17.    The Court dismisses with prejudice this Action, the Released Claims, and the

Released Parties, and adjudges that the Released Claims are released against the Released

Parties.

18.    The Court adjudges that Plaintiff and the Settlement Class Members are

deemed to have fully, finally, completely, and forever released, relinquished, and discharged

the Released Claims against the Released Parties.

19.    Plaintiff and the Settlement Class Members are permanently enjoined and

barred from asserting, initiating, prosecuting, or continuing any of the Released Claims

against the Released Parties.

20.     On and after the Effective Date, Plaintiff and Settlement Class Members do hereby release and fully, finally, and forever discharge the Released Parties from all claims, debts, controversies, losses, liabilities, liens, demands, causes of action, suits, damages (including, but not limited to, actual, statutory, trebled, exemplary, or punitive), fees (including, but not limited to, attorneys' fees), expenses, and obligations of any kind or nature whatsoever, whether in law or in equity, whether known or unknown, fixed or contingent, claimed or unclaimed, direct or indirect, individual or representative, arising out of or relating to any telemarketing, solicitation, or other marketing or dissemination that was made by or on behalf of QuoteWizard.com, LLC promoting its goods or services, including those arising under the TCPA or similar federal or state laws governing such matters, and any rule or regulation thereunder, including without limitation, the claims alleged in the Complaint. The Parties intend that this Agreement will fully, finally, and forever dispose of the Action, which shall be dismissed with prejudice, and any and all Released Claims against the Released Parties. Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Approval Order and Judgment to have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.

21.     The foregoing release extends to claims that Plaintiff and each Settlement Class Member may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of the Settlement Agreement, but each of those persons expressly agree that, upon entry of the Final Approval Order, he or she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted,

8

contingent or non-contingent claim with respect to the claims released pursuant to Section 13.01 of the Settlement Agreement, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

22.    The Releasing Parties will be deemed to have agreed and covenanted not to sue any Released Party with respect to any of the Released Claims and are forever enjoined and barred from doing so, in any court of law or equity, or any other forum.  The Releasing Parties are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in the Settlement.

VII.    *Attorneys' Fees, Expenses and Class Representative Awards*

23.    The Court approves payment of attorneys' fees to Class Counsel in the amount of $_____ together with out-of-pocket attorneys' expenses incurred in prosecuting the action of $_____. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. Pursuant to Rule 23(h)(3) and 52(a), the Court makes the following findings of fact and conclusions of law regarding this fee award:

a.    It is appropriate to award fees as a percentage of the common fund established for the benefit of the Settlement Class.

b.    The approved fee represents _____% of the Settlement Fund. The Court finds this amount reasonable considering the result Class Counsel obtained on behalf of the Settlement Class, negotiating a $19,000,000 settlement in a case involving substantial risk.

c.    Class Counsel prosecuted this case on a "contingency" basis meaning there was no guarantee they would recover anything for their efforts.

24.    After considering past awards and awards throughout the country, the Court approves the following service award: _____. The Court specifically finds the Service Award to be reasonable in light of the service performed by Plaintiff for the class and as partial reimbursement for the costs and expenses they incurred as named Plaintiff. The Service Award shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. Any Incentive Award will be reported as "other income" in Box 3 of Form 1099-MISC.

25.    There were ___ objections to the Settlement. They are all overruled.

26.    The Court finds that no justifiable reason exists for delaying entry of this Final Approval Order and, good cause appearing, it is expressly directed that this Final Approval Order and separate Judgment be entered as final and appealable, and the case dismissed with prejudice.

