IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MANTHA on behalf of himself and others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>QUOTEWIZARD.COM, LLC<br><br>　　　　Defendant. | :<br>:<br>:<br>:<br>:   Case No. 1:19-cv-12235-LTS-PK<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**PRELIMINARY APPROVAL ORDER**

Plaintiff Joseph Mantha has moved for preliminary approval of a proposed class action settlement which would resolve Plaintiff's claims brought under the Telephone Consumer Protection Act, 47 U.S.C. 7 227, *et* seq. Upon consideration of the motion, the Settlement Agreement, and exhibits thereto, the Court *GRANTS* preliminary approval of the Settlement, finding specifically as follows[1]:

**I.   *Jurisdiction***

1.   The Court preliminarily finds it has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

**II.   *Certification of Settlement Class***

2.   Under Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies the following "Settlement Class," consisting of:

> All persons within the United States (a) whose telephone numbers were listed on the National Do Not Call Registry, and (b) who received more than one telemarketing text within any twelve-month period at any time from Drips, (c) to promote the sale of QuoteWizard's goods or services, and (d) whose numbers are included on the Class List.

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Settlement Agreement have the same meaning as set forth in the Settlement Agreement.

3. The Court preliminarily appoints Plaintiff Joseph Mantha as Class Representative.

4. Under Rule 23(g), the following attorneys and firms are preliminarily appointed as Class Counsel:

> John W. Barrett
> BAILEY & GLASSER LLP
> 209 Capitol Street
> Charleston, WV 25301
>
> Matthew P. McCue
> THE LAW OFFICE OF MATTHEW P. MCCUE
> 1 South Avenue, Suite 3
> Natick, Massachusetts 01760
>
> Edward Broderick
> BRODERICK LAW, P.C.
> 10 Hillside Avenue
> Winchester, MA 01890
>
> Anthony Paronich
> PARONICH LAW, P.C.
> 350 Lincoln St., Suite 2400
> Hingham, MA 02043
>
> Alex M. Washkowitz
> CW LAW GROUP, P.C.
> 160 Speen Street, Suite 309
> Framingham, MA 01701

### III. *Rule 23 Requirements*

5. The Court preliminarily finds that the requirements of Rule 23(e)(1)(B) have been satisfied in that: (a) the Class Representative and class counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's length; (c) the relief provided for the class is adequate, taking into account the fact that (i) the costs, risks, and delay of trial and appeal favor approval of the Settlement Agreement; (ii) Class Counsel and the Class Representative have proposed an effective method of distributing relief to the Settlement Class and have proposed a routinely approved method for processing class-member claims; (iii) Class Counsel's proposed award of attorneys' fees and costs is in line with other class settlements, as is the timing of

payment, and the attorneys' fee and costs request will be the subject of a separate motion which will be considered by the Court; (iv) there is no agreement required to be identified under Rule 23(e)(3); and (d) the Settlement Agreement treat all class members equitably relative to each other as class members' identical claims are treated identically.

6.     As the Court previously found in its Order Granting Motion for Class Certification, the Court further finds that the proposed Settlement Class meets all the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3), and the Court hereby preliminarily finds, in the specific context of the Class Settlement, that:

(a)     <u>Numerosity</u>:  The Settlement Class satisfies the numerosity requirement of Fed. R. Civ. P. 23(a).  Joinder of these widely dispersed, numerous Settlement Class Members into one suit would be impracticable.

(b)     <u>Commonality</u>:  There are questions of law and fact, with regard to the alleged activities of Defendants, common to the Settlement Class.

(c)     <u>Typicality</u>:  The claims of the Representatives Plaintiff are typical of the claims of the Settlement Class they seek to represent.  Therefore, in the context of this settlement the element of typicality is satisfied.

(d)     <u>Adequate Representation</u>:  The Representative Plaintiff's interests do not conflict with, and are co-extensive with, those of absent Settlement Class Members.  The Representative Plaintiff will fairly and adequately represent the interests of the Settlement Class. Additionally, this Court recognizes the experience of Class Counsel and finds under Fed. R. Civ. P. 23(g) that the requirement of adequate representation of the Settlement Class has been fully met.

(e)     <u>Predominance of Common Issues</u>:  The questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members.  In the context of this Settlement, these issues predominate over any individual questions, favoring class treatment.

(f)     <u>Superiority of the Class Action Mechanism</u>:  The class action mechanism is

ideally suited for treatment of the settlement of these matters. Class certification promotes efficiency and uniformity of judgment, among other reasons, because the many Settlement Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country. Therefore, the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy.

7. The Court further finds that: (i) the Settlement Class Members have a limited interest in individually prosecuting the claims at issue; (ii) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by the Settlement Class Members; (iii) it is desirable to concentrate the claims in this forum; and (iv) it is unlikely that there will be difficulties encountered in administering this Settlement.

### IV.    *Preliminary Approval of the Settlement*

8. Pursuant to the Settlement Agreement, the Defendants have agreed to pay $19,000,000 to create the Settlement Fund. Amounts awarded to Class Counsel or the Class Representative will be paid from the Settlement Fund. Class Members will receive a pro-rata share of the Settlement Fund after attorneys' fees and costs, the Class Representative' awards, and the costs of notice and administration are deducted.

