IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MANTHA on behalf of himself and others similarly situated, : : : Plaintiff, : : v. : : QUOTEWIZARD.COM, LLC : : Defendant. : : : : / | Case No. 1:19-cv-12235-LTS |

### DECLARATION OF MATTHEW P. MCCUE IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

I, Matthew P. McCue, declare under penalty of perjury:

1. I am an attorney duly admitted to practice in the Commonwealth of Massachusetts, I am over 18 years of age and I am competent to testify and make this affidavit on personal knowledge. I make this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Expenses and Incentive Awards. In this declaration I will describe the work that I and my co-counsel have done in identifying and investigating potential claims in the action and to set forth my qualifications to serve as class counsel, and describe my experience in representing plaintiff classes in class actions, and cases brought under the 47 U.S.C. § 227, the Telephone Consumer Protection Act. ("TCPA").

2. I was involved in every stage of representing Plaintiff in this case, from pre-trial investigation, analysis of Plaintiff's potential claims, and review of documents and discovery responses, depositions, motions to compel, motion for summary judgment, motion for class certification, mediation and settlement negotiations, as well

as moving for preliminary approval of the pending class settlement.

3. Class Counsel have received no payment for their fees and costs. Since beginning work on this case, I worked with no guarantee of being compensated for my time and effort. Payment of my fees has always been contingent on successfully obtaining relief for the Plaintiff and class members. As a result, there was a substantial risk of non-payment, particularly in light of the legal challenges involved in litigating this case. Work on this case has necessarily been to the exclusion of work on other matters that likely would have generated fees.

4. I have spent 2,163 hours prosecuting Plaintiff's claims over the past seven years since the original filing. Billed at my current hourly rate of $800, my hours yield a lodestar of $1,730,400. I am familiar with the billing rates for attorneys with similar experience, particularly with expertise in matters arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* and my billing rate is reasonable and consistent with the rates of attorneys of similar experience and qualification.

5. My firm additionally expended $66,148.00 in reasonable and necessary expenses and expert fees over the course of this litigation.

6. My lodestar also does not include the work I will do after completion of this motion.

7. Based on my experience in prosecuting class actions under the TCPA, I believe this settlement represents an excellent result for the class and that Plaintiff's request for attorneys' fees, expenses and incentive award is reasonable and should be approved by the Court.

8. I am a 1993 honors graduate of Suffolk Law School in Boston, Massachusetts.

9. Following graduation from law school, I served as a law clerk to the Justices of the Massachusetts Superior Court. I then served a second year as a law clerk for the Hon. F. Owen Eagan, United States Magistrate Judge for the USDC District of Connecticut.

10. In 1994, I was admitted to the Bar in Massachusetts. Since then, I have been admitted to practice before the United States District Court for the District of Massachusetts, the First Circuit Court of Appeals, the United States District Court for the District of Colorado, the Sixth Circuit Court of Appeals, the Seventh Circuit Court of Appeals, and the United States Supreme Court.

11. Following my clerkships, I was employed as a litigation associate with the Boston law firm of Hanify & King. In 1997, I joined the law firm of Mirick O'Connell as a litigation associate where I focused my trial and appellate practice on Plaintiffs' personal injury and consumer protection law.

12. In the summer of 2002, I was recognized by the legal publication Massachusetts Lawyers Weekly as one of five "Up and Coming Attorneys" for my work on behalf of consumers and accident victims.

13. In November of 2004, I started my own law firm focusing exclusively on the litigation of consumer class actions and serious personal injury cases. I am in good standing in every court to which I am admitted to practice.

14. A sampling of other class actions in which I have represented classes of consumers follows:

　　i. <u>Mey v. Herbalife International, Inc.</u>, USDC, D. W. Va., Civil Action, No. 01-C-263M. Co-lead counsel prosecuting a consumer class action pursuant to the TCPA on behalf of a nationwide class of junk fax and prerecorded telephone solicitation recipients. The case settled for $7,000,000.

　　ii. <u>Mulhern v. MacLeod d/b/a ABC Mortgage Company</u>, Massachusetts Superior

Court, 2005- 01619 (Donovan, J.)(Norfolk). Co-lead counsel representing a certified class of Massachusetts consumers who received unsolicited facsimile advertisements in violation of the TCPA and G.L. c. 93A. The case settled for $475,000.

