IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MANTHA on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QUOTEWIZARD.COM, LLC<br><br>Defendant. | Case No. 1:19-cv-12235-LTS-PK |

## FINAL APPROVAL ORDER

Plaintiff Joseph Mantha has moved for final approval of a proposed class action settlement which would resolve Plaintiff's claims brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et* seq. Upon consideration of the motion, the Settlement Agreement, and exhibits thereto, the Court *GRANTS* final approval of the Settlement, finding specifically as follows[1]:

### I.   Jurisdiction

1. The Court finds that it has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

### II.   Certification of Settlement Class

2. Under Rule 23 of the Federal Rules of Civil Procedure, the Court certifies the following "Settlement Class," consisting of:

> All persons within the United States (a) whose telephone numbers were listed on the National Do Not Call Registry, and (b) who received more than one telemarketing text within any twelve-month period at any time from Drips, (c) to promote the sale of QuoteWizard's goods or services, and (d) whose numbers are included on the Class List.

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Settlement Agreement have the same meaning as set forth in the Settlement Agreement.

1

### III. Class Representative and Class Counsel

3. The Court appoints Plaintiff Joseph Mantha as Class Representative.

4. Under Rule 23(g), the following attorneys and firms are appointed as Class Counsel:

> John W. Barrett
> BAILEY & GLASSER LLP
> 209 Capitol Street
> Charleston, WV 25301
>
> Matthew P. McCue
> THE LAW OFFICE OF MATTHEW P. MCCUE
> 1 South Avenue, Suite 3
> Natick, Massachusetts 01760
>
> Edward Broderick
> BRODERICK LAW, P.C.
> 10 Hillside Avenue
> Winchester MA 01890
>
> Anthony Paronich
> PARONICH LAW, P.C.
> 350 Lincoln St., Suite 2400
> Hingham, MA 02043
>
> Alex M. Washkowitz
> CW LAW GROUP, P.C.
> 160 Speen Street, Suite 309
> Framingham, MA 01701

### IV. Rule 23 Requirements

5. The Court finds that the requirements of Rule 23(e)(1)(B) have been satisfied in that: (a) the Class Representative and class counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's length; (c) the relief provided for the class is adequate, taking into account the fact that (i) the costs, risks, and delay of trial and appeal favor approval of the Settlement Agreement; (ii) Class Counsel and the Class Representative have proposed an effective method of distributing relief to the Settlement Class and have proposed a

routinely approved method for processing class-member claims; (iii) Class Counsel's proposed award of attorneys' fees and costs is in line with other class settlements, as is the timing of payment, and the attorneys' fee and costs request will be the subject of a separate motion which will be considered by the Court; (iv) there is no agreement required to be identified under Rule 23(e)(3); and (d) the Settlement Agreement treat all class members equitably relative to each other as class members identical claims are treated identically.

6.     As the Court previously found in its *Order Granting Motion for Class Certification* and *Order Granting Preliminary Approval*, the Court further finds that the proposed Settlement Class meets all the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3), and the Court hereby finds, in the specific context of the Class Settlement, that:

(a)    <u>Numerosity</u>:  The Settlement Class satisfies the numerosity requirement of Fed. R. Civ. P. 23(a). Joinder of these widely dispersed, numerous Settlement Class Members into one suit would be impracticable.

(b)    <u>Commonality</u>:  There are questions of law and fact, with regard to the alleged activities of Defendants, common to the Settlement Class.

(c)    <u>Typicality</u>:  The claims of the Representatives Plaintiff are typical of the claims of the Settlement Class they seek to represent. Therefore, in the context of this settlement the element of typicality is satisfied.

(d)    <u>Adequate Representation</u>:  The Representative Plaintiff's interests do not conflict with, and are co-extensive with, those of absent Settlement Class Members. The Representative Plaintiff will fairly and adequately represent the interests of the Settlement Class. Additionally, this Court recognizes the experience of Class Counsel and finds under Fed. R. Civ. P. 23(g) that the requirement of adequate representation of the Settlement Class has been fully met.

(e)    <u>Predominance of Common Issues</u>:  The questions of law and fact common

to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members. In the context of this Settlement, these issues predominate over any individual questions, favoring class treatment.