27.    The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

DATED: _____, 2025          _____
                                     Hon. Leo T. Sorokin
                                     United States District Court

EXHIBIT B:   MAIL NOTICE

QuoteWizard TCPA
Notice Administrator
P.O. Box 170600
Milwaukee, WI 53217

Postal Service: Please Do Not
Mark or Cover Barcode

Notice ID #: «VARIABLE NOTICE ID»

«First1» «Last1»
«CO»
«Addr2»
«Addr1»
«City», «St» «Zip»
«Country»

## Court-Ordered Legal Notice

*This Notice may affect your legal rights.*

*Please read it carefully.*

**Important Legal Notice authorized by the United States District Court for the District of Massachusetts about a Class Action Lawsuit.**

**Telephone records show you received sales calls from QuoteWizard. The purpose of this Notice is to inform you about a payment you will receive.**

*Mantha, et al. v. QuoteWizard.com, LLC*
**Case No. 1:19-cv-12235-LTS**

**Please visit the website for additional information:**
**www.qwtcpasettlement.com**

Toll Free: 1-877-234-5462
Email: info@qwtcpasettlement.com

*Mantha, et al. v. QuoteWizard.com, LLC,* Case No. 1:19-CV-12235-LTS
United States District Court, District of Massachusetts

***This Notice provides limited information about the lawsuit and your rights as a Class Member.***

QuoteWizard.com, LLC ("QuoteWizard"), has settled a class action that claimed that it made telemarketing texts to people whose telephone numbers were on the National Do-Not-Call Registry, without consent. QuoteWizard denies that it is responsible for the texts and denies all liability. The Court has not decided who should win the case.

The total settlement amount is $19,000,000.00. **Depending on the number of texts the records show you received, you are entitled to receive at least approximately $76 for the required minimum 2 texts received, with an additional $38 per additional text received. NO CLAIM FORM IS REQUIRED TO RECEIVE PAYMENT.**

You are included in the Settlement if your telephone number is one of the 66,689 known telephone numbers that received texts. You are receiving this postcard because records show your name is associated with a telephone number that received allegedly illegal textss. You do not have to remember having received these texts.

The Court has appointed four law firms as Class Counsel, the lawyers for this Class are Bailey & Glasser LLP, Broderick Law, P.C., The Law Office of Matthew P. McCue,  Paronich Law, P.C. and CW Law Group, P.C.

**Your Options:** You have three options: **(1)** Do nothing and receive a payment; OR **(2)** you can object to the settlement if you do not like it; OR **(3)** you can send a letter asking to be excluded from the Class. You will not get any money but you will keep any rights to sue QuoteWizard for the same legal issues in the lawsuit.

**Please do not contact the Court, QuoteWizard, or QuoteWizard's lawyers with questions.**

For more information regarding the case, please visit www.qwtcpasettlement.com or call 1-877-234-546

# EXHIBIT C:   LONG FORM NOTICE

IN THE UNITED STATES DISTRICT COURT FOR
DISTRICT OF MASSACHUSETTS

**JOSEPH MANTHA, individually
and on behalf of a class of all
persons and entities similarly situated,**

      **Plaintiffs,**

**vs.**                                   **Civil Act No: 1:19-CV-12235-LTS**

**QUOTEWIZARD.COM, LLC,**

      **Defendant.**

**LONG-FORM NOTICE**

**Telephone calling records show you received sales texts from QuoteWizard. The purpose of this Notice is to inform you about a payment you will receive.**

**Depending on the number of texts the records show you received, you are entitled to receive at least approximately $76.00 for the required minimum two texts received, with a payment of approximately $38 per additional text received.**

**NO CLAIM IS REQUIRED TO RECEIVE THIS MONEY.**

QUOTEWIZARD.COM, LLC has settled a class action that claimed that it made telemarketing texts to people whose numbers were on the National Do Not Call Registry, without consent.

You are included in the settlement if your telephone number is one of 66,689 known numbers that received texts.

You are entitled to receive a payment. The answer to Question 12 below explains how these amounts were calculated. These payments will come from a $19 million Settlement Fund. This Fund will also be used to pay the costs of notifying people about the Settlement, the lawyers' fees, and awards to the people who helped bring the lawsuit.

If you are included, your legal rights are affected whether you act or do not act. Read this Notice carefully.