9. Having considered the motion for preliminary approval, the Settlement Agreement, and the exhibits thereto, the Court preliminarily finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arms' length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

### V.    *Notice and Administration*

10. The Court appoints AB Data, Ltd. to perform the functions and duties of the

Settlement Administrator set forth in the Settlement Agreement – including effectuating the Notice Plan – and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

11. The Court has carefully considered the notice program set forth in the Settlement Agreement. The Court finds that the notice program constitutes the best notice practicable under the circumstances, and satisfies fully the requirements of Rule 23(c)(2), and the requirements of due process. The notice states in clear and concise language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues and defenses; (iv) that a class member may enter an appearance through an attorney if the Settlement Class Member desires; (v) that the Court will exclude from the Settlement Class any class member who requests exclusion; (vi) sets a clear time and manner for requesting exclusion; and (vii) clearly explains the binding effect of a class judgment on members under Rule 23(c)(3).

12. The Court thus approves the notice program and the form, content, and requirements of the Notice described in and attached as exhibits to the Settlement Agreement. The Settlement Administrator shall cause the Notice Plan to be completed on or before June 21, 2025. Class Counsel shall, prior to the Final Approval Hearing, file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the notice program.

13. All costs of providing Notice to the Settlement Class, processing Claim Forms, and administering distributions from the Settlement Fund shall be paid out of the Settlement Fund, as provided by the Settlement Agreement.

## VI.    *Exclusion and "Opt-Outs"*

14. Each and every member of the Settlement Class shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, unless such persons request exclusion from the Settlement in a timely and proper manner, as hereinafter provided.

15. A member of the Settlement Class wishing to request exclusion (or "opt-out") from

the Settlement shall mail the request in written form, by first class mail, postage prepaid, and must be received no later than August 5, 2025 by the Settlement Administrator at the address specified in the Notice. In the written request for exclusion, the member of the Settlement Class must state his or her full name, address, and telephone numbers. Further, the written request for exclusion must include a statement that the member of the Settlement Class submitting the request wishes to be excluded from the Settlement, and the personal signature of the member of the Settlement Class submitting the request. The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. No member of the Settlement Class, or any person acting on behalf of or in concert or in participation with a member of the Settlement Class, may request exclusion of any other member of the Settlement Class from the Settlement.

16. Members of the Settlement Class who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against the Defendants or any of the other Released Parties.

17. All Settlement Class Members who do not timely and validly request exclusion shall be so bound by all terms of the Settlement Agreement and by the Final Approval Order and Judgment even if they have previously initiated or subsequently initiate individual litigation or other proceedings against the Defendants or any of the other Released Parties.

18. The Settlement Administrator will promptly provide all Parties with copies of any exclusion requests, and Plaintiff shall file a list of all persons who have validly opted-out of the Settlement with the Court prior to the Final Approval Hearing.

### VII.  *Objections*

19. Any Settlement Class Member who does not file a timely request for exclusion, but who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees and expenses, or to the compensation awards to the Class Representative must submit to Class

Counsel and the Settlement Administrator a written statement that includes: his or her full name; address; telephone numbers that he or she maintains were called; all grounds for the objection, with factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; the identity of any attorney consulted as to such objection; and a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel. Any objecting Settlement Class Member also must send a copy of the filing to the Settlement Administrator at the same time it is filed with the Court. The Court will consider objections to the Settlement, to the award of attorneys' fees and expenses, or to the compensation awards to the Class Representative only if, on or before August 5, 2025, such objections and any supporting papers are filed in writing with the Clerk of this Court and served on the Settlement Administrator.

20. A Settlement Class Member who has timely filed a written objection as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding their objection. It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing. No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and expenses and/or the request for a compensation award to the Class Representative will be heard unless that person has filed a timely written objection as set forth above. No non-party, including members of the Settlement Class who have timely opted-out of the Settlement, will be heard at the Final Approval Hearing.

21. Any member of the Settlement Class who does not opt out or make an objection to the Settlement in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement

Agreement, the releases contained therein, and all aspects of the Final Approval Order and Judgment.

## VIII. *Final Approval Hearing*

22. A Final Approval Hearing will be held before the Court on Setptember 29, 2025 at 2:00 pm for the following purposes:

(a) to finally determine whether the requirements of Federal Rules of Civil Procedure 23(a) and (b) are met;

(b) to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c) to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d) to consider the application for an award of attorneys' fees and expenses of Class Counsel;

(e) to consider the application for compensation awards to the Class Representative;

(f) to consider the distribution of the Settlement Benefits under the terms of the Settlement Agreement; and

(g) to rule upon such other matters as the Court may deem appropriate.

23. Within twenty-one (21) days of the Notice Deadline, Class Counsel shall serve a motion for an award of attorneys' fees and expenses and for a compensation award to the Class Representative.

24. Within sixty days (60) of the Notice Deadline, Class Counsel shall file and

serve a motion for final approval.

25. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At, or following, the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

26. For clarity, the deadlines the Parties shall adhere to are as follows:

| | |
|---|---|
| **Class Notice Completed by**: | June 21, 2025 |
| **Motion for Attorneys' Fees and Costs Deadline:** | July 21, 2025 |
| **Objection/Exclusion Deadline:** | August 5, 2025 |
| **Final Approval Submissions:** | August 20, 2025 |
| **Final Approval Hearing:** | September 29, 2025 at 2:00 p.m. |

27. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

## IX. *Further Matters*

28. All discovery and other pretrial proceedings in the Action are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

29. In the event that the Settlement Agreement is terminated under the terms of the Settlement Agreement, or for any reason whatsoever the approval of it does not become final and

no longer subject to appeal, then: (i) the Settlement Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

30. The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

DATED: ___March 22___, 2025

/s/ Leo T. Sorokin
_____
Hon. Leo T. Sorokin
United States District Court