Evan Fray-Witzer, v. Metropolitan Antiques, LLC, NO. Massachusetts Superior Court, 02-5827 (Van Gestel, J.) (Suffolk, BLS). In this case, the defendant filed two Motions to Dismiss challenging the Plaintiffs' right to pursue a private right of action and challenging the statute at issue as violative of the telemarketer's First Amendment rights. Both motions were denied. Class certification was then granted and I was appointed co-lead class counsel. Companion to this litigation, my co-counsel and I successfully litigated the issue of whether commercial general liability insurance provided coverage for the alleged illegal telemarketing at issue. We ultimately appealed this issue to the Massachusetts Supreme Judicial Court which issued a decision reversing the contrary decision of the trial court and finding coverage. See Terra Nova Insurance v. Fray-Witzer et al., 449 Mass. 206 (2007). This case resolved for $1,800,000.

i. Shonk Land Company, LLC v. SG Sales Company, Circuit Court of Kanawha County, West Virginia, Civil Action No. 07-C-1800 (class action on behalf of recipients of faxes in violation of TCPA, settlement for $2,450,000, final approval granted in September of 2009).

ii. Mann & Company, P.C. v. C-Tech Industries, Inc., USDC, D. Mass., 1:08CV11312-RGS (class action on behalf of recipients of junk faxes in violation of TCPA, settlement for $1,000,000, final approval granted in January of 2010).

iii. Evan Fray Witzer v. Olde Stone Land Survey Company, Inc., Massachusetts Superior Court, Civil Action No. 08-04165 (February 3, 2011) (final approval granted for TCPA class settlement of $1,300,000).

iv. Milford & Ford Associates, Inc. and D. Michael Collins vs. Cell-Tek, LLC, USDC, D. Mass. C. A. 1:09-cv- 11261-DPW (class action on behalf of recipients of faxes in violation of TCPA, settlement for $1,800,000, final approval granted August 17, 2011).

v. Collins v. Locks & Keys of Woburn Inc.., Massachusetts Superior Court, Civil Action No. 07-4207-BLS2 (December 14, 2011) (final approval granted for TCPA class settlement of $2,000,000).

vi. Brey Corp t/a Hobby Works v. Life Time Pavers, Inc., Circuit Court for Montgomery County, Maryland, Civil Action No. 349410-V. (Final approval granted for TCPA class settlement for $1,575,000.

vii. Collins, et al v. ACS, Inc. et al, USDC, District of Massachusetts, Civil Action No. 10- CV-11912 (Final approval granted for TCPA class settlement for $1,875,000.

viii. Desai and Charvat v. ADT Security Services, Inc., USDC, Northern District of Illinois, Civil Action No. 11-CV-1925 (final approval for TCPA class settlement for $15,000,000).

ix. Benzion v. Vivint, 0:12cv61826, USDC S.D.Fla.(Final approval for TCPA class settlement of $6,000,000).

x. Kensington Physical Therapy v. Jackson Physical Therapy Partners, USDC, District of Maryland, 8:11cv02467 (Final approval for TCPA class settlement of $4,500,000).

iii. Jay Clogg Realty v. Burger King Corp., USDC, District of Maryland, 8:13cv00662 (Final approval for TCPA class settlement of $8.5 million).

iv. Charvat v. AEP Energy, 1:14cv03121 ND Ill, (Final approval of TCPA class settlement for $6 million).

v. Mey v. Interstate National Dealer Services, Inc., USDC, ND. Ga., 1:14-cv-01846- ELR, (TCPA class settlement of $4,200,000 granted final approval on June 8, 2016).

vi. Philip Charvat and Ken Johansen v. National Guardian Life Insurance Company, USDC, WD. WI., 15-cv-43-JDP, (TCPA class settlement for $1,500,000 granted final approval on August 4, 2016).

vii. Thomas Krakauer v. Dish Network, L.L.C., USDC, MDNC, Civil Action No. 1:14- CV-333 on September 9, 2015. I was co-trial counsel in this case which resulted in a jury verdict in favor of plaintiff and the class of $20,446,400 on January 19, 2017. (Dkt. 292). On May 22, 2017, this amount was trebled by the Court after finding that Dish Network's violations were "willful or knowing", for a revised damages award of $61,339,200. Affirmed on appeal, *Krakauer v. Dish Network, LLC*, 925 F.3d 643 (4th Cir. May 20, 2019), *cert. denied. Dish Network, L.L.C. v. Krakauer,* 140 S.Ct. 676 (December 16, 2019).