(f)     Superiority of the Class Action Mechanism: The class action mechanism is ideally suited for treatment of the settlement of these matters. Class certification promotes efficiency and uniformity of judgment, among other reasons, because the many Settlement Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country. Therefore, the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy.

7.     The Court further finds that: (i) the Settlement Class Members have a limited interest in individually prosecuting the claims at issue; (ii) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by the Settlement Class Members; (iii) it is desirable to concentrate the claims in this forum; and (iv) it is unlikely that there will be difficulties encountered in administering this Settlement.

V.     *Final Approval of the Settlement*

8.     Pursuant to the Settlement Agreement, the Defendants have agreed to pay $19,000,000 to create the Settlement Fund. Amounts awarded to Class Counsel or the Class Representative will be paid from the Settlement Fund. Class Members will receive a pro-rata share of the Settlement Fund after attorneys' fees and costs, the Class Representative' awards, and the costs of notice and administration are deducted.

9.     Having considered the motion for final approval, Class Counsel's Motion for Award of Attorneys' Fees, Costs and Class Representative Service Awards, the Settlement

Agreement, and the exhibits thereto, the Court finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, that the Settlement was reached after five years of hotly contested litigation, extensive discovery, certification of the case as a class action and with multiple appeals having been filed. The fairness and adequacy of the Settlement are supported by the complex legal and factual posture of the Action, the fact that the Settlement is the result of arms' length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

10. The adequacy of the Settlement is supported by the fact that the settlement requires QuoteWizard to pay $19,000,000 into a Settlement Fund for the benefit of the Settlement Class, as well as practice changes by Defendant required by the Settlement.

11. The Court finds that the notice to the Settlement Class was the best notice practicable under the circumstances. The record shows that notice has been given to the Settlement Class, in accordance with the Notice Plan in the Settlement Agreement and the Preliminary Approval Order. The Notice Plan consisted of emailed and mailed notice along with digital publication notice. The Court finds that the notices disseminated pursuant to the Notice Plan were stated in concise, plain, easily understood language and described the nature of the action, the definition of the class certified, the class claims and defenses, that a class member may enter an appearance through counsel if the Settlement Class Member so desires, that any class member who requests exclusion will be excluded by the Court, the time and manner of requesting exclusion, as well as the binding

effect of a Class Judgment under Rule23(c)(3). The Notice satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law.

12. The Court finds that the Settlement Administrator properly and timely notified the appropriate state and federal officials of the Settlement Agreement on behalf of the Parties, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. The Court finds that the notice provided satisfied the requirements of 28 U.S.C. § 1715(b) and that more than ninety (90) days have elapsed since the required notice was provided, as required by 28 U.S.C. § 1715(d).

13. In the event that settlement payments exceed the threshold amounts that must be reported to the Internal Revenue Service by means of a Form 1099, Class Counsel, and the Settlement Administrator, will take all necessary and reasonable steps to obtain W-9's from claimants and to comply with applicable IRS regulations on issuing 1099's without a social security number or tax entity identification number, and shall take all reasonable and necessary steps to avoid imposition of IRS penalties against the Settlement Fund, including, but not limited to limiting payments below the reportable threshold and/or withholding of taxes and any applicable penalties

14. All persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Approval Order and Judgment. A list of the individuals who excluded himself from the Settlement Class is attached as <u>Exhibit A</u> to this Order.

15. Neither this Final Approval Order nor the Settlement Agreement is an admission or concession by Defendants or any of the other Released Parties of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Approval Order and the Settlement Agreement do not constitute a concession and shall not be used as an admission or

indication of any wrongdoing, fault or omission by Defendants or any of the other Released Parties or any other person in connection with any transaction, event or occurrence, and neither this Final Approval Order nor the Settlement Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Approval Order, the Settlement Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Settlement Agreement. This Final Approval Order also does not constitute any opinion or position of the Court as to the merits of the claims and defenses related to this Action.

16. The Parties, their counsel, and the Settlement Administrator shall fulfill their obligations and duties under the Settlement Agreement. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

## VI. Release.

17. The Court dismisses with prejudice this Action, the Released Claims, and the Released Parties, and adjudges that the Released Claims are released against the Released Parties.

18. The Court adjudges that Plaintiff and the Settlement Class Members are deemed to have fully, finally, completely, and forever released, relinquished, and discharged the Released Claims against the Released Parties.