The Court in charge of this case hasn't decided to approve it yet. Payments will only be made if the Court decides the settlement is fair and approves the settlement. The Court has ordered this notice.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT: | |
|---|---|
| **DO NOTHING** | **Do Nothing and Receive a Payment. You do not have to do anything to receive a payment.** |
| **OBJECT** <span style="color:red">**DATE**</span>**:** | **Write to the Court about why you do not like something about the Settlement by "**<span style="color:red">**DATE**</span>**"** |
| **ASK TO BE EXCLUDED FROM THE CLASS** <span style="color:red">**DATE**</span>**:** | **If you don't want to be a part of the Settlement, you must send a written request to be excluded. You won't get any money, but you will keep any rights to sue QuoteWizard yourself for the same legal issues in this lawsuit.** |

[Continued on next page]

## BASIC INFORMATION

| 1.   Why should I read this Notice? |
| --- |

This Notice explains the lawsuit, the Settlement, your rights, what payments are available, and how to get them. The Hon. Leo Sorokin of the United States District Court for the District of Massachusetts is in charge of this class action. The lawsuit is known as *Mantha v. QUOTEWIZARD.COM, LLC*, Case No. 1:19-cv-12235-LTS. Judge Sorokin authorized this Notice.

| 2.   What is this lawsuit about? |
| --- |

A consumer in Massachusetts sued QUOTEWIZARD claiming that it made telemarketing texts to people whose telephone numbers were listed on the National Do Not Call Registry. The consumers alleged that these texts violated the Telephone Consumer Protection Act, which prohibits telemarketers from initiating two or more texts in a calendar year to numbers on the Registry.  QuoteWizard denied that it contacted any consumers without their express written consent.

| 3.   What is a class action and who is involved? |
| --- |

In a class action lawsuit, one or more people called "Class Representative" sue on behalf of other people who have similar claims. These people together are a "Class" or "Class Members." One court resolves the issues in the case for everyone in the Class–except for those people who choose to exclude himself from the Class. In this case, the Court appointed Joseph Mantha as the Class Representative

| 4.   Why is there a Settlement? |
| --- |

QUOTEWIZARD and the Class Representative spent more than five years in Court fighting this case. However, both sides agreed to a settlement. The Settlement gives Class Members guaranteed payments now whereas in a trial, Class Members might get nothing or might get payments only years from now. Because there is a settlement, the Court has not decided who should win the case.

## WHO IS INCLUDED IN THE SETTLEMENT

To see if you can get a payment, you first need to determine whether you are included in this lawsuit.

| 5.   Am I Included as part of the Class? |
| --- |

The Court decided that all people who fit this definition are included in the Class:

All persons within the United States (a) whose telephone numbers were listed on the National Do Not Call Registry, and (b) who received more than one telemarketing text within any twelve-month period at any time from Drips, (c) to promote the sale of QuoteWizard's goods or services, and (d) whose numbers are included on the Class List.

The Settlement Class encompasses only those persons associated with 66,689 telephone numbers identified from the Expert Report of Anya Verkhovskaya.

That list of phone numbers was obtained from telephone calling records kept by QUOTEWIZARD's vendors. The phone numbers were used to identify certain Class Members who should have received Notice via postcard.

If you received a postcard advising you of this settlement, your name is associated with a phone number that received allegedly illegal telemarketing texts from Defendant.

| **6.  I'm still unsure if I am included.** |
| --- |

If you are still not sure whether you are included, you can get free help at www.qwtcpasettlement.com, by calling the Settlement Administrator at __, or by calling the lawyers appointed to represent Class Members in this case. Please do not contact the Court, QUOTEWIZARD or QUOTEWIZARD's counsel.