viii. Toney v, Quality Resources, Inc., Cheryl Mercuris and Sempris LLC, 13-cv-00042, in which a TCPA class settlement was granted final approval on December 1, 2016 with TCPA settlement in the amount of $2,150,00 with one of three defendants an assignment of rights against defendant's insurance carrier. Second settlement of $3,300,000 granted final approval on September 25, 2018.

ix. Bull v. US Coachways, Inc., 1:14-cv-05789, settlement distributing

    $3,250,000 approved on May 18, 2019.

x. <u>Smith v. State Farm Mut. Auto. Ins. Co. , et. al.</u>, USDC, ND. Ill., 1:13-cv-02018, TCPA class settlement of $7,000,000.00 granted final approval on December 8, 2016.

xi. <u>Mey v. Frontier Communications Corporation</u>, USDC, D. Ct., 3:13-cv-1191-MPS, a TCPA class settlement of $11,000,000 granted final approval on June 2, 2017.

xii. <u>Biringer v. First Family Insurance, Inc.</u>, USDC, ND. Fla., a TCPA class settlement of $2,900,000 granted final approval on April 24, 2017.

xiii. <u>Abramson v. Alpha Gas and Electric, LLC</u>, USDC, SD. NY., 7:15-cv-05299-KMK, a TCPA class settlement of $1,100,000 granted final approval on May 3, 2017.

xiv. <u>Heidarpour v. Central Payment Co.</u>, USDC, MD. Ga., 16-cv-01215, a TCPA class settlement of $6,500,000 granted final approval on May 4, 2017.

xv. <u>Abante Rooter and Plumbing, Inc. v. New York Life Insurance Company</u>, USDC, SD. NY., 1:16-cv-03588-BCM, a TCPA class settlement of $3,250,000 granted final approval on February 27, 2018.

xvi. <u>Charvat v. Carnival Cruise Lines, et al</u>, USDC, NDIL, 1:12-cv-05746, $12,500,000 TCPA settlement granted final approval on November 4, 2019.

xvii. <u>Mey v. Patriot Payment Group, LLC</u>, USDC, NDWV., 5:15-cv-00027-JPB-JES, a TCPA class settlement of $3,700,000 granted final approval on July 26, 2017.

xviii. <u>Charvat and Wheeler v. Plymouth Rock Energy, LLC</u>, et al, USDC, EDNY, 2:15-cv-04106-JMA-SIL, a TCPA class settlement of $1,675.000 granted final approval on July 31, 2018.

xix. <u>Abante Rooter and Plumbing, Inc. v. Birch Communications, Inc.</u>, USDC, NDGA, 1:15-cv-03262-AT. TCPA class settlement of $12,000,000 granted final approval on December 14, 2017.

xx. <u>Abante Rooter and Plumbing, Inc. v. Alarm.com, Inc.</u>, USDC, NDCA 4:15-cv-06314-YGR. TCPA class settlement of $28,000,000 granted final approval on August 15, 2019.

xxi. <u>In Re Monitronics International, Inc. Telephone Consumer Protection Act Litigation</u>, USDC, NDWV, 1:13-md-02493-JPB-MJA, a TCPA class settlement of $28,000,000 granted final approval on June 12, 2018.

xxii. <u>Abante Rooter and Plumbing, Inc. v. Allstate Insurance Company, et al</u>, USDC, NDIIL 1:15-cv-00925. TCPA class settlement of $10,500,000 granted final approval on August 15, 2019.

xxiii. <u>Kaiser v. CVS Pharmacy, Inc., et al</u>, USDC NDIL, 1:14-cv-03687, TCPA class settlement of $15,000,000 approved on January 30, 2020.

xxiv. <u>David and Roxie Vance v. DirecTV</u>, USDC ND. W.Va. 5:17cv00179 (court certified class of DNC consumers who received illegal calls from authorized DirecTV dealer. Case resolved for $16,850,000).

xxv. <u>Berman and Russell v. Freedom Financial</u>, USDC ND Ca., 4:18cv01060 (Certified TCPA class of consumers who received illegal telemarketing calls from defendant settled for $9,750,000).

PURSUANT TO 28 U.S.C. § 1746, I DECLARE SIGNED UNDER PENALTY OF PERJURY OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT EXECUTED THIS THIS 15th DAY OF JULY 2025 IN THE COMMONWEALTH OF MASSACHUSETTS.

*/s/ Matthew P. McCue*