19. Plaintiff and the Settlement Class Members are permanently enjoined and barred from asserting, initiating, prosecuting, or continuing any of the Released Claims

against the Released Parties.

20. On and after the Effective Date, Plaintiff and Settlement Class Members do hereby release and fully, finally, and forever discharge the Released Parties from all claims, debts, controversies, losses, liabilities, liens, demands, causes of action, suits, damages (including, but not limited to, actual, statutory, trebled, exemplary, or punitive), fees (including, but not limited to, attorneys' fees), expenses, and obligations of any kind or nature whatsoever, whether in law or in equity, whether known or unknown, fixed or contingent, claimed or unclaimed, direct or indirect, individual or representative, arising out of or relating to any telemarketing, solicitation, or other marketing or dissemination that was made by or on behalf of QuoteWizard.com, LLC promoting its goods or services, including those arising under the TCPA or similar federal or state laws governing such matters, and any rule or regulation thereunder, including without limitation, the claims alleged in the Complaint. The Parties intend that this Agreement will fully, finally, and forever dispose of the Action, which shall be dismissed with prejudice, and any and all Released Claims against the Released Parties. Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Approval Order and Judgment to have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.

21. The foregoing release extends to claims that Plaintiff and each Settlement Class Member may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of the Settlement Agreement, but each of those persons expressly agree that, upon entry of the Final Approval Order, he or she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted,

contingent or non-contingent claim with respect to the claims released pursuant to Section 13.01 of the Settlement Agreement, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

22. The Releasing Parties will be deemed to have agreed and covenanted not to sue any Released Party with respect to any of the Released Claims and are forever enjoined and barred from doing so, in any court of law or equity, or any other forum. The Releasing Parties are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in the Settlement.

### VII. Attorneys' Fees, Expenses and Class Representative Awards

23. The Court approves payment of attorneys' fees to Class Counsel in the amount of $6,333,333 (together with one third of any interest running thereon) together with out-of-pocket attorneys' expenses incurred in prosecuting the action of $322,289.21. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. Pursuant to Rule 23(h)(3) and 52(a), the Court makes the following findings of fact and conclusions of law regarding this fee award:

    a. It is appropriate to award fees as a percentage of the common fund established for the benefit of the Settlement Class.

    b. Class Counsel have prosecuted this case and achieved the Settlement with skill, perseverance and diligent advocacy.

    c. Class Counsel prosecuted this case on a "contingency" basis meaning there was no guarantee they would recover anything for their efforts. Had Class Counsel not achieved the Settlement, a risk would remain that Plaintiff and the Settlement Class may have recovered less or nothing from QuoteWizard.

  d. Public policy considerations support the requested fee, as only a small number of firms have the requisite expertise and resources to successfully prosecute cases such as this.

  e. Notice was ddisseminated stating that Class Counsel would be moving for attorneys' fees in the amount of one third of the Settlement Fund plus approximately $322,289.21 in expenses., and that the Class Representative would be seeking an incentive award of $100,000.

  f. The approved fee represents <u>one third of the</u> Settlement Fund including any interest running thereon. The Court finds this amount is fair, reasonable, appropriate and consistent with awards in similar cases, considering the result Class Counsel obtained on behalf of the Settlement Class, negotiating a $19,000,000 settlement in a case involving substantial risk. The award additionally presents a reasonable multiplier on Class Counsel's lodestar, in view of the applicable legal principles and the particular legal principles and the particular facts and circumstances of the case.

  24. After considering past awards and awards throughout the country, the Court approves the following service award: $100,000. The Court specifically finds the Service Award to be reasonable in light of the service performed by Plaintiff for the class and as partial reimbursement for the costs and expenses they incurred as named Plaintiff. The Service Award shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. Any Incentive Award will be reported as "other income" in Box 3 of Form 1099-MISC.

  25. There were no objections to the Settlement, nor did any Class Members request exclusion from the Settlement.

  26. The Court finds that no justifiable reason exists for delaying entry of this Final

Approval Order and, good cause appearing, it is expressly directed that this Final Approval Order and separate Judgment be entered as final and appealable, and the case dismissed with prejudice.

27.     The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

DATED: _____, 2025

_____
Hon. Leo T. Sorokin
United States District Court