## THE SETTLEMENT BENEFITS

| **7. What does the Settlement provide?** |
| --- |

QUOTEWIZARD will pay $19 million to settle this case. That money will go into a "Settlement Fund" to pay for everything related to the Settlement. Most of the money will go to Class Members (more about that in the answer to Question 13). The rest will be used to pay the costs of notifying people about the Settlement, the lawyers' fees and costs, and the awards to the Class Representative who helped bring the lawsuit.

| **8. How much will my payment be?** |
| --- |

The expected payment is a minimum of approximately $76.00 for the two required minimum texts, with a payment of approximately $38.00 per additional text received.

However, we don't know enough right now to give you an exact number. The exact number will depend on how many texts you received. There are 66,689 Class Members and they received 314,812 texts. Every class member received at least two texts, and some received more.

We also can't give you an exact number because we don't know what the amount of fees, costs, expenses, and awards will be deducted from the Settlement Fund.

The Settlement Website will periodically be updated to provide the estimated payment amount based on the number of participating Class Members.

| **9. How can I get a payment?** |
| --- |

You do not have to do anything to get a payment.

**10. When will I get my payment?**

We can't give you a date yet. There will be two payments made.

The first distribution shall be no later than twenty-one (21) days after the first Funding Date, which is estimated by October 22, 2025. The second distribution shall be by twenty-one (21) days after the final Funding Date, which is estimated to be April 22, 2026. The first distribution will be for one-third the Amount you will be entitled to.

The Court will consider final approval of the Settlement on MONTH, DAY, YEAR_____. Even if the Court approves the Settlement, there may be appeals. It is always uncertain whether and when appeals can be resolved and resolving them can take more than a year.

All checks will expire and become void 120 days after they are issued. If there is any money left because of uncashed checks, you may get a third payment. If there is money left after the third payments, that money may be donated to National Consumer Law Center to be used for their efforts to stop illegal telephone texts and calls to consumers and to protect consumer privacy.

The settlement website will be updated to inform Class Members of the progress of the Settlement. Please be patient.

## WHAT HAPPENS IF YOU REMAIN IN THE SETTLEMENT

**11. What am I giving up if I stay in the Class?**

Unless you exclude yourself, you are staying in the Class. That means that if the Court approves the Settlement, you are giving up the right to file your own lawsuit against, or seek further money from, QUOTEWIZARD for any of the issues or claims in the case—whether or not you are currently aware of those claims.

The specific scope of the claims you are releasing is in the Settlement Agreement, which is available through the "Court Documents" link on the Settlement Website. If you have any questions, you can talk to the lawyers listed in Question _____ for free, or you can, of course, talk to your own lawyer.

**12. What happens if I do nothing at all?**

If you are a Class Member and do nothing (meaning you don't exclude yourself), you will get a payment and you will release your claims as explained above

## THE LAWYERS REPRESENTING YOU

**13. Do I have a lawyer in this case?**

The Court has appointed the law firms of Bailey & Glasser, LLP; Law Office of Matthew P. McCue; Broderick Law, P.C.;  Paronich Law, P.C. and CW Law Group, P.C. to represent you

and all Class Members. These firms are called "Class Counsel." The law firms are experienced in handling similar class action cases.

They believe, after litigating with QUOTEWIZARD in Court for more than five years, that the Settlement Agreement is fair, reasonable, and in the best interests of the Class. You will not be separately charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

| 14. How will the lawyers and the Class Representative be paid? |
| --- |

The Court will determine how much Class Counsel will be paid for attorneys' fees, costs, and expenses in this case. The amounts will be paid from the $19 million Settlement Fund. Class Counsel will apply for an attorneys' fees award of no more than one-third of the Settlement Fund, plus approximately $322,289.21 in lawsuit expenses.

Class Counsel will also ask the Court to approve awards of up to $100,000 to compensate the Class Representative for his service on behalf of the Class.

Class Counsel's application for an award of attorneys' fees, costs, and expenses and the Class Representative awards will be made available on the "Court Documents" page at ____.

## EXCLUDING YOURSELF FROM THE CLASS

| 15. How do I get out of the Settlement? |
| --- |

To exclude yourself from the Class, and no longer be part of the Settlement, you must mail a letter stating that you want to be excluded from the Class. Your letter must include: (1) your full name, address, and telephone number where he or she may be contacted; (2) the telephone number(s) on which you were called; and (3) a statement that you wish to be excluded from the Settlement. You must personally sign by the Settlement Class Member submitting the request.

You must mail your exclusion request no later than        , to: ADDRESS

| 16. If I do not exclude myself, can I sue QUOTEWIZARD for the same thing later? |
| --- |

No. If you exclude yourself, you should not submit a Claim Form to ask for a payment because you will no longer be eligible for any.

## OBJECTING TO THE SETTLEMENT

| **17. How do I object to the Settlement or the request for Attorneys' Fees, Costs, and Expenses, and Service Award?** |
| --- |

You can object to the Settlement, Class Counsel's request for attorneys' fees, costs and expenses, and the request for awards for the Class Representative. You can ask the Court to deny approval of the Settlement. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement.

If the Court denies approval, no payments will be made now, and the litigation will continue. If that is what you want to happen, you must object.

Any objection to the proposed Settlement must be in writing. If you file a written objection before the deadline, you may, but don't have to, appear at the Final Approval Hearing. If you want to appear, you can do so yourself or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

All written objections must contain the following:

- Your full name
- Your address
- The telephone number where you may be contacted
- The telephone number(s) that you maintain were called
- All grounds for the objection, with specificity and with factual and legal support for each stated ground
- The identity of any witnesses you may call to testify
- Copies of any exhibits that you intend to introduce into evidence at the Final Approval Hearing
- A statement of the identity (including name, address, law firm, phone number and email) of any lawyer who will be representing you with respect to any objection
- A statement of whether you intend to appear at the Final Approval Hearing with or without counsel
- A statement as to whether the objection applies only to you, a specific subset of the Settlement Class, or the entire Settlement Class.

To be considered by the Court, your objection must be filed with the Court with an electronic filing stamped date on or before _____ or sent to the Administrator by mail (with a postmark date on or before _____) or by email (sent on or before _____).

**18. What's the difference between objecting and excluding myself from the Class?**

Objecting means that you disagree with some aspect of the Settlement and think the Court should not approve the Settlement. An objection allows your views to be heard in court. You can object only if you stay in the Class. Excluding yourself from the Class means that you are no longer a Class Member and do not want the Settlement to apply to you. If you exclude yourself, you lose any right to receive any payments or benefits from the Settlement or to object to the Settlement because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

**19. When and where will the Court decide whether to approve the Settlement?**

The Court is scheduled to hold the Final Approval Hearing on _____, in the courtroom of the Hon. Leo Sorokin, at the United States Courthouse, 1 Courthouse Way, Boston, MA 02210. The hearing may be rescheduled to a different date or time or location without another Notice to Class Members. Please review the Settlement Website for any updated information regarding the Final Approval Hearing.

At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court may listen to people who appear at the hearing and who have provided notice of their intent to appear at the hearing. The Court may also consider Class Counsel's application for attorneys' fees, costs and expenses and for awards to Class Representative.

**20. Do I have to come to the Final Approval Hearing?**

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you submit a written objection, you do not have to come to the Court to talk about it. As long as you submit your written objection on time, and follow the requirements above, the Court will consider it. You may also pay your own attorney to attend, but it is not required.

**21. May I speak at the Final Approval Hearing?**

Yes. You may ask the Court for permission to speak at the Final Approval Hearing. At the hearing, the Court may hear any objections and arguments concerning the fairness of the Settlement and/or Class Counsel's request for attorneys' fees, costs, expenses, and Service Award. To do so, you must include in your objection a statement saying that you intend to appear at the Final Approval Hearing. If you have counsel representing you in your objections, you must include the lawyer's name, address, law firm, phone number and email. Please see Question 22 for a complete list of information your objection must include.

You cannot speak at the hearing if you exclude yourself from the Class.

## GETTING MORE INFORMATION

| **22. How do I get more information?** |
| --- |

This Notice summarizes the proposed Settlement. More details are in the Class Action Settlement Agreement and Release, in the Court's orders, and other relevant documents, which are available online at www.qwtcpasettlement.com.

You can also get information about this case by accessing the Court docket, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at www.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the District of Massachusetts, Wheeling Courthouse, between 9:00 a.m. and 5:00 p.m., Monday through Friday, excluding Court holidays.

You may also contact the Settlement Administrator at _____ or write to Settlement Administrator, _____, or call Class Counsel Bailey & Glasser LLP at (304) 345-6555.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

All questions regarding the Settlement or claims process should be directed to the Settlement Administrator or to Class Counsel.

By order of the United States District Court for the District of Massachusetts

EXHIBIT D:  PRELIMINARY APPROVAL ORDER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPH MANTHA on behalf of himself and others similarly situated, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 1:19-cv-12235-LTS-PK |
| v. | : | |
| | : | |
| QUOTEWIZARD.COM, LLC | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| _____ | : | |

## PRELIMINARY APPROVAL ORDER

Plaintiff Joseph Mantha has moved for preliminary approval of a proposed class action settlement which would resolve Plaintiff's claims brought under the Telephone Consumer Protection Act, 47 U.S.C. 7 227, *et* seq. Upon consideration of the motion, the Settlement Agreement, and exhibits thereto, the Court *GRANTS* preliminary approval of the Settlement, finding specifically as follows[1]:

### I.      *Jurisdiction*

1.      The Court preliminarily finds it has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

### II.      *Certification of Settlement Class*

2.      Under Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies the following "Settlement Class," consisting of:

> All persons within the United States (a) whose telephone numbers were listed on the National Do Not Call Registry, and (b) who received more than one telemarketing text within any twelve-month period at any time from Drips, (c) to promote the sale of QuoteWizard's goods or services, and (d) whose numbers are included on the Class List.

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Settlement Agreement have the same meaning as set forth in the Settlement Agreement.

3.      The Court preliminarily appoints Plaintiff Joseph Mantha as Class Representative.

4.      Under Rule 23(g), the following attorneys and firms are preliminarily appointed as

Class Counsel:

John W. Barrett
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, Massachusetts 01760

Edward Broderick
BRODERICK LAW, P.C.
10 Hillside Avenue
Winchester, MA 01890

Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln St., Suite 2400
Hingham, MA 02043

Alex M. Washkowitz
CW LAW GROUP, P.C.
160 Speen Street, Suite 309
Framingham, MA 01701

### III.    *Rule 23 Requirements*

5.      The Court preliminarily finds that the requirements of Rule 23(e)(1)(B) have been

satisfied in that: (a) the Class Representative and class counsel have adequately represented the

Settlement Class; (b) the proposal was negotiated at arm's length; (c) the relief provided for the

class is adequate, taking into account the fact that (i) the costs, risks, and delay of trial and appeal

favor approval of the Settlement Agreement; (ii) Class Counsel and the Class Representative have

proposed an effective method of distributing relief to the Settlement Class and have proposed a

routinely approved method for processing class-member claims; (iii) Class Counsel's proposed

award of attorneys' fees and costs is in line with other class settlements, as is the timing of

payment, and the attorneys' fee and costs request will be the subject of a separate motion which will be considered by the Court; (iv) there is no agreement required to be identified under Rule 23(e)(3); and (d) the Settlement Agreement treat all class members equitably relative to each other as class members' identical claims are treated identically.

6.    As the Court previously found in its Order Granting Motion for Class Certification, the Court further finds that the proposed Settlement Class meets all the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3), and the Court hereby preliminarily finds, in the specific context of the Class Settlement, that:

(a)    Numerosity:  The Settlement Class satisfies the numerosity requirement of Fed. R. Civ. P. 23(a).  Joinder of these widely dispersed, numerous Settlement Class Members into one suit would be impracticable.

(b)    Commonality:  There are questions of law and fact, with regard to the alleged activities of Defendants, common to the Settlement Class.

(c)    Typicality:  The claims of the Representatives Plaintiff are typical of the claims of the Settlement Class they seek to represent.  Therefore, in the context of this settlement the element of typicality is satisfied.

(d)    Adequate Representation:  The Representative Plaintiff's interests do not conflict with, and are co-extensive with, those of absent Settlement Class Members.  The Representative Plaintiff will fairly and adequately represent the interests of the Settlement Class. Additionally, this Court recognizes the experience of Class Counsel and finds under Fed. R. Civ. P. 23(g) that the requirement of adequate representation of the Settlement Class has been fully met.

(e)    Predominance of Common Issues:  The questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members.  In the context of this Settlement, these issues predominate over any individual questions, favoring class treatment.

(f)    Superiority of the Class Action Mechanism:  The class action mechanism is

ideally suited for treatment of the settlement of these matters. Class certification promotes efficiency and uniformity of judgment, among other reasons, because the many Settlement Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country. Therefore, the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy.

7.      The Court further finds that: (i) the Settlement Class Members have a limited interest in individually prosecuting the claims at issue; (ii) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by the Settlement Class Members; (iii) it is desirable to concentrate the claims in this forum; and (iv) it is unlikely that there will be difficulties encountered in administering this Settlement.

## IV.    *Preliminary Approval of the Settlement*

8.      Pursuant to the Settlement Agreement, the Defendants have agreed to pay $19,000,000 to create the Settlement Fund. Amounts awarded to Class Counsel or the Class Representative will be paid from the Settlement Fund. Class Members will receive a pro-rata share of the Settlement Fund after attorneys' fees and costs, the Class Representative' awards, and the costs of notice and administration are deducted.

9.      Having considered the motion for preliminary approval, the Settlement Agreement, and the exhibits thereto, the Court preliminarily finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arms' length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

## V.    *Notice and Administration*

10.      The Court appoints AB Data, Ltd. to perform the functions and duties of the

Settlement Administrator set forth in the Settlement Agreement – including effectuating the Notice Plan – and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

11.     The Court has carefully considered the notice program set forth in the Settlement Agreement. The Court finds that the notice program constitutes the best notice practicable under the circumstances, and satisfies fully the requirements of Rule 23(c)(2), and the requirements of due process. The notice states in clear and concise language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues and defenses; (iv) that a class member may enter an appearance through an attorney if the Settlement Class Member desires; (v) that the Court will exclude from the Settlement Class any class member who requests exclusion; (vi) sets a clear time and manner for requesting exclusion; and (vii) clearly explains the binding effect of a class judgment on members under Rule 23(c)(3).

12.     The Court thus approves the notice program and the form, content, and requirements of the Notice described in and attached as exhibits to the Settlement Agreement. The Settlement Administrator shall cause the Notice Plan to be completed on or before **[30 days after entry of Preliminary Approval Order].** Class Counsel shall, prior to the Final Approval Hearing, file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the notice program.

13.     All costs of providing Notice to the Settlement Class, processing Claim Forms, and administering distributions from the Settlement Fund shall be paid out of the Settlement Fund, as provided by the Settlement Agreement.

## VI.     *Exclusion and "Opt-Outs"*

14.     Each and every member of the Settlement Class shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, unless such persons request exclusion from the Settlement in a timely and proper manner, as hereinafter provided.

15. A member of the Settlement Class wishing to request exclusion (or "opt-out") from the Settlement shall mail the request in written form, by first class mail, postage prepaid, and must be received no later than **[45 days after Notice Deadline]** by the Settlement Administrator at the address specified in the Notice. In the written request for exclusion, the member of the Settlement Class must state his or her full name, address, and telephone numbers. Further, the written request for exclusion must include a statement that the member of the Settlement Class submitting the request wishes to be excluded from the Settlement, and the personal signature of the member of the Settlement Class submitting the request. The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. No member of the Settlement Class, or any person acting on behalf of or in concert or in participation with a member of the Settlement Class, may request exclusion of any other member of the Settlement Class from the Settlement.

16. Members of the Settlement Class who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against the Defendants or any of the other Released Parties.

17. All Settlement Class Members who do not timely and validly request exclusion shall be so bound by all terms of the Settlement Agreement and by the Final Approval Order and Judgment even if they have previously initiated or subsequently initiate individual litigation or other proceedings against the Defendants or any of the other Released Parties.

18. The Settlement Administrator will promptly provide all Parties with copies of any exclusion requests, and Plaintiff shall file a list of all persons who have validly opted-out of the Settlement with the Court prior to the Final Approval Hearing.

## VII.   *Objections*

19. Any Settlement Class Member who does not file a timely request for exclusion, but who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees

and expenses, or to the compensation awards to the Class Representative must submit to Class

Counsel and the Settlement Administrator a written statement that includes: his or her full name;

address; telephone numbers that he or she maintains were called; all grounds for the objection, with factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; the identity of any attorney consulted as to such objection; and a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel. Any objecting Settlement Class Member also must send a copy of the filing to the Settlement Administrator at the same time it is filed with the Court. The Court will consider objections to the Settlement, to the award of attorneys' fees and expenses, or to the compensation awards to the Class Representative only if, on or before **[45 days after Notice Deadline]**, such objections and any supporting papers are filed in writing with the Clerk of this Court and served on the Settlement Administrator.

20.     A Settlement Class Member who has timely filed a written objection as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding their objection. It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing. No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and expenses and/or the request for a compensation award to the Class Representative will be heard unless that person has filed a timely written objection as set forth above. No non-party, including members of the Settlement Class who have timely opted-out of the Settlement, will be heard at the Final Approval Hearing.

21.     Any member of the Settlement Class who does not opt out or make an objection to the Settlement in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement

Agreement, the releases contained therein, and all aspects of the Final Approval Order and Judgment.

## VIII.  *Final Approval Hearing*

22.     A Final Approval Hearing will be held before the Court on **[at least 100 days after entry of Preliminary Approval Order] at _____ am** for the following purposes:

(a)     to finally determine whether the requirements of Federal Rules of Civil Procedure 23(a) and (b) are met;

(b)     to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c)     to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d)     to consider the application for an award of attorneys' fees and expenses of Class Counsel;

(e)     to consider the application for compensation awards to the Class Representative;

(f)     to consider the distribution of the Settlement Benefits under the terms of the Settlement Agreement; and

(g)     to rule upon such other matters as the Court may deem appropriate.

23.     Within twenty-one (21) days of the Notice Deadline, Class Counsel shall serve a motion for an award of attorneys' fees and expenses and for a compensation award to the Class Representative.

24.     Within sixty days (60) of the Notice Deadline, Class Counsel shall file and

serve a motion for final approval.

25.    The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At, or following, the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

26.    For clarity, the deadlines the Parties shall adhere to are as follows:

*Class Notice Completed by:*    **_____, 2025 [within 30 days of entry of Preliminary**

**Approval Order]**

*Motion for Attorneys' Fees*

**and Costs Deadline**    **_____, 2025 [within 21 days following Notice**

**Deadline]**

**Objection/Exclusion Deadline:**    **_____, 2025 [45 days after Notice Deadline]**

**Final Approval Submissions:**    **_____, 2025 [within 60 days after Notice Deadline]**

**Final Approval Hearing:**    **_____, 2025 at _____ am**

27.    Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

## IX.    *Further Matters*

28.    All discovery and other pretrial proceedings in the Action are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

29.    In the event that the Settlement Agreement is terminated under the terms of the Settlement Agreement, or for any reason whatsoever the approval of it does not become final and

no longer subject to appeal, then: (i) the Settlement Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

30.    The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

DATED: _____, 2025        _____
                                  Hon. Leo T. Sorokin
                                  United States